# EXHIBIT A

# Jail inmates target female guards, lawyers with sexual abuse

**CHICAGO NEWS** 01/31/2016, 10:12pm
**Frank Main**

@FrankMainNews | email

They call themselves Savage Life.

Inmates facing charges of murder, rape and other serious crimes formed the gang about six months ago in the Cook County Jail. Their goal is to sow chaos, officials say.

They physically attack guards.

They throw feces and urine.

And they expose themselves and masturbate in the presence of female defense attorneys and female correctional officers. Authorities are taking public indecency in the jail so seriously that they're addressing the problem through new state legislation and harsher jail discipline. The behavior, which is on the rise, underscores what a tough and perilous environment working in the jail can be.

"To be subjected to this behavior is awful," said Cara Smith, chief of policy for Cook County Sheriff Tom Dart, who runs the jail.

"We want to ensure a safe environment for anyone coming into the jail, including the public defenders," said Smith, adding that she was once targeted by an inmate who exposed himself to her and other sheriff's employees.

Last week, Smith discussed the problem on a conference call with Cook County Public Defender Amy Campanelli and Fabio Valentini, chief of criminal prosecutions for Cook County State's Attorney Anita Alvarez.

There have been 219 incidents of inmates exposing themselves or masturbating in public between July 1, 2015, and Jan. 20, 2016, Smith said. Some are multiple offenders, she said.

The incidents have been concentrated mainly in two maximum-security housing units, Divisions 9 and 10, on the sprawling jail complex near the criminal courthouse at 26th and California.

Savage Life, a group of inmates in Division 10, isn't connected to a street gang, Smith said.

"They're a motley crew of troublemakers," she said.

But they're not the only ones causing problems, Smith said.

Last year, state legislation was passed to try to deter inmates from committing such acts. Under the law, the sheriff can cancel up to 60 days of prisoners' "good time" for exposing themselves, throwing urine or feces, or engaging in other disruptive behavior. Inmates accumulate one day of good time for each day behind bars, which allows them to shorten their sentences.

But the sheriff's office is trying to go even further to curb such activity. A bill sponsored by state Sen. Bill Cunningham, D-Chicago, is pending in the General Assembly and would require inmates to register as sex offenders after two or more convictions for public indecency in a penal institution.

Inmates can also be charged criminally, but the short sentences they usually get for the misdemeanor offense of public indecency don't mean a lot to men facing the possibility of life in prison.

Smith said most female correctional officers still opt to seek misdemeanor public indecency charges against inmates who expose themselves to them.

But female assistant public defenders don't usually seek charges when they are the targets of such abuse, officials say.

First Assistant Public Defender Keith Ahmad said it's not typically a client who exposes himself to a female assistant public defender but another inmate with an unrelated case.

When the offending inmate is charged with public indecency, another assistant public offender is usually assigned to represent him.

There's a potential conflict when the victim and the offender's attorney are both working in the public defender's office, Ahmad said. Usually, the victim attorney decides not to pursue criminal charges, he said.

Ahmad said defense attorneys are usually targeted in the "bullpen" areas of court, where they meet their clients before their hearings.

"The consensus is that it is on the rise," Ahmad said.

The sheriff's office has taken other steps to combat such behavior — including a redesign of visitation areas so attorneys who are meeting with their clients can't see other inmates outside the rooms, Smith said.

And under a new policy, inmates accused of public indecency lose the right to visit with anyone for 60 days — except for their immediate family members.

"No girlfriends," Smith said.

But Smith said she thinks the bill requiring inmates to sign up as sex offenders after two indecency convictions could have the biggest impact on changing their behavior.

"These inmates don't want to be labeled sex offenders" when they are in the Illinois Department of Corrections, she said.

"By and large, the people who engage in this misconduct are maximum-security detainees looking at lengthy prison sentences," Smith said. "The relatively minor sentences that can be imposed under the public indecency law are not a deterrent to these guys."

"A 30-day sentence doesn't mean much to someone facing the possibility of life in prison," she said.

Becky Strzechowski, president of Teamsters Local 700, said the sheriff's office is moving in the right direction in trying to prevent public indecency incidents but needs to better equip correctional officers against physical attacks.

"We commend the sheriff for taking steps to address the sexual assault issues at the Cook County Department of Corrections, but we need to have further discussions on how to prevent the overall increase" in attacks on officers, said Strzechowski, whose union represents jail guards.

"There are more 'use of force' situations at the jail than the courts services and sheriff's police departments combined, yet the officers at the jail do not have access to the same safety equipment as those other units," she said.