# EXHIBIT B



Law Office of the
## COOK COUNTY PUBLIC DEFENDER
69 W. WASHINGTON • 16ᵀᴴ FLOOR • CHICAGO, IL 60602 • (312) 603-0600 (312) 603-9860 (fax)

Amy P. Campanelli • Public Defender

March 21, 2017

Tom Dart
Sheriff of Cook County
50 West Washington Street
Chicago, Illinois 60602

Dear Sheriff Dart:

We are in the midst of a crisis that is affecting my ability to provide legal representation to my clients. On a daily basis, detainees in the lockups behind the criminal courtrooms throughout the County are exposing themselves and masturbating in front of my female assistant public defenders and law clerks. This crisis has become intolerable and is affecting the work environment of my staff, as well as the Sixth Amendment right to counsel of my clients. You are uniquely situated to eliminate this problem, and I therefore am asking for your immediate intervention.

In the past, there were occasional acts of violence or public indecency directed against my attorneys. Of late, it has become a daily occurrence. Male detainees constantly expose themselves and masturbate while in the lockup behind the courtrooms. Several detainees have also spat at my female and male attorneys and clerks, and threatened them with violence. I have also been informed that your correctional officers have, on occasion, warned my staff of planned attacks on individual assistant public defenders.

The physical and emotional impact of these daily assaults on my staff is taking its toll. All members of my staff are affected, although the brunt of abuse is primarily being felt by my female attorneys and law clerks. Initially there was reluctance to file complaints or charges. My attorneys, clerks, and investigators were willing to overlook the behavior in an effort to avoid heaping additional charges on their clients or the clients of other assistant public defenders. But the sheer volume of occurrences has changed that view.

These attacks have also affected the safety of the workplace. Attorneys are reluctant to talk to clients when they are massed together in the lockups, for fear of being sexually or physically assaulted. This delays the handling of cases and compromises the access to counsel that clients deserve. Several attorneys in my office are considering filing a hostile

workplace environment claim, because they can no longer do their job without fear of attack from the detainees who are under your control.

We have tried to remedy the situation ourselves, but with limited success. With your permission, I sent male assistant public defenders into the Jail to speak to detainees about the legal consequences of their actions. They were told that a third offense will subject them to being classified as sex offenders, and will require that they register. Individual attorneys have appealed to detainees to curb their behavior, and to curb the behavior of their fellow detainees, so that we can do our job and serve them.

We have participated, with other stakeholders, in policy formation that we thought would address the behavior. It was believed that the detainees were willing to take a misdemeanor charge of public indecency because this would get them out of the jail campus on their misdemeanor court date and offer a change of scenery. It was agreed that the misdemeanor exposure cases would not go to the branch courts, but instead follow the pending felony case (for which the person was in custody initially), thereby eliminating the travel opportunity.

Unfortunately, these efforts have not worked. Not only does the behavior continue, some detainees have committed multiple offenses.

We have discussed the possibility of waiving the appearance of our clients in court when possible, but this is not a viable solution. Waiving a client's appearance compromises his Sixth Amendment right to confrontation and results in his dehumanization. It also would delay cases unnecessarily.

As the behavior has escalated, we asked you for an increased security presence, in particular placing correctional officers in every lockup area. Your response instead was to shackle all detainees who came to court, regardless of their offense history. At least one detainee urinated on himself because he could not move his hands. Placing our clients in shackles has only worsened the attorney-client relationship.

Our attorneys are being forced to work in an environment that is traumatizing and debilitating. No one in my Office has the power to control the courtroom and lockup environment. However, you do. As the Sheriff of Cook County, the custody and care of all courthouses and jails in Cook County are your duty and responsibility. 55 ILCS 5/3-6017.

While in the past I have communicated with your staff, I am writing to you directly to ensure that you are personally aware of the gravity of the situation. The safety and well-being of the members of my Office are in jeopardy. As the Public Defender of Cook County, I will do whatever is necessary to ensure their safety.

I ask that you work with me and provide an increased security presence at every lockup in the Cook County Criminal Court system, so that my employees are safe and able to carry out their Sixth Amendment duty of providing effective legal representation. I would very much like to sit down and discuss the matter with you. Without your assistance, both the safety of my staff and the constitutional rights of my clients are being violated. An immediate solution is necessary. I hope to hear from you imminently so that this dangerous situation is resolved.

Sincerely,

*Amy P. Campanelli*

Amy P. Campanelli
Public Defender of Cook County

Cc:    President Toni Preckwinkle
          Chief Judge Timothy Evans
          State's Attorney Kim Foxx
          Undersheriff Zelda Whittler