# EXHIBIT C

# CLASS CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| AGENCY | CHARGE NUMBER |
|---|---|
| ☐ FEPA <br> ☒ EEOC | 440-2018-00649 |

| Illinois Department of Human Rights | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| NAME *(Indicate Mr., Ms., Mrs.)* <br> Crystal Brown | HOME TELEPHONE *(Include Area Code)* <br> (312) 861-1800 c/o M. Nieves Bolanos, Esq. and Robin Potter, Esq. - Potter Bolanos LLC |
|---|---|

| STREET ADDRESS                CITY, STATE AND ZIP CODE <br> c/o M. Nieves Bolanos, Esq. and Robin Potter, Esq. - Potter Bolanos LLC, 111 E. Wacker Dr., Suite 2600, Chicago IL 60601 | DATE OF BIRTH <br> ████████ |
|---|---|

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below.)*

| NAMES | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE *(Include Area Code)* |
|---|---|---|
| Cook County; <br> Law Office of the Cook County Public Defender; Amy Campanelli (Official Capacity); Cook County Sheriff's Office; Cook County Sheriff Thomas Dart (Official Capacity); Cook County State's Attorney Kim Foxx (Official Capacity); Cook County State's Attorney's Office | More than 500 <br> RECEIVED EEOC <br> OCT 2 3 2017 | (312) 443-5500 <br> (312) 603-0600 <br> (312) 603-6444 <br> (312) 603-1880 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | CHICAGO DISTRICT OFFICE COUNTY |
|---|---|---|
| 69 W. Washington | Chicago, IL 60602 | (Cook County) |
| 118 N. Clark Street | Chicago, IL 60602 | (Cook County Public Defender) |
| 50 W. Washington | Chicago, Illinois 60602 | (Cook County Sheriff) |
| 69 W. Washington | Chicago, IL 60602 | (Cook County State's Attorney)          Cook |

CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box(es))*

☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ AGE
☒ RETALIATION  ☐ NATIONAL ORIGIN  ☐ DISABILITY  ☒ OTHER *(Specify)(Retaliation)*

DATE DISCRIMINATION TOOK PLACE
EARLIEST (ADEA/EPA) LATEST (ALL)
From at least 2015 and continuing through the present.

☒ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s))*:

I have been employed as an Assistant Public Defender by Cook County and the Law Office of the Cook County Public Defender since May 2013. Increasingly, especially in the last two years and continuing through the present, I and other female Assistant Public Defenders have been subjected to a hostile work environment due to our sex as a result of male inmates masturbating while staring at us and exposing their genitals to me, other female Assistant Public Defendants, and female interns/law clerks while we visit clients in lockup and/or jail, including in Division 9 and 10 of the Cook County Jail. Respondents have been aware of the hostile work environment and sexual harassment and that Assistant Public Defenders have faced and fear retaliation for filing complaints. Respondents have failed to take prompt or effective steps to prevent me and the class of similarly situated female attorneys and interns from suffering incidents of assaults, masturbation and indecent exposure by inmates, or retaliation for filing complaints, as described above. This conduct is offensive, unwanted, and unwelcome. I and the class have been discriminated against and subjected to a hostile work environment on the basis of our sex, female, in violation of state and federal law, including Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000(e) *et seq*.
See Attachment for particulars.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - (When necessary for State and Local Requirements) |
|---|---|
| I declare under penalty of perjury that the foregoing is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. <br><br> SIGNATURE OF COMPLAINANT |
| Date 10/23/17         Charging Party *(Signature)* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(Day, month, and year)* |

EEOC FORM 5 (10/94)

**Attachment to Class Charge of Discrimination**

RECEIVED EEOC

OCT 2 3 2017

CHICAGO DISTRICT OFFICE

My name is Crystal Brown. I am an attorney licensed to practice in Illinois. I am currently employed by Cook County through the Law Office of the Cook County Public Defender ("Public Defender's Office") as an Assistant Public Defender. This charge and my statements are made on behalf of myself and a class of similarly situated women.

I have worked for Cook County (the "County") and the Public Defender's Office since May 2013. The County, the Public Defender's Office, Public Defender Amy Campanelli ("Campanelli") the Cook County Sheriff's Office ("Sheriff's Office"), Cook County Sheriff Dart, in his official capacity ("Sheriff Dart"), the Cook County State's Attorney's Office ("State's Attorney's Office"), and State's Attorney Kim Foxx, in her official capacity ("Foxx"), (collectively "Respondents") are aware and on notice that I and my female colleagues have been victims of continuing sexual harassment by male inmates. Nonetheless, they have failed to take prompt and/or effective remedial action to stop it. As described below, this conduct is offensive, degrading and unwelcome. As a result, my fellow class members and I have suffered, and continue to suffer, a hostile work environment and have been discriminated against based on our sex, female, in violation of federal and state law, including Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C §2000(e), *et seq*.

