# EXHIBIT G

## POTTER BOLAÑOS LLC
### ATTORNEYS AT LAW

111 East Wacker Drive ♦ Suite 2600 ♦ Chicago, Illinois 60601
Telephone [312] 861-1800 ♦ Facsimile [312] 861-3009
www.potterlaw.org

October 31, 2017

**BY HAND DELIVERY**

| | |
|---|---|
| Amy Campanelli, <br> Cook County Public Defender <br> Marc Stahl, Chief <br> Cook County Public Defender <br> 69 West Washington Street, Suite 1600 <br> Chicago, IL 60602 | Toni Preckwinkle, President <br> Cook County Board <br> 118 North Clark Street, Room 537 <br> Chicago, IL 60602 |
| Kimberly M. Foxx, State's Attorney <br> Chaka Patterson, Chief <br> Civil Actions Bureau <br> State's Attorneys' Office <br> 50 West Washington Street #500 <br> Chicago, IL 60602 | Nicholas Scouffas, General Counsel <br> Cook County Sheriff's Office <br> 50 W. Washington, 7th Floor <br> Chicago IL 60602 |

Re:    On behalf of a class of Female Assistant Public Defenders

Dear Your Honor, President Preckwinkle and Counsel:

As you all know from our October 25, 2017 letter delivered to each of you, and your receipt of classwide discrimination charges from the United States Equal Employment Opportunity Commission, we represent a class of women Assistant Public Defenders ("APD"), who are suffering a hostile work environment and ongoing sexual harassment.

We previously requested the opportunity to sit down with each of you separately or together to discuss the claims, damages and an immediate solution until such time as a permanent solution and injunction are entered. But for one of your offices, we have received no response. Instead the Public Defender has engaged in a misleading media campaign and, as of today, a unilateral memo prohibiting APDs from entering lockup areas. You are all aware that this will interfere with APDs ability to do their jobs effectively. We see this conduct for what it is: retaliation. We will be supplementing the previously-filed EEOC charges to reflect as much.

Letter to Respondents and Chief Judge Evans
Re: A Class of Female Assistant Public Defenders
October 31, 2017                                                                                                    Page 2

We reiterate that the sexual harassment and hostile work environment at issue in this matter has been permitted to fester and grow for years. Yet, it was only after our communications to you, after EEOC charges were filed, and a named Complainant and class member filed charges against a masturbating inmate, that the Public Defender's office took this unilateral and damaging action against the interests of her own APDs.

Our first letter requested you take specific and immediate action, listed below, none of which to our knowledge has occurred:

1. Issuance of an all-points bulletin advising all APDs and staff that they will suffer no retaliation for filing complaints, including with our office, to protest the masturbation, hostile work environment and sexual harassment;
2. Issuance of immediate orders that **all** lockups be assigned a sheriff for the purpose of ensuring inmates and detainees are not engaging in sexual harassment, masturbation or exposing themselves to female APDs.
3. Issuance of immediate orders that female APDs will at all times be escorted through Divisions 9 ad 10 of the Cook County Jail and that a sheriff will be stationed just outside the door of any room where a female APD is meeting with a client to ensure no other inmates are exposing themselves, masturbating or otherwise sexually harassing the APD, and that the APD is able to exit any locked interview rooms in a timely manner.
4. Immediate training of all your staff by a reputable outside sexual harassment expert, preferably an experienced plaintiff's civil rights attorney. We can share our recommendations.
5. The immediate appointment of a non-political, non-connected Masturbation/Sex Harassment monitor to oversee remedy and relief. We have recommendations we are more than happy to share. The Sheriff's office reinstitute handcuffing of pretrial detainees, behind their backs, and while in the courtroom lockups. This is an interim measure that can be taken to provide immediate relief to female APD's and until a more long-term solution is agreed to or ordered by a court of law.
6. Inmates be required to wear jumpsuits without zippers or pockets near their genital area. This will ensure that they cannot reach their private parts and expose and/or masturbate on or at our clients. We understand some jumpsuits were destroyed in the microwaves in Cook County Jail, but are confident replacement jumpsuits can be procured with a minimum amount of effort by your administrators.

Instead the attached memo was issued, which severely impedes APDs abilities to do the important work with which they are tasked and does nothing to solve the underlying issue: inmate sexual abuse and harassment. For example, this memo does nothing to address the same kind of harassment that female sheriffs suffer in lockup and the jails.

We again invite you all to work together with us and an independent Monitor to implement any one of the above to provide APDs with a safe environment in which to conduct their important work. Our clients' jobs have been made more difficult. It is not effective or just

Letter to Respondents and Chief Judge Evans
Re: A Class of Female Assistant Public Defenders
October 31, 2017  Page 3

to blame and punish victims of sexual assault. It is incumbent upon the agencies tasked with ensuring their safety to implement policies that protect not punish.

Please contact us at your earliest convenience so that we can discuss potential resolution of these matters and without the need for immediate and injunctive relief.

Sincerely,

POTTER BOLAÑOS LLC

*Robin Potter*       *M. Nieves Bolanos*

Robin Potter & M. Nieves Bolanos


Cc: Chief Judge Tim Evans
Circuit Court of Cook County
50 West Washington Street, Room 2600
Chicago, IL 60602



## Law Office of the
## COOK COUNTY PUBLIC DEFENDER
2650 S. CALIFORNIA · 7TH FLOOR · CHICAGO, IL 60608 · (773) 674-3217 TEL · (773) 674-3247 FAX

Amy P. Campanelli · Public Defender

To: FTD Attorneys
From: Marc Stahl
Date: October 31, 2017
Re: No Public Defender Personnel Allowed in Lockups

The Public Defender has been extremely concerned about the security of our personnel. Assistant Public Defenders have been spat on, grabbed, and even physically attacked by inmates. In addition, our female attorneys have been subjected to repeated acts of public indecency. The situation has been particularly bad since the Sheriff removed the extra deputies that had been providing security in the lockup areas behind the courtrooms.

A week and a half ago, an inmate with three pending public indecency cases was left unrestrained in a lockup without any deputies present and masturbated in front of an Assistant Public Defender. Our office complained to the Sheriff's Department about what happened and we were assured that they would follow up on the incident. Yesterday, the same mistake was repeated. Another inmate with three public indecency charges since arriving in the jail (as well as two aggravated batteries committed against correctional officers) was left in the lockup area behind a courtroom without restraint and without any security personnel. The inmate showed off his genitals and masturbated in front of an Assistant Public Defender.

The Public Defender strongly disagrees with the Sheriff's decision to remove additional security personnel from the lock up areas. But if the Sheriff will not expend the funds to provide that security, the absolute minimum we should expect is that inmates with previous public indecency incidents will not be left unrestrained and without security in the lockup areas. If the Sheriff cannot provide even this minimal level of protection from repeat offenders, the Public Defender cannot allow her personnel to work in the lockup areas.

***Per the direction of Amy Campanelli, no employee of the Cook County Public Defender may enter any courtroom lockup area at the Leighton Criminal Courts Building until further notice.*** Assistant Public Defenders may request that courtroom deputies bring inmates out of the lockups to speak with clients where other inmates are not present and the risk of public indecency is greatly minimized (e.g., jury rooms or ante-rooms). If you have any questions about this policy, please speak with your supervisor.

Finally, the Public Defender also wants to know if there is any retaliation by any deputy, judge, or other personnel because of the refusal to go into the lockups. Please notify your supervisor immediately if there is any retaliation, preferably via e-mail.