IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CRYSTAL BROWN, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 17-cv--8085 |
| | ) | |
| v. | ) | |
| | ) | Judge Matthew F. Kennelly |
| COOK COUNTY, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF REQUEST FOR REASSIGNMENT
OF CASE NO. 17-cv-8146 TO THIS COURT'S DOCKET,
FROM JUDGE FEINERMAN'S DOCKET**

Plaintiffs in Case No. 17-cv-8146—*Howard et al. v. Cook County et al.,* which has been assigned to Judge Feinerman—submit this memorandum in support of their motion for a finding that that case is related to this one and, for that reason, for reassignment of that case from Judge Feinerman's docket to this Court's docket.

## INTRODUCTION

**The lower-numbered case:**
***Brown v. Cook County* (Kennelly)**

Case No. 17-cv-8085, *Brown et al. v. Cook County et al*, was filed on November 8, 2017, and assigned to this Court. The plaintiffs are female Assistant Public Defenders and female law clerks, employed by the Cook County Public Defender.

The Defendants are Cook County; the Office of the Cook County Public Defender; Amy Campanelli, individually and in her official capacity as the Cook

County Public Defender; and Thomas Dart, individually and in his capacity as Sheriff of Cook County.

The plaintiffs allege that they "have been repeatedly and increasingly subjected to incidents of indecent exposure, masturbation, assault and battery" by male detainees in the Cook County Jail (¶ 23) and that Defendant Dart and the other defendants in conspiracy with him have "knowingly failed to take prompt or effective action to stop the harassment" and acquiesced in or shown deliberate indifference to egregious sexual harassment. Complaint ¶¶ 48 and 109.

The plaintiffs seek injunctive relief to require Defendant Dart to eliminate or curtail exhibitionist masturbation and other sexually harassing behavior by detainees in his custody, including, for example, by placing them in special jumpsuits that restrict access to their genitals or by handcuffing offenders. See Complaint ¶ 42. They also seek monetary damages.

A copy of the complaint is attached as Exhibit A to this memorandum. It contains four counts, for violation of the Equal Protection Clause of the Fourteenth Amendment, for conspiracy under 42 U.S.C. §§1985 and 1986, for violation of the Illinois Gender Violence Act, and for Indemnification. The complaint also indicates that one of the plaintiffs recently filed EEOC charges with class allegations. Complaint ¶ 39. A motion for leave to amend to add a count for violation of Title VII will undoubtedly be forthcoming, once notification of a right to sue issues.

**The higher-numbered case:**
***Howard v. Cook County* (Feinerman)**

Case No. No. 17-cv-8146—*Howard et al. v. Cook County et al.*—was filed on November 10, 2017 and assigned to Judge Feinerman. (The *Howard* plaintiffs filed a first amended complaint two days later, on November 12th).

Whereas the *Brown* plaintiffs are personnel in the Public Defender's office, the *Howard* plaintiffs are female correctional officers, rehabilitation workers, law librarians, and medical personnel at the Jail.

Like the PDs in *Brown,* the plaintiffs in *Howard* allege that male detainees, in Sheriff Dart's custody, routinely expose their genitals to them, masturbate in front of them, grope and grab them, subject them to sexually degrading insults, and threaten them with sexual violence. First Amended Complaint ¶ 2. Like the PDs in *Brown,* the Howard plaintiffs allege that Defendant Dart has failed to take appropriate steps reasonably calculated to stop or mitigate this harassment. First Amended Complaint ¶ 56.

Because the *Howard* plaintiffs are not employees of the Public Defender, that office, and Amy Campanelli, are not defendants in *Howard.* But otherwise, the Defendants overlap: Cook County and Thomas Dart, individually and in his official capacity as Sheriff of Cook County. (The *Howard* plaintiffs have also named the Cook County Sheriff's Office, in addition to Dart).

Like the plaintiffs in *Brown*, the plaintiffs in *Howard* seek injunctive relief to require Defendant Dart to eliminate or curtail exhibitionist masturbation and other

sexually harassing behavior by male detainees in his custody. The complaint identifies measures that Dart might be ordered to adopt, or use more often, including opaque or one-way mirrored coverings on cells doors and windows, exposure control jumpsuits without zippers or pockets, physical restraints, serious and prompt disciplinary measures, isolation of repeat harassers, referrals for prosecution, administrative segregation, zero tolerance policies, training of correctional officers and civil personnel to respond effectively, and counseling for traumatized correctional officers and civil personnel. See First Amended Complaint ¶ 45. Plaintiffs also seek monetary damages.

A copy of the first amended complaint in *Howard* is attached as Exhibit B to this memorandum. It contains four counts, for violation of Title VII, for violation the Equal Protection Clause of the Fourteenth Amendment, for violation of the Illinois Civil Rights Act, and for indemnification.

## ARGUMENT

The gravamen of the complaint before this Court in *Brown* and the complaint before Judge Feinerman in *Howard* are the same: male detainees at the Cook County Jail, in the custody of the Sheriff Dart, engage in exhibitionist masturbation and other sexually harassing behavior on a daily basis; Sheriff Dart has both a legal obligation and the ability to control this behavior; and he has failed to take steps reasonably calculated to stop or curtail it.

The relief both complaints seek is also substantially the same: (a) an injunction ordering Dart to adopt and implement policies, procedures, and practices that will deter, control and prevent the continued harassment, and (b) money damages.

The similar requests for injunctive relief, especially, would be best addressed in one courtroom, not two: if the requests for injunctive relief are granted, having the scope of that relief decided by one judge will avoid the risk of rival decrees that might otherwise impose inconsistent obligations.

