# EXHIBIT B

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| SHARON WILSON, CASSANDRA SHELTON, RITA MCCOY, REAY PRICE, PATRICIA BROWN CONLEY, ONEKA CONLEY, MONSHAI ADDISON, LISA YATES, LAKISHA MAKLIN, KIMBERLY BOWEN, ANGELIQUE WESTMORELAND, GLORIA ELLIS, ALEXIS TAYLOR ERICA MASON, MARIA TEJEDA, TANISHA HENDERSON, SHARON TAYLOR, DONNETTA MYRANT, SYBIL KEYS, TANISHA CRIBBS, ROMANITA PEREZ, SHELEDA GROVES, ESTHER JONES, KIMBERLY CRAWFORD ALEXANDER, SUSANA PLASENCIA, EVETTE TREJO, BALVINA RANNEY, LAURA MLINARCIK, JESSICACORREA, PATRICIA JAGIELSKI, LORI HERNANDEZ, ANGELIQUE HERRERA, ALICIA WEBSTER, KELLY SHIELDS, BRIDGET INSLEY, LYNETTE FLOWERS and TAWANDA WILSON | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| On behalf of themselves and a class of similarly situated female employees, | ) ) ) ) | No. |
| Plaintiffs, | ) ) ) | Judge _ _ _ _ |
| v. | ) ) | Magistrate Judge _ _ _ _ |
| COOK COUNTY SHERIFF'S DEPARTMENT, COOK COUNTY, a unit of local government, and THOMAS DART, in his official capacity, | ) ) ) ) ) | |
| Defendants. | ) ) ) | JURY TRIAL DEMANDED |

## COMPLAINT

## NATURE OF THE ACTION

This is an action on behalf of the Named Plaintiffs Sharon Wilson, Cassandra Shelton, Rita McCoy, Reay Price, Patricia Brown Conley, Oneka Conley, Monshai Addison, Lisa Yates, Lakisha Maklin, Kimberly Bowen, Angelique Westmoreland, Gloria Ellis, Alexis Taylor, Erica Mason, Maria Tejeda, Tanisha Henderson, Sharon Taylor, Donnetta Myrant, Sybil Keys, Tanisha Cribbs, Romanita Perez, Sheleda Groves, Esther Jones, Kimberly Crawford Alexander, Susana Plasencia, Evette Trejo, Balvina Ranney, Laura Mlinarcik, Jessica Correa, Patricia Jagielski, Lori Hernandez, Angelique Herrera, Alicia Webster, Kelly Shields, Bridget Insley, Lynette Flowers, and Tawanda Wilson and a class of similarly situated female employees pursuant to the Equal Protection Clause of the United States Constitution, 42 U.S.C. § 1983 ("Section 1983") to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Named Plaintiffs and a class of similarly situated female employees employed by Defendant Cook County Sheriff's Department.

Plaintiffs allege that Defendants Cook County Sheriff's Department; Cook County; and Sheriff Thomas Dart, ("Defendants") have allowed Plaintiffs to be subject to an ongoing sexually hostile work environment since at a minimum November of 2015. Based on the facts discovered to date, Plaintiffs believe that evidence exists showing that Defendants' illegal conduct began prior to that date, and constitute a continuing violation of unlawful sexual harassment. This hostile work environment includes exposing Plaintiffs to repeated instances of lewd conduct by detainees, such as frequent masturbation, repeated exposure of sex organs, sexual comments, threats of sexual assault, and actual sexual assaults.

2

Defendants were aware of this sexual harassment and failed to take corrective remedial action. A limited sample of Incident Reports filed by Plaintiffs or Class Members even prior to November 2015 demonstrate Defendants' knowledge of the work environment. For example, in January of 2014, a Deputy filed an Incident Report complaining that a detainee "walked out of shower area and began masturbating in front" of her. A February 2014 Incident Report shows that after a Deputy sought to press charges against a detainee for indecent exposure, the detainee threatened the Deputy and stated, "Bitch, you pressed charges on me, I should fuck you up." An October 2015 Incident Report shows that when one female Deputy complained to her Sergeant about harassment, he responded that "a deputy cannot sign a complaint against a detainee for pulling his dick out because it is part of your job."

During 2016 alone, there were **350 documented incidents** of indecent exposure (which often included masturbating at Plaintiffs and similarly situated females). Most incidents were *not* documented because Plaintiffs and other women were told—"this is part of your job," and were discouraged from filing Disciplinary Tickets, Incident Reports and/or filing criminal charges. Often, when criminal charges were in fact filed, they were not pursued by the Cook County Sheriff's Department or State's Attorney's Office. In some instances, Plaintiffs were instructed to sign "COMPLAINT REFUSAL ON VICTIM'S REQUEST" forms, despite wanting to pursue criminal charges.

Sexual harassment by detainees that masturbate in front of and at Deputies, and other sexually aggressive behavior and assaults, has dramatically increased in severity and frequency since November of 2015. For instance, one Plaintiff has been a Deputy for 22 years; during her first 20 years she had one incident of indecent exposure; in the past two years, she's been masturbated at more than 20 times, with three different masturbation instances happening in a span

of 10 minutes.   Other Plaintiffs are exposed to masturbating detainees **every single day** that they work while their complaints about such conduct are repeatedly ignored. Despite numerous complaints and knowledge on the part of the Defendants, they have failed to remedy the sexual harassment or provide a safe working environment for Plaintiffs and a class of similarly situated female employees.

Defendants' conduct was pursuant to a policy and practice of permitting and acquiescing to widespread sexual harassment against female Deputies, and failing to take remedial measures to prevent or reduce such sexual harassment.   This policy and practice of tolerating sexual harassment against Defendants' female employees was with the knowledge and acquiescence of Defendants, and Defendants' supervisory and management employees.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and § 1343.  Venue is proper in the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. § 1391, because the unlawful conduct alleged herein was committed and continues to occur within the boundaries of the Northern District of Illinois.

## INDIVIDUAL PLAINTIFFS

2. Plaintiff Sharon Wilson is an adult female and resident of Illinois.

3. Plaintiff Cassandra Shelton is an adult female and resident of Illinois.

4. Plaintiff Rita McCoy is an adult female and resident of Illinois.

5. Plaintiff Reay Price is an adult female and resident of Illinois.

6. Plaintiff Patricia Brown Conley is an adult female and resident of Illinois.

7. Plaintiff Oneka Conley is an adult female and resident of Illinois.

8. Plaintiff Monshai Addison is an adult female and resident of Illinois.

**9.** Plaintiff Lisa Yates is an adult female and resident of Illinois.

**10.** Plaintiff Lakisha Maklin is an adult female and resident of Illinois.

**11.** Plaintiff Kimberly Bowen is an adult female and resident of Illinois.

**12.** Plaintiff Angelique Westmoreland is an adult female and resident of Illinois.

**13.** Plaintiff Gloria Ellis is an adult female and resident of Illinois.

**14.** Plaintiff Alexis Taylor is an adult female and resident of Illinois.

**15.** Plaintiff Erica Mason is an adult female and resident of Illinois.

**16.** Plaintiff Maria Tejeda is an adult female and resident of Illinois.

**17.** Plaintiff Tanisha Henderson is an adult female and resident of Illinois.

**18.** Plaintiff Sharon Taylor is an adult female and resident of Illinois.

**19.** Plaintiff Donnetta Myrant is an adult female and resident of Indiana.

**20.** Plaintiff Sybil Keys is an adult female and resident of Illinois.

**21.** Plaintiff Tanisha Cribbs is an adult female and resident of Illinois.

**22.** Plaintiff Romanita Perez is an adult female and resident of Illinois.

**23.** Plaintiff Sheleda Groves is an adult female and resident of Illinois.

**24.** Plaintiff Esther Jones is an adult female and resident of Illinois.

**25.** Plaintiff Kimberly Crawford Alexander is an adult female and resident of Illinois.

**26.** Plaintiff Susana Plasencia is an adult female and resident of Illinois.

**27.** Plaintiff Evette Trejo is an adult female and resident of Illinois.

**28.** Plaintiff Balvina Ranney is an adult female and resident of Illinois.

**29.** Plaintiff Laura Mlinarcik is an adult female and resident of Illinois.

**30.** Plaintiff Jessica Correa is an adult female and resident of Illinois.

**31.** Plaintiff Patricia Jagielski is an adult female and resident of Illinois.

**32.** Plaintiff Lori Hernandez is an adult female and resident of Illinois.

**33.** Plaintiff Angelique Herrera is an adult female and resident of Illinois.

**34.** Plaintiff Alicia Webster is an adult female and resident of Illinois.

**35.** Plaintiff Kelly Shields is an adult female and resident of Illinois.

**36.** Plaintiff Bridget Insley is an adult female and resident of Illinois.

**37.** Plaintiff Lynette Flowers is an adult female and resident of Illinois.

**38.** Plaintiff Tawanda Wilson is an adult female and resident of Illinois.

## DEFENDANTS

**39.** Defendant Cook County Sheriff's Office ("Sheriff's Office" or "Sheriff's Department") is the principal law enforcement agency that serves Cook County, Illinois. The Sheriff's Office is a unit of local government organized under 55 ILCS 5/3-6001.

**40.** Defendant Sheriff's Office employs over 6,700 officers, deputies, and civilians who perform a number of diverse tasks within the criminal justice system that are the responsibility of the Cook County Sheriff. Defendant Sheriff's Office oversees policy development and provides the leadership and direction for all Sheriff's Departments.

**41.** Defendant Thomas Dart is the Chief Law Enforcement Officer in the County. Under the provisions of the Illinois State Constitution, Defendant Dart has three primary responsibilities: providing services and security to county and court facilities, administering the Cook County Jail, and protecting and serving the citizens of Cook County with policing throughout the county. Defendant Dart is responsible for the implementation, oversight, and supervision of policies and practices for employees of the Sheriff's Office.

**42.** Defendant Dart is a policy maker for the Sheriff's Office and has final policy-making authority for the Sheriff's Office with regard to conduct alleged herein.

43. With respect to the acts and omissions alleged herein, Defendant Dart was acting within the scope of his official duties and under the color of law. Defendant Dart is sued in his official capacity.

44. Defendant Cook County is a municipality incorporated under the laws of the State of Illinois. Cook County administers itself through departments, one of which is the Cook County Sheriff's Office. Cook County is a necessary party and indemnifier in suits seeking damages from an independently elected county office, like the claims alleged herein.

## DEFINITION OF CLASS

45. The proposed class consists of all current or former female Sheriff Deputies employed by Cook County Sheriff's Department, located at 2700 South California Avenue, Chicago Illinois from at least November of 2015 to the present, who have worked as Deputies for the Cook County Sheriff's Department of Corrections or the Court Services Department, and those individuals who were subject to sexual harassment prior to such date based on evidence that demonstrates a continuing violation of sexual harassment.

