IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHEASTERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CRYSTAL BROWN, et al., on Behalf of Themselves and a Class of Similarly Situated Persons,<br><br>    Plaintiffs,<br><br>  v.<br><br>COOK COUNTY; AMY CAMPANELLI, in her official capacity as Public Defender of Cook County; and THOMAS DART, in his official capacity as Sheriff of Cook County,<br>    Defendants. | Case No. 17-cv-8085<br><br>Judge Matthew Kennelly |
| SDAHRIE HOWARD, et al., on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>COOK COUNTY SHERIFF'S OFFICE, and COOK COUNTY.<br><br>    Defendants. | Case No. 17-cv-8146<br><br>Judge Matthew F. Kennelly |

**DEFENDANT COOK COUNTY SHERIFF'S OFFICE'S**
**MOTION FOR CLARIFICATION**

Defendant Cook County Sheriff's Office ("CCSO") a/k/a Thomas Dart in his Official Capacity as the Sheriff of Cook County, by and through its undersigned counsel, files the instant motion seeking clarification on the discovery schedule entered on February 23, 2018 (*Brown* Dkt. # 106; *Howard* Dkt. # 60). In support thereof the CCSO states as follows:

  1. On February 20, 2018, the parties in the above captioned cases filed a Joint Status Report, which included a proposed discovery schedule that provided, in relevant part, as follows:

1

> The parties agree that phase one of discovery will be discovery prior to class certification, which must be sufficient to permit the Court to determine whether the requirements of Fed. R. Civ. P. 23 are satisfied, including appropriate inquiries into the merits of the claims to be certified, as necessary to determine that Rule 23 is satisfied… After a decision on class certification is issued, the parties will propose a discovery schedule for phase two of discovery.

(*Brown* Dkt. # 99; *Howard* Dkt. # 58).

2. On February 22, 2018, the Court held a status hearing where it addressed the parties' joint status report. In so doing, the Court shared its "default view" that "it's virtually impossible to draw a hard line between" class and non-class fact discovery. *See* February 22, 2018 Status Hearing Transcript attached hereto as *Exhibit 1* at pp. 11-12.

3. Following the status hearing, the Court entered a scheduling order setting deadlines for class certification fact and expert discovery and class certification briefing, and adopting the remainder of the parties' status report. (*Brown* Dkt. # 106; *Howard* Dkt. # 60).

4. Subsequently, the CCSO issued written discovery to the *Brown* and *Howard* plaintiffs ("Plaintiffs"), which contained interrogatories and requests for production related to plaintiffs' injuries and damages. Plaintiffs objected to these discovery requests contending that "damages discovery will be conducted after class certification."[1] On June 19 and 20, 2018, the CCSO sent Plaintiffs letters addressing the aforementioned assertion, and explaining that it understood the Court's comments at the February 22, 2018 status hearing to mean that it did not see a distinction between pre and post-class certification discovery, and accordingly, Plaintiffs must answer the aforementioned discovery requests.

---

[1] The interrogatories and requests for production at issue are Interrogatories no. 4 through 7 and 11 and Requests for Production 15, 16 and 28 in *Brown* and Interrogatories no. 4 through 7 and 11 and Requests for Production 15 and 16 in *Howard*. Although the CCSO issued separate Interrogatories and Requests for Production to each named plaintiff in *Brown* and *Howard*, the interrogatories and requests for production relevant to the instant motion were identical. Accordingly, only one set of Plaintiffs' responses to the CCSO's written discovery from each case is attached hereto as *Exhibit 2*.

5. The parties have met and conferred on this issue on multiple occasions and continue to have different understandings of whether the Court intended pre-class certification discovery to include or exclude discovery on Plaintiffs' injuries and damages.

6. Accordingly, to date, Plaintiffs have not provided responses to the CCSO's written discovery requests related to their injuries and damages.

7. The Plaintiffs' depositions are set to take place in late August and September 2018. The CCSO believes that it will be more efficient for all parties to depose each Plaintiff a single time on all relevant class and non-class issues including damages and that this approach is consistent with the Court's comments at the February 22nd status hearing. Regardless, the CCSO seeks to avoid being precluded from conducting damages discovery if the current discovery closure deadline is intended to apply to damages.

8. Thus, the CCSO respectfully requests clarification of whether pre-class certification discovery in the above captioned cases includes discovery on Plaintiffs' injuries and damages.

WHEREFORE, for the reasons discussed above, the CCSO respectfully requests clarification of whether pre-class certification discovery in the above captioned cases includes discovery on Plaintiffs' injuries and damages.

Dated: August 3, 2018

Respectfully submitted,

By: /s/ Katharine P. Lennox
Christina Egan
Michael R. Phillips
Peter A. Milianti
David D. Leishman
Katharine Lennox
McGuireWoods, LLP
77 West Wacker Drive, Suite 4100
Chicago, Illinois 60601-1815

cegan@mcguirewoods.com  
mphillips@mcguirewoods.com  
pmilianti@mcguirewoods.com  
dleishman@mcguirewoods.com  
klennox@mcguirewoods.com  
Telephone: 312.849.8100  
Fax: 312.849.3690

Case: 1:17-cv-08085 Document #: 140 Filed: 08/03/18 Page 4 of 5 PageID #:1395

## CERTIFICATE OF SERVICE

I hereby certify that on August 3, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification and service of such filing to all registered counsel of record.

/s/ *Katharine P. Lennox*
Katharine P. Lennox

105403688_2.docx