# EXHIBIT X

Message

| | |
|---|---|
| **From:** | Karen Dimond (Public Defender) [Karen.Dimond@cookcountyil.gov] |
| **Sent:** | 6/20/2017 8:04:02 PM |
| **To:** | Marc Stahl (Public Defender) [marc.stahl@cookcountyil.gov]; Amy Campanelli (Public Defender) [amy.campanelli@cookcountyil.gov] |
| **CC:** | Michael Morrissey (Public Defender) [michael.morrissey@cookcountyil.gov]; Lester Finkle (Public Defender) [lester.finkle@cookcountyil.gov]; Keith Ahmad (Public Defender) [keith.ahmad@cookcountyil.gov] |
| **Subject:** | RE: Incident memo regarding events from yesterday |
| **Attachments:** | OPRComplaintRegister_120513.pdf |

Hi Marc,

One alternative that Crystal, Sarah or other harassed APDs can pursue is to file complaints with the Sheriff's Office of Professional Review against the deputies who fail to protect them. (See attached form.) While I think the problem is a systemic one which is probably not best addressed by filing complaints against individual deputies, such complaints are at least one more option our Assistants can use.

Karen Dimond, Deputy
Law Office of the Cook County Public Defender
69 West Washington, 16th floor
Chicago, Illinois 60602
Phone (312)603-0712
Facsimile (312) 603-9878
Karen.dimond@cookcountyil.gov

---

**From:** Marc Stahl (Public Defender)
**Sent:** Saturday, June 17, 2017 3:43 AM
**To:** Amy Campanelli (Public Defender)
**Cc:** Michael Morrissey (Public Defender); Lester Finkle (Public Defender); Keith Ahmad (Public Defender); Karen Dimond (Public Defender)
**Subject:** Fw: Incident memo regarding events from yesterday

Amy,

I am out of town, so I am unable to speak directly with Crystal Brown, Sarah Fransene, or anybody else directly involved in these incidents. But this is particularly troubling because the extra personnel provided by the sheriff seem more upset with our attorneys than the problem of the inmates' behavior. I have heard complaints from two other female APDs that the deputies in their courtrrooms seem put out by their complaints and will tell them that they should not go back in the lockup if they are going to complain. A female APD in a smaller courtroom was told to use the "chuck hole" to communicate with inmates and that she had better not complain if she goes back to speak with the inmates through the gate and something happens. Another female APD in a larger courtroom was told to never go back unless the courtroom deputy was free to escort her and she had better not complain if she goes back without the escort, but the courtroom deputy is busy and this was completely unworkable.

I wonder if we need to request that Tom Dart require sexual harassment training for his deputies working in the courtroom lockups. We should also try to think about other possible solutions. I am glad that they made the commitment of resources to add additional deputies on the fourth through seventh floors. Whenever we communicate with Cara Smith or Eddie Avant (head of security in the court building), they are attentive and say they want to work with us to help address the problem. But I am now aware of four female APDs with complaints about deputies seeming to blame the female APDs for the problems (or at least not treating the incidents seriously).

EXHIBIT
127

Apart from these issues, we recognize that there are conflict issues and will be making motions to withdraw after we have a chance to analyze the conflict issues and present them thoroughly.

Marc

Marc Stahl
Law Office of the Cook County Public Defender
2650 South California Avenue - 7th Floor
Chicago, Illinois 60608
773-674-3217
marc.stahl@cookcountyil.gov

This e-mail, including all attachments, may include confidential and/or proprietary information and may be used only by the person or entity to which it is addressed. Unauthorized use, disclosure, distribution, or copying of this communication or any part thereof, including any attachment, is strictly prohibited and may be unlawful. If you have received this communication in error, please notify the sender immediately by return e-mail and then destroy this communication and all copies thereof, including all attachments.

