# EXHIBIT CC

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

CRYSTAL BROWN, SARAN CRAYTON,                )
SAMANTHA SLONIM, CELESTE                      )
ADDYMAN, ERIKA KNIERIM, JULIE                 )
HULL, ROCIO ARMENDARIZ, BRETT                 )
GALLAGHER, RACHELLE HATCHER,                  )
KYAN KEENAN, TAKENYA NIXON,                   )
CARLY PATZKE, STEPHANIE                       )
SCHLEGEL, ASHLEY SHAMBLEY,                    )
CORYN STEINFELD, NIYATI THAKUR,               )   Case No. 17-cv-8085
JULIE WILLIS, on Behalf of Themselves         )
and a Class of Similarly Situated Persons,    )
                                              )   Judge Matthew Kennelly
            Plaintiffs,                            Magistrate Judge Daniel Martin

COOK COUNTY; AMY CAMPANELLI, in
her official capacity as Public Defender of
Cook County; and THOMAS DART, in his
official capacity as Sheriff of Cook County,

            Defendants.

### DEFENDANT DART/COOK COUNTY SHERIFF'S OFFICE'S RESPONSE TO
### PLAINTIFFS' FIRST SET OF INTERROGATORIES

Defendant, COOK COUNTY SHERIFF'S OFFICE ("CCSO" or "Defendant"), sued as

THOMAS J. DART in his Official Capacity, by and through its undersigned counsel, for its

objections and answers to Plaintiffs' First Set of Interrogatories, states as follows:

### GENERAL OBJECTIONS TO PLAINTIFFS' INTERROGATORIES

1.      The CCSO objects to the Interrogatories, including, but not limited to, the

instructions and definitions set forth therein, to the extent they seek to impose obligations upon the

CCSO different from, or in addition to, the obligations imposed by the Federal Rules of Civil

Procedure, the Local Rules of this Court, or Court order.

1



2.      The CCSO objects generally to the Interrogatories to the extent that they seek information that is protected or privileged from discovery by the attorney-client privilege, the attorney work-product doctrine, or any other applicable law, rule, privilege or immunity, and the CCSO will produce only non-privileged information. Nothing contained in these answers is intended to be, or should be construed as, a waiver of the attorney-client privilege, the attorney work-product doctrine or any other applicable law, rule, privilege or immunity.

3.      The CCSO further reserves the right to supplement or amend these objections and answers upon, among other things, further investigation, discovery of additional facts or documents, discovery of additional persons with relevant information, developments in this action or other proceedings or the rebuttal of any of Plaintiff's evidence in this case.

Subject to and without waiving any of the foregoing General Objections, Defendant answers and objects to the Interrogatories as follows:

## INTERROGATORIES

1.      Identify each person that you believe may have knowledge or information about any of the claims or defenses set forth in the Plaintiffs' Complaint(s) or Answer(s) in this case; the factual assertions in the Declaration of Brad Curry (Doc. 24-1); and/or Defendant's responses to interrogatories and requests for production, stating for each their name, title, and current or last known residence and business addresses and phone numbers, and provide a fair description of the nature of the information each such person is believed to possess.

**RESPONSE:** The CCSO objects that it is unduly burdensome to list in an interrogatory response each person who may have unspecified "knowledge or information" about "any of the claims or defenses" in this case, in Mr. Curry's Declaration, or any of the CCSO's discovery responses. Such persons, presumably, number in the hundreds. Without waiving this objection, the CCSO identifies individuals named in the CCSO's, Plaintiffs', the Cook County Public Defender's ("CCPD"), and Cook County's Rule 26(a) initial disclosures; individuals identified in incident reports produced by the CCSO or by Plaintiffs in this case; and individuals identified in

2

Plaintiffs' depositions in this case. If Plaintiffs are unable to identify and contact any such individual from information already available to them, the CCSO is amenable to further conferral regarding additional contact information for such individuals.

2.      Identify each person that you believe has given a written or recorded statement relevant to any party's claims or defenses, stating for each their name, title, and current or last known residence and business addresses and phone numbers, and the name, address, and phone number of each person who you believe has custody of a copy.

**RESPONSE:** The CCSO objects to the extent this Interrogatory calls for information protected from disclosure by the attorney client privilege and/or work product doctrine. Without waiving this objection, the CCSO states that it is unaware of any responsive non-privileged written or recorded statement, except for the Declaration of Brad Curry.

