IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CRYSTAL BROWN, et al., on Behalf of Themselves and a Class of Similarly Situated Persons, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 17-cv-8085 |
| COOK COUNTY; AMY CAMPANELLI, in her capacity as Public Defender of Cook County; and THOMAS DART, in his official capacity as Sheriff of Cook County, | ) ) ) ) ) ) | Judge Matthew Kennelly |
| Defendants. | ) | |

**ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, CERTIFYING SETTLEMENT CLASS, APPROVING FORM OF CLASS NOTICE, APPOINTING CLASS COUNSEL, CLASS REPRESENTATIVES, AND SETTLEMENT ADMINISTRATOR, AND SCHEDULING HEARING FOR FINAL APPROVAL**

Plaintiffs Crystal Brown, Saran Crayton, Samantha Slonim, Celeste Addyman, Erika Knierim, and Julie Hull (herein "Class Representatives") have requested that the Court enter an order preliminarily approving the settlement of this Litigation as stated in the Joint Stipulation of Settlement and Release ("Settlement" or "Settlement Agreement"), which, together with the exhibits attached to it, sets forth the terms and conditions for a proposed settlement and dismissal of the Litigation.

After having read and considered the Settlement Agreement, the exhibits attached to it, and the briefing submitted in support of preliminary approval of the Settlement, the Court preliminarily approves the Parties' Settlement as fair, reasonable and adequate and Orders as follows:

1. The Court finds that notice of the Settlement to Class Members is justified because the Class Representatives have shown that the Court will likely be able to approve the Settlement

Agreement under Rule 23(e)(2) and will likely be able to certify the Settlement Class for purposes of judgment.

2. The Court finds that it will likely be able to approve the Settlement Agreement under Rule 23(e)(2) because the Settlement Agreement is the result of arm's-length negotiations between experienced attorneys who are familiar with class action litigation in general and with the legal and factual issues of this case and who have adequately represented the proposed Settlement Class.

3. The Court also finds that the Settlement Agreement provides adequate monetary and injunctive relief to the members of the Settlement Class considering the costs, risks, and delay associated with trial and appeal as well as the effectiveness of the proposed distribution of settlement payments to Class Members. The Court further finds that preliminary approval of the Settlement warranted because the proposed Attorneys' Fees award and proposed Service Payments are within an appropriate range.

4. The Settlement Agreement treats Class Members equitably relative to each other, as settlement payments will be calculated on a *pro rata* basis, and will be based on Class Members' answers to questions to questions in the proposed Claim Form that will be scored by a neutral third-party Claims Administrator who has previously administered two prior settlements in cases relating to detainee sexual harassment. The Court approves the proposed plan of allocation as a fair and reasonable method for calculating and distributing the *pro rata* settlement payments to the Class Representative and Class Members.

5. With respect to certification for purposes of judgment, the Court finds that it will likely be able be certify the following Settlement Class pursuant to Fed. R. Civ. P. 23:

> All female assistant public defenders (not including supervisors) and female law clerks who have worked for the Defendants for any period of time from November 1, 2015

through and including October 28, 2019 and who have visited the jail and/or lockup in connection with their employment and whose names appear on the Class List attached to the Settlement Agreement as Exhibit 1.

The Court specifically finds that with regard to the Settlement Class under Rule 23, (i) the Class is so numerous that joinder is impracticable; (ii) common questions of fact and law exist; (iii) the Class Representatives' claims are typical of the Class's claims; and (iv) the Class Representatives will be able to fairly and adequately protect the interests of the Class. In addition, the Court finds that, with regard to the Class, questions of law or fact common to the class predominate over questions affecting individual members, and a class action is superior to other available methods. Certification of the Settlement Class for settlement purposes is the best means for protecting the interests of all of the Class Members.

6. Robin Potter and M. Nieves Bolaños have served as court approved Class Counsel since entry of this Court's class certification order, Doc #218, and this Court approves them continuing as Class Counsel. The Court also approves Crystal Brown, Saran Crayton, Samantha Slonim, Celeste Addyman, Erika Knierim, and Julie Hull as Class Representatives.

7. The Court approves Eric Schachter and A.B. Data Ltd to act as Settlement Administrator pursuant to the Settlement Agreement.

8. The Court further approves, as to form and content, the Class Notice attached as Exhibit 2 to the Settlement Agreement to be issued to Class Members and finds that the distribution of the Class Notice by U.S. Mail: (1) meets the requirements of federal law and due process; (2) is the best notice practicable under the circumstances; and (3) shall constitute due and sufficient notice to all individuals entitled thereto.

9. A Final Approval Hearing, for purposes of determining whether the Settlement should be finally approved, shall be held before this Court on September 18, 2020 at 9:30 a.m., in

Courtroom 2103 of the U.S. District Court for the Northern District of Illinois, Eastern Division, Everett McKinley Dirksen U.S. Courthouse, 219 South Dearborn Street, Chicago, Illinois, 60604. At the hearing, the Court will hear final arguments concerning whether the proposed Settlement of the Litigation is fair, reasonable, and adequate and should be approved by the Court. The Court will also hear at that time any timely objections submitted by Class Members and shall also consider Class Counsel's request for an award of Attorneys' Fees and Costs and for a Service Award for the Class Representative.

10. Any Settlement Class Member may enter an appearance in the Litigation, at his or her own expense, individually or through counsel of his or her own choice. Any Class Member who does not enter an appearance or exclude himself or herself from the Settlement Class will be represented by Class Counsel.

11. Any Class Member may appear at the Final Approval Hearing and show cause, if any, why: (1) the proposed Settlement of the Litigation should or should not be approved as fair, reasonable, and adequate; (2) why a judgment should or should not be entered thereon; (3) why Attorneys' Fees and Costs should or should not be awarded to Class Counsel; and/or (4) why the Class Representatives, Named Plaintiffs and certain Class Members should or should not receive extra compensation in the form of a Service Award set forth in Plaintiffs' Motion for Preliminary Approval and the Class Notice. However, no Class Member or any other person shall be heard to contest any part of the Settlement unless that person has, no later than sixty (60) days after the initial mailing of the Class Notice to Class Members, served by mail written notice of the Class Member's intention to appear at the Final Approval Hearing and written objections and copies of any papers and briefs in support thereof on the Settlement Administrator and the Clerk of the Court. The Court will consider and rule upon all timely filed objections at the Final Approval

Hearing. Any Class Member who does not timely file and serve his or her objection in the manner provided above shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as incorporated in the Settlement Agreement, any Service Awards, and any award of Attorneys' Fees and Costs awarded to Class Counsel, unless otherwise ordered by the Court.

12. All papers in support of the Settlement shall be filed no later than seven (7) days before the Final Approval Hearing.

13. At the Final Approval Hearing, the Court shall determine whether the proposed Settlement, and any application for Service Awards and Attorneys' Fees and Costs, shall be approved.

14. The Court reserves the right to adjourn the date of the Final Approval hearing without further notice to the Class Members.

DATED: March 5, 2020

_____
THE HONORABLE MATTHEW F. KENNELLY
United States District Judge