# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CRYSTAL BROWN, SARAN CRAYTON, SAMANTHA SLONIM, CELESTE ADDYMAN, ERIKA KNIERIM and JULIE HULL, et al., on Behalf of Themselves and a Class of Similarly Situated Persons, | Case No. 17-cv-8085 |
| Plaintiffs, | Judge Matthew Kennelly |
| COOK COUNTY; AMY CAMPANELLI, in her capacity as Public Defender of Cook County; and THOMAS DART, in his official capacity as Sheriff of Cook County, | |
| Defendants. | |

## CLASS COUNSEL'S UNOPPOSED MOTION
## FOR LEAVE TO AMEND THE CLASS LIST,
## EXHIBIT 1 TO THE PARTIES' SETTLEMENT AGREEMENT

Plaintiffs and the Class, by and through their attorneys, respectfully request the Court grant Class Counsel's Unopposed Motion for Leave to Amend the Class List, which was filed as Exhibit 1 to the Parties' Settlement Agreement. Doc. 249-3.

1. The Court certified a Rule 23 class in this lawsuit comprised of:

    All female assistant public defenders (not including supervisors) and female law clerks who have worked for the Defendants for any period of time from November 1, 2015 through and including the present, and who have visited the jail and/or lockup in connection with their employment.

    Doc. 218.

2. On October 28, 2019, Plaintiffs' counsel mailed Notice to the class pursuant to the Court's Orders. Doc. 218, 226. Following the mailing, seven out of over approximately 534 putative class members opted out of the action, including Karla Neninger. Doc. 230.

3. On March 5, 2020, the Court preliminarily approved the settlement agreement reached by the Parties. Doc. 253. The settlement class is comprised of:

> All female assistant public defenders (not including supervisors) and female law clerks who have worked for the Defendants for any period of time from November 1, 2015 through and including October 28, 2019 and who have visited the jail and/or lockup in connection with their employment *and whose names appear on the Class List attached [to the Settlement Agreement] as Exhibit 1*.

Doc. 249, emphasis added.

4. The settlement agreement Class Counsel submitted with its Motion for Preliminary Approval contained exhibits, including Exhibit 1, which is the Class List in this case (hereinafter, the "Class List"). Doc. 249-3. Both Class Counsel and counsel for Defendant Campanelli reviewed the Class List prior to submitting it to the court.

5. While Class Counsel was working to update the Class List to include contact information for each class member and in preparation for the Claims Administrator's mailing of the Notice of a Class Action Settlement, they noted the inclusion of Ms. Neninger. Class Counsel advised the Class Administrator of the erroneous inclusion, explained she had previously opted out of the proceedings, and ensured she was not sent Notice of the Class Action Settlement.

6. In April 2020, Class Counsel were made aware of the omission of APD Diana Garcia from the Class List. Class counsel reviewed previous iterations of the class and/or employee lists Defendant Campanelli had previously provided during the litigation and confirmed that, based on those documents, Ms. Garcia was employed as an APD during the period between November 2015 and October 28, 2019. As such, it appeared Ms. Garcia was erroneously omitted from the final Class List. Ms. Garcia received notice of this Settlement as of April 21, 2020.[1]

7. Class Counsel advised Defendants of the inadvertent omission of Ms. Garcia and inclusion of Ms. Neninger in the Class List. They advised they would be filing the present

---

[1] It appears Ms. Garcia's name was inadvertently omitted when the Class List was being finalized and to remove the emergency contacts and duplicate entries that were included in previous iterations of the list of CCPD employees.

motion for leave to amend the Class List to include Ms. Garcia and omit Ms. Neninger, a change that would result in the exact same number of class members originally contained in the Class List.

8. Defendants all indicated they had no objection to the relief requested in this motion and confirmed as much when approving the Parties' Joint Status Report for filing on May 18, 2020. Doc. 259.

9. This motion in no way affects the terms and conditions the Parties agreed to in the settlement agreement the Court has preliminarily approved, and it is not the Parties' intent to do so. Class Counsel brings this motion only to correct two typographical errors in the Class List.

10. Should this motion be granted, Class Counsel will file the updated class list in their Motion for Final Approval of a Class Settlement, along with and as an exhibit to the settlement agreement, which has now been executed by representatives for all Parties, not just their counsel.

**WHEREFORE,** for the reasons set forth above, the Court should grant Class Counsel's unopposed motion to amend the Class List, attached to the preliminarily approved Settlement Agreement as Exhibit 1 (Doc. 249-3) to 1) include APD Diana Garcia and 2) remove Karla Neninger who previously filed an exclusion in this case (Doc. 230).

Respectfully submitted,

By: /s/ Robin Potter and M. Nieves Bolanos
Class Counsel

Robin Potter, Esq.
M. Nieves Bolaños, Esq.
POTTER BOLAÑOS LLC
111 East Wacker Drive, Suite 2600
Chicago, Illinois 60601
(312) 861-1800

robin@potterlaw.org
nieves@potterlaw.org

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing Notice of Motion was served upon all parties by ECF on May 25, 2020.

                                                      By: /s/ Nieves Bolanos