IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CRYSTAL BROWN, et al., on Behalf of Themselves and a Class of Similarly Situated Persons, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 17-cv-8085 |
| COOK COUNTY; AMY CAMPANELLI, in her capacity as Public Defender of Cook County; and THOMAS DART, in his official capacity as Sheriff of Cook County, | ) ) ) ) ) ) | Judge Matthew Kennelly |
| Defendants. | ) | |

**[PROPOSED] ORDER OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

Plaintiffs Crystal Brown, Saran Crayton, Samantha Slonim, Celeste Addyman, Erika Knierim, and Julie Hull (herein "Class Representatives"), have requested that the Court enter an order approving the settlement of this Litigation as stated in the Joint Stipulation of Settlement and Release and Exhibits thereto ("Settlement" or "Settlement Agreement"), set forth the terms and conditions for a proposed settlement and dismissal of the Litigation. The parties appeared for a final approval hearing before the court on September 18, 2020, and the Court has reviewed Plaintiffs' Motion for Final Approval of the Parties' Class Action Settlement and other related materials submitted by the parties, and has considered the parties' presentations at the Final Approval hearing, and is otherwise fully informed in the premises:

IT IS HEREBY ORDERED AND ADJUDGED as follows:

1. The Court has jurisdiction over the subject matter of this Action and the settlement pursuant to 28 U.S.C. §§1331 and 1343.

2. In its Preliminary Approval Order, the Court certified a Settlement Class as follows:

> All female assistant public defenders (not including supervisors) and female law clerks who have worked for the Defendants for any period of time from November 1, 2015 through and including October 28, 2019 and who have visited the jail and/or lockup in connection with their employment and whose names appear on the Class List attached to the Settlement Agreement as Exhibit 1.

Doc. 253, ¶5.

3. The Court finds that the Settlement Class continues to satisfy the requirements of Fed.R.Civ.P. 23(a) and (b)(3) for the reasons set forth in the Preliminary Approval Order. Accordingly, the Court finally certifies this Class for purposes of settlement of this action.

4. The Notice of Class Action Settlement ("Class Notice") sent to the members of the Settlement Class ("Class Members") by the Claims Administrator by First Class U.S. Mail adequately informed Class Members of the terms of the Settlement Agreement, the process available for them to obtain monetary relief, their right to request an exclusion from the settlement, and their opportunity to file written objections and appear and be heard at the final approval hearing. The Class Notice also adequately informed the Class Members of how to contact Class Counsel or the Claims Administrator to request additional information. The Court finds that the Notice satisfies that requirements of Rule 23(c)(2)(B) and Rule 23(e)(1).

5. The Court finds that no Class Member requested exclusion from the Settlement Class and no Class Member objected to the Settlement Agreement.

6. On May 26, 2020, the Court granted Plaintiffs' unopposed for leave to amend the class list to add an additional class member. Doc. 265. The now Court finds that Jessica Brierly-Snowden submitted a Claim Form during the Claim-In Period but was not on the Class List attached as Exhibit A to the Settlement Agreement. The Court finds that she also otherwise meets

the definition of a Class Member and grants Class Counsel's request to amend the Class List and include her claim in the settlement distribution.

7. A.B. Data, located in Milwaukee, Wisconsin, has administered the settlement, with the assistance of Class Counsel. The Court approves the plan of allocation of the Settlement Fund recommended by the Claims Administrator. The Court finds that the Claim process and the scoring method are warranted based on the claims and evidence in this suit and treat class members equitably relative to one another based on the answers they attested to in their Claim Form responses.

8. The Court has balanced the relevant equitable factors and allows the eight claims that were submitted after the May 29, 2020 deadline, as recommended by Class Counsel. The Court finds that Defendants will not be prejudiced by these additional claims, that allowing the claims will further the aims of the Settlement, that the Claims Administrator was able to process the claims in a timely manner, that the Claims did not cause delay of the settlement process, that the Settlement Agreement expressly provides that the allocation of settlement funds will be solely determined by the Claims Administrator and Class Counsel, and that the Claimants acted in good faith.

9. The Court approves the Settlement Agreement and finds that the Settlement is fair, reasonable and adequate to all Class Members. The Court finds that the strength of Plaintiffs' case on the merits, weighed against Defendants' defenses and the complexity, length, and expense of further litigation, support approval of the Settlement. The Settlement Amount of $14,000,000.00 as set forth in the Settlement Agreement, is a fair, reasonable, and adequate settlement of the claims. The Settlement was reached pursuant to arm's-length negotiations between the Parties and has the support of Class Counsel and Counsel for Defendants. Class Counsel have significant

experience representing parties in complex class actions, including those involving wage and hour claims. No objections to the Settlement were made by the Class Members, and this fact likewise supports approval. Finally, the litigation has progressed to a stage where the Parties could evaluate the merits of the case, potential damages, and the probable course of future litigation, and thus warrants approval of the Settlement.

10. The Court approves service payments of $25,000 for each of the six Class Representatives (Crystal Brown, Saran Crayton, Samantha Slonim, Celeste Addyman, Erika Knierim, and Julie Hull); $15,000 for the three Named Plaintiffs who gave depositions (Rachelle Hatcher, Julie Willis, and Brett Gallagher); $10,000 for the eight Named Plaintiffs who answered sworn interrogatories but did not give depositions (Stephanie Schlegel, Ashley Shambley, Niyati Thakur, Kyan Keenan, Takenya Nixon, Coryn Steinfeld, Rocio Armendariz, and Carly Patzke); and $5,000 for three class members (Sarah Fransene, Patricia Dillon and Judie Smith) who assisted the suit by providing sworn testimony and/or met with class counsel extensively to help prepare the suit to be filed. The Court finds that these Plaintiffs and Class Members made important contributions to the litigation and their efforts helped produce the settlement for the Class as a whole.

11. Class Counsel are awarded attorneys' fees and costs in an amount equal to thirty percent (30%) of the Settlement Fund, or Four Million Two-Hundred Thousand Dollars ($4,200,000). A.B. Data's fee for administering the Settlement shall be paid from this amount. All costs and expenses of the litigation, from its inception through the date of entry of this Order shall be paid from this amount.

12. Within thirty-days of the entry of this Order, Class Counsel and the Claims Administrator shall file a report with the Court regarding the Class Members who may not have

4

received Notice mailed by the Claims Administrator as described in their Final Approval Memorandum. All Settlement Class Members who have not timely excluded themselves from the Settlement Agreement on or before the filing of the above-noted report are permanently enjoined from pursuing or seeking to reopen any Released Claims against any and all Releasees and in accordance with the terms of Paragraphs 28 and 29 of the Settlement Agreement in this matter.

13. Along with this Report, Class Counsel will provide the Court a Proposed Order for distribution of Settlement Funds and, upon the approval of the Order, the Court will enter a Proposed Judgment and Notice of Entry of Judgment and Dismissal with Prejudice in accordance with Paragraph 23 of the Settlement Agreement, a copy of which is attached hereto as Exh. 1A.

DATED: _____  _____
THE HONORABLE MATTHEW F. KENNELLY
United States District Judge