On numerous occasions during my employment, male inmates have exposed their erect genitals to me and/or masturbated while looking at me when I visited clients in lockup or jail, in particular when visiting Divisions 9 and 10 of the Cook County Jail. This conduct is severe and pervasive, and has become increasingly aggressive and occurred more frequently in the past two years. For example, in approximately January 2017, while I was in lockup speaking to clients, an inmate exposed himself and masturbated at me twice in one day. The second time he was

1

## Attachment to Class Charge of Discrimination

accompanied by special transport Cook County Sheriff's Deputies. When that inmate was finally

removed from lockup, a second inmate exposed himself to me. Visiting clients in lockup and at

the jail is part of our job responsibilities. It is difficult to communicate with clients when other

inmates are exposing their genitals, erect or flaccid, masturbating, while either staring at us or

yelling at us to get us to look.

Respondents have been aware that female Assistant Public Defenders continue to be

victims of actual and threatened masturbation and exposure of genitals, erect and/or flaccid, on a

regular, sometimes daily, basis. As an example, the *Chicago Sun Times* reported on January 31,

2016 that there were 219 incidents of inmates exposing themselves or masturbating in public

between July 1, 2015 and January 20, 2016. See Exhibit A. Additionally, Public Defender Amy

Campanelli ("Campanelli") recently admitted that she has been aware that the situation has

worsened since at least October 2015. See Exhibit B, Flowchart.

The Respondents have failed to take reasonable steps to prevent me and the class of

similarly situated female attorneys and interns/law clerks from suffering incidents of assaults,

masturbation and indecent exposure by inmates as described above. Campanelli told me and

class members that she took steps to stop the Sheriff's Office from handcuffing defendants in the

lockup.   She did this despite the fact that handcuffing greatly decreased the incidents of

masturbation and indecent exposure during the short period of time that this practice was

implemented. Campanelli has also told me and other female attorneys, including in a meeting on

October 18, 2017, that it is not her job to keep us safe in lockup or the jails.

The Public Defender's Office, the Sheriff's Office and the State's Attorney's Office are

aware that when Assistant Public Defenders press criminal charges and complaints against

2

**Attachment to Class Charge of Discrimination**

inmates who masturbate or expose themselves, we often continue to see the perpetrators in

lockup and are subjected to threats and profanity as reprisal for pressing charges. Sheriff Dart's

office has failed to take corrective action to prevent these incidents of aggression, exposure and

masturbation towards female Assistant Public Defenders. The Sheriff's office has failed to

provide additional sheriffs to monitor inmates and/or to implement policies to curb this behavior,

despite being aware of the problem. See Exhibit A. The Cook County State's Attorney has also

failed to take prompt and effective remedial action in prosecuting our complaints or ensuring a

harassment free workplace. Respondents' failure to stop inmate harassment has and continues to

interfere with our ability to do our jobs.

I and the class of similarly situated female Public Defenders suffer past, present and

future emotional distress as a result of this hostile work environment.

I estimate that there are more than 200 female attorneys and interns in the Public

Defender's office. Because the practice is so widespread, I believe that most if not all of these

women have been exposed to incidents of assault and/or indecent exposure by male inmates as

described above.

Male public defenders are not similarly targeted by inmates for indecent exposure or

masturbation. Inmate masturbation and exposure in lockup and at the jail is specifically directed

toward female Public Defenders. As stated above, despite having knowledge of these issues

Respondents have failed to take reasonable steps to prevent female attorneys and interns/law

clerks from suffering incidents of assaults and indecent exposure by inmates even though the

practice has worsened and incidents have occurred with more frequency within the last two

years.

3

# EXHIBIT A

# Jail inmates target female guards, lawyers with sexual abuse

**CHICAGO NEWS** 01/31/2016, 10:12pm
**Frank Main**

@FrankMainNews | email

They call themselves Savage Life.

Inmates facing charges of murder, rape and other serious crimes formed the gang about six months ago in the Cook County Jail. Their goal is to sow chaos, officials say.

They physically attack guards.

They throw feces and urine.

And they expose themselves and masturbate in the presence of female defense attorneys and female correctional officers. Authorities are taking public indecency in the jail so seriously that they're addressing the problem through new state legislation and harsher jail discipline. The behavior, which is on the rise, underscores what a tough and perilous environment working in the jail can be.

"To be subjected to this behavior is awful," said Cara Smith, chief of policy for Cook County Sheriff Tom Dart, who runs the jail.

"We want to ensure a safe environment for anyone coming into the jail, including the public defenders," said Smith, adding that she was once targeted by an inmate who exposed himself to her and other sheriff's employees.