Even with respect to monetary relief, there may be benefits to having both cases in one courtroom, including, in the event of either a global settlement or separate settlements, supervision of a rational allocation of dollars to those with the most severe injuries.

**A.   These Two Cases Are "Related" Under Local Rule 40.4(a).**

Local Rule 40.4(a) defines "relatedness" with a broad brush. It suffices if two or more cases meet any *one* of the following four criteria: (1) they "involve the same property," (2) "involve *some* of the same issues of fact or law", (3) "grow out of the same transaction or occurrence," *or* (4) in class action suits, "one or more of the classes involved in the cases is or are the same." LR 40.4 (emphasis added).

The *Brown* and *Howard* cases satisfy the second and third criteria. They involve some of the same issues of fact or law, including: (a) whether Defendant Dart has failed to take steps reasonably calculated to stop or curtail male detainees in his custody from engaging in exhibitionist masturbation and other sexually

5

harassing behaviors; and (b) what steps he should be ordered to take. They also grow out of the same occurrence—a known, pervasive problem of exhibitionist masturbation and other sexually aggressive behaviors by male detainees, occurring on a daily basis, creating an objectively hostile work environment for women, and a de facto policy of tolerating it.[1]

## B. The Higher-Numbered Case—*Howard*, No. 17-cv-8146, Should be Reassigned to this Court's Docket Under Local Rule 40.4(b).

Once cases have been found to be related under Local Rule 40.4(a), Rule 40.4(b) imposes four additional conditions, in the conjunctive, by authorizing reassignment if: "(1) both cases are pending in this Court; (2) the handling of both cases by the same judge is *likely* to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; *and* (4) the cases are *susceptible of* disposition in a single proceeding." L.R. 40(b) (emphasis added).

There is no question but that the first and third conditions are met here. Both *Brown* and *Howard* are pending in this district, and neither has case progressed past the pleadings stage.

The second condition—judicial efficiency—is also satisfied. Dispositions on the merits in both *Brown* and *Howard* will require determining (a) whether Defendant

---

[1] "A hostile work environment claim is in effect alleging a policy of discrimination, and this is sufficient to establish a single transaction or occurrence." *Nelson v. Chertoff*, No. 07-C-2991, 2008 WL 4211577, at *5 (N.D. Ill. Sept. 10, 2008).

6

Dart has failed to take steps reasonably calculated to stop or curtail male detainees in his custody from engaging in exhibitionist masturbation and other sexually harassing behaviors; and (b) what steps he should be ordered to take to end the harassment. Reassignment of *Howard* to this Court's calendar will permit these issues to be briefed and determined once, which will result in a substantial saving of judicial time and effort, as well as the defendants' time and effort. The overall administration of justice will likewise be enhanced by having a single judge determine these issues. The Seventh Circuit has criticized allowing separate suits challenging the same practices to proceed along different tracks before different judges, resulting in separate and disparate decisions, as well as separate appeals. *Smith v. Check-N-Go of Illinois, Inc.,* 200 F.3d 511, 513 n.* (7th Cir. 1999).

Finally, the fourth condition for reassignment requires that cases be "susceptible to" disposition in a single proceeding. Here, that condition is satisfied because a "central dispositive issue" in both cases is Defendant Dart's liability for not stopping or curtailing exhibitionist masturbation and other sexually harassing behaviors by male detainees in his custody. See *Peery v. Chicago Hous. Auth.*, No. 13-CV-5819, 2013 WL 5408860, at *2 (N.D. Ill. Sept. 26, 2013) ("Here, the central dispositive issue—whether the suspicionless drug-testing of CHA residents in mixed income rental housing developments as a condition of occupancy violates the U.S. Constitution and the Illinois Constitution—is undoubtedly susceptible to disposition in a single proceeding. The fact that either case may require other issues, such as

7

evaluating the individual damages of the plaintiffs, to be resolved separately does not negate the fact that the core issues here are virtually identical").

Rule 40.4(b)(4) does not require that cases be identical to permit reassignment. *Helferich Patent Licensing, L.L.C. v. New York Times Co.*, No. 1:10-CV-04387, 2012 WL 1368193, at *3 (N.D. Ill. Apr. 19, 2012). It also does not require "proof" that cases can or should be consolidated. "Rather, the Rule requires only a finding that the cases are 'susceptible' (that is, capable) of determination in a single proceeding." *Fairbanks Capital Corp. v. Jenkins*, No. 02 C 3930, 2002 WL 31655277, at *3 (N.D. Ill. Nov. 25, 2002).

### C. Alternatively, the Cases Could be Reassigned by Agreement Pursuant to Internal Operating Rule 13(d).

As an alternative to unilateral reassignment pursuant to Local Rule 40.4, this Court could also consider reassignment by agreement with Judge Feinerman under Rule 13(d) of the Court's internal operating rules.[2] Competing requests for injunctive relief, risking two decrees imposing rival obligations—a risk present in these two cases—presents a compelling case for bringing two cases into one courtroom.

Dated: November 15, 2017

                                          Respectfully submitted,

                                          /s Joshua Karsh
                                          One of the attorneys for Plaintiffs (in *Howard v. Cook County,* No. 17 cv 8146

---

[2] Plaintiffs acknowledge that the Internal Operating Rules do not confer rights on litigants.

Marni Willenson
marni@willensonlaw.com
Samantha Kronk
skronk@willensonlaw.com
WILLENSON LAW, LLC
542 S. Dearborn St.
Suite 610
Chicago, IL 60605

Joshua Karsh
jkarsh@hsplegal.com
HUGHES SOCOL PIERS
  RESNICK & DYM, LTD.
70 W. Madison St.
Suite 4000
Chicago, IL 6060
312.604.2630