## Relevant Function and Organization of Cook County Sheriff's Office

46. The Sheriff's Office is divided into three primary units, Cook County Sheriff's Police Department, the Court Services Department and the Cook County Sheriff's Department of Corrections.

47. Plaintiffs and Class Members are or were employed in the Department of Corrections or Court Services Department

48. The Cook County Sheriff's Department of Corrections ("Department of Corrections") located at 2700 South California Avenue is one of the largest single cite county detention facilities in the United States. Department of Correction deputies are responsible for securing

7

approximately 9000 detainees on any given day.  There are approximately 3500 officers in this department; upon information and belief, approximately one-half are female.

49. Department of Corrections Deputies are responsible for, among other things, overseeing detainees, securing detainees, and responding to detainee requests.   Department of Correction Deputies are also responsible for transporting detainees within the jail from point to point and to facilities outside the jail.

50. The Court Services Department provides security for all court facilities.  The Court Services officers are responsible for providing security for judges and other court officials, as well as securing detainees.  Their duties include transporting detainees from the jail to the lockup area in the court house and from the lockup to the courtrooms.   There are approximately 970 employees in Court Services; upon information and belief approximately one-half are female.

**History of Masturbation, Indecent Exposure and other Sexual Harassment by Detainees**

51. Since prior to November of 2015, detainees have engaged in offensive, degrading and threatening sexual harassment.

52. The harassment includes detainees exposing their penises to female Deputies while in their cells, in receiving areas, when being transported on "court walks," when in holding cells, when waiting to be brought into court, when entering or exiting shower areas, and while being transported on buses, among other occasions.

53. Female Deputies have been repeatedly subjected to detainees masturbating in front of them; some Plaintiffs are masturbated at several times per week, including multiple times per day.

54. Plaintiffs are also subjected to having detainees ejaculating at them, sometimes while standing within a few feet of the offender.

55. Plaintiffs and proposed Class Members are regularly subjected to sexual comments and threats by detainees, including being told that "when I get out I will rape her, kill you, find out where you live."

56. In 2016, there were more than 350 documented incidents of indecent exposure at Cook County Jail.

57. Since January of 2017, 222 detainees have been charged with indecent exposure; 144 of those cases involve victims that are Cook County Sheriff's Office employees.

58. The Sheriff's policy director, Cara Smith, stated that indecent exposure incidents are "something that happens in custodial environments, period."

59. Cook County Jail Commander Jason Cianciarulo admitted that Cook County "detainees expose themselves in the courthouse, to civilians, to the nurses, to our staff."

60. Despite the fact that there have been hundreds of Incident Reports filed in response to the sexual harassment, including 350 Incident Reports in 2016 alone, Defendants have repeatedly and willfully failed to remedy the hostile work environment.

## INDIVIDUAL PLAINTIFFS' CLAIMS

## DEPARTMENT OF CORRECTIONS PLAINTIFFS

### Sharon Wilson's Individual Claims

61. Plaintiff Wilson currently works as a Correctional Officer in Division 4 at the Cook County Sheriff's Department. She has been employed by the Sheriff's Department for 15 years. Her duties include transporting detainees from the jail to the holding area before they are transported to the courthouse. Plaintiff Wilson usually performs her job duties alone.

62. During her employment with the Sheriff's Department, Plaintiff Wilson has been subjected to sexual harassment. Specifically, detainees frequently expose their penises and masturbate in

front of and directed toward Plaintiff Wilson.  Examples of this sexually harassing conduct include:

    a.  Being routinely subjected to detainees exposing their penises as she transports them on "court walks" and at the jail;

    b.  Being regularly subjected to detainees masturbating in front of her at least two times a week almost every week;

    c.  Being subjected to a detainee ejaculating within a few feet of her;

    d.  Being subjected to sexual comments and threats by detainees, including being told that "when they get out they will rape her, kill her, find out where she lives;" and

    e.  Being attacked by two detainees that she had pressed charges against for masturbating at her.

**63.** After Plaintiff Wilson pressed charges against one particular detainee, the detainee came to the medical wing of the jail, banged on the glass, and yelled threats, including that he would "fuck her up." Plaintiff Wilson filed another complaint about the threats. Plaintiff Wilson's supervisor did not take the situation seriously and subsequently reassigned Wilson to that detainee's floor.

**64.** On another occasion, two detainees that Plaintiff Wilson had pressed charges against sought to attack her.  Both detainees rushed at her from a stall with their penises in hand and tried to grab her. The detainees threatened to rape Plaintiff Wilson.

**65.** The inappropriate sexual harassment and threats Plaintiff Wilson has experienced are widespread toward female employees throughout the Sheriff's Department. They occur in almost every division and there are no consequences for the detainees' actions.

**66.** Plaintiff Wilson worked in Division 9 for several months. Division 9 is where the maximum security detainees are located and contains the worst offenders.  The parking area where Plaintiff Wilson parked her car is visible to the detainees in Division 9. Detainees in Division

9 identified Plaintiff Wilson's car to her and threatened her. She told her supervisors and they did nothing. When Plaintiff Wilson told other officers about the detainees being able to see the cars, the officers said they knew.

67. Plaintiff Wilson verbally complained to her supervisors on each of those occasions. Plaintiff Wilson has filed five Incident Reports, and has pressed criminal charges against three detainees. In response to Plaintiff Wilson's numerous complaints Defendants did not reprimand the detainees or otherwise address her complaints.

68. Plaintiff Wilson stopped filing complaints because nothing was done to remedy or prevent the harassment. Additionally, detainees found out about her complaints, retaliated against her with threats, and attempted to attack her.

69. Plaintiff Wilson continues to experience increased stress and emotional distress on a daily basis as a result of the sexual harassment she has been subjected to and Defendants' failure to remedy or prevent the hostile work environment. Plaintiff Wilson fears seeing detainees' exposed penises at any given moment and no longer reports incidents because she is afraid of being targeted.

## Cassandra Shelton's Individual Claims

70. Plaintiff Shelton currently works as a Correctional Officer at the Cook County Sheriff's Department. She has been employed by the Sheriff's Department since 2000. Plaintiff Shelton is assigned to RTC (Receiving), and is usually assigned to the male detainee holding area. Plaintiff Shelton regularly interacts with male detainees when she directs them to the bullpens for holding before they leave for court and when they return. She also sometimes works in the shipment department where detainees go to be transferred to a Department of Corrections facility. Plaintiff Shelton works with a partner when she is assigned to male detainees.

71. During her employment with the Sheriff's Department, Plaintiff Shelton has been subjected to sexual harassment. Specifically, detainees frequently expose their penises and masturbate in front of and directed toward Plaintiff Shelton. Examples of this sexual harassment include:

   a. Being subjected to detainees exposing their penises and/or masturbating in the Division 9 bullpen at least 100 times;

   b. Being subjected to a detainee pulling out his penis, masturbating, and walking toward her on the female side of the bridge while he was being escorted across the bridge by another deputy; and

   c. Being constantly subjected to detainees knocking on windows of the holding cells and calling her name to get her attention in order to expose themselves to her and masturbate while she is trying to complete required paperwork at her desk.

72. Plaintiff Shelton has written up detainees on several other occasions without results because the next steps are not completed by those responsible for doing so. Plaintiff Shelton's supervisors are aware of the sexual harassment because she and other employees constantly discuss it during "roll call." The aggressive and extreme harassment has caused severe emotional distress and makes performing her duties nearly impossible. Plaintiff Shelton continues to experience increased stress and emotional distress on a daily basis as a result of the sexual harassment she has been subjected to and Defendants' failure to remedy or prevent the hostile work environment.

### Rita McCoy's Individual Claims

73. Plaintiff McCoy currently works as a Correctional Officer at the Cook County Department of Corrections. She has been employed by the Sheriff's Department since 2003. Plaintiff McCoy works in Division 8/RTU. Plaintiff McCoy interacts with detainees on a daily basis transporting them to the hospital or court.

74. During her employment with the Sheriff's Department, Plaintiff McCoy has been subjected to sexual harassment. Specifically, detainees frequently expose their penises and masturbate in

12

front of and directed toward Plaintiff McCoy. Examples of this sexually harassing conduct include:

a. Being subjected to detainees masturbating at her on a daily basis, often several times a day;

b. Observing detainees pull their penises out when she walks by; and

c. Having detainees put their hands in their pants and rubbing themselves when she speaks to them.

75. In May of 2015, Plaintiff McCoy was assaulted by a detainee in Division 10. The detainee was attempting to push through a swinging door behind which McCoy was standing while he was exposed and masturbating. She fought him by pushing the door back and screaming for assistance. During the attack, he repeatedly told her he "always wanted to fuck her." This went on for several minutes before assistance arrived.

76. McCoy repeatedly complained about this behavior, but nothing was done. When she sought to press charges in response to the attack mentioned above, she was talked out of doing so by her superiors. Instead, she was given a "COMPLAINT REFUSAL ON VICTIM'S REQUEST" and told to sign it.

77. As a result of this harassment, McCoy has a difficult time performing her job duties and continues to suffer from severe emotional distress.

### Reay Price's Individual Claims

78. Plaintiff Price currently works as a Correctional Officer at the Cook County Sheriff's Department. She has been employed by the Sheriff's Department since 2002. Plaintiff Price works at the Cook County Department of Corrections and is assigned to RTC. Plaintiff Price interacts with detainees on a daily basis when she processes new detainees into the jail, sends

detainees to court, and discharges detainees from jail. She works with a partner who varies day to day.

79. During her employment with the Sheriff's Department, Plaintiff Price has been subjected to sexual harassment. Specifically, detainees frequently expose their penises and masturbate in front of and directed toward Plaintiff Price. Examples of this sexually harassing conduct include:

    a. Being subjected to detainees exposing and stroking their penises while she processes them for court;

    b. Being subjected to detainees exposing their penises and/or masturbating between ten and thirty times in the past two years;

    c. Being subjected to inappropriate comments by detainees, such as, "I will fuck you," and, "I will make you suck my dick"; and

    d. Being subjected to threats of rape, including being told by a detainee, "I'll rape you and your kids."

80. Plaintiff Price has complained about detainees exposing their penises and/or masturbating in front of her. In response to Plaintiff Prices' numerous complaints, her superiors merely told detainees to stop, without imposing any consequences. Defendants otherwise failed to reprimand the detainees or address Plaintiff Price's complaints.

81. The aggressive and extreme harassment has caused Plaintiff Price severe emotional distress and makes performing her duties nearly impossible. Plaintiff Price continues to experience increased stress and emotional distress on a daily basis as a result of the sexual harassment she has been subjected to and Defendants' failure to remedy or prevent the hostile work environment.

## Patricia Brown Conley's Individual Claims

82. Plaintiff Brown Conley currently works as a Correctional Officer at the Cook County Sheriff's Department. She has been employed by the Sheriff's Department since 2007. Plaintiff Brown Conley works in the Department of Corrections in the jail at 3015 South California Avenue. Plaintiff Brown Conley interacts with detainees on a daily basis while performing her various duties, which include working on a tier, at the barbershop, as a movement officer, and at the law library. Plaintiff Brown Conley does not work with a partner.