---

**From:** William Wolf (Public Defender)
**Sent:** Friday, June 16, 2017 5:53:07 PM
**To:** Marc Stahl (Public Defender)
**Cc:** Michael Morrissey (Public Defender); Lester Finkle (Public Defender); Amy Campanelli (Public Defender); Kristina Yi (Public Defender); Kulmeet Galhotra (Public Defender); Victor Erbring (Public Defender); Neil Toppel (Public Defender); Karen Dimond (Public Defender)
**Subject:** Incident memo regarding events from yesterday

Marc,

I am writing to report a new set of masturbation incidents involving the same public defender client, D█████ M█████ with Assistant Public Defenders Crystal Brown and Sarah Fransene, which occurred yesterday, June 15, 2017, in Judge Cannon's lockup area which is Courtroom 506 at 26th and California.

I spent yesterday afternoon conducting interviews as well as today conducting some re-interviews to make sure that certain facts are correctly stated because I have a grave concern regarding the security situation for our lawyers who go into these lockups to conduct interviews which will be ongoing especially with respect to Mr. M█████

Mr. M█████ was in front of Judge Cannon yesterday for Post-trial motions and sentencing for the offense of Armed Habitual Criminal under case number 16 CR █████ He was represented by Assistant Public Defender Adair Crosley. He was brought to Courtroom 506 by at least one SORT officer as a security escort.

It's my understanding that there was at least one SORT officer there specially for Mr. M█████ in the afternoon (A.P.D. Crosley also saw one in the morning) and there was a deputy assigned to patrol the lockup per

Sheriff Dart's past assurances that were made to Amy Campanelli for extra security to deter this behavior. That deputy was seen at Judge Brosnahan's adjoining lockup.

At sometime between 10:30 and 10:45 a.m., A.P.D. Crystal Brown, who's assigned to Judge Cannon, went back to the lockup to talk to one of her clients. At this time, Mr. M███ was located in the middle security cell that is between Judge Cannon's lockup and Judge Brosnahan's (Courtroom 504) lockup. There were additional officers who may or may not have been SORT officers (or Cook County Sheriff Officers) at the elevator bank between the lockups on this floor.

At this time, A.P.D. Brown observed Mr. M███ reach into his pants and start making gestures under his clothes that suggested that Mr. M███ was masturbating. A.P.D. Brown promptly reported this behavior to her courtroom deputies.

Mr. M███'s hearing was not called right away, and was passed for the afternoon. At about 1:05 p.m., A.P.D. Brown observed Mr. M███ standing in the lockup hallway in front of the cell door for Judge Cannon's lockup when she went back there to see a client. At that time, Mr. M███ was standing next to the SORT officer who was guarding him. Mr. M███ visibly exposed himself to A.P.D. Brown at this time while he was standing next to the SORT officer.

The SORT officer took no action.

A.P.D. Brown went and spoke with another deputy at this time, expressing that she cannot go into the lockup to go see her client without endangering herself given that Mr. M███ is freely standing in the lockup hallway and able to use his hands to expose himself. The deputy present for this conversation indicated to A.P.D. Brown and A.P.D. Crosley that it should be OK for Ms. Brown to go back there because Mr. M███'s arms were confined with a "box."

This deputy expressed a reluctance to move Mr. M███ at this time to A.P.D. Brown, stating that they had no place to move him at that time, including to the basement. The deputy shrugged her shoulders and stated that they cannot move him because he could not be placed into a cell at that time.

At that time, Mr. M███ was not needed to see A.P.D. Crosley and his case was not ready to be called. It took some doing to get Mr. M███ moved. It is believed, but not known for sure at this writing, that this deputy's reluctance disappeared once she was addressed by Judge Cannon herself. A.P.D. Crosley estimates that Mr. M███'s hearing started at 1:20 p.m.

When A.P.D. Brown went back to the lockup finally after Mr. M███ was moved, a second then unknown inmate exposed himself to her and masturbated when she went back to the lockup to see her client. A.P.D. Brown left the lockup and reported this to her courtroom deputies immediately. A.P.D. Brown has subsequently learned that the name of this inmate is J███ G███ who has murder and ACSA charges pending in front of Judge Cannon. Per the Clerk's computer, Mr. G███ has private counsel.