3.      Describe all databases and other systems for electronically-stored information maintained by Defendant Dart and/or the CCSO relating to incidents of exposure, masturbation, and other sexual misconduct by detainees in Cook County jails and lockups, including for each database or system (a) the software platform, program, or application; (b) categories, fields, dates and kinds of data that are maintained; (c) the methods by which such information may be searched; and (d) whether such information has been subject to automatic or periodic deletion at any time since January 1, 2015.

**RESPONSE:** The CCSO objects to this interrogatory on the grounds that it is vague and ambiguous in its use of the terms "databases" and "other systems." Subject to and without waiving said objection, the CCSO identifies the following systems:

- CCOMS (Cook County Offender Management System), a Microsoft Dynamic CRM Platform (Front-End) with a SQL database (Back end), which stores all information regarding, among other things, incidents of detainee misconduct. CCOMS maintains hundreds of data fields and it is not feasible to list them all here. Data in CCOMS may be searched by data field or by text. Data in CCOMS is not subject to automatic or periodic deletion.

3

108856938_2.docx

- INVIZE, an electronic document management system used to store documents related to the disposition of disciplinary tickets, including documents memorializing facts, findings, discipline, and administrative hearings. INVIZE is not easily searchable, as only tagged fields can be searched such as "Booking Number". INVIZE data is not subject to automatic or periodic deletion.

- STORM (Sheriff's Technology Operations Resource Management), written in asp.net with a SQL backend, is used for Administrative Officer notifications. STORM data is not subject to automatic or periodic deletion. Can be searched in the Front end for certain categories.

- Business Intelligence DOC Incidents – Microsoft Access Front End with SQL backend, used to review incidents and request follow ups for completing critical fields in CCOMS. BI DOC Incidents data is not subject to automatic or periodic deletion. Can be searched on the front end by field.

- Case Review Database – Microsoft Access Front End with SQL Backend, used to review incidents and forward to OPR/Use of Force/Sheriff's Police for follow up. Case Review Database data is not subject to automatic or periodic deletion. Can be searched on the front end by field.

- (CIID)Jail Investigations Database – Microsoft Access Front End with SQL Backend – Used for the Sheriff's Police Department to assign cases to Investigator for Criminal Charging. (CIID)Jail Investigations Database data is not subject to automatic or periodic deletion. Can be searched on the front end by field.

- PREA Database – Microsoft Access Front and Backend. Searchable from Front end only.

4

- Evidence.com – Used to store video of reported incidents.

4.    Describe the email, messaging, and other electronic communication systems used by Defendant Dart and/or the CCSO for any electronic communications relating to incidents of exposure, masturbation, and other sexual misconduct by detainees in Cook County jails and lockups, including for each: (a) the program or application; (b) the methods by which such communications may be searched; and (c) whether such communications have been subject to automatic or periodic deletion at any time since January 1, 2015.

**RESPONSE:** The CCSO objects to this interrogatory on the grounds that it is vague and

ambiguous in its use of the terms "other electronic communication systems" and "other sexual

misconduct." Subject to and without waiving this objection, the CCSO states that since January 1,

2015, CCSO personnel have used electronic mail transmitted and stored by a Microsoft Exchange

server to communicate about, among other things, incidents of detainee misconduct.  The email

may be searched by search terms.  CCSO email is not subject to automatic or periodic deletion.

5.    Describe all categories of paper documents maintained by Defendant Dart and/or the CCSO relating to incidents of exposure, masturbation, and other sexual misconduct by detainees in Cook County jails and lockups, including for category of documents, including (a) the type of documents; (b) the location of documents; (c) the identity of the custodian(s); (d) whether such records have been subject to automatic or periodic destruction at any time since January 1, 2015.

**RESPONSE:** The CCSO objects to this interrogatory on the grounds that the term "other

sexual misconduct" is vague and ambiguous as it is undefined. The CCSO states that paper Incident

Reports or Offense Incident Reports, disciplinary tickets, and findings of fact were used to report

and document incidents of detainee misconduct prior to implementation of the CCOMS database.

These documents are generally stored in the facility in which the misconduct is alleged to have

occurred and are not believed to have been subject to automatic or periodic destruction at any time

since January 1, 2015.