Last week, Smith discussed the problem on a conference call with Cook County Public Defender Amy Campanelli and Fabio Valentini, chief of criminal prosecutions for Cook County State's Attorney Anita Alvarez.

There have been 219 incidents of inmates exposing themselves or masturbating in public between July 1, 2015, and Jan. 20, 2016, Smith said. Some are multiple offenders, she said.

The incidents have been concentrated mainly in two maximum-security housing units, Divisions 9 and 10, on the sprawling jail complex near the criminal courthouse at 26th and California.

Savage Life, a group of inmates in Division 10, isn't connected to a street gang, Smith said.

"They're a motley crew of troublemakers," she said.

But they're not the only ones causing problems, Smith said.

Last year, state legislation was passed to try to deter inmates from committing such acts. Under the law, the sheriff can cancel up to 60 days of prisoners' "good time" for exposing themselves, throwing urine or feces, or engaging in other disruptive behavior. Inmates accumulate one day of good time for each day behind bars, which allows them to shorten their sentences.

But the sheriff's office is trying to go even further to curb such activity. A bill sponsored by state Sen. Bill Cunningham, D-Chicago, is pending in the General Assembly and would require inmates to register as sex offenders after two or more convictions for public indecency in a penal institution.

Inmates can also be charged criminally, but the short sentences they usually get for the misdemeanor offense of public indecency don't mean a lot to men facing the possibility of life in prison.

Smith said most female correctional officers still opt to seek misdemeanor public indecency charges against inmates who expose themselves to them.

But female assistant public defenders don't usually seek charges when they are the targets of such abuse, officials say.

First Assistant Public Defender Keith Ahmad said it's not typically a client who exposes himself to a female assistant public defender but another inmate with an unrelated case.

When the offending inmate is charged with public indecency, another assistant public offender is usually assigned to represent him.

There's a potential conflict when the victim and the offender's attorney are both working in the public defender's office, Ahmad said. Usually, the victim attorney decides not to pursue criminal charges, he said.

Ahmad said defense attorneys are usually targeted in the "bullpen" areas of court, where they meet their clients before their hearings.

"The consensus is that it is on the rise," Ahmad said.

The sheriff's office has taken other steps to combat such behavior — including a redesign of visitation areas so attorneys who are meeting with their clients can't see other inmates outside the rooms, Smith said.

And under a new policy, inmates accused of public indecency lose the right to visit with anyone for 60 days — except for their immediate family members.

"No girlfriends," Smith said.

But Smith said she thinks the bill requiring inmates to sign up as sex offenders after two indecency convictions could have the biggest impact on changing their behavior.

"These inmates don't want to be labeled sex offenders" when they are in the Illinois Department of Corrections, she said.

"By and large, the people who engage in this misconduct are maximum-security detainees looking at lengthy prison sentences," Smith said. "The relatively minor sentences that can be imposed under the public indecency law are not a deterrent to these guys."

"A 30-day sentence doesn't mean much to someone facing the possibility of life in prison," she said.

Becky Strzechowski, president of Teamsters Local 700, said the sheriff's office is moving in the right direction in trying to prevent public indecency incidents but needs to better equip correctional officers against physical attacks.

"We commend the sheriff for taking steps to address the sexual assault issues at the Cook County Department of Corrections, but we need to have further discussions on how to prevent the overall increase" in attacks on officers, said Strzechowski, whose union represents jail guards.

"There are more 'use of force' situations at the jail than the courts services and sheriff's police departments combined, yet the officers at the jail do not have access to the same safety equipment as those other units," she said.

# EXHIBIT B



| Date | Description |
|---|---|
| October, 2015 | Discussion with Sheriff, State about exposure; signs posted at the jail |
| January, 2016 | Discussion with State, Jail, classes at jail given by David Dunne and others |
| January, 2016 | Email sent to office detailing work done |
| September, 2016 | Discussion with 26th Street presiding judge, decision made to keep exposure cases at FTD |
| January 31, 2017 | Meeting with APDs at 26th Street |
| February 6, 2017 | Sheriff decides to shackle all defendants in the lockup |
| February, 2017 | SB2220 introduced, making second public indecency act a felony and subject to sex offender registration |
| March 21, 2017 | Letter to Sheriff Dart, with copies to the State, Chief Judge, and County |
| March, 2017 | Problem brought to NAPD Leadership Conference for Brainstorming on solutions |
| April, 2017 | Sheriff uses special jumpsuits for detainees accused of sexual misconduct; suits thrown into microwave, discontinued |
| May, 2017 | Extra Sheriffs are added to floors 4 through 7, problem abates |
| August 21, 2017 | Extra Sheriffs withdrawn from floors 4 through 7 |