83. During her employment with the Sheriff's Department, Plaintiff Brown Conley has been subjected to sexual harassment. Specifically, detainees frequently expose their penises and masturbate in front of and directed toward Plaintiff Brown Conley. Examples of this sexually harassing conduct include:

   a. Being threatened by a detainee, who stated, "I kill bitches in the world like you";

   b. Being subjected to detainees exposing their penises and/or masturbating every day while she supervises forty-eight detainees; and

   c. Being subjected to a detainee exposing his penis and calling out her name, "Look Mrs. Conley."

84. In May 2016, when a detainee threatened Plaintiff Brown Conley and another officer, Plaintiff Brown Conley wrote the detainee up. Plaintiff Brown Conley also complained verbally about detainees exposing their penises and masturbating in front of her. In response to Plaintiff Brown Conley's numerous complaints, Defendants failed to reprimand the detainees or otherwise address her complaints. Instead, she has been told "it comes with the job."

85. Plaintiff Brown Conley has been diagnosed with Post Traumatic Stress Disorder as a result of the sexual harassment she has experienced at work and Defendants are aware of her diagnosis. She requested to be moved to a different shift and to no longer have contact with the detainees.

15

The aggressive and extreme harassment has caused severe emotional distress and makes performing her duties nearly impossible. Plaintiff Brown Conley continues to experience increased stress and emotional distress on a daily basis as a result of the sexual harassment she has been subjected to and Defendants' failure to remedy or prevent the hostile work environment.

### Oneka Conley's Individual Claims

86. Plaintiff Conley currently works as a Corrections Officer at the Sheriff's Department. She has been employed by the Sheriff's Department since 2005. Plaintiff Conley works at the Cook County Department of Corrections and is assigned to Receiving (RTC) at 2600 S. California Avenue. Plaintiff Conley interacts with detainees on a daily basis when she processes new detainees as they arrive.

87. During her employment with the Sheriff's Department, Plaintiff Conley has been subjected to sexual harassment. Specifically, detainees frequently expose their penises and masturbate in front of and directed toward Plaintiff Conley. Examples of this sexually harassing conduct include:

   a. Being subjected to detainees exposing their penises and/or masturbating in front of her five days a week, most weeks;

   b. Being subjected to multiple detainees at the same time exposing their penises and/or masturbating in front of her on numerous occasions; and

   c. Being subjected to inappropriate comments by detainees, such as, "I'll fuck you," "Baby, you sexy," and comments about her anatomy.

88. In March 2017, Plaintiff Conley was working in the area where detainees exit and return to court when two detainees exposed their penises and began fondling themselves in front of her. In October 2017, she was working in the same area when another detainee pulled out his penis and began stroking it in front of her. In November 2017, two other detainees masturbated in

16

front of her when she was working in the tunnel. On those occasions and on every other occasion when Plaintiff Conley has been subjected to this conduct, Plaintiff Conley has repeatedly complained to her supervisor. In response to Plaintiff Conley's numerous complaints, Defendants failed to reprimand the detainees or otherwise address her complaints.

89. The aggressive and extreme harassment has caused severe emotional distress and makes performing her duties nearly impossible. Plaintiff Conley continues to experience increased stress and emotional distress on a daily basis as a result of the sexual harassment she has been subjected to and Defendants' failure to remedy or prevent the hostile work environment.

### Monshai Addison's Individual Claims

90. Plaintiff Addison currently works as a Correctional Officer at the Cook County Sheriff's Department. She has been employed by the Sheriff's Department since 2001. Plaintiff Addison works in the Cook County Department of Corrections and is assigned to Division 11. She was previously assigned to Division 10. Plaintiff Addison interacts with male detainees on a daily basis working on tiers, intake and holding, and while she performs security functions. Plaintiff Addison works with three other officers in Division 11.

91. During her employment with the Sheriff's Department, Plaintiff Addison has been subjected to sexual harassment. Specifically, detainees frequently expose their penises and masturbate in front of and directed toward Plaintiff Addison. Examples of this sexually harassing conduct include:

   a. Being subjected to detainees exposing their penises and/or masturbating every day, more than once a day, during the time she worked in Division 10;

   b. Being subjected to detainees exposing their penises and/or masturbating once a week now that she works in Division 11;

   c. Being subjected to detainees calling out to her, as if for assistance, only to have them expose their penises when she arrives to see if they are alright;

17

d. Being subjected to inappropriate comments by detainees, such as, "You have some big ass titties," "I'm going to fuck you in the ass," and "I want to fuck her" and

e. Being subjected to detainees masturbating in front of her in the holding cell.

92. Plaintiff Addison has filed criminal charges against detainees several times. She also has filed several Incident Reports and complaints. She has verbally complained to her supervisor on multiple occasions. In response to Plaintiff Addison's numerous complaints, Defendants failed to reprimand the detainees or otherwise address her complaints. Plaintiff Addison has been told not to bother filing charges because nothing will happen.

93. The aggressive and extreme harassment has caused severe emotional distress and makes performing her duties nearly impossible. Plaintiff Addison continues to experience increased stress and emotional distress on a daily basis as a result of the sexual harassment she has been subjected to and Defendants' failure to remedy or prevent the hostile work environment.

### Lisa Yates' Individual Claims

94. Plaintiff Yates currently works as a Correctional Officer at the Cook County Sheriff's Department. She has been employed by the Sheriff's Department since 1990. Plaintiff Yates works at the Department of Corrections at 2700 S. California Avenue and is assigned to Receiving. Plaintiff works in the basement middle area of the building. She performs security duties, including watching a monitor and opening and closing doors. Plaintiff Yates interacts with male detainees on a daily basis when they are escorted back and forth to court, medical appointments, and the bullpen.

95. During her employment with the Sheriff's Department, Plaintiff Yates has been subjected to sexual harassment. Specifically, detainees frequently expose their penises and masturbate in

front of and directed toward Plaintiff Yates. Examples of this sexually harassing conduct include:

    a.  In the past two years, Plaintiff Yates is exposed to masturbating detainees every day (when court is in session) and sometimes more than once a day;

    b.  Approximately three months ago, Yates was with her Superintendent when a detainee walked by openly masturbating at her and laughing. The Superintendent did nothing in response; and

    c.  Often when Yates is in the basement middle area, detainees bang on the glass walls to get her attention while masturbating.

    d.  When Yates walks by the bullpen, detainees call her name and begin masturbating at her.

96. In response to the sexual harassment Plaintiff Yates has experienced, Defendants failed to reprimand the detainees or otherwise address the hostile work environment.

97. The aggressive and extreme harassment has caused severe emotional distress and makes performing her duties nearly impossible. Plaintiff Yates continues to experience increased stress and emotional distress on a daily basis as a result of the sexual harassment she has been subjected to and Defendants' failure to remedy or prevent the hostile work environment.

### Lakisha Maklin's Individual Claims

98. Plaintiff Maklin currently works as a Correctional Officer at the Sheriff's Department. She has been employed by the Sheriff's Department since 1998. Plaintiff Maklin is assigned to Receiving. Plaintiff Maklin interacts with detainees on a daily basis when she processes them in and out of the jail, escorts them to and from court or jail, and monitors them in holding cells.

99. During her employment with the Sheriff's Department, Plaintiff Maklin has been subjected to sexual harassment. Specifically, detainees frequently expose their penises and masturbate in front of and directed toward Plaintiff Maklin. Examples of this sexually harassing conduct include:

    a.   Being subjected to detainees exposing their penises and/or masturbating five days a week for the last two years while she escorts them back and forth to the jail;

    b.   Being subjected to threats of rape; and

    c.   Being subjected to violent sexual threats, such as, threats to "fuck the shit out of you," and, "I will eat your pussy."

100.    Plaintiff Maklin filed a complaint and an Incident Report and has complained to her supervisor after each incident of detainees exposing their penises and/or masturbating in front of her. In response to Plaintiff Maklin's numerous complaints, Defendants failed to reprimand the detainees or otherwise address her complaints.

101.    The aggressive and extreme harassment has caused severe emotional distress and makes performing her duties nearly impossible. Plaintiff Maklin continues to experience increased stress and emotional distress on a daily basis as a result of the sexual harassment she has been subjected to and Defendants' failure to remedy or prevent the hostile work environment.

### Kimberly Bowen's Individual Claims

102.    Plaintiff Bowen currently works as a Deputy in the Cook County Sheriff's Department in the Department of Corrections. She has been employed by the Sheriff's Department since 2003. Plaintiff Bowen interacts with detainees on a daily basis. She is responsible for booking in new detainees, counting detainees, placing them in cells until they are called to court, and taking them to court.

103.    During her employment with the Sheriff's Department, Plaintiff Bowen has been subjected to sexual harassment. Specifically, detainees frequently expose their penises and masturbate in front of and directed toward Plaintiff Bowen. Examples of this sexually harassing conduct include:

    a.   During the last two years, Bowen has been subjected to detainees exposing their penises and/or masturbating over 100 times;

    b.  Detainees will call for her and claim there is an emergency and when she arrives, they masturbate;

    c.  When she needs to retrieve a particular detainee, and look for him in a lockup, detainees masturbate at her; and

    d.  Bowen has been subjected to threatening sexual comments, including, "I'm gonna fuck the shit out of you," "Look at this dick," and "Just wait and let me cum."

**104.**    Plaintiff Bowen has filed five or six complaints about detainees exposing themselves and masturbating. She has also filed five or six Incident Reports. She has verbally complained to her supervisor over 100 times. In response to Plaintiff Bowen's numerous complaints, Defendants failed to reprimand the detainees or otherwise address her complaints. Plaintiff Bowen was told "there is nothing to be done."

**105.**    Plaintiff Bowen continues to experience increased stress and emotional distress on a daily basis as a result of the sexual harassment she has been subjected to and Defendants' failure to remedy or prevent the hostile work environment.

## Angelique Westmoreland's Individual Claims

**106.**    Plaintiff Westmoreland currently works as a Correctional Officer at the Sheriff's Department. She has been employed by the Sheriff's Department since 2000. Plaintiff Westmoreland works at the Cook County Department of Corrections and is assigned to Receiving (RTC). Plaintiff Westmoreland interacts with detainees on a daily basis when she processes new detainees into the jail, sends detainees to court, and discharges detainees from jail. She works with various other Deputies on a daily basis in the Receiving Department.

**107.**    During her employment with the Sheriff's Department, Plaintiff Westmoreland has been subjected to sexual harassment. Specifically, detainees frequently expose their penises and

masturbate in front of and directed toward Plaintiff Westmoreland. Examples of this sexually harassing conduct include:

a. Being subjected to detainees exposing their penises and/or masturbating nearly every day when the Division 9 bullpen was in receiving, and over a dozen times since it was relocated;

b. Being subjected to inappropriate sexually aggressive comments by detainees.