At about 1:15 p.m., A.P.D. Sara Fransene went back to Judge Brosnahan's lockup to see a client. She could see Mr. M███ standing down the hall in front of Judge Cannon's lockup flanked by a SORT officer. She could also see a deputy standing on the Brosnahan side of the lockup in the hallway. As she looked down the hallway,

Mr. M███ exposed himself to A.P.D. Fransene. A.P.D. Fransene reported this to the deputy who was at the lockup on Judge Brosnahan's side of the lockup.

A.P.D. Fransene was asked what happened by this deputy and was also asked if she wanted to file charges. A.P.D. Fransene responded "No, not right now."

Approximately 5 minutes later, in talking to another client at that same lockup, A.P.D. Fransene turned her head to better hear what the client was saying. This allowed Mr. M███ to see she was looking in his direction, and he exposed himself again to A.P.D. Sara Fransene. A.P.D. Fransene reported this second incident to her courtroom deputy, and made a decision to press charges.

A.P.D. Sara Fransene learned that her female courtroom deputy allegedly spoke to the male deputy who was assigned to patrol this lockup the day before and was present at least for the incidents involving Sara Fransene. Upon learning that Sara Fransene was pressing charges due to these incidents, the male deputy purportedly said "Are you talking about the blonde girl acting all sexy?" A.P.D. Fransene at first believed that this "sexy" comment was made by an inmate and was told in response to this incorrect assumption that the person who made the statement was the male deputy in the lockup. A.P.D. Fransene asked the courtroom deputy for the name of this male deputy. The courtroom deputy declined to give this information to A.P.D. Fransene.

I would note that both A.P.D. Brown and Fransene have stated concerns that making statements that could get deputies in trouble would lead to them receiving less friendly treatment from all the deputies in the future.

At the end of the day, Mr. M███ received a 20 year IDOC sentence at 85 percent from Judge Cannon yesterday. However, this is not the end of things for this Office as far as Mr. M███ is concerned. Mr. Mc███ is one of eight defendants who have been indicted under case number 17 CR ███ for Aggravated Arson for an incident that happened in Division 9. They were all arraigned in front of Judge Gainer yesterday.

It is rumored that some inmates in Division 9 have started a club and contest with rules and points to be earned by masturbating to women when they are able to do so. I received a suggestion that someone should look up the backgrounds of all 8 of these Division 9 defendants to see how many of them have masturbation cases pending in addition to their other cases. I also spoke to the A.P.D. in Judge Gainer who was handling arraignments for the week, Rocio Armendariz, who was kind enough to share certain information with me regarding assignment decisions for these cases thus far. Based on this, I was able to learn that 5 of the 8 defendants have indecent exposure cases and may all be members of this "club" a number of us have heard about.

Since a number of these people have pending cases so far, a number of APDs stepped up at the arraignment who already represent these defendants on other cases.

I've created the following table below for your review:

| Case number | Defendant | I.R. Number | Next court date | APD | Ind. exp.case pending? |
|---|---|---|---|---|---|

| | | | | | |
|---|---|---|---|---|---|
| 17 CR ███ (01) | ███████ | ██████ | 6/21 | Stephen Journey | Yes |
| 17 CR ███ (02) | ███████ | ██████ | 7/12 | MDD referral | No |
| 17 CR ███ (03) | ██████ | ██████ | 6/21 | conflict referral | No |
| 17 CR ███ (04) | ███████ | █████ | 6/21 | Crystal Carbellos | Yes |
| 17 CR ███ (05) | D███ M███ | ██████ | 6/26 | conflict referral | Yes |
| 17 CR ███ (06) | ████████ | ██████ | 6/21 | Stephen Journey | Yes |
| 17 CR ███ (07) | ███████ | ██████ | 7/18 | Rocio Armedariz | Yes |
| 17 CR ███ (08) | ██████ | █████ | 6/21 | Bill Woelkers | No |

There are conflicts issues here, but also issues regarding the personal safety of our lawyers given so many of these people charged with indecent exposure have an arson case together in one courtroom as well as the fact that deputies present during exposure incidents are apparently doing nothing while it's in progress. A.P.D. Armendariz indicated that Judge Gainer intends to keep many of them on separate court dates, but that may not solve the problem.