6.    Identify each incident of exposure of genitals or masturbation in the presence of APDs by date, location, name and identification number of detainee, whether any kind of report or record was made, whether a disciplinary ticket was issued or criminal charges brought, whether the detainee was found administratively or criminally guilty, and whether the CCSO took any action to prevent the detainee for engaging in the conduct (including but not limited to the

5

"numerous instances of public indecency by male detainees in the presence of female assistant public defenders that have occurred in the jails and courthouse lockups," including exposure of genitals and masturbating as set forth in the Declaration of Brad Curry (Doc. No. 24-1) ¶ 7).

**RESPONSE:** The CCSO objects to this interrogatory on the grounds that the terms "report" and "record' are vague and ambiguous as they are undefined. Further, the CCSO objects that it is unduly burdensome to list in an interrogatory response "each incident of exposure or masturbation by date, location, name and identification number" and to describe "whether a disciplinary ticket was issued or criminal charges brought, whether the detainee was found administratively or criminally guilty, and whether the CCSO took any action to prevent the detainee for engaging in the conduct." Subject to and without waiving this objection, the CCSO states that, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, the information requested in this interrogatory can be derived or ascertained from the incident reports and other documents produced by the CCSO in this litigation and that the burden of deriving or ascertaining the information will be substantially the same for Plaintiffs as for the CCSO.

7.      Describe any and all measures that Defendant Dart and/or the CCSO has undertaken at any time from January 2015 in response to indecent exposure of genitals and/or public masturbation by detainees in the presence of APDs, and for each state, the date when the measure was implemented, whether it was discontinued, and if so when and the reason why.

**RESPONSE:** The CCSO objects to this interrogatory as the term "measure" is vague and ambiguous as it is undefined. Further, this interrogatory is overly broad as it requires the CCSO to identify "all measures" by any member of the CCSO, which could include every verbal warning given to a detainee regarding the indecent exposure or masturbation. The CCSO cannot reasonably describe in an Interrogatory answer "any and all measures" that it has undertaken in more than three years to combat detainee exposure and masturbation. Subject to and without waiving these objections, the CCSO states that it has taken numerous measures to deter and prevent detainee sexual harassment including, but not limited to, the following: The Cook County Jail Detainee

6

Disciplinary Code specifically prohibits, and has at all relevant times prohibited, indecent exposure and exhibitionist masturbation by detainees. Upon arrival at the Jail, each detainee is given a copy of the Disciplinary Code in the Detainee Handbook. Copies are also posted within the Jail. The Code applies while detainees are in transport or held at external locations, including courthouses and Stroger Hospital. All CCSO employees are required to submit an Incident Report and Disciplinary Ticket for any incident of exhibitionist masturbation, as with any other violation of the Disciplinary Code. Indecent exposure, masturbation, and sexual harassment are all currently 300-level offenses, the same level as arson, battery, and instigating a gang attack. Further, in response to the rise of exhibitionist masturbation incidents in 2015 and 2016, the CCSO took vigorous action to deter and punish the behavior, including but not limited to the following measures:

| Date | Effort | Primary Decisionmakers |
|------|--------|------------------------|
| October 2015 | Joint town halls with the Public Defender's Office for detainees who engaged in masturbation and exposure. Representatives from the CCPD explained the consequences of multiple convictions for indecent exposure, including the requirement to register as a sex offender. | Nneka Jones-Tapia |
| January 2016 | CCSO begins handcuffing all detainees in courthouse lockups. This measure was later discontinued due to objection from the CCPD and certain Judges. | Brad Curry |
| January 2016 | The CCSO proposes Senate Bill 2220, which would have increased criminal penalties for exposure in custodial environments including a loss of custody credit and strengthening the threat of having to register as a sex offender. The Bill failed. | Cara Smith |
| September 2016 | The CCSO hires a former Assistant Public Defender as the new Director of Detainee Discipline to reform and improve the detainee disciplinary process. | Matthew Burke, Helen Burke |
| October 2016 | The CCSO develops and implements modified jumpsuits that reduce access to detainee's genital area. | Nneka Jones-Tapia, Brad Curry |