108. Plaintiff Westmoreland has complained about detainees exposing their penises and/or masturbating in front of her by filling out complaints and talking to her supervisors. In response to Plaintiff Westmoreland's numerous complaints, her superiors implied this was part of "her job" and said that she "signed up for this" when she took the job. Defendants failed to reprimand the detainees or otherwise address her complaints.

109. The sexual harassment interferes with and makes it more difficult to perform her job duties. Plaintiff Westmoreland continues to experience increased stress and emotional distress on a daily basis as a result of the sexual harassment she has been subjected to and Defendants' failure to remedy or prevent the hostile work environment.

## Gloria Ellis' Individual Claims

110. Plaintiff Ellis currently works as a Deputy at the Cook County Sheriff's Department. She has been employed by the Sheriff's Department since 1989. Plaintiff Ellis works in External Operations. Plaintiff Ellis interacts with detainees on a daily basis when she transports them to and from lock up.

111. During her employment with the Sheriff's Department, Plaintiff Ellis has been subjected to sexual harassment. On several occasions when Plaintiff Ellis has been transporting detainees in a Sheriff vehicle, detainees have started masturbating at her. On other occasions, when taking a detainee to the hospital or to lock up, they have exposed their penises and started

masturbating at her. Plaintiff Ellis has been subjected to threating sexual comments such as "bitch, I want to fuck you right now with this big dick."

112. Plaintiff Ellis has filed multiple complaints and Incident Reports over the past two years. She has also made numerous verbal complaints to supervisors. Defendants have not taken any action to remedy her complaints or stop the sexual harassment.

113. The sexual harassment interferes with and makes it more difficult to perform her job duties. Plaintiff Ellis continues to experience increased stress and emotional distress on a daily basis as a result of the sexual harassment she has been subjected to and Defendants' failure to remedy or prevent the hostile work environment.

### Alexis Taylor's Individual Claims

114. Plaintiff Taylor currently works as a Correctional Officer in the Receiving (RTC) Department/Department of Corrections at the Sheriff's Department. She has been employed by the Sheriff's Department since May 31, 2005. Plaintiff Taylor works at 2601 S. California Avenue. Plaintiff Taylor routinely interacts with detainees, as she processes and monitors incoming and exiting detainees, including escorting them back and forth to courthouses. Plaintiff Taylor is also responsible for booking new detainees, and ensuring they are present for bond court, among other duties.

115. During her employment with the Sheriff's Department, Plaintiff Taylor has been subjected to sexual harassment. Specifically, detainees frequently expose their penises and masturbate in front of and directed toward Plaintiff Taylor.

116. In particular, while detainees are being held in bullpens waiting to be moved, they frequently expose their penises and masturbate at Plaintiff Taylor.

117.    While Plaintiff Taylor is moving detainees from a division to court or from court, they will often expose their penises and masturbate at her.

118.    Plaintiff Taylor filed at least one Incident Report regarding detainees masturbating. Plaintiff Taylor also complained numerous times to multiple supervisors about the continuous incidents of aggressive masturbation by detainees. In response to her numerous complaints Defendants failed to reprimand the detainees or otherwise address her complaints. The sexual harassment interferes with and makes it more difficult to perform her job duties.

119.    Plaintiff Taylor continues to experience increased stress and emotional distress on a daily basis as a result of the sexual harassment she has been subjected to and Defendants' failure to remedy or prevent the hostile work environment.

### Erica Mason's Individual Claims

120.    Plaintiff Mason currently works as a Correctional Officer at the Cook County Sheriff's Department. She has been employed by the Sheriff's Department since 2005. Plaintiff Mason works at the Cook County Department of Corrections and is assigned to RTC. Plaintiff Mason interacts with detainees on a daily basis when she processes new detainees into the jail, sends detainees to court, and escorts detainees back to their assigned divisions.

121.    During her employment with the Sheriff's Department, Plaintiff Mason has been subjected to sexual harassment. Specifically, detainees have exposed their penises and masturbated in front of and directed toward Plaintiff Mason on an almost daily basis. Examples of this sexually harassing conduct include:

    a.  Being subjected to seeing detainees exposing their penises and/or masturbating at her while staring or leering at her on almost a daily basis; and

    b.  Being subjected to inappropriate comments and violent sexual threats from detainees.

122.     Plaintiff Mason has complained about detainees exposing their penises and masturbating in front of her on numerous occasions in the past two years. She has filed complaints, filled out Incident Reports, asked to press charges, and spoken to her supervisors directly. She has not heard back on any of her Incident Reports or requests to press charges. Defendants otherwise failed to reprimand the detainees or address Plaintiff Mason's complaints.

123.     Plaintiff Mason continues to experience increased stress and emotional distress on a daily basis as a result of the sexual harassment she has been subjected to and Defendants' failure to remedy or prevent the hostile work environment.

## Maria Tejeda's Individual Claims

124.     Plaintiff Tejeda currently works as a Correctional Officer at the Sheriff's Department. She has been employed by the Sheriff's Department since 2005. Plaintiff Tejeda works at the Cook County Department of Corrections and is assigned to RTC. Plaintiff Tejeda interacts with detainees on a daily basis when she processes new detainees into the jail, sends detainees to court, and discharges detainees from jail.

125.     During her employment with the Sheriff's Department, Plaintiff Tejeda has been subjected to sexual harassment. Examples of this sexually harassing conduct include:

   a.   Being subjected to detainees exposing their penises and/or masturbating at her;

   b.   Being forced to look down when she walks, rather than around at her surroundings, in a dangerous environment, to avoid being exposed to detainees' penises and/or masturbation;

   c.   Having her buttocks grabbed by a detainee while she was processing detainees by district as a routine part of her job;

   d.   Being subjected to inappropriate comments by detainees, such as, "Bitch," and, "I will fuck you";

   e.   Reading dozens of Incident Reports per shift that allege complaints of masturbating detainees.

126.     Plaintiff Tejeda has complained about detainees exposing their penises, masturbating in front of her, and physically assaulting her by grabbing her buttocks. She filled out two Incident Reports, and asked to press charges. Specifically, after the detainee grabbed her buttocks, she attempted to press charges by filling out all the necessary paperwork. However, she never heard anything back. Eventually, she was told that he was sentenced on his original crime and there was nothing they could do. Plaintiff Tejeda believes the Sheriff's Department purposely stalls the paperwork to avoid having to press charges. Additionally, Plaintiff Tejeda has been discouraged from filing complaints regarding the ongoing harassment by male supervisors. Defendants failed to reprimand the detainees or address Plaintiff Tejeda's complaints.

127.     Plaintiff Tejeda continues to experience increased stress and emotional distress on a daily basis as a result of the sexual harassment she has been subjected to and Defendants' failure to remedy or prevent the hostile work environment.

## Tanisha Henderson's Individual Claims

128.     Plaintiff Henderson currently works as a Correctional Officer at the Sheriff's Department. She has been employed by the Sheriff's Department since 2001. Plaintiff Henderson works in the Department of Corrections and has been assigned to Receiving for approximately one year. Plaintiff Henderson interacts with male detainees on a daily basis as she processes them and takes them to court.

129.     During her employment with the Sheriff's Department, Plaintiff Henderson has been subjected to sexual harassment. Specifically, detainees frequently expose their penises and masturbate in front of and directed toward Plaintiff Henderson. Examples of this sexually harassing conduct include:

a. Being subjected to detainees exposing their penises and/or masturbating in front of her on a daily basis, sometimes several times a day, over the past year as she escorts them through the tunnel to and from court;

b. Being subjected to detainees exposing their penises and/or masturbating on multiple occasions when she was previously assigned to Division 11; and

c. Being subjected to inappropriate comments by detainees, such as, "I'm going to fuck your big ass."

130. Plaintiff Henderson has verbally complained several times to her supervisor about detainees exposing their penises and/or masturbating in front of her. In response to Plaintiff Henderson's numerous complaints, Defendants failed to reprimand the detainees or otherwise address her complaints. Instead, she has been told that "it comes with the job," and, "it's a part of your job."

131. The aggressive and extreme harassment has caused severe emotional distress and makes performing her duties nearly impossible. Plaintiff Henderson feels at risk of being raped and close to breaking down and crying at work. She continues to experience increased stress and emotional distress on a daily basis as a result of the sexual harassment she has been subjected to and Defendants' failure to remedy or prevent the hostile work environment.

### Sharon Taylor's Individual Claims

132. Plaintiff Taylor currently works as a Correctional Officer at the Sheriff's Department. She has been employed by the Sheriff's Department since 2002. Plaintiff Taylor is assigned to RTC (Receiving) and works on the bridge where detainees are kept in holding cells. Plaintiff Taylor interacts with detainees on a daily basis when opening bullpen gates, and escorting detainees to and from bullpens, divisions, and various locations.

133. During her employment with the Cook County Sheriff's Department, Plaintiff Taylor has been subjected to sexual harassment. Specifically, detainees frequently expose their penises

and masturbate in front of and directed toward Plaintiff Taylor. Examples of this sexually harassing include:

a. Being subjected to detainees exposing their penises and/or masturbating every day on the bridge and in the tunnel for the past two years;

b. Being subjected to detainees calling out her name to get her attention so that she looks up and sees them masturbating in front of her;

c. Being subjected to detainees putting their exposed penises through the holes in the bull pens when she is present;

d. Being subjected to inappropriate comments by detainees, including comments about her behind, hips, and breasts.

134.    Plaintiff Taylor has experienced a significant increase in sexual harassment over the past two to three years. Plaintiff Taylor has filed complaints and incident reports two to three times. She has also made verbal complaints to her supervisor. In response to Plaintiff Taylor's numerous complaints, Defendants failed to reprimand the detainees or otherwise address her complaints. Instead, her superiors told her that "this is what you signed up for" and turned a blind eye.

135.    The aggressive and extreme harassment has caused severe emotional distress and makes performing her duties nearly impossible. Plaintiff Taylor frequently leaves work holding back tears and cries on her drive home from work. She continues to experience increased stress and emotional distress on a daily basis as a result of the sexual harassment she has been subjected to and Defendants' failure to remedy or prevent the hostile work environment.

## Donnetta Myrant's Individual Claims

136.    Plaintiff Myrant currently works as a Correctional Officer at the Sheriff's Department. She has been employed by the Sheriff's Department since January 1994. For the last year she has been assigned to External Operations Unit, where her duties include working the perimeter of

28

the jails and guarding detainees brought to the doctor, primarily at Stroger Hospital. Prior to External Operations, Plaintiff Myrant worked in Receiving for five years.

137.    During her employment with the Sheriff's Department, Plaintiff Myrant has been subjected to sexual harassment. Specifically, when Plaintiff Myrant worked in Receiving, detainees exposed their penises and masturbated in front of her on a daily basis. Examples of this sexual harassment include:

    a.  Being routinely subjected to detainees exposing their penises and masturbating in the bullpen on a daily basis;

    b.  Being subjected to detainees standing in groups in the bullpen and masturbating together; and

    c.  Having to press charges against a detainee who continuously exposed himself and masturbated at her, despite repeated complaints.