A.P.D. Fransene is aware that I am writing this memo and is asking me for a copy of the memo. Please let me know if I can give her at least a redacted copy limited to the parts of the memo that discuss her observations.

Bill Wolf
Supervisor, Felony Trial Division
Cook County Public Defender's Office
2650 South California Avenue, 7th floor
Chicago, IL 60608
(773) 674-3255



# SHERIFF'S OFFICE OF COOK COUNTY
## OFFICE OF PROFESSIONAL REVIEW
## COMPLAINT REGISTER

| Complainant Information | | | | | |
|---|---|---|---|---|---|
| NAME (Last, First, M.I.): | | AGE: | DATE OF BIRTH: | HOME #: | |
| HOME ADDRESS: | | CITY: | | WORK/OTHER #: | |
| STATE: | ZIP CODE: | STATE I.D./D.L. #: | | STATE OF ISSUANCE: | |

I HAVE BEEN NOTIFIED THAT, PURSUANT TO 50 ILCS 725/3.8(b), ANYONE FILING A COMPLAINT AGAINST A SWORN PEACE OFFICER MUST HAVE THE COMPLAINT SUPPORTED BY A SWORN AFFIDAVIT.

**Complainant Information**

DATE OF INCIDENT:

TIME OF INCIDENT:

LOCATION OF INCIDENT:

PROVIDE NAMES, BADGE NUMBERS, SQUAD NUMBER or LICENSE PLATE, and/or PHYSICAL DESCRIPTION OF THE OFFICER AGAINST WHOM YOU WISH TO FILE A COMPLAINT:

**Witnesses**

ARE THERE ANY WITNESSES YOU WISH TO BE CONTACTED DURING THE INVESTIGATION? ☐ YES ☐ NO
IF YES, PROVIDE CONTACT INFORMATION.

| NAME | ADDRESS/CITY/STATE/ZIP | HOME PHONE # |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

**Narrative**

PROVIDE A FULL DETAILED ACCOUNT OF YOUR COMPLAINT AND THE NATURE OF THE INCIDENT.

☐ CONTINUED ON REVERSE

FOR OFFICE USE ONLY
DATE COMPLAINT RECEIVED: _____  RECEIVED BY: _____

IAD/IG #: _____

Complaint Narrative (Continued)

PLEASE BE AWARE THAT IF YOU ALLEGE INJURIES AS A RESULT OF THIS INCIDENT, DUE TO FEDERAL PRIVACY LAWS ON THE RELEASE OF MEDICAL RECORDS, YOU MUST PROVIDE COPIES OF YOUR RELEVANT MEDICAL RECORDS REGARDING ANY EXAMINATION OR TREATMENT TO THE SHERIFF'S OFFICE INVESTIGATING UNIT TO BE MADE PART OF THE INVESTIGATION.

I have read this statement that I have voluntarily made, consisting of ____ pages, and I solemnly swear that the facts and allegations contained within are true and correct to the best of my knowledge. _____
(Print Name)

Complainant's Signature: _____     Date: _____

State of Illinois )
County of Cook )

Signed and sworn to before me on _____ by _____
(date)                (name of person making statement)

(notary seal)

_____
(signature of notary public)

A person commits PERJURY when, under oath or affirmation, in a proceeding or in any matter where by law such oath or affirmation is required, he makes a false statement, material to the issue or point in question, which he does not believe to be true. PERJURY IS A CLASS 3 FELONY.

Please mail your completed, **signed and notarized**, complaint form to:

**Cook County Sheriff's Office of Professional Review**
3026 S. California
Chicago, IL. 60608