| October 2016 | The CCSO creates a special disciplinary tier as an increased sanction and means of managing detainees prone to exhibitionist masturbation. The CCSO later discontinued the tier when detainees came to view it as a "status symbol." | Tarry Williams, Nneka Jones-Tapia, Brad Curry |
| November 2016 | The CCSO begins monthly panel reviews to address exhibitionist masturbation and other detainee misconduct. | Brad Curry |
| February 2017 | The CCSO adds five deputies to monitor Leighton Courthouse lockups (later replaced with management staff due to budget cuts). | Brad Curry |
| March 2017 | The CCSO begins keeping detainees who masturbated in courthouse lockups in the Bridge until their cases are called. | Brad Curry |
| April 2017 | The CCSO increases indecent exposure in severity from a 200-level to a 300-level offense in the Detainee Disciplinary Code. | Matthew Burke, Steve Wilensky |
| October 2017 | The CCSO begins keeping detainees who masturbated anywhere in the Bridge until their cases are called. | Brad Curry |
| October 2017 | The CCSO begins handcuffing detainees with a history of masturbation behind the back during transport. | Brad Curry |
| Late 2017/early 2018 | The CCSO implements Storm/Rogue notification system to provide instant alerts and conference call for incidents of exhibitionist masturbation. | Amar Patel, Brad Curry |

In addition, the CCSO has consistently encouraged the State's Attorney's Office (SAO) to use its discretion to swiftly bring criminal charges against detainees who masturbate at women. The CCSO also stopped transporting detainees to outlying courthouses for certain hearings after learning that detainees would expose themselves for the purpose of getting to travel to those courthouses. Investigation continues.

8.     Identify each person who made, recommended, was consulted or approved the decision to undertake or discontinue each of the measures described in the preceding interrogatory, or participated in any way in the decision, setting forth each person's name, title, business, address, email address, phone number, and describe in detail the nature of his or her involvement in the decision and the dates thereof.

8

108856938_2.docx

**RESPONSE:** The CCSO objects to this interrogatory as the terms "measures" and "participated" are vague and ambiguous as they are undefined. The CCSO further objects to this interrogatory to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. The CCSO further objects that it would be disproportionately burdensome to identify each person who "recommended, was consulted or approved the decision" to undertake the measures described in response to the preceding interrogatory. Subject to and without waiving these objections, the CCSO has identifies in its response to the preceding interrogatory the primary decisionmaker(s) who decided to implement each measure.

9.      Describe in full and fair detail the CCSO's use of pizza to curb masturbation attacks of female employees, including a full description of the criteria for which pizza was awarded to any detainee.

**RESPONSE:** After a reasonable investigation, the CCSO lacks any knowledge of alleged use of pizza to curb masturbation attacks.

10.      Identify each person who made, recommended, was consulted or approved the decision to provide pizza to detainees who engaged and/or refrained from exposing their genitals and/or masturbating toward female APDs and others, or participated in any way in the decision, setting forth each person's name, title, business, address, email address, phone number, and describe in detail the nature of his or her involvement in the decision and the dates thereof.

**RESPONSE:** After a reasonable investigation, the CCSO lacks any knowledge of alleged use of pizza to curb masturbation attacks.

11.      Describe the "comprehensive disciplinary system for the prevention, deterrence, and punishment of inappropriate conduct by detainees" (as set forth in the Declaration of Brad Curry (Doc. 24-1) ¶ 8), including all persons responsible for implementing this disciplinary system.

**RESPONSE:** The CCSO states that pursuant to the Rule 33(d) of the Federal Rules of Civil Procedure, information regarding the disciplinary system and the individuals responsible for running said system, can be ascertained from Sheriff's Orders, the Inmate Information Handbook,

and other documents produced by the CCSO in this litigation and that the burden of so ascertaining this requested information will be substantially the same for Plaintiffs as for the CCSO.

12.    Identify the date and participants of each of CCSO's "monthly panel reviews" during the period January 2015 to the present, setting forth each person's name, title, business, address, email address, phone number.

**RESPONSE:** The CCSO objects to this interrogatory on the grounds that the term "participants" is vague and ambiguous as it is undefined. Subject to and without waiving this objection, the CCSO states that panel reviews are monthly meetings held in each division that are attended by Chief Operating Officer Brad Curry, the Assistant Executive Director of the Division, the superintendent of the division, and Deputy Chief of Quality Improvement and Accountability Jennifer Black.  Each of these individuals may be contacted through counsel.  The CCSO states, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, that the dates of monthly panel reviews can be determined from documents produced by the CCSO in this litigation and that the burden of so determining the dates will be substantially the same for Plaintiffs as for the CCSO.

13.    Describe in fair detail all communications between Defendant Dart and Amy Campanelli or any of her employees or agents regarding exposure of genitals, masturbation, and/or sexual misconduct by detainees toward female APDs, law clerks, or investigators, and for each such communication, set forth the date, participants, topics discussed, and actions taken or not taken as a result of the communication.