138.    Plaintiff Myrant continually complained to her supervisors. She also filed a complaint in 2015, filled out an Incident Report in 2016, and pressed charges against one particular detainee. After repeatedly complaining and having nothing happen, Plaintiff Myrant told her supervisors that she would press charges and fill out Incident Reports every time the harassment occurred. Shortly thereafter, she was transferred to External Operations. Plaintiff Myrant believes she was transferred because her supervisors did not want to continue dealing with the complaint paperwork she was generating.

139.    When she worked in Receiving, Plaintiff Myrant experienced increased stress and emotional distress on a daily basis as a result of the sexual harassment she was subjected to and Defendants' failure to remedy or prevent the hostile work environment.

**Sybil Keys' Individual Claims**

140.    Plaintiff Keys currently works as a Correctional Officer at the Sheriff's Department. She has been employed by the Sheriff's Department since 1995. Plaintiff Keys works in the Cook

County Department of Corrections and is assigned to Receiving (RTC), but has had various different assignments in the last two years. She interacts with detainees on a daily basis when she processes them before and after they go to court.

141.    During her employment with the Sheriff's Department, Plaintiff Keys has been subjected to sexual harassment. Specifically, detainees frequently expose their penises and masturbate in front of and directed toward Plaintiff Keys. Examples of this sexually harassing conduct include:

    a.  Being subjected to detainees engaging in competitive masturbation, in which they intentionally masturbate in front of as many women as they can for "points";

    b.  Being subjected to inappropriate comments by detainees, such as, "I'm going to fuck you in the ass so hard cum would come out of your ears and nose";

    c.  Being subjected to detainees exposing their penises and/or masturbating on a daily **basis** in the Receiving holding cells; and

    d.  Being punished by superiors for trying to prevent detainees from threatening sexual violence against her and masturbating in front of her.

142.    Plaintiff Keys has verbally complained to her supervisors about being subjected to detainees exposing their penises and/or masturbating in front of her. In response to Plaintiff Keys' numerous complaints, Defendants failed to reprimand the detainees or otherwise address her complaints. Instead of reprimanding the detainees, Plaintiff Keys' superiors reprimanded her for defending herself when she tried to stop the detainees from sexually harassing her.

143.    The aggressive and extreme harassment has caused severe emotional distress and makes performing her duties nearly impossible. Plaintiff Keys continues to experience increased stress and emotional distress on a daily basis as a result of the sexual harassment she has been subjected to and Defendants' failure to remedy or prevent the hostile work environment.

## Tanisha Cribbs' Individual Claims

144.    Plaintiff Cribbs currently works as a Correctional Officer at the Sheriff's Department. She has been employed by the Sheriff's Department since 2002. Plaintiff Cribbs works at the Cook County Department of Corrections and is assigned to Receiving (RTC), Detail 3. Plaintiff Cribbs interacts with male detainees on a daily basis when she processes new detainees at the jail and transports detainees back and forth from court to the jail.

145.    During her employment with the Sheriff's Department, Plaintiff Cribbs has been subjected to sexual harassment. Specifically, detainees frequently expose their penises and masturbate in front of and directed toward Plaintiff Cribbs. Examples of this sexually harassing conduct include:

  a.  Being subjected to detainees exposing their penises and/or masturbating three to four days out of a given week for the last two years;

  b.  Being subjected to threats of rape; and

  c.  Being subjected to sexually violent threats by detainees, such as, "I would suck your pussy," and, "I want to fuck you."

146.    In November 2017, Plaintiff Cribbs filed criminal charges against a detainee who exposed his penis and masturbated in front of her. Plaintiff Cribbs filed criminal charges three to four other times and filed internal complaints three to four times. She also filed Incident Reports three to four times. Additionally, she verbally complained to her supervisor each time she has seen detainees expose their penises and masturbate in front of her. She declined to file additional Incident Reports, because doing so had been ineffective at stopping the sexual harassment. In response to Plaintiff Cribbs' numerous complaints, Defendants failed to reprimand the detainees or otherwise address her complaints.

147. The aggressive and extreme harassment causes severe emotional distress and makes performing her duties nearly impossible. Plaintiff Cribbs continues to experience increased stress and emotional distress on a daily basis as a result of the sexual harassment she has been subjected to and Defendants' failure to remedy or prevent the hostile work environment.

**Romanita Perez's Individual Claims**

148. Plaintiff Perez currently works as a Correctional Officer at the Sheriff's Department. She has been employed by the Sheriff's Department since 2004. Plaintiff Perez has worked in numerous divisions and in Receiving.

149. During her employment with the Sheriff's Department, Plaintiff Perez has been subjected to sexual harassment. Specifically, detainees frequently expose their penises and masturbate in front of and directed toward Plaintiff Perez. Plaintiff Perez has filed four Incident Reports about detainees exposing their penises and/or masturbating in front of her. In response to Plaintiff Perez's numerous complaints, Defendants failed to reprimand the detainees or otherwise address her complaints.

150. The aggressive and extreme harassment has caused severe emotional distress and makes performing her duties nearly impossible. Plaintiff Perez continues to experience increased stress and emotional distress on a daily basis as a result of the sexual harassment she has been subjected to and Defendants' failure to remedy or prevent the hostile work environment.

**Sheleda Groves' Individual Claims**

151. Plaintiff Groves currently works as a Correctional Officer at the Sheriff's Department. She has been employed by the Sheriff's Department since 2003. Plaintiff Groves works in RCDC, which is the intake division of Central Booking. Plaintiff Groves interacts with detainees on a daily basis during processing detainees or while they are in holding areas.

152.    During her employment with the Cook County Department of Corrections, Plaintiff Groves
has been subjected to sexual harassment. Specifically, detainees expose their genitals to her on
a regular basis.  Other examples of this sexually harassing conduct include:

   a.  In the past two years, Plaintiff Groves has been exposed to so many masturbating
       detainees that she describes as "too many occurrences to name;"

   b.  Plaintiff Groves has been subjected to repeated threats of rape by detainees.

153.    Plaintiff Groves has also filed three criminal complaints after detainees in Division 9
masturbated at her. On at least three occasions she has filed Incident Reports after detainees in
Division 9 masturbated Despite her numerous complaints, Incident Reports and criminal charges,
Defendants have failed to take any action to stop the harassment.

154.    Nothing has happened as a result of these complaints.  The sexual harassment makes it
more difficult to perform her job duties

155.    Plaintiff Groves continues to experience increased stress and emotional distress on a daily
basis as a result of the sexual harassment she has been subjected to and Defendants' failure to
remedy or prevent the hostile work environment.

## COURT SERVICES PLAINTIFFS

### Esther Jones's Individual Claims

156.    Plaintiff Jones currently works as a Deputy at the Cook County Sheriff's Department. She
has been employed by the Sheriff's Department since 1994. Plaintiff Jones works in the
courthouse at 2650 S. California Avenue. Plaintiff Jones interacts with detainees on a daily
basis when she transports them from bullpens to court.

157.    During her employment with the Sheriff's Department, Plaintiff Jones has been subjected to sexual harassment. Specifically, detainees frequently expose their penises and masturbate in front of and directed toward Plaintiff Jones. Examples of this sexual harassment include:

   a.   Being subjected to detainees exposing their penises and/or masturbating two to three times a day every day for most of the last two years;

   b.   Being spit on by a detainee because she refused to watch him masturbate;

   c.   Being subjected to inappropriate comments by detainees, such as, "I want to put this dick in you," "Look at my dick," "I'm gonna make you suck it," and, "Fuck you";

   d.   Being subjected to threats of rape;

   e.   Being subjected to detainees leering at her while they expose their penises and/or masturbate in front of her.

158.    In March 2017, Plaintiff Jones filed criminal charges against a detainee who spit in her face because she refused to watch him masturbate. Although she sought to press charges, no one ever followed up with her about her Criminal Complaint. In response to Plaintiff Jones' numerous complaints, Defendants failed to reprimand the detainees or otherwise address her complaints. Instead, her superior asked her, "What's wrong, you never seen a dick before?"

159.    The aggressive and extreme harassment has caused severe emotional distress and makes performing her duties nearly impossible. Plaintiff Jones continues to experience increased stress and emotional distress on a daily basis as a result of the sexual harassment she has been subjected to and Defendants' failure to remedy or prevent the hostile work environment.

### Kimberly Crawford Alexander's Individual Claims

160.    Plaintiff Crawford Alexander currently works as a Deputy at the Cook County Sheriff's Department. She has been employed by the Sheriff's Department since 2006. Plaintiff Crawford Alexander works for Court Services and is assigned to the basement of the courthouse, which is considered part of the jail. Plaintiff Crawford Alexander interacts with

detainees on a daily basis when she transports detainees from court, back to their respective divisions in the jail. She works both alone, and with partners, who vary based on staffing levels and assignments.

161.    During her employment with the Sheriff's Department, Plaintiff Crawford Alexander has been subjected to repeated incidents of sexual harassment. Specifically, detainees frequently expose their penises and masturbate in front of and directed toward Plaintiff Crawford Alexander. Examples of this sexual harassment include:

   a.  Being subjected to detainees exposing their penises and/or masturbating nearly every day for the past two years, and often multiple times a day;

   b.  Being subjected to detainees exposing and stroking their penises while she escorts them from court;

   c.  Being subjected to inappropriate comments by detainees, such as, "I am gonna fuck you," "I am gonna nut on you," "I wanna fuck you in the ass," and "Bend over so I can fuck you"; and

   d.  Being subjected to remedial "use of force" re-training after shoving a detainee that repeatedly tried to touch her and walk on top of her, while he exposed his penis masturbated at her.

162.    Plaintiff Crawford Alexander has been subjected to detainees exposing their penises and/or masturbating in front of her hundreds of times. A detainee has either exposed themselves or masturbated at Plaintiff Crawford Alexander on most every shift for the past two years, sometimes multiple times a day. As a specific example, a few weeks ago, Plaintiff Crawford Alexander was escorting 8-10 detainees from court to their divisions, along with two male guards. One detainee repeatedly pulled his penis out of his pants in order to masturbate at Plaintiff Crawford Alexander. On at least two occasions, she stopped the line and moved the offending detainee to the back of the line where two male guards were working. The detainee repeatedly walked to less than an arms distance behind Plaintiff Crawford Alexander, while

continuously masturbating his exposed penis. The detainee told Plaintiff Crawford Alexander he would "fuck her" and "nut on her", in addition to other sexually vulgar and violent comments. The male guards offered no assistance and did not keep the detainee in the back of the line. Eventually, Plaintiff Crawford Alexander pushed the detainee backwards off of her body. Moreover, Plaintiff Crawford Alexander was told by someone who watched the tape of the incident that the detainee ejaculated at her during the incident and that it was visible on the tape. After the incident, Plaintiff Crawford Alexander filed complaints with her supervisors and the union. Instead of addressing the aggressive and violent sexual harassment she faced, Plaintiff Crawford Alexander was sent to re-take the remedial "use of force" training class, and was cautioned about putting her hands on a detainee.