**RESPONSE:** The CCSO objects to this interrogatory on the grounds that the term "sexual misconduct" is vague and ambiguous as it is undefined. Subject to and without waiving this objection, the CCSO states that Brad Curry and Cara Smith regularly communicated with representatives of the Public Defender about the detainee conduct in question and that the CCSO and Public Defender organized joint town hall meetings held in October 2015.  After a reasonable investigation the CCSO is unable to identify precise dates or contents of those verbal communications.  Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, the CCSO states that written communications between the CCSO and Amy Campanelli or her employees or agents

10

on this topic have been produced by the CCSO and by Defendant Campanelli in this litigation, that

the contents of the communications can be determined by reviewing them, and that the burden of

so determining the contents will be substantially the same for Plaintiffs as for the CCSO.

14.     Identify all legal proceedings pending at any time since January 2015 (including but not limited to proceedings before a court, a mediator, an arbitrator, an administrative agency, or CCSO's internal disciplinary system), involving allegations of exposure of genitals, masturbation, and/or other sexual misconduct by detainees, setting forth the names of the parties, case number, forum or jurisdiction, nature of the proceedings, and current status or final disposition of the proceedings.

**RESPONSE:** The CCSO objects to this interrogatory on the grounds that it is vague and

ambiguous in its use of the term "legal proceedings" as the term is undefined. The CCSO further

objects to this interrogatory on the grounds that it is overly burdensome for the CCSO to list in

response to an interrogatory "*all* legal proceeding…involving allegations of exposure of genitals,

masturbation, and/or other sexual misconduct by detainees" as this request would require the

CCSO to list information regarding every status hearing and continuance on conduct that may have

occurred by detainees prior to entering the jail and unrelated to this lawsuit. Further, some of this

requested information is public record. The burden of attaining such public record is substantially

the same for the CCSO as for the Plaintiffs. The CCSO further objects that Plaintiffs have filed

EEOC Charges which are responsive to this Request and already in Plaintiffs' possession. Subject

to and without waiving this objection, the CCSO states that, pursuant to Rule 33(d) of the Federal

Rules of Civil Procedure, the information requested in this interrogatory can be derived or

ascertained from the inmate disciplinary hearing – findings of fact and decision documents as well

as other documents produced by the CCSO in this litigation and that the burden of deriving or

ascertaining the information will be substantially the same for Plaintiffs as for the CCSO.

15.     Identify by name and provide a current phone number, address, email, and badge number for any and all sheriffs who between 2015 and the present were assigned to respond to incidents of masturbation in the lockups and collect information regarding the same, including signed forms indicating an attorney did or did not wish to press charges.

**RESPONSE:** The CCSO objects to this interrogatory as the phrase "collect information" is vague and ambiguous as it is undefined. The CCSO further objects that it is unduly burdensome to list in an interrogatory response the names, badge numbers, phone numbers, addresses, and emails for every sheriff who has responded to a lockup incident in the past nearly four years as such persons, presumably, number in the hundreds. Without waiving this objection, the CCSO will produce documents containing the name and badge number of "sheriffs assigned to respond to incidents of masturbation in the lockups" pursuant to Rule 33(d) of the Federal Rules of Civil Procedure. The CCSO states, pursuant to Rule 33(d), that information responsive to this interrogatory can be derived or ascertained from such documents and that the burden of deriving or ascertaining the information will be substantially the same for the Plaintiffs as for the CCSO. The CCSO adds that it is willing to provide contact information for specific sheriffs identified by Plaintiffs.

16.    Describe in full and fair detail every action taken by the CCSO in response to the attack on Richard Kruss in December 2014.

**RESPONSE:** The CCSO objects to this interrogatory as it is irrelevant to the present lawsuit as the December 2014 incident involved an inmate attacking Mr. Kruss with a shank during a visit at the jail – a potentially life-threatening event. The CCSO further objects to this interrogatory as it is overly broad as it requires the CCSO to identify "every action" by any member of the CCSO "in response to the attack on Richard Kruss," which essentially requests the CCSO to provide a detailed minute-by-minute summary of the events following the incident. Subject to and without waiving these objections, the CCSO states that it added hooks to the visiting room table in Division 9 and reinforced to staff the importance of following cuffing and searching procedures for detainee visits with APDs.