163.    In addition to the complaint she filed about the above incident, Plaintiff Crawford Alexander has likely filed dozens of other complaints alleging a hostile work environment and discrimination. In response to Plaintiff Crawford Alexander's numerous complaints, her superiors either ignored the complaints or punished her for defending her bodily integrity. Plaintiff Crawford Alexander believes that the Sheriff's Department purposely sits on paperwork to avoid Deputies being able to successfully file charges. Defendants otherwise failed to reprimand the detainees or address Plaintiff Crawford Alexander's complaints.

164.    The aggressive and extreme harassment has caused severe emotional distress and makes performing her duties nearly impossible. Plaintiff Crawford Alexander continues to experience increased stress and emotional distress on a daily basis as a result of the sexual harassment she has been subjected to and Defendants' failure to remedy or prevent the hostile work environment.

**Susana Plasencia's Individual Claims**

165.    Plaintiff Plasencia currently works as a Deputy in Court Services at the Cook County
Sheriff's Department. Plaintiff Plasencia works in the criminal courthouse at 26th and
California and has been employed by the Sheriff's Department for 22 years. Her duties include
transporting detainees from the lockup to court and back, and transporting detainees in
protective custody from court to the bridge.

166.    During her employment with the Sheriff's Department, Plaintiff Plasencia has been
subjected to sexual harassment. The sexual harassment was dramatically increased in the past
two years, and includes the following:

  a.  In the last two years Plasencia she has been exposed to detainees masturbating at her at
      least 20 different times;

  b.  Detainees have masturbated at her on the bridge, in the lockup, in the elevator and other
      places;

  c.  On one day in 2017, she was subjected to three instances of masturbation at her during a
      ten minute period;

  d.  By comparison, in the 20 years prior to 2015, Plasencia was exposed just once to a
      detainee's penis;

  e.  When Plaintiff Plasencia is speaking to detainees, they often put their hands in their pants
      and rub themselves;

  f.  Plasencia has also been subjected to sexual comments such as "I could tear that ass up,"
      among others.

167.    Plaintiff Plasencia has filed Incident Reports on a least 20 occasions as a result of these
acts and has filed criminal complaints each time. In response to Plaintiff Plasencia's numerous
complaints, Defendants did not reprimand the detainees or otherwise address her complaints.
Rather, she has been repeatedly told that "it's part of your job." It has also been treated as a
running joke and she told to "stay out of lockup" although her job requires her to be there.

168.    This harassment makes it difficult to perform her duties.  Plaintiff Plasencia continues to

experience increased stress and emotional distress on a daily basis as a result of the sexual

harassment she has been subjected to and Defendants' failure to remedy or prevent the hostile

work environment.

### Evette Trejo's Individual Claims

169.    Plaintiff Trejo currently works as a Deputy at the Cook County Sheriff's Department. She

has been employed by the Sheriff's Department for 17 years. Plaintiff Trejo works in the

criminal courthouse at 2650 S. California Avenue.

170.    Generally, she is a "floater" deputy in Courthouse transport, where her duties include

providing security in courtrooms and at the building entry, transporting detainees to and from

court and jail, and securing detainees coming to court and during the court process.

171.    During her employment with the Sheriff's Department, Plaintiff Trejo has been subjected

to sexual harassment. Specifically, while she was a floater, detainees exposed their penises and

masturbated in front of and directed toward Plaintiff Trejo every single day, and frequently

multiple times a day. The instances of exposure and masturbation have increased since

approximately 2014. Examples of this sexually harassing conduct include:

  a.  Being routinely subjected to detainees exposing their penises as she transports them on
      "court walks" and at the jail;

  b.  Being regularly subjected to detainees masturbating in front of her every day, and often
      multiple times a day;

  c.  Being subjected to a detainee ejaculating near her as she walked to the elevator;

  d.  Being subjected to demeaning or crass comments from male co-workers like: "You are
      just upset because you haven't seen a dick before."

172.    On one occasion, she was sent by her supervisor to fill in for another Courtroom Deputy.

Plaintiff Trejo's supervisor failed to warn her that she was filling in because the original

Deputy had a masturbation incident with a detainee. Immediately after Plaintiff Trejo arrived to the assignment, the same detainee masturbated directly at her, from approximately an arm's length away. When Plaintiff Trejo told her supervisors, they stated that she did not need to document the incident, it was already being documented by the previous deputy, and said "one write up is enough."

173. On various other incidents, when Plaintiff Trejo complained to her supervisors, they told her not to fill out any paperwork, dissuaded her from filling it out, or told her they would "handle it." Plaintiff Trejo does not believe the incidents were documented by her supervisors. She believes the supervisors wanted to avoid documenting the harassment or creating a paper trail of her repeated complaints.

174. Plaintiff Trejo stopped filing complaints because nothing was done to remedy or prevent the harassment. The harassment makes it more difficult for Trejo to perform her job duties. Plaintiff Trejo continues to experience increased stress and emotional distress on a daily basis as a result of the sexual harassment she has been subjected to and Defendants' failure to remedy or prevent the hostile work environment.

**Balvina Ranney's Individual Claims**

175. Plaintiff Ranney currently works as a Deputy Sheriff in Court Services at the Cook County Sheriff's Department. She has been employed by the Sheriff's Department since 1996. Plaintiff Ranney works in the criminal courthouse at 2650 S. California Avenue.

176. Her duties include providing security in courtrooms and at the building entry, transporting detainees to and from court and jail, and securing detainees coming to court and during the court process.

Case: 1:17-cv-08248 Document #: 31-1 Filed: 11/14/17 Page 41 of 59 PageID #:40

177.    During her employment with the Sheriff's Department, Plaintiff Ranney has been subjected to sexual harassment. Specifically, detainees frequently expose their penises and masturbate in front of and directed toward Plaintiff Ranney. Examples of this sexual harassment include:

  a.  In July or August of 2017, she was transporting a detainee from the courthouse to jail and the detainee started masturbating while standing directly next to the Plaintiff.

  b.  Also in July or August of 2017, Plaintiff Ranney was exposed to a detainee who was openly masturbating in the cell.

  c.  In the summer of 2017, Plaintiff Ranney was again exposed to a detainee masturbating when she went to drop another detainee at the bridge.

  d.  In the summer of 2017, Plaintiff Ranney went to assist a Deputy in a different courtroom with a detainee in a maximum cell. When she arrived, she found the detainee masturbating

  e.  In the past two years, Plaintiff Ranney has been seen detainees exposing their penises and/or masturbating approximately a dozen times.

  f.  During the course of her employment, she has also been subjected to sexually violent threats and inappropriate sexual comments.

178.    Plaintiff Ranney has filed numerous complaints and Incident Reports. She has filed criminal charges on two occasions, which are still pending. She has also verbally complained to her supervisors many times. She has also notified her supervisor regarding detainees masturbating in front of the Public Defender assigned to her courtroom. In response to Plaintiff Ranney's numerous complaints, Defendants failed to reprimand the detainees or otherwise address her complaints. The sexual harassment interferes with and makes it more difficult to perform her job duties.

179.    Plaintiff Ranney continues to experience increased stress and emotional distress on a daily basis as a result of the sexual harassment she has been subjected to and Defendants' failure to remedy or prevent the hostile work environment.

## Laura Mlinarcik's Individual Claims

**180.**    Plaintiff Mlinarcik currently works as a Deputy at the Cook County Sheriff's Department in the Court Services department. She has been employed by the Sheriff's Department since 2001. Plaintiff Mlinarcik works in the courthouse at 2650 S. California Avenue. Plaintiff Mlinarcik interacts with detainees on a daily basis when she transports them from the central holding bullpen under the courthouse to the bullpens behind their assigned courtroom. She also escorts detainees into the courtroom, when their cases are called. Detainees are not always handcuffed while they are in the bullpens.

**181.**    During her employment with the Sheriff's Department, Plaintiff Mlinarcik has been subjected to sexual harassment. Specifically, detainees frequently expose their penises and masturbate in front of and directed toward Plaintiff Mlinarcik. Examples of this sexual harassment include:

    a.  Being subjected to detainees exposing their penises and/or masturbating multiples times every month for most of the last two years;

    b.  Being regularly subjected to detainees leering at her while they expose their penises and/or masturbate in front of her; and

    c.  Having to keep a list of frequently masturbating detainees and asking her judge to alter the trial schedule specifically to limit the number of masturbating detainees kept in the courtroom bullpen on a single day.

**182.**    Plaintiff Mlinarcik filed three separate Incident Reports about the frequent masturbation, however there was no meaningful resolution. When Mlinarcik pressed complaints, detainees harassed her more and demanded to know why she filed a complaint against them. There was no additional action. She did not press charges because nothing happened based on her complaints. Plaintiff Mlinarcik complains verbally to her supervisor every time a detainee exposes his penis, masturbates, or strips naked to masturbate. Upon receiving her complaint, a

male supervisor told Plaintiff Mlinarcik that this was "part of [her] job." In response to Plaintiff Mlinarcik' numerous complaints, Defendants failed to reprimand the detainees or otherwise address her complaints. The harassment makes it more difficult for her to perform her job duties.

183.    Plaintiff Mlinarcik continues to experience increased stress and emotional distress on a daily basis as a result of the sexual harassment she has been subjected to and Defendants' failure to remedy or prevent the hostile work environment.

## Jessica Correa's Individual Claims

184.    Plaintiff Correa currently works as a Deputy at the Cook County Sheriff's Department in Court Services in the in the criminal courthouse at 26th and California Avenue. She has been employed by the Sheriff's Department since August 21, 2006. Plaintiff Correa interacts with detainees on a daily basis. She transports detainees from the loading dock to the bullpen and from the courtroom to the bullpen. She is assigned to courtroom 301 and bond court.

185.    During her employment with the Sheriff's Department, Plaintiff Correa has been subjected to sexual harassment. Specifically, detainees frequently expose their penises and masturbate in front of and directed toward Plaintiff Correa. Examples of this sexual harassment include:

   a.  During the last two years, Correa has been subjected to detainees exposing their penises and/or masturbating at least four or five times;

   b.  On two particular occasions, she observed detainees masturbating at her when she walked pass the lockup area towards the elevator;

   c.  Correa is routinely subjected to degrading and violent, harassing language, including comments such as, "I'm going to stick this [dick in you]," and, "I'm going to fuck you" and

   d.  Correa is regularly referred to as a "cunt," "whore," and "bitch."

186.     Plaintiff Correa verbally complained to her supervisors regarding those incidents, and every instance of detainees masturbating in front of her. In response, Plaintiff Correa was told that "this is part of the job." Defendants did not reprimand the detainees or otherwise address her complaints. She was discouraged from complaining or filing Incident Reports or criminal charges.