12

17.     Describe in full and fair detail every action taken by the CCSO in response to the attack on Sara Fransene in Division 10 in approximately December 2016 wherein a detainee ejaculated on or at her.

**RESPONSE:** The CCSO objects to this interrogatory as it is overly broad as it requires the CCSO to identify "every action" by any member of the CCSO "in response to the attack on Sara Fransene in Division 10 in approximately December 2016," which essentially requests the CCSO to provide a detailed minute-by-minute summary of the events following the incident. The CCSO further objects to the unfounded assertion that a detainee ejaculated on Ms. Fransene.   Subject to and without waiving these objections, the CCSO states that following the incident in question, the CCSO (specifically, Brad Curry) apologized to Ms. Fransene, CCSO representatives encouraged her to press criminal charges, disciplined the detainee in question, and continued its efforts to combat detainee exposure and masturbation by, among other things: requesting that APDs waive court appearances for clients who masturbated or expose themselves, drafting and introducing legislation that sought to increase criminal penalties for indecent exposure in a custodial environment and add public indecency to the list of offenses in the County Jail Good Behavior Allowance Act that, if convicted of the offense, results in a loss of all custody credit; adding deputies and later management staff to the Leighton Courthouse lockups; keeping detainees who masturbate in the Leighton bridge until their cases are called; increasing the severity of an indecent exposure offense in the Detainee Code of Conduct; and handcuffing detainees with a history of masturbation behind the back during transport.

18.     Describe in full and fair detail every action taken by CCSO to comply with the Preliminary Injunction Order entered by the Court on November 28, 2018 (Doc. #45).

**RESPONSE:** The CCSO objects to this interrogatory as it is overly broad as it requires the CCSO to identify "every action" by any member of the CCSO "to comply with the Preliminary Injunction Order entered by the Court on November 28, 2018," which would require the CCSO to

13

108856938_2.docx

identify every instance of compliance with the Preliminary Injunction Order. Subject to and without waiving this objection, the CCSO states that it directed all officers to follow the Preliminary Injunction Order. Further to the extent the CCSO has documents detailing actions taken by the CCSO to comply with the Preliminary Injunction Order, it will produce those documents pursuant to Federal Rule of Civil Procedure 33(d). The CCSO states, pursuant to Rule 33(d), that information responsive to this Interrogatory can be derived or ascertained from such documents and that the burden of deriving or ascertaining the information will be substantially the same for Plaintiffs as for the CCSO.

19.     Identify and describe in full and fair detail any maintenance, construction projects, or modifications initiated by the County, Sheriff Dart and/or the CCSO at any Cook County correctional facility from November 2007 to the present. Please include in your answers a description of the project, the purpose of the project, the current status of the project (e.g. ongoing, under construction, completed, etc.) and the cost of the project.

**RESPONSE:** The CCSO objects to this interrogatory on the grounds that the terms "maintenance," "construction projects," "modifications," and "initiated" are vague and ambiguous as they are undefined. The CCSO further objects to this interrogatory on the grounds that it is overly broad and unduly burdensome as it requests information regarding the maintenance of the Cook County correctional facilities for the past ten years. Further, this interrogatory requests information regarding "any maintenance...at any Cook County correctional facility," which could include routine day-to-day maintenance such as changing a light bulb. Such information is irrelevant to the present lawsuit. Subject to and without waiving said objections, the CCSO states that any day-to-day maintenance conducted at the Cook County correctional facilities is too numerous to identify and describe in this interrogatory response. Further, any maintenance or construction projects would have been initiated and undertaken by Cook County, not the CCSO.

20.     For each of the following locations describe in full and fair detail all areas where APDs meet with detainee clients. State the location of each area within the building, the size of each area (i.e., 15' x 20'), whether the area has windows, what any such windows face, all

14

entryways and exists, and what security features are installed and/or utilized in each such room or area (such as security cameras, video recorders, etc.).

    a.    Leighton Criminal Courthouse (26th and California)
    b.    Cook County Department of Corrections (all Divisions)
    c.    Maywood Criminal Courthouse
    d.    Circuit Court of Cook County at 555 West Harrison
    e.    2nd Municipal District – Skokie
    f.    3rd Municipal District – Rolling Meadows
    g.    4th Municipal District – Maywood
    h.    5th Municipal District – Bridgeview
    i.    6th Municipal District Markham
    j.    Branch Courts 23, 50, 29, 42, 34, 48, 35, 38, 43, and 44
    k.    Central Bond Court
    l.    Juvenile Center
    m.    Domestic Violence Courthouse