187.     As a result of the harassment, Plaintiff Correa has suffered significant emotional distress.

### Patricia Jagielski's Individual Claims

188.     Plaintiff Jagielski currently works as a Deputy Sheriff at the Cook County Sheriff's Department in the Court Services Department. She has been employed by the Sheriff's Department since 1998. Plaintiff Jagielski works in the courthouse at 2650 S. California Avenue. Plaintiff Jagielski interacts with detainees on a daily basis when she escorts them to and from the courtroom and lockup areas.

189.     During her employment with the Sheriff's Department, Plaintiff Jagielski has been subjected to sexual harassment. Specifically, detainees frequently expose their penises and masturbate in front of and directed toward Plaintiff Jagielski. Examples of this sexual harassment include:

   a.  Being subjected to detainees exposing their penises and/or masturbating in the lockup area;

   b.  Being subjected to detainees exposing their penises and/or masturbating while they are being transported from the bridge to the courtroom bullpens;

   c.  Having detainees yell "help" or otherwise fake emergency need, to force her to look at them, while they masturbate at her; and

   d.  Being subjected to sexual harassment by supervisors who minimize her complaints and single her out for complaining.

190.    Plaintiff Jagielski has filed between four and five Incident Reports in the last year, with an

additional one or two in the previous two years. Each time she files an Incident Report, Plaintiff

Jagielski requests to press charges. Although she sought to press charges on repeated

occasions, no one ever followed up with her about her criminal complaint. She has also

verbally complained to her supervisors on at least 10 additional occasions, and addressed the

issues in "roll call" meetings with other deputies. One supervisor minimized her complaint by

implying she should be impressed by the detainee's penis size, saying something like: "Did

you see the 'arm' on that one. You should be impressed." He did not take her complaint

seriously and took no action. In another incident, after reporting a masturbating detainee over

the radio to ensure other deputies were aware, her supervisor yelled at her for publicizing the

incident. He took no action regarding the complaint.

191.    Additionally, on at least a few occasions, the jail has refused to accept a detainee back to

the bridge bullpen in a timely manner, even after Plaintiff Jagielski complained about

masturbation issues. The specific detainee, who is a repeat masturbator, was left in the

courtroom bullpen for hours, where he stood on a bench with his pants around his ankles,

placed his penis through the bars, and continually masturbated at Plaintiff Jagielski every time

she stepped into the bullpen to escort another detainee to the courtroom over the course of

multiple hours. Throughout that time, he was approximately one to two feet from Plaintiff

Jagielski. None of Plaintiff Jagielski's supervisors took action based on these complaints.

192.    In response to Plaintiff Jagielski's numerous complaints, Defendants failed to reprimand

the detainees or otherwise address her complaints. Instead, her complaints were ignored,

minimized, or used against her.

193.  The aggressive and extreme harassment has caused severe emotional distress and makes performing her duties nearly impossible. Plaintiff Jagielski has been utilizing her sick time to avoid going to work, because she feels constant fear of physical or sexual attack on the job. She continues to experience increased stress and emotional distress on a daily basis as a result of the sexual harassment she has been subjected to and Defendants' failure to remedy or prevent the hostile work environment.

### Lori Hernandez's Individual Complaint

194.  Plaintiff Hernandez works as a Deputy at the Cook County Sheriff's Department in the criminal courts in Court Services. She has been employed by the Sheriff's Department since 2006. Over the past several years, Plaintiff Hernandez has performed duties including moving detainees from the bullpen to the courtroom and back; performing security team duties; and working in the property room.

195.  During her employment with the Sheriff's Department, Plaintiff Wilson has been subjected to sexual harassment, including aggressive masturbation and sexual conduct.  In October of 2015 Hernandez sought to press criminal charges against a detainee for masturbating at her. In response, her Sergeant stated:

   a.  "[A] deputy cannot sign a complaint against a detainee for pulling his dick out because it is part of your job."

   b.  When Hernandez asked if it was part of her job to look at penises, he responded "unfortunately, yes."  When Hernandez escalated her complaint, and asked why she could not file charges, her Lieutenant stated that he "does not have to explain his decision-making process."

   c.  On another occasion, when Hernandez was in a cell with a detainee, the detainee repeatedly touched her and she believed he was trying to grab her breast.

   d.  Other examples of harassment include detainees making sexual comments such as "suck my dick" I want to "tap that ass" and "check out my nine-incher," among others.

45

196.    In response to Plaintiff Hernandez's complaints, Defendants failed to reprimand the detainees or otherwise address her complaints. Instead, her complaints were ignored, minimized, or used against her.

197.    The aggressive and extreme harassment has caused severe emotional distress and makes performing her duties nearly impossible. She continues to experience increased stress and emotional distress on a daily basis as a result of the sexual harassment she has been subjected to and Defendants' failure to remedy or prevent the hostile work environment.

### Angelique Herrera's Individual Claims

198.    Plaintiff Herrera currently works as a Deputy at the Cook County Sheriff's Department. She has been employed by the Sheriff's Department since 1997. Plaintiff Herrera works in the courthouse at 26th and California Avenue in Court Services. Plaintiff Herrera interacts with male detainees on a regular basis in the course of performing her job duties, including escorting detainees to and from court.

199.    During her employment with the Sheriff's Department, Plaintiff Herrera has been subjected to sexual harassment. Specifically, detainees frequently expose their penises and masturbate in front of and directed toward Plaintiff Herrera. Examples of this sexual harassment include:

   a.  Being subjected to detainees exposing their penises and/or masturbating in front of her on multiple occasions;

   b.  Being routinely subjected to sexually violent language and inappropriate comments by detainees, such as being told that they can smell her and would like to taste her;

   c.  Being threatened by detainees that they will find her when they get out of jail;

   d.  Being routinely subjected to detainees standing with their hands in their pants, moving their hands on their penises inside their pants, and refusing to stop when instructed.

200.    Plaintiff Herrera has verbally complained to her supervisor about detainees exposing their penises and/or masturbating in front of her after each incident. In response to Plaintiff Herrera's

numerous complaints, Defendants failed to reprimand the detainees or otherwise address her complaints. Instead, she has been made to feel that "it's part of your job."

201.    The aggressive and extreme harassment has caused severe emotional distress and makes performing her duties nearly impossible. Plaintiff Herrera continues to experience increased stress and emotional distress on a daily basis as a result of the sexual harassment she has been subjected to and Defendants' failure to remedy or prevent the hostile work environment.

### Alicia Webster's Individual Claims

202.    Plaintiff Webster currently works as a Deputy at the Cook County Sheriff's Department in the Court Services Department. She has been employed by the Sheriff's Department since 1993. Plaintiff Webster works in the courthouse at 2650 S. California Avenue and is assigned to courtroom 303. Plaintiff Webster interacts with detainees on a daily basis when she escorts them to and from the courtroom and lockup areas.

203.    During her employment with the Sheriff's Department, Plaintiff Webster has been subjected to sexual harassment. Specifically, detainees frequently expose their penises and masturbate in front of and directed toward Plaintiff Webster. Examples of this sexual harassment include:

   a.  Being subjected to detainees exposing their penises and/or masturbating in the lockup area;

   b.  Being subjected to detainees exposing their penises and/or masturbating while she transports them.

204.    Plaintiff Webster has filed a complaint, an Incident Report, and a criminal charge regarding the detainees' conduct. Although she sought to press charges, no one ever followed up with her about her criminal complaint. She has also verbally complained to her supervisor. In response to Plaintiff Webster's numerous complaints, Defendants failed to reprimand the

47

detainees or otherwise address her complaints. Instead, she has been told, "It is part of your job."

205.    The aggressive and extreme harassment has caused severe emotional distress and makes performing her duties nearly impossible. Plaintiff Webster continues to experience increased stress and emotional distress on a daily basis as a result of the sexual harassment she has been subjected to and Defendants' failure to remedy or prevent the hostile work environment.

### Kelly Shields' Individual Claims

206.    Plaintiff Shields currently works as a Deputy at the Cook County Sheriff's Department. She has been employed by the Sheriff's Department since 2003. Plaintiff Shields works in the courthouse at 2650 S. California Avenue. Plaintiff Shields interacts with detainees on a daily basis when she transports them from bullpens to court.

207.    During her employment with the Sheriff's Department, Plaintiff Shields has been subjected to sexual harassment. Specifically, detainees frequently expose their penises and masturbate in front of and directed toward Plaintiff Shields. Examples of this sexual harassment include:

   a.   Being subjected to detainees exposing their penises and/or masturbating multiple times a month, every month;

   b.   Being subjected to detainees leering at her while they expose their penises and/or masturbate in front of her;

   c.   Being yelled at by detainees after she filled out incident reports and pressed charges;

208.    In the last two years, Plaintiff Shields believes she has filed between six and seven formal complaints, asking to press charges on five or six of those. On most instances, she heard nothing back regarding the charges. Plaintiff Shields spoke to her supervisors regarding the ongoing sexual harassment on six or seven occasions. In response to Plaintiff Shields' numerous complaints, Defendants failed to reprimand the detainees or otherwise address her

complaints. Instead, two separate supervisors told her that being exposed to penises and masturbation were "part of [her] job."

209. Plaintiff Shields continues to experience increased stress and emotional distress on a daily basis as a result of the sexual harassment she has been subjected to and Defendants' failure to remedy or prevent the hostile work environment.

### Bridget Insley's Individual Claims

210. Plaintiff Insley currently works as a Deputy in Court Services at the Cook County Sheriff's Department. She has been employed by the Sheriff's Department since 2001. Plaintiff Insley works in the criminal courthouse at 2650 S. California Avenue. Her duties include providing security in courtrooms and at the building entry, transporting detainees between the bridge and courtroom, securing detainees coming to court and during the court process, and keeping track of the detainee's court dates and paperwork.

211. During her employment with the Sheriff's Department, Plaintiff Insley has been subjected to sexual harassment. Specifically, detainees frequently expose their penises and masturbate in front of and directed toward Plaintiff Insley. Examples of this sexual harassment include:

a. Being subjected to detainees exposing their penises and/or masturbating approximately twenty times in the past two years;

b. Being subject to detainees masturbating at her with their tongues hanging out; and,

c. Having detainees question her repeatedly about why she pressed charges against them and aggressively insist she drop them.

212. Plaintiff Insley complained to her supervisors about the ongoing harassment six or seven times. For a long time, Plaintiff Insley did not know she could file charges against detainees for this harassment, because when she complained, she told this was "part of her job." Plaintiff Insley filed criminal complaints against a detainee on one occasion. On one specific occasion,

a detainee had his penis exposed and his tongue out while masturbating at Plaintiff Insley. Prior to this incident, the detainee had been repeatedly physically and sexually confrontational towards Plaintiff Insley. Since filing her charges in June of 2017, the detainee and his codefendant repeatedly harass Plaintiff Insley about dropping the charges every time they see her. In response to Plaintiff Insley's numerous complaints, Defendants failed to reprimand the detainees or otherwise address her complaints.