**RESPONSE:** The CCSO objects to this interrogatory on the grounds that it is overly burdensome to list every location where APDs meet with "detainee clients," including "the size, information regarding windows, entryways and exits, and security features" at all of the twenty-two locations as it would require the CCSO to obtain the requested information for over fifty different locations. The CCSO further objects that the County, not the CCSO, is in the possession and control of blueprints and schematics that would contain the requested information as to subparts (c) through (m). Subject to and without waiving these objections, the CCSO will produce blueprints showing common APD meeting locations in the Leighton Criminal Courthouse to the extent such documents are in the CCSO's possession, custody, or control.

    Dated: December 14, 2018

                    As to objections,

                    COOK COUNTY SHERIFF'S OFFICE

        By:    */s/ David D. Leishman*
                 Christina Egan
                 Michael R. Phillips
                 Peter A. Milianti
                 David D. Leishman
                 Katharine Lennox

McGuireWoods, LLP
77 West Wacker Drive, Suite 4100
Chicago, Illinois 60601-1815
cegan@mcguirewoods.com
mphillips@mcguirewoods.com
pmilianti@mcguirewoods.com
dleishman@mcguirewoods.com
klennox@mcguirewoods.com
Telephone: 312.849.8100
Fax:  312.849.3690

*Counsel for Defendants*

16

## VERIFICATION

I, Amar Patel, declare that I have read the foregoing Defendant's Answers and Objections to Plaintiffs' First Set of Interrogatories; that the answer to interrogatory 3, 4, and 5 are based upon my personal knowledge, information and belief, and upon information that has been provided to me from various sources within the organization; and that the foregoing answers are truthful and correct to the best of my knowledge, information and belief.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 4, 2018.

_____
Amar Patel

## VERIFICATION

I, Brad Curry, declare that I have read the foregoing Defendant's Answers and Objections to Plaintiffs' First Set of Interrogatories; that the answer to interrogatory 7, 8, 11, and 13 are based upon my personal knowledge, information and belief, and upon information that has been provided to me from various sources within the organization; and that the foregoing answers are truthful and correct to the best of my knowledge, information and belief.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 14, 2018.

Brad Curry

## VERIFICATION

I, Cara Smith, declare that I have read the foregoing Defendant's Answers and Objections to Plaintiffs' First Set of Interrogatories; that the answer to interrogatory 16 and 17 are based upon my personal knowledge, information and belief, and upon information that has been provided to me from various sources within the organization; and that the foregoing answers are truthful and correct to the best of my knowledge, information and belief.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 14, 2018.

Cara Smith

## CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of the foregoing document to be served via electronic mail

upon the following counsel:

Robin Potter
M. Nieves Bolaños
POTTER & BOLAÑOS, P.C.
111 East Wacker Drive, Suite 2600
Chicago, Illinois 60601
312-861-1800
robin@potterlaw.org
nieves@potterlaw.org

*Attorneys for the Plaintiffs*

Colleen Marie Harvey
Kathleen Cunniff Ori
Cook County State's Attorney's Office
Civil Actions Bureau
50 W. Washington
Fifth Floor
Chicago, IL 60602
Colleen.harvey@cookcountyil.gov
Kathleen.ori@cookcountyil.gov

Terrance Michael Burns
tburns@reiterburns.com
Elizabeth A. Ekl
eekl@reiterburns.com
Paul A. Michalik
pmichalik@reiterburns.com
Katherine Carole Morrison
kmorrison@reiterburns.com
Daniel Matthew Noland
dnoland@reiterburns.com
Reiter Burns LLP
311 S. Wacker Drive, Suite 5200
Chicago, IL 60606
312.982-0090

*Attorneys for Cook County*

Michael W. Condon
Michael D. Bersani
Yordana Wysocki
HERVAS, CONDON & BERSANI, P.C.
333 Pierce Road, Suite 195
Itasca, IL 60143-3156
mcondon@hcbattorneys.com
mbersani@hcbattorneys.com
ywysocki@hcbattorneys.com

*Attorneys for the CCPD*

20

108856938_2.docx

This 14th day of December, 2018.

                                       /s/ David D. Leishman
                                       David D. Leishman

108856938_2.docx