213.    Moreover, Plaintiff Insley is aware that the Sheriff's Department has a pattern and practice of ignoring or refusing to substantiate charges of harassment Department wide. Overlooking that ongoing harassment adds to the hostile work environment and increases the instances of sexual harassment.

214.    The sexual harassment makes it more difficult for Plaintiff Insley to perform her job duties and is impacting her home life. Plaintiff Insley continues to experience increased stress and emotional distress on a daily basis as a result of the sexual harassment she has been subjected to and Defendants' failure to remedy or prevent the hostile work environment.

### Lynette Flowers' Individual Claims

215.    Plaintiff Flowers currently works as a Deputy at the Cook County Sheriff's Department. She has been employed by the Cook County Sheriff's Department since 1995. Plaintiff Flowers works in Court Services at 26th and California. Plaintiff Flowers interacts with detainees on a daily basis by escorting them between the courtroom and the bridge and from the lockup area to court and back.

216.    During her employment with the Cook County Sheriff's Department, Plaintiff Flowers has been subjected to sexual harassment.

217.    Over the past two years, she has had a detainee masturbate at her or in front of her approximately one time a week.

218.    Plaintiff Flowers has called her supervisors on numerous occasions to complain about the frequent masturbation, but nothing has ever been done in response.

219.    Despite Plaintiff Flowers' numerous complaints, no action has been taken to stop the harassment.  The sexual harassment interferes with and makes it more difficult to perform her job duties.

220.    Plaintiff Flowers continues to experience increased stress and emotional distress as a result of the sexual harassment she has been subjected to and Defendants' failure to remedy or prevent the hostile work environment.

### Tawanda Wilson's Individual Claims

221.    Plaintiff Wilson currently works as a Deputy Sheriff II at the Cook County Sheriff's Department. She has been employed by the Sheriff's Department since 1992. Plaintiff Wilson works in the courthouse at 2650 S. California Avenue in Court Services. Plaintiff Wilson's duties include escorting female detainees to the tenth floor for evaluations in Forensic Clinical Services. She works in a team of four. Plaintiff Wilson must interact with male detainees when she transports them from bullpens to court when other team members are not present. Also, her desk is located near the bullpens that hold male detainees.

222.    During her employment with the Sheriff's Department, Plaintiff Wilson has been subjected to sexual harassment. Specifically, detainees frequently expose their penises and masturbate in front of and directed toward Plaintiff Wilson. Examples of this sexual harassment include:

   a.  Being subjected to detainees exposing their penises and/or masturbating four to five times a week over the past two years;

    b.   On one occasion, a male detainee aggressively came at Plaintiff Wilson with his penis out and in his hand stating "fuck you bitch" "I'll kick your ass;"

    c.   Being subjected to detainees approaching her desk in a threatening manner with their penises exposed;

**223.**    Plaintiff Wilson has filed complaints and incident reports and verbally complained to her supervisor after each incident of being exposed to detainees' penises and masturbation. Plaintiff Wilson told detainees who exposed themselves that she would charge them, and they responded by yelling, screaming, calling her a "bitch," and continuing to expose their penises. Plaintiff Wilson has filed criminal charges against detainees twice. Although she sought to press charges, no one ever followed up with her about her criminal complaint. In response to Plaintiff Wilson's numerous complaints, Defendants failed to reprimand the detainees or otherwise address her complaints.

**224.**    The aggressive and extreme harassment has caused severe emotional distress and makes performing her duties nearly impossible. Plaintiff Wilson continues to experience increased stress and emotional distress on a daily basis as a result of the sexual harassment she has been subjected to and Defendants' failure to remedy or prevent the hostile work environment.

## **CLASS REQUIREMENTS MET**

**225.**    The individuals in the Class are so numerous that joinder of all members is impracticable. Plaintiffs estimate that there are at least 1000 Class Members and may be as many as 2000 members of the Class.

**226.**    There are questions of law and fact common to the Class that predominate over any questions affecting only individuals. Among these common questions are:

a.  Whether Defendants' actions violated federal civil rights laws, including the
    Equal Protection Clause of the United States Constitution, 42 U.S.C. § 1983
    ("Section 1983");

b.  Whether Defendants' discriminated against female Deputies by 1) forcing them to
    work in a sexually hostile work environment; 2) failing to protect female Deputies
    from detainees' repeated indecent exposure, including open and aggressive
    masturbation; 3) failing to protect female Deputies from detainees' sexual
    assaults; 4) failing to protect female Deputies from sexual threats of rape and
    other sexually charged comments;

c.  Whether Defendants discriminated against female Deputies by 1) failing to take
    remedial corrective action to limit sexual harassment; 2) discouraging them from
    issuing Disciplinary Tickets in response to sexual misconduct; 3) discouraging
    them from filing Incident Reports or filing Criminal Charges in response to sexual
    misconduct; 4) failing to follow up with Deputies that in fact filed Incident
    Reports and/or Criminal Charges because of sexual misconduct; 5) allowing
    reported incidents of sexual misconduct by detainees to expire before taking
    disciplinary action and thereby waiving such action; and 6) depriving  female
    Deputies their right to work in an environment free from sexual harassment;

d.  Whether Defendants maintain and fail to remedy or prevent a hostile working
    environment for its female Deputy employees;

e.  If illegal sexual harassment is found, whether injunctive relief, including changes
    to office-wide written and unwritten policies and practices is needed to adequately

remedy past and present sexual harassment against the Class and prevent future sexual harassment against the Class;

    f.   Whether Defendants' conduct constitutes a pattern of sexual harassment against the Class justifying an award of lost wages, benefits, or other similar relief to individual members of the Class;

    g.   Whether Defendants' conduct constitutes a pattern of discrimination against the Class justifying an award of compensatory and punitive damages to individual members of the Class;

    h.   Whether Defendants conduct was pursuant to a policy and practice of permitting and acquiescing to widespread sexual harassment against female Deputies, and failing to take remedial measures to prevent or reduce such sexual harassment;

    i.   Whether this policy and practice of tolerating sexual harassment against Defendants' female employees was with the knowledge and acquiescence of Defendants, and Defendants' supervisory and management employees; and

    j.   Whether Defendants' action and inaction was taken with malice or reckless indifference to Plaintiffs' federal civil rights.

227.   The claims of the representative parties are typical of the claims of the Class. The named Plaintiffs will fairly and adequately represent the interests of the Class.

228.   The named Plaintiffs have retained skilled and experienced counsel to represent the Class in this litigation.

229.   Defendants have acted or refused to act on grounds generally applicable to the Class, making final injunctive or declaratory relief appropriate.

230.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

231.    Issues common to the class predominate over individual issues.

## COUNT I—§ 1983 CLASS WIDE SEXUAL HARASSMENT

232.    Plaintiffs repeat and reallege Paragraphs 1 through 231 above.

233.    Plaintiffs bring this action on behalf of themselves and a class of similarly situated female employees pursuant to the Equal Protection Clause of the United States Constitution, 42 U.S.C. § 1983 ("Section 1983") to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Named Plaintiffs and a class of similarly situated female employees employed by Defendant Cook County Sheriff Department.

234.    Defendants permitted Plaintiffs and the Class to be subjected to repeated severe and pervasive sexual harassment in violation of the law.

235.    Defendants were aware of and had actual knowledge of the sexual harassment experienced by Plaintiffs and the Class.

236.    Defendants failed to correct or remedy or take any appropriate remedial action to eliminate the sexual harassment.

237.    Defendants' conduct was pursuant to a policy and practice of permitting and acquiescing to widespread sexual harassment against female Deputies, and failing to take remedial measures to prevent or reduce such sexual harassment.

238.    Defendants' policy and practice of tolerating sexual harassment against Defendants' female employees was with the knowledge and acquiescence of Defendants, and Defendants' supervisory and management employees.

239.    Defendants actions were malice or reckless indifference to Plaintiffs' federal civil rights.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs and the Class respectfully request that this Court grant the following relief:

a. Certification of a Class pursuant to Federal Rule of Civil Procedure 23(b)(2);

b. Certification of a Class pursuant to Federal Rule of Civil Procedure 23(b)(3) and/or 23(c)(4);

c. Appointment of Counsel as Class Counsel for the Class;

d. Enter a judgment that Defendants' acts and practices as set forth herein are in violation of the laws of the United States;

e. Enter preliminary and permanent relief enjoining the discriminatory conduct necessary to end Defendants' discriminatory practices and prevent current and future harm to Plaintiffs and the Class;

f. Award Plaintiffs and the Class any and all damages available, including lost wages, out of pocket costs, and medical costs which were the result of the harassment;

g. Award Plaintiffs and the Class compensatory damages suffered including damages for emotional distress;

h. Award Plaintiffs and the Class punitive damages for Defendants' conduct which was with malice or willful indifference to Plaintiffs' and the Class' federally protected rights;

i. Award Plaintiffs the costs of this action, including the fees and costs of experts, together with reasonable attorneys' fees; and

j. Grant Plaintiffs and the Class such other and further relief as this Court finds necessary and proper.

## COUNT II – INDEMNIFICATION – COOK COUNTY

**240.**     Plaintiffs incorporate Paragraphs 1 through 239 above as if fully set forth herein.

**241.**     Defendant Cook County was the employer of Plaintiffs, the Class, Cook County Sheriff's Department and Thomas Dart at all times material to this Complaint.

**242.**     Therefore, Defendant Cook County is a necessary party to this Complaint because it is responsible for any judgment entered against Cook County Sheriff's Department and Thomas Dart due to their conduct committed under color of law.

**243.**     Defendant Cook County has the duty to indemnify the Cook County Sheriff's Department and Thomas Dart for any damages recovered by Plaintiffs in relation to this Complaint, whether through a judgment or settlement, and including attorneys' fees.

   **WHEREFORE,** Plaintiffs pray this court to enter judgment for the Plaintiffs against Defendant Cook County for the amounts awarded to Plaintiffs and the Class against Defendants Cook County Sheriff's Department and Thomas Dart for damages, including but not limited to attorneys' fees and costs, and any additional relief this court deems equitable and just.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues of facts and damages in this action.

Date: November 14, 2017                           Respectfully submitted,

/Shelly Kulwin/                                   /Noelle Brennan/
One of Plaintiffs' Attorneys                      One of Plaintiffs' Attorneys

Shelly B. Kulwin
Jeffrey Kulwin                                    Noelle Brennan
Rachel A. Katz                                    Leah Farmer
**KULWIN, MASCIOPINTO & KULWIN,**                 Kristin Carter
**LLP**                                           **NOELLE BRENNAN & ASSOCIATES,**
161 N. Clark Street, Suite 2500                   **LTD.**
Chicago, Illinois 60601                           20 S. Clark Street, Suite 1530
312.641.0300 (Tel.);                              Chicago, IL 60603
312.855.0350 (Fax)                                (312) 422-0001
                                                  (312) 422-0008 (fax)

*Attorneys for the Plaintiffs*