# EXHIBIT 1C

# Attachment A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CRYSTAL BROWN, et al., on Behalf of Themselves and a class of Similarly Situated Persons, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 17-cv-8085 |
| COOK COUNTY; AMY CAMPANELLI, in her official capacity as Public Defender of Cook County; and THOMAS DART, in his official capacity as Sheriff of Cook County, | ) ) ) ) ) | Judge Matthew Kennelly |
| Defendants. | ) ) | |

## JOINT STIPULATION OF SETTLEMENT AND RELEASE

1.     This Joint Stipulation of Settlement and Release (the "Settlement Agreement" or "Agreement") is made and entered into as set forth below by and between Crystal Brown, Saran Crayton, Samantha Slonim, Celeste Addyman, Erika Knierim, and Julie Hull ("Class Representatives"), on behalf of themselves and all members of the "Plaintiff Class" as defined herein, and Cook County, Amy Campanelli, in her official capacity as the Public Defender of Cook County ("CCPD"), and Thomas Dart, in his official capacity as Sheriff of Cook County, the Cook County Sheriff's Office ("CCSO"), (hereinafter referred to as "Defendants") (hereinafter collectively referred to as the "Parties").

2.     "Class Counsel" means Robin Potter and M. Nieves Bolaños of Potter Bolaños LLC.

3.     "Plaintiff Class" or "Plaintiff Class Members" means all female assistant public defenders (not including supervisors) and female law clerks who have worked for the Defendants for any period of time from November 1, 2015 through and including October 28, 2019 and who have visited the jail and/or lockup in connection with their employment and whose names appear on the Class List attached hereto as Exhibit 1.

4.     "Settlement Class" or "Settlement Class Members" means all Plaintiff Class Members who have not timely opted-out of the settlement pursuant to the terms of the Preliminary Approval Order and whose names appear on the Class List attached hereto as Exhibit 1.

5.     "Preliminary Approval Order" means the Order entered by the Court preliminarily approving the terms of this Agreement, finding that the terms of the Settlement Agreement appear sufficiently fair, reasonable, and adequate to the Class as a whole to warrant notice to the Class and an opportunity for the Class Members to object or opt out and a Fairness Hearing to

consider final approval of the Settlement Agreement, and directing the mailing to the Settlement Class of the Notice of Class Action Settlement.

6.      "Preliminary Approval Date" means the date of entry of the Preliminary Approval Order.

7.      "Final Fairness Hearing" means the hearing that occurs after entry of the Preliminary Approval Order and before entry of an order granting final approval of the settlement, to determine whether the proposed settlement is fair, reasonable, and adequate; whether attorneys' fees and reimbursement of expenses should be awarded to Class Counsel.

## BACKGROUND AND OVERVIEW OF SETTLEMENT

8.      On November 8, 2017, Class Representatives and eleven other female APDs (collectively, "Plaintiffs") filed a putative class action Complaint against Defendants in the United States District Court for the Northern District of Illinois (the "Court"), Case No. 17-cv-08085, which is pending before the Honorable Matthew F. Kennelly (the "Lawsuit").

9.      On January 31, 2018, Plaintiffs filed a First Amended Complaint ("FAC") against Defendants in the Lawsuit.

10.     In the Lawsuit, Plaintiffs allege claims for a hostile work environment on the basis of sex in violation of their right to equal protection under the Fourteenth Amendment to the Constitution of the United States, the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1983 and § 1988, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, the Illinois Civil Rights Act, 740 ILCS 23/1 *et seq.*, and the Illinois Gender Violence Act, 740 ILCS 82/1 *et seq.*

11.     Defendants expressly deny that they have violated the law in any manner alleged in the Lawsuit.

12.     The Plaintiff Class Members are or were all employees or law clerks of the Cook County Public Defender's Office.

13.     The County is indemnitor of the Public Defender's Office and the Sheriff's Office. 55 ILCS 5/5-1002, 1003, 1005. The County is empowered to settle and pay any settlement against itself or on behalf of its indemnitees. 55 ILCS 5/5-1002, 1003 and 745 ILCS 10/9-102.

14.     The Cook County Sheriff has responsibility for care and custody of the Cook County Courthouses and Jail. 55 ILCS 5/3-6017. The Sheriff shall maintain the security of the Courthouses. 55 ILCS 5/3-6023. The Sheriff shall secure and maintain custody in its Jail of all detainees so ordered to its custody by the Circuit Court of Cook County. County Jail Act, 730 ILCS 125/1 et. seq.

15.     The Parties engaged in extensive class and merits discovery, investigation, and preparation in the Lawsuit, including depositions of defense witnesses and Plaintiffs, Interrogatory Answers, Answers to Requests to Admit, and the exchange of voluminous documents and data. The Parties also engaged in extensive briefing over numerous contested matters, including motions to dismiss filed by each of the three Defendants and Plaintiffs' motion for class certification.

16.     On August 12, 2019, the Court appointed Robin Potter and Nieves Bolaños of Potter Bolaños LLC as Class Counsel and certified a hostile work environment class comprising:

> All female APDs [assistant public defenders] (not including APDs supervisors) and law clerks who have worked for Defendants from November 1, 2015 through October 28, 2019 and who have visited the jail and/or lockup in connection with their employment.

17.     Class Counsel represent that they have conducted a thorough investigation into the facts of the Lawsuit and have diligently pursued an investigation of the claims of the Plaintiff Class against Defendants. Based on their own investigation and evaluation of known facts and circumstances, including the risk of defenses asserted by Defendants regarding class certification and the merits of the claims, Class Counsel are of the opinion that the settlement with Defendants is fair, reasonable, adequate, and in the best interest of the Plaintiff Class.

18.     Subject to approval by the United States District Court for the Northern District of Illinois, it is agreed that in consideration of the agreements, promises and mutual covenants set forth in this Agreement, and for such other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties' disputes that have been or could have been asserted in the Lawsuit or in any other court or forum whatsoever related to the conduct set forth, alleged, or otherwise referred to in the Lawsuit shall be fully settled and compromised under the following terms and conditions.

## SETTLEMENT APPROVAL PROCEDURE

19.     This Settlement Agreement will become final and effective only upon the occurrence of all of the following events: (i) the Court entering an order granting a Preliminary Approval Order; (ii) the Court entering an order granting final approval of the settlement reflected in the Agreement and the expiration of the timeframe permitted for appeal of such order, or if appealed, affirmance of such order in all respects and expiration of all further rights of appeal ("Final Non-Appealable Order"); (iii) approval of the settlement by the Cook County Board of Commissioners ("Cook County Board"); (iv) consent to the settlement by Cook County's insurance carriers, or agreement by the insurance carriers not to use lack of consent to the settlement as a policy defense; and (v) the occurrence of the Effective Date, as defined in Paragraph 20(g) below. Unless the Court orders otherwise, this Settlement Agreement shall be deemed null and void *ad initio* upon the failure of any of these five conditions to occur.

3

20.     This Settlement Agreement will become final and effective upon occurrence of all of the following events described in the following sub-paragraphs a – g, inclusive, and in addition to the events described in Paragraph 19 above:

a.  Execution of this Settlement Agreement by the Parties and their respective counsel of record;

b.  Submission of the Settlement Agreement to the Court for preliminary approval;

c.  Entry of an order by the Court (1) granting preliminary approval of the Settlement Agreement and (2) appointing a Claims Administrator. Class Counsel will, subject to Court approval, use Eric Schachter, A.B. Data, Ltd., P.O. Box 170500, Milwaukee, WI 53217, as Claims Administrator in this matter;

d.  Court approval of the form and content of a Notice of a Proposed Class Action Settlement ("Class Notice") advising the members of the Plaintiff Class of material terms and provisions of this Settlement Agreement, the procedure for approval thereof, and their rights with respect thereto. The Parties propose the Class Notice attached as Exhibit 2;

e.  Filing by Class Counsel, on or before the date of the final approval hearing, the Claims Administrator's verification, in writing, that the Class Notice to the Plaintiff Class Members has been disseminated in accordance with the Court's order;

f.  Entry of an order by the Court granting final approval of the Settlement Agreement and entering judgment thereon; and

g.  Occurrence of the "Effective Date," which is defined as the date of entry of a Final Non-Appealable Order of the Settlement Agreement by the Court.

21.     As soon as practicable after this Settlement Agreement has been signed by all parties and their counsel, Class Counsel shall move the Court for preliminary approval of this Settlement Agreement, and request an order:

a.  Preliminarily approving this Settlement Agreement as fair, reasonable, and adequate;

b.  Preliminarily appointing and Eric Schachter of A.B. Data, Ltd., P.O. Box 170500, Milwaukee, WI 53217, as the Claims Administrator;

c.  Approving the procedure for sending notice to the members of the Plaintiff Class as set forth in this Settlement Agreement;

d.  Approving the Class Notice to be sent to the Plaintiff Class Members; and

e.  Authorizing the Claims Administrator to mail the approved Class Notice to the Plaintiff Class Members.

22.    In moving for the entry of the Preliminary Approval Order, Class Counsel will submit to the Court for its approval this Agreement and attachments, and supporting papers, which shall describe the terms of this settlement and include proposed forms of all notices and other documents necessary to implement the Agreement. Class Counsel will notice the motion for Preliminary Approval for seven (7) calendar days after filing.

23.    Class Counsel shall be responsible for ensuring that at least the following documents are filed with the Court in advance of the final approval hearing so that the Court will have a sufficient basis upon which to evaluate and approve the Settlement Agreement:

a.  A final report by the Claims Administrator providing details regarding the execution of the approved notice process, the number (if any) of opt-outs and objections, and other information necessary to the Court's assessment of the fairness of the Settlement Agreement at the final approval hearing;

b.  A duly noticed motion, accompanying memorandum of points and authorities prepared by Class Counsel and such other pleadings, evidence, or other documents as may be necessary for the Court to determine that the settlement documented by this Settlement Agreement is fair, adequate, and reasonable;

c.  A [Proposed] Order for the Court's signature (i) finally approving the Settlement Agreement as being fair, adequate and reasonable; (ii) permanently enjoining all of the Settlement Class Members who do not timely exclude themselves from the Settlement Agreement from pursuing or seeking to reopen any Released Claims against any and all Releasees; (iii) dismissing the Lawsuit with prejudice and entering Judgment consistent with this Settlement Agreement so as to permanently bar all Settlement Class Members from prosecuting against any and all Releasees each of the Released Claims, as defined in Paragraphs 28 and 29, below; and (iv) dismissing the Action with prejudice as set forth in the Settlement Agreement; and

d.  A [Proposed] Judgment and Notice of Entry of Judgment (collectively, "Judgment").

Class Counsel will notice the motion for Final Approval for seven (7) calendar days after filing.

## COOK COUNTY PAYMENT OF MONEY

24.    As full and final satisfaction of all claims seeking legal remedy, Cook County shall make one payment in the form of a check made payable to "Brown v. Cook County Settlement c/o A.B. Data, Ltd." for the sum of fourteen million dollars and no cents ($14,000,000.00)

("Settlement Payment"). The Settlement Payment includes all legal fees and other costs, whether known or unknown, including the costs of administration. Cook County will seek approval from the Finance Subcommittee on Litigation of the Cook County Board ("Litigation Subcommittee"), the Finance Committee of the Cook County Board ("Finance Committee"), and the Cook County Board at the next scheduled meetings of the Litigation Subcommittee, the Finance Committee and the County Board after entry of a Final Non-Appealable Order approving the settlement. Payment will be made available for pick up by Class Counsel or their designee on or before twenty-one (21) calendar days of the later of (i) approval of the settlement by the Cook County Board; (ii) consent to the settlement by Cook County's insurance carriers or agreement by the carriers not to use lack of consent to the settlement as a policy defense; or (iii) entry of a Final Non-Appealable Order approving the settlement.

25.     The County agrees the distribution and allocation of Settlement Fund amounts to any individual Settlement Class Member will be determined solely by Class Counsel and the Class Administrator, subject to Court approval. Defendants will not file an objection or orally object in court prior to or during the preliminary or final approval hearing to any settlement amounts, formula or distribution amounts to any Settlement Class Member, or to any Petition or award of Attorneys' Fees, costs and expenses.

26.     Individual Monetary Awards to Settlement Class Members will be reported to the appropriate tax authorities on an IRS Form 1099 Misc, Box 3, issued to each Class Member for calendar year 2020.

## COOK COUNTY, CCPD, AND CCSO INJUNCTIVE RELIEF

27.     As full and final satisfaction of claims seeking equitable and injunctive relief, the following terms will be met:

    a.     ***County Injunctive Relief.***

        The County agrees to issue a joint statement, attached hereto as Exhibit 3, with CCPD to all APDs.

    b.     ***CCPD Injunctive Relief.***

       i.     The CCPD will provide a copy of Lester Finkle's December 15, 2017 email and all attachments thereto to new hires in their training packet during the Sunset Period (defined below). The email and attachments are attached hereto as Exhibit 4.

      ii.     The CCPD will disseminate information it receives from the CCSO during the Sunset Period, including any procedures on videoconferencing and reservation of meeting rooms, procedures on reporting incidents and notice of detainees with 313 and 323 alerts.

     iii.    Videoconferencing shall be made available for APDs and law clerks to communicate with their detainee clients, subject to approval of the APD's or law clerk's Chief of the Division. It is the CCPD's position that videoconferencing is not a substitute for in-person meetings with clients at the Cook County jail or the lockup facilities in the Leighton Criminal Courthouse.

     iv.    The CCPD agrees to issue a joint statement, attached hereto as Exhibit 3, with Cook County to all APDs.

     v.    The CCPD agrees to enact a policy, attached hereto as Exhibit 5, concerning the representation of clients who have engaged in sexual harassment of APDs and law clerks.

     vi.    During the Sunset Period, if the Plaintiffs believe the CCPD is not in compliance with the Settlement Agreement, Plaintiffs shall submit written notice to Karen Dimond, Deputy, karen.dimond@cookcountyil.gov within fourteen (14) calendar days of learning of the purported non-compliance. The CCPD shall have fourteen (14) calendar days to investigate any alleged non-compliance and cure any defect discovered.

c.    ***CCSO Injunctive Relief.***

     i.    The CCSO shall keep Policy 164 and Procedure 132 in place during the Sunset Period. Policy 164, as in effect on the Effective Date, is attached hereto as Exhibit 6. Procedure 132 as in effect on the Effective Date is attached hereto as Exhibit 7. The CCSO shall provide any updates made to Policy 164 or Procedure 132 during the duration of the Sunset Period to Plaintiffs' counsel fourteen (14) calendar days prior to implementation. Upon Plaintiffs' counsel's request, the Parties shall meet and confer regarding any changes to Policy 164 or Procedure 132.

     ii.    The CCSO has established a process by which an APD may report an incident of indecent exposure, masturbation, or other sexual misconduct and has posted this same information in Court Service Division courthouse lockups. The CCSO will update this posting within fourteen (14) calendar days of the final execution of this Settlement Agreement to include law clerks and to provide the policy for requesting the final outcome of an incident report. The CCSO will keep the postings of this information in the Court Service Division courthouse lockups. The posting shall contain the information in Exhibit 8, attached hereto.

     iii.    During the Sunset Period, the CCSO shall continue to permit an APD or law clerk subjected to indecent exposure, masturbation, or other sexual misconduct who has reported the incident as described in Exhibit 8 to request the incident report regarding that incident and/or the outcome of

any administrative hearing regarding that incident by sending an email to the Sheriff's Office FOIA Officer at ccso.foiaofficer@cookcountyil.gov. The APD or law clerk shall include the date, time, and location of the incident, as well as a description of the involved detainee to the best of his/her ability. The subject line must include: APD/LAW CLERK REQUEST PURSUANT TO SETTLEMENT AGREEMENT IN BROWN V. COOK COUNTY ET AL. Any APD or law clerk making a request shall also identify himself or herself as an APD or law clerk. CCSO shall provide the report via email within five (5) business days of the request.

iv. During the Sunset Period, all detainees with a reported incident of indecent exposure, masturbation, or sexual misconduct shall continue to be provided with and required to wear a jumpsuit designed to thwart indecent exposure and masturbation. The jumpsuit will be promptly provided, and its use required, upon the first report of the behavior by any sworn or civilian personnel or person, without awaiting an inmate disciplinary hearing or adjudication. The jumpsuit will be worn in all Cook County Department of Corrections and Court Service Division facilities, and during transport. If the CCSO has an insufficient number of jumpsuits, then it will manufacture or purchase more. In the event of an isolated incident of a jumpsuit violation, Plaintiffs will not seek an enforcement action if the isolated incident of the jumpsuit violation is promptly remedied within twenty-four (24) hours of written notice to CCSO. As used herein, isolated means a lone incident in a sixty (60)-calendar day period or longer.

v. During the Sunset Period, all detainees with a reported incident of indecent exposure, or masturbation, or sexual misconduct shall continue to be handcuffed at all times during transport from the Department of Corrections to the Court Services Division of the Cook County Judicial System facilities, and will remain handcuffed at all times unless otherwise ordered by a criminal court judge, until their return to the jail. In the Leighton Criminal Courthouse, those detainees will remain handcuffed behind the back while in the Leighton Criminal Courthouse and will be kept on the "bridge" versus being held in the courtroom lockups. These procedures will be implemented at the time of documenting of the incident and pending administrative adjudication of the matter. Such measures will be continued with respect to the detainee after adjudication finding he engaged in the conduct reported.

vi. During the Sunset Period, the CCSO shall continue to assign a deputized sworn staff member or exempt staff member to each of the eight lockup areas in the Leighton Criminal Courthouse on floors 4, 5, 6, and 7 to remain in each of those lockup areas at all times when nonsworn court personnel are present with detainees.

8

vii.    The CCSO shall make CCSO's existing videoconferencing capabilities available for APD client meetings. Videoconferencing capabilities are currently available in Divisions II, V, VI, IX, X, and XI.

viii.    The CCSO has designated rooms in Divisions IX and X for attorneys to meet with their clients away from the tiers. An APD requesting to meet with a client in one of these rooms shall send an email making the request to the following email address: ccso.legalvisit@cookcountyil.gov. An APD may, but is not required, to use the off-tier meeting room.

ix.    The CCSO shall provide a list of detainees with 313 and 323 alerts to a designated individual at the CCPD ("List"). The List shall be electronically provided to CCPD daily via email and will include detainees who have a 313 or 323 alert at the time of creation of the List.

x.    If the Plaintiffs believe the CCSO is not in compliance with the Agreement, Plaintiffs shall submit a written notice to Nicholas Scouffas (Nicholas.Scouffas@cookcountyil.gov) and Katherine Christy (Katherine.Christy@cookcountyil.gov) within fourteen (14) calendar days of learning the non-compliance. The CCSO shall have fourteen (14) calendar days to investigate any alleged non-compliance and cure any defect discovered.

## <u>RELEASE OF CLAIMS</u>

28.    As of the Effective Date, Class Representatives and their respective heirs, assigns, successors, agents, attorneys, executors, and representatives (collectively, the "Releasing Class Representatives"), fully release and discharge Defendants and Defendants' present and former officers, directors, attorneys, agents, servants, representatives, employees, insurers, and anyone else acting or purporting to act on their behalf (the "Releasees"), from any and all individual and class claims, causes of action, damages (whether actual, compensatory, statutory, punitive or of any other type), costs, expenses, and attorneys' fees, whether known or unknown, that Releasing Class Representatives have or may have against Defendants, or any Defendant, as of the date this Settlement Agreement is signed by all Parties, including, but not limited to, any rights under federal, state and local statutes, regulations, ordinances, executive orders, policies and other common law, and any alleged employee policy, employee manual or other alleged contract of employment, including claims for attorneys' fees. In this respect, Releasing Class Representatives voluntarily and knowingly agree to waive and release all rights under all federal, state and local constitutional and statutory provisions, orders and regulations prohibiting discrimination based upon race, color, sex, sexual orientation, religion, age, disability, national origin, veteran status, marital status, employment improprieties, interference with protected activities, use of Family Medical Leave Act time, and retaliation, including, but not limited to, (i) Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000(c) *et seq.*; (ii) the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621 *et seq.*; (iii) the Civil Rights Act of 1866, 1870 and 1871, 42 U.S.C. §1981 *et seq.*; (iv) the Civil Rights Act of 1991, 42 U.S.C. §1981 *et seq.*; (v) the United States and Illinois Constitutions; (vi) the Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.*; (vii) the Illinois

9

Human Rights Act, 775 ILCS 5/1-101 *et seq.*; and all other federal, state and local civil rights acts, regulations, orders, and executive orders relating to any alleged improper actions occurring or relating to her employment. Notwithstanding this or any other provision in this Settlement Agreement, however, Releasing Class Representatives shall retain the right to bring a claim to enforce this Settlement Agreement. This release shall not apply to claims or rights that may not be waived under applicable law.

29.     As of the Effective Date, Settlement Class Members, and their respective heirs, assigns, successors, agents, attorneys, executors, and representatives (collectively, the "Releasing Class Members"), fully release and discharge the Releasees, from any and all individual and class claims, causes of action, damages (whether actual, compensatory, statutory, punitive or of any other type), costs, expenses, and attorneys' fees, whether known or unknown, that were or could have been asserted by Releasing Class Members against Defendants, or any Defendant, as of the date this Settlement Agreement is signed by all Parties arising out of, or in any way related to, the facts, acts, events, occurrences, courses of conduct, omissions, circumstances, or other factual allegations contained in the FAC, whether any such claim was or could have been asserted by any Releasing Class Member on its own behalf or on behalf of other persons, against the Releasees. Notwithstanding this or any other provision in this Settlement Agreement, however, Releasing Class Members shall retain the right to bring a claim to enforce this Settlement Agreement. This release shall not apply to claims or rights that may not be waived under applicable law.

30.     Except as provided in this Settlement Agreement, the Parties stipulate that beyond the Settlement Payment, Defendants shall not owe any further monies to the Class Representatives, Settlement Class Members, or to Class Counsel.

31.     As of the Effective Date, Class Representatives, each and every Settlement Class Member, and each and every Defendant shall be bound by the terms of this Settlement Agreement and shall have recourse exclusively to the benefits, rights, and remedies provided hereunder. All Parties shall be deemed to have, and by operation of the Final Non-Appealable Order and Judgment entered by the Court shall have, fully, finally, and forever released, relinquished, and discharged each and all of the Releasees from any and all released claims as set forth in Paragraphs 28 and 29 through the date of entry of Judgment in the Lawsuit.

## VOIDING THE SETTLEMENT AGREEMENT

32.     In the event the Court does not preliminarily approve the Settlement Agreement, the Parties agree to make good faith efforts to modify the Settlement Agreement in order to obtain Court approval. If, after good faith efforts have been exhausted, the Court does not approve any material condition of this Settlement Agreement, the entire Settlement Agreement will be voidable and unenforceable.

33.     If five percent (5%) or more potential members of the Settlement Class properly and timely opt out of the Settlement, then the Settlement Agreement may be deemed null and void upon written notice by the County, in its sole discretion, without penalty or sanction.

34.     If payment is not effectuated pursuant to Paragraph 24, above, the entire Settlement Agreement will be voidable and unenforceable.

35.     To the extent this Agreement is deemed void or the Effective Date does not occur, the Parties do not waive, but rather expressly reserve, all rights to challenge or prosecute any and all claims and allegations asserted by the Class Representatives and Plaintiffs for themselves and on behalf of all Class Members upon all procedural and substantive grounds, and to assert any and all other claims, defenses, and privileges.

## NO ADMISSION OF LIABILITY

36.     The Parties expressly understand and agree that acceptance of this Agreement does not constitute any admission or concession of liability whatsoever or any wrongdoing by any Defendant and/or any Defendants' future, current, or former officers, agents, and employees. To the extent permitted by law, neither this Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be offered as evidence or received in evidence in any pending or future civil, criminal, or administrative action or proceeding, to establish any liability or admission by Defendants, except in any proceedings brought to enforce the Agreement. Neither this Agreement, nor any pleading or other paper related in any way to this Agreement, nor any act or communication in the course of negotiating or implementing this Agreement, shall be deemed an admission by Defendants that certification of a class is appropriate in any other litigation, or shall otherwise preclude Defendants from opposing or asserting any argument they may have with respect to certification of any class in any proceeding. Moreover, the parties agree that this Agreement shall not be used as precedent in any way as to any subsequent conduct of Defendants except as set forth herein in an enforcement action.

## NO TAX ADVICE

37.     The Parties expressly agree that Defendants have not provided any tax advice to Plaintiffs regarding the effect this Agreement may have, and Plaintiffs hereby acknowledge that they are solely responsible for seeking any tax advice regarding the effect this Agreement may have. The Parties further agree that each Party is solely responsible for their own tax liabilities and do not agree to indemnify each other for purpose of tax liabilities.

## NO LIQUIDATED DAMAGES

38.     The Parties agree that no Party shall be obligated to pay liquidated damages in the event of a breach of any Parties' obligations pursuant to this Agreement.

## JURISDICTION AND SUNSET PERIOD

39.     The Parties agree that the Injunctive Relief set forth in Paragraph 27 shall extend for two (2) years from the date of entry of the Final Non-Appealable Order ("Sunset Period"). The Parties further agree that the Defendants will file a notice of dismissal with prejudice on the next court date following entry of the Final Non-Appealable Order. The Chancery Division of the

Cook County Circuit Court will then have jurisdiction over the Agreement for the duration of the Sunset Period.

## EFFECT OF NOTICE

40.     It is agreed that it is impossible or impractical to have each Settlement Class Member execute this Settlement Agreement. The Notice will advise all Settlement Class Members of the binding nature of the release and shall have the same force and effect as if each Settlement Class Member executed this Settlement Agreement.

## ATTORNEY'S FEES AND COSTS

41.     Except as otherwise stated herein, the Parties agree that they will each bear their own respective attorney's fees and costs paid or incurred in connection with the claims settled and released by this Agreement and the negotiation, preparation and execution of this Agreement, and will not seek reimbursement thereof from any Party to this Settlement Agreement.

## PREVAILING PARTY FEES

42.     The Parties agree that Plaintiffs' counsel shall be entitled to attorneys' fees in the event they prevail on an action brought to enforce the breach of the agreement but that an isolated incident, as described above in Paragraph 27(c)(iv), will not result in an enforcement action.

## INTEGRATION

43.     This Agreement contains the entire agreement between the Parties hereto, and Plaintiffs and Defendants acknowledge and agree that no promise or representation not contained in this agreement has been made to them, and they acknowledge and represent that this Agreement contains the entire understanding between the Parties, and contains all terms and conditions pertaining to the compromise and settlement of the disputes referenced herein. No statement, remark, agreement, or understanding, oral or written, that is not contained herein shall be recognized or enforced, nor does this Agreement reflect any agreed upon purpose other than the desire of the Parties to reach a full and final conclusion of the Lawsuit as it applies to the claims between the Parties and to resolve those claims without the time and expense of further litigation.

## SEVERABILITY

44.     The provisions of this Agreement shall be deemed severable, and any invalidity or unenforceability of any one or more of its provisions shall not affect the validity or enforceability of the other provisions herein.

## EXECUTION AND REVOCATION

By signing this Settlement Agreement, Class Representatives, by and through Class Counsel, waive all rights and claims under the Age Discrimination in Employment Act

"(ADEA") of 1967, as amended. To ensure compliance with the requirements of the Older Workers Benefit Protection Act ("OWBPA"), 29 U.S.C. Section 626(f), Class Representatives, by signing this Settlement Agreement, agree that (1) they understand that this waiver is part of a Settlement Agreement; (2) they have read and fully understood the Settlement Agreement; (3) they intend to waive any rights or claims under the ADEA as to matters raised in this Action as of the Effective Date of this Settlement Agreement; (4) they do not waive any rights or claims that may arise after the date of the signing of this Settlement Agreement by all Parties; (5) they are knowing and voluntarily waiving rights or claims in exchange for valuable consideration in addition to anything of value to which they are already entitled; and (6) they have had an opportunity to consult with Class Counsel before executing this Settlement Agreement and have had at least twenty-one days to consider the terms of this Settlement Agreement. In the event a Class Representative executes this Agreement, she shall have seven (7) days to revoke this agreement by sending written notification to Elizabeth Ekl, Reiter Burns LLP, eekl@reiterburns.com. If a Class Representative does not revoke the Agreement during the seven-day revocation period, this Settlement Agreement will take effect on the eighth day after the date the Class Representative signed.

## NECESSARY ACTS

45.     The Parties agree to perform any further acts and execute any documents which may be reasonably necessary to effectuate the purpose of and to carry out the provisions of this Agreement and to dismiss the Lawsuit.

## WARRANTIES

46.     The undersigned warrant and represent that the person(s) executing this Agreement are authorized to do so.

## MUTUAL DRAFTING AND CONSTRUCTION

47.     The Parties understand and agree that this Agreement is purely voluntary and was prepared for the mutual benefit of the Parties. No Party shall be considered to be a unilateral or singular drafter of this Agreement, and the Agreement shall not be construed against any party based upon the assertion that one or more of them was the "drafter." This Agreement shall be governed and construed in accordance with the laws of the State of Illinois without regard to Illinois's choice of law provisions. The headings and paragraph titles used herein are for reference only and shall not affect the construction of this Agreement.

## MODIFICATION

48.     This Settlement Agreement may not be changed, altered, modified, except in writing and signed by counsel for the Parties, and approved by the Court. This Settlement Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by counsel for the Parties.

## **BINDING ON ASSIGNS**

49.     This Settlement Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors, and assigns.

## **COUNTERPARTS**

50.     This Settlement Agreement may be executed in one or more counterparts and by facsimile, email or digital signature. All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the Parties to this Settlement Agreement shall exchange among themselves signed counterparts.


**IT IS SO STIPULATED AND AGREED:**


——————          ————————————————————
Date                   Crystal Brown


——————          ————————————————————
Date                   Saran Crayton


——————          ————————————————————
Date                   Samantha Slonim


——————          ————————————————————
Date                   Celeste Addyman


——————          ————————————————————
Date                   Erika Knierim


——————          ————————————————————
Date                   Julie Hull

14

## BINDING ON ASSIGNS

49.     This Settlement Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors, and assigns.

## COUNTERPARTS

50.     This Settlement Agreement may be executed in one or more counterparts and by facsimile, email or digital signature. All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the Parties to this Settlement Agreement shall exchange among themselves signed counterparts.

**IT IS SO STIPULATED AND AGREED:**


_____     _____
Date          Crystal Brown


_____     _____
Date          Saran Crayton


_____     _____
Date          Samantha Slonim


_____     _____
Date          Celeste Addyman

2-21-20       _____
Date          Erika Knierim


_____     _____
Date          Julie Hull

14

## BINDING ON ASSIGNS

49.     This Settlement Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors, and assigns.

## COUNTERPARTS

50.     This Settlement Agreement may be executed in one or more counterparts and by facsimile, email or digital signature. All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the Parties to this Settlement Agreement shall exchange among themselves signed counterparts.

**IT IS SO STIPULATED AND AGREED:**


Date            Crystal Brown


Date            Saran Crayton


Date            Samantha Slonim

2/21/20
Date            Celeste Addyman


Date            Erika Knierim


Date            Julie Hull


14

## BINDING ON ASSIGNS

49.     This Settlement Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors, and assigns.

## COUNTERPARTS

50.     This Settlement Agreement may be executed in one or more counterparts and by facsimile, email or digital signature. All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the Parties to this Settlement Agreement shall exchange among themselves signed counterparts.

## IT IS SO STIPULATED AND AGREED:

_____     _____
Date                Crystal Brown

_____     _____
Date                Saran Crayton

2·21·2020           _____
Date                Samantha Slonim

_____     _____
Date                Celeste Addyman

_____     _____
Date                Erika Knierim

_____     _____
Date                Julie Hull

14

## BINDING ON ASSIGNS

49.     This Settlement Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors, and assigns.

## COUNTERPARTS

50.     This Settlement Agreement may be executed in one or more counterparts and by facsimile, email or digital signature. All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the Parties to this Settlement Agreement shall exchange among themselves signed counterparts.

## IT IS SO STIPULATED AND AGREED:

| | |
|---|---|
| Date | Crystal Brown |

| | |
|---|---|
| Date | Saran Crayton |

| | |
|---|---|
| Date | Samantha Slonim |

| | |
|---|---|
| Date | Celeste Addyman |

| | |
|---|---|
| Date | Erika Knierim |

2/20/2020
Date                Julie Hull

14

## BINDING ON ASSIGNS

49.     This Settlement Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors, and assigns.

## COUNTERPARTS

50.     This Settlement Agreement may be executed in one or more counterparts and by facsimile, email or digital signature. All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the Parties to this Settlement Agreement shall exchange among themselves signed counterparts.

## IT IS SO STIPULATED AND AGREED:

_____     _____
Date          Crystal Brown

2/21/2020     _____
Date          Saran Crayton

_____     _____
Date          Samantha Slonim

_____     _____
Date          Celeste Addyman

_____     _____
Date          Erika Knierim

_____     _____
Date          Julie Hull

14

2-21-2020    *Robin Potter*
Date           Robin Potter
               Nieves Bolaños
               Class Counsel
               Potter Bolaños LLC
               111 East Wacker Drive, Suite 2600
               Chicago, IL 60601
               (312) 861-1800
               FEIN:


_____
Date               Elizabeth A. Ekl
               Special Assistant State's Attorney
               Attorney for Defendant Cook County
               Reiter Burns LLP
               311 S. Wacker Drive, Suite 5200
               Chicago, IL 60606
               (312) 982-0090


_____
Date               Michael Condon
               Attorney for Defendant
               Amy Campanelli, in her official
               Capacity as Public Defender of
               Cook County
               Hervas, Condon & Bersani, P.C.
               333 Pierce Road, Suite 195
               Itasca, IL 60143
               (630) 773-4774


_____
Date               Christina Egan
               Attorney for Defendant
               Thomas Dart, in his official capacity
               as Sheriff of Cook County
               McGuireWoods LLP
               77 W. Wacker Drive, Suite 4100
               Chicago, IL 60601
               (312) 750-8644

15

| | |
|---|---|
| _____ | _____ |
| Date | Robin Potter |
| | Nieves Bolaños |
| | Class Counsel |
| | Potter Bolaños LLC |
| | 111 East Wacker Drive, Suite 2600 |
| | Chicago, IL 60601 |
| | (312) 861-1800 |
| | FEIN: |

| | |
|---|---|
| 02-21-2020 | /s/ Elizabeth A. Ekl |
| Date | Elizabeth A. Ekl |
| | Special Assistant State's Attorney |
| | Attorney for Defendant Cook County |
| | Reiter Burns LLP |
| | 311 S. Wacker Drive, Suite 5200 |
| | Chicago, IL 60606 |
| | (312) 982-0090 |

| | |
|---|---|
| 02-21-2020 | /s/ Michael Condon |
| Date | Michael Condon |
| | Attorney for Defendant |
| | Amy Campanelli, in her official |
| | Capacity as Public Defender of |
| | Cook County |
| | Hervas, Condon & Bersani, P.C. |
| | 333 Pierce Road, Suite 195 |
| | Itasca, IL 60143 |
| | (630) 773-4774 |

| | |
|---|---|
| 02-21-2020 | /s/ Christina Egan |
| Date | Christina Egan |
| | Attorney for Defendant |
| | Thomas Dart, in his official capacity |
| | as Sheriff of Cook County |
| | McGuireWoods LLP |
| | 77 W. Wacker Drive, Suite 4100 |
| | Chicago, IL 60601 |
| | (312) 750-8644 |

15

## BINDING ON ASSIGNS

49.     This Settlement Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors, and assigns.

## COUNTERPARTS

50.     This Settlement Agreement may be executed in one or more counterparts and by facsimile, email or digital signature. All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the Parties to this Settlement Agreement shall exchange among themselves signed counterparts.


**IT IS SO STIPULATED AND AGREED:**

2/21/2020
Date                    Crystal Brown


_____               _____
Date                    Saran Crayton


_____               _____
Date                    Samantha Slonim


_____               _____
Date                    Celeste Addyman


_____               _____
Date                    Erika Knierim


_____               _____
Date                    Julie Hull

02-21-2020
Date

Cook County
By:   Cathy McNeil Stein
Chief, Civil Actions Bureau
Cook County State's Attorney's Office
500 Richard J. Daley Center
Chicago, IL 60602
(312) 603-8600


02-21-2020
Date

Sheriff Thomas Dart, in his Official Capacity
By:   Nicholas Scouffas
General Counsel
Cook County Sheriff's Office
50 West Washington, 7th Floor
Chicago, IL 60602
(312) 603-8856


02-21-2020
Date

Amy Campanelli, in her Official Capacity
Cook County Public Defender
69 West Washington
Chicago, IL 60602
(312) 603-0600

16

Ex. 1 Final Class List 02.03.2020

|    | APDs |
|----|------|
| 1  | Addyman, Celeste |
| 2  | Adelman, Mara G |
| 3  | Ahuja, Loveleen K |
| 4  | Anandappa, Annmarie |
| 5  | Anderson, Lindsey J |
| 6  | Anderson, Sarah E |
| 7  | Armalas, Margaret S |
| 8  | Armendariz, Rocio |
| 9  | Arnold, Helen |
| 10 | Arthur, Kristin A |
| 11 | Arundel Duchatellier, Mary C |
| 12 | Atassi, Randah |
| 13 | Avant, Denise R |
| 14 | Bachli, Camille |
| 15 | Baker, Rachel L |
| 16 | Balmer, Brett |
| 17 | Bank, Naomi J |
| 18 | Barclae, Brittany M |
| 19 | Barnes, Sally |
| 20 | Barrido, Maria |
| 21 | Bauman, Cynthia J |
| 22 | Berman, Melissa |
| 23 | Bertacchi, Claudia V |
| 24 | Binstock, Deana M |
| 25 | Bisher-Fry, Colleen |
| 26 | Bishop, Jeanne |
| 27 | Blair Aniciete, Shelley B |
| 28 | Blakely, Tiana S |
| 29 | Bock, Emily D |
| 30 | Booker, Michelle T |
| 31 | Bookwalter, Christine |
| 32 | Boughton, Lisa H |
| 33 | Brace, Ellen J W |
| 34 | Braziel, Chalet M |
| 35 | Brean, Lisa G |
| 36 | Brown, Crystal P |
| 37 | Bryant, Marie Cheyenne |
| 38 | Buran Vongher, Ann C |
| 39 | Burns, Chastidy A |
| 40 | Butterton, Mary V. |
| 41 | Calabrese, Camille |
| 42 | Calhoun, Katherine D |
| 43 | Cannizzaro, Lauren E |
| 44 | Caputo, Christina V |

EXHIBIT 1

Ex. 1 Final Class List 02.03.2020

| | APDs |
|---|---|
| 45 | Carbellos, Crystal A |
| 46 | Carson, Georgeen |
| 47 | Carter Woolfolk, Nicala R |
| 48 | Cassata, Kathleen A |
| 49 | Christian Williams, Yvonne |
| 50 | Ciupka, Stephanie |
| 51 | Claxon, Marissa N |
| 52 | Clough, Abigail S |
| 53 | Clough, Rebecca |
| 54 | Collins, Candace L |
| 55 | Costin, Rosemary |
| 56 | Cox, Lucy A |
| 57 | Crayton, Saran B |
| 58 | Crosley, Adair R |
| 59 | Cruz, Debra L |
| 60 | Curtin, Peggy |
| 61 | Dago, Liliana |
| 62 | Daniels, Gillian |
| 63 | Davis, Adrienne |
| 64 | Davis, Lisa J |
| 65 | De La Rosa, Eulalia |
| 66 | Dedmond, Lisa A |
| 67 | Delgado, Melissa A |
| 68 | Deveaux, Ashley A |
| 69 | Deyoe, Emily R |
| 70 | Dillon, Patricia M |
| 71 | Domin, Margaret H |
| 72 | Dooley, Katherine A T |
| 73 | Dotson, Juanisha N |
| 74 | Doyle, Mary H |
| 75 | Dunlap, Charnelle D |
| 76 | Durham, Camille M |
| 77 | Dykes, Anne R. |
| 78 | Dykes, Sheree D |
| 79 | Eagle, Adrenna |
| 80 | Ehrlich, Susan M |
| 81 | Ellis, Vanessa L |
| 82 | Episcope, Amy |
| 83 | Epstein, Elyse F |
| 84 | Fagan, Aimee R |
| 85 | Farrell, Erin K |
| 86 | Fawcett, Wendy J |
| 87 | Ficaro, Vanessa M |
| 88 | Fisher, Catherine |

|     | APDs                           |
|-----|--------------------------------|
| 89  | Florek, Karen M                |
| 90  | Floren, Arleen                 |
| 91  | Ford, Tammi A                  |
| 92  | Foster, Ashley M               |
| 93  | Foster, Stephanie              |
| 94  | Fransene, Sarah L              |
| 95  | French, Anne C                 |
| 96  | Frisch, Renee M                |
| 97  | Fritz, Kathleen D              |
| 98  | Fullman, Shevon                |
| 99  | Funches, Doris J               |
| 100 | Gallagher, Brett E             |
| 101 | Gassman, Debra E               |
| 102 | Gaudin, Nicole                 |
| 103 | Giacomara, Melissa F           |
| 104 | Gill, Jennifer L               |
| 105 | Gill-Richards, Ingrid          |
| 106 | Gladney, Shari L               |
| 107 | Glennon Goodman, Caroline G    |
| 108 | Goldsmith, Emily B             |
| 109 | Gonzalez, Maria Teresa         |
| 110 | Gorman, Colleen C              |
| 111 | Gray, Ieshia                   |
| 112 | Gray, Kimberly A               |
| 113 | Greene, Claudette              |
| 114 | Greene, Erica C                |
| 115 | Hahn, Rebecca                  |
| 116 | Halliman, Colleen L            |
| 117 | Hareas, Catherine S            |
| 118 | Harkins, Tracey L              |
| 119 | Harris Black, Courtney A       |
| 120 | Harvey, Toya                   |
| 121 | Hatcher, Rachelle              |
| 122 | Haynes, Robyn M                |
| 123 | Hendrickson Douglass, Michele F |
| 124 | Henry, Sheree D                |
| 125 | Heredia, Alissa                |
| 126 | Hodel, Jennifer L              |
| 127 | Honegan, Shana M               |
| 128 | Howard, Brittany               |
| 129 | Howard, Carolyn M              |
| 130 | Hull, Julie                    |
| 131 | Hunter, Jessica A              |
| 132 | Hussain, Khadija I             |

| | APDs |
|---|---|
| 133 | Inendino, Rosalee M |
| 134 | Isaacson, Suzanne |
| 135 | Jackson, Clork |
| 136 | James, Hilary |
| 137 | Jha, Lakshmi |
| 138 | Johnson, Monica L |
| 139 | Jones, Kessa S |
| 140 | Kadish, Suzin |
| 141 | Kalisiak, Michelle |
| 142 | Katsivalis Mcinerney, Nicolette |
| 143 | Keenan, Kyan E |
| 144 | Keller, Bernadette W |
| 145 | Kelly Bragg, Mary |
| 146 | Kilpatrick, Celia |
| 147 | Klinge, Amber R |
| 148 | Knierim, Erika R |
| 149 | Koch, Mary C |
| 150 | Koch, Rachel M |
| 151 | Koehler, Julie A |
| 152 | Kowalski, Janice M |
| 153 | Kromwell, Jacquelyn |
| 154 | Kucaba, Elizabeth W |
| 155 | Lappin, Kyle B |
| 156 | Lawson Robinson, Juanita |
| 157 | Levine, Alysa N |
| 158 | Lewis, Tina M |
| 159 | Lisco, Kathryn C |
| 160 | Lopez, Yvette |
| 161 | Louis, Jessica C |
| 162 | Mackey, Kathryn |
| 163 | Malone, Kimberly |
| 164 | Manning, Sarah E |
| 165 | Mapp, Monica L |
| 166 | Masterson, Michaelea |
| 167 | May, Dolorita C |
| 168 | McBeth, Ruth A |
| 169 | Mc Clure, Barbara J |
| 170 | Mcateer-Cambouris, Catherine R |
| 171 | Mccart, Emily V |
| 172 | Mceneely, Suzanne T |
| 173 | Mcgarr, Carly A |
| 174 | Mcguire, Deirdre A |
| 175 | Mckeigue, Ashleigh |
| 176 | Medley, Monique M |

|     | APDs |
| --- | --- |
| 177 | Menzel, Kristina |
| 178 | Milder, Carol J |
| 179 | Miller, Amber K |
| 180 | Mills, Kimberly |
| 181 | Mines, Kim A |
| 182 | Montelongo, Ana M |
| 183 | Moore, Kelly A |
| 184 | Morgan, Charity |
| 185 | Moriarty, Kathleen A |
| 186 | Mullarkey, Ann P. |
| 187 | Myer, Melissa |
| 188 | Myers, Bailee D |
| 189 | Myslinski, Sylvia |
| 190 | Neal, Kristine A |
| 191 | Nelson, Theresa M |
| 192 | Nesbit, Nicole C |
| 193 | Newton, Monica D |
| 194 | Niles, Miranda |
| 195 | Nixon, Takenya N |
| 196 | Norris, Renee C |
| 197 | Nuby, Melanie R |
| 198 | O'Connor, Alexandrea N |
| 199 | Orellano, Iveliz M |
| 200 | O'Toole, Genevieve E |
| 201 | Ottenfeld, Lisa S |
| 202 | Pacouloute, Brenda |
| 203 | Pahl, Eileen T |
| 204 | Pallucca, Marilyn |
| 205 | Panozzo, Valerie A |
| 206 | Parris, Sandra |
| 207 | Patterson, Caitlin K |
| 208 | Patzke, Carly P |
| 209 | Payne, Julie Eve |
| 210 | Pelech, Kathryn E |
| 211 | Perez, Cordia M |
| 212 | Perez, Linda |
| 213 | Peterson, Randalyn L |
| 214 | Petitti, Samantha A |
| 215 | Piemonte, Gina |
| 216 | Pileggi, Nicole |
| 217 | Placek, Marijane |
| 218 | Polak, Katherine A |
| 219 | Poswal, Kimberly |
| 220 | Powell, Kaitin M |

| | APDs |
|---|---|
| 221 | Price-Horton, Tiffin M |
| 222 | Resnick, Cari J |
| 223 | RESNICK, SARAH G |
| 224 | Rhyne, Kisha L |
| 225 | Ribbeck, Bertha E |
| 226 | Rivera, Carmen |
| 227 | Roberts, Ryann C |
| 228 | Roesener, Dawn M |
| 229 | Rogoff, Leslie B |
| 230 | Roller, M Katherine |
| 231 | Roos, Eleanor A |
| 232 | ROSADO TIMMERHAUS, JOANNE F. |
| 233 | Rosales, Melinda M |
| 234 | Rysgaard-Brauckman, Heather L |
| 235 | Santilli, Silvana |
| 236 | Scarimbolo, Roseann |
| 237 | Schlegel, Stephanie L |
| 238 | Schreiber, Jessica M. |
| 239 | Schultz, Kathleen |
| 240 | Scotillo, Mary H |
| 241 | Semrow, Quandee P |
| 242 | Serban, Iarina N |
| 243 | Shambley, Ashley N |
| 244 | Share, Marni |
| 245 | SHEIKH, DAWN C. |
| 246 | Shevell, Lee M |
| 247 | Silva, Rosa M |
| 248 | Sims, Sharon |
| 249 | SINGER, DENA M. |
| 250 | Sirkin, Tamar |
| 251 | Slauson-Ross, Katherine A |
| 252 | Slocum, Diane |
| 253 | Slonim, Samantha J (French) |
| 254 | Smallwood, Courtney M |
| 255 | Smith, Chandra J |
| 256 | Smith, Judie L |
| 257 | Smith, Tiesha L |
| 258 | Smith, Towana S |
| 259 | Sneed, Tena G |
| 260 | Soto, Martha |
| 261 | Spearman, Latoya D |
| 262 | Staisiunas, Daina D |
| 263 | Steiner, Wendy M |
| 264 | Steinfeld, Coryn |

| | APDs |
|-----|------|
| 265 | Stockslager, Catherine |
| 266 | Stofan, Kathleen M |
| 267 | Streff, Denise A |
| 268 | Strickler, Katharine |
| 269 | Stubbs, Janelle L |
| 270 | Svistchova, Maria |
| 271 | Swan, Rachelle C. Hatcher |
| 272 | Talwar, Karin S |
| 273 | Thakur, Niyati |
| 274 | Thembeka, Safisha L |
| 275 | Thornton, Starr K |
| 276 | Tomlinson, Megan L |
| 277 | Toussaint, Marie |
| 278 | Tsimouris, Helen |
| 279 | Tucker Crowder, Danielle C |
| 280 | Tucker, Cindy D |
| 281 | Tull, Joy R |
| 282 | Underwood, Kristine M |
| 283 | Vahey, Kathryn |
| 284 | Vais, Patricia A |
| 285 | Varnado, Ashley |
| 286 | Vaughn, Jennifer L |
| 287 | Walton, Miriam P |
| 288 | Walton, Tyria B |
| 289 | Ward Brown, Gwyndolette E |
| 290 | Ward, Radiance |
| 291 | Washlow, Rebecca A |
| 292 | Washlow, Samantha B |
| 293 | Watt, Marsha |
| 294 | Webber, Andrea M |
| 295 | Weiler, Diana M |
| 296 | Weisberg, Amy K |
| 297 | Weiss, Felicia N |
| 298 | Wesley, Tiffani T |
| 299 | West, Presita R |
| 300 | Weston, Antoinette D |
| 301 | Widdowson, Lauren |
| 302 | Wierenga, Jacqueline |
| 303 | Williams, Nadine |
| 304 | Willis, Julie |
| 305 | Wilson, Lynn R |
| 306 | Winner, Kate E |
| 307 | Wright, Melissa E |
| 308 | Yoder, Laura C |

| | APDs |
|---|---|
| 309 | Zink, Elizabeth |
| 310 | Zisook, Debra A |
| 311 | Zun, Wendy K |
| | Law Clerks |
| 312 | Abuzerr, Fatima |
| 313 | Agbiro, Carla |
| 314 | Alba, Brenda |
| 315 | Alaraj, Ata |
| 316 | Alzfan, Brittany |
| 317 | Andersen, Alexis |
| 318 | Ansari, Humza |
| 319 | Antonacci, Alexandra |
| 320 | Arnold, Mardysa |
| 321 | Ascione, Jordan |
| 322 | Avery, Ann |
| 323 | Aviles, Rose |
| 324 | Azzami, Najua |
| 325 | Bachelder, Paige |
| 326 | Bachrach, Abigail |
| 327 | Baker, Shymane |
| 328 | Bass, Y'Noka |
| 329 | Bautista, Darcy |
| 330 | Berberkic, Mirza |
| 331 | Berman, Melissa |
| 332 | Bernal, Maria |
| 333 | Borchew, Michele E. |
| 334 | Brauer, Lauren |
| 335 | Braun, Jeanette M. |
| 336 | Bright, Elizabeth |
| 337 | Brooker, Lauren C. |
| 338 | Bryant, Joiya |
| 339 | Butt, Husna |
| 340 | Caldwell, Briana Nicole |
| 341 | Cannon, Shazaade |
| 342 | Carroll, Emelia |
| 343 | Castellanos, Maria |
| 344 | Cebrero, Vania J. |
| 345 | Chan, Ruth |
| 346 | Charles, Cassandra |
| 347 | Chohan, Manraj |
| 348 | Cionci, Maria M. |
| 349 | Cleghorn, Madelaine |
| 350 | Coble, Keri S. |
| 351 | Considine, Maire Catherine |

Ex. 1 Final Class List 02.03.2020

| | APDs |
|---|---|
| 352 | Cook, Emily |
| 353 | Costello, Kaitlyn |
| 354 | Crawley, Kelsey M. |
| 355 | Crespo, Natasha S |
| 356 | Darden, Carrie |
| 357 | Davis, Brea |
| 358 | Deets, Jessica K. |
| 359 | Derzic, Eva |
| 360 | Desana, Jaclyn R. |
| 361 | Diaz, Jaclyn |
| 362 | Diaz, Lea |
| 363 | Downey, Danielle |
| 364 | Edwards, Sade |
| 365 | Elmer, Abigail |
| 366 | Fazal, Cashmala H |
| 367 | Fischel, Courtney |
| 368 | Fisher, Catherine |
| 369 | Flint, Emily A. |
| 370 | Foellger, Allison |
| 371 | Foster-Gimbel, Amy |
| 372 | Fox, Kellie |
| 373 | Frisbie, Alexandra |
| 374 | Fritz-Nelson, Jaimie |
| 375 | Frothingham, Jessica |
| 376 | Galica, Natalia |
| 377 | Galvin, Breona |
| 378 | Gantzer, Judy |
| 379 | Garcia, Mariah |
| 380 | Gaudin, Nicole |
| 381 | Geiman, Rachel Z. |
| 382 | Gibbons, Stephanie |
| 383 | Gillespie, Jordan |
| 384 | Gizzi, Gianna F. |
| 385 | Glassberg, Stephanie |
| 386 | Gonzalez, Ambar A |
| 387 | Goodchild, Cody |
| 388 | Guerrero, Darleen |
| 389 | Guzman, Mariela |
| 390 | Halsell, Alexis M. |
| 391 | Harkins, Tracey |
| 392 | Hayden, Dominique S. |
| 393 | He, Kathy |
| 394 | Heath, Sharifa |
| 395 | Herrera, Nancy |

Ex. 1 Final Class List 02.03.2020

| | APDs |
|---|---|
| 396 | Hock, Brittany S. |
| 397 | Hoffman, Alexandra |
| 398 | Hogan, Kathryn |
| 399 | Hollie, Imani |
| 400 | Hook, Faith |
| 401 | Howard, Kayla L. |
| 402 | Hudson, Anne |
| 403 | Jenkins, Ashley |
| 404 | Johnson, Alexzandria |
| 405 | Jordanov, Christine A. |
| 406 | Joseph, Sarah B |
| 407 | Kaczkowski, Anna M. |
| 408 | Kaltiso, Rahel M |
| 409 | Keig, Caroline |
| 410 | Kelble, Caroline |
| 411 | Kelly, Mary (Molly) |
| 412 | Khaja, Sadaf Siddiqui |
| 413 | Kliment, Jacqueline |
| 414 | Komp, Emily |
| 415 | Krepp, Krista L |
| 416 | Kuruvilla, Crystal |
| 417 | Le, Ly Thien |
| 418 | Leatherberry, Briana J. |
| 419 | Lee, Hanna |
| 420 | Levette Rawls, Linda |
| 421 | Levine, Alysa N |
| 422 | Lewis, Leah |
| 423 | Lindo, Cara B. |
| 424 | Logitharaj, Anetha |
| 425 | Londoño, Katherine M. |
| 426 | Lopez-Jauffret, Claire |
| 427 | Lowe, Samantha |
| 428 | Lucchese-Soto, Elizabeth |
| 429 | Luguri, Jamie |
| 430 | Ma, Jocelyne |
| 431 | Mack, Jacqueline |
| 432 | Macnab, Beth |
| 433 | Maguire, Addie |
| 434 | Mail, Erica |
| 435 | Maldonado, Danielle A |
| 436 | Mazon, Kaya Ann |
| 437 | Mckinnon, Kayla |
| 438 | Mcstay, Kathleen |
| 439 | Miceli, Alexandria |

Ex. 1 Final Class List 02.03.2020

| | APDs |
|---|---|
| 440 | Mitchell, Jalyn |
| 441 | Mohoff, Kierstin |
| 442 | Molina, Melissa |
| 443 | Morales, Maria |
| 444 | Morgan, Elena B |
| 445 | Muhammad, Lola A. |
| 446 | Mulligan, Lark |
| 447 | Muthukrishnan, Moksha |
| 448 | Nascimento, Isabella |
| 449 | Navarro, Korin |
| 450 | Neninger, Karla |
| 451 | Niaz, Aina S. |
| 452 | Niles, Miranda |
| 453 | Norris, Cierra |
| 454 | Nosalski, Jessica |
| 455 | Ocampo, Jessica N. |
| 456 | Ochoa, Crystal |
| 457 | Oglesby, Tonie |
| 458 | Olugbenga, Ayomide |
| 459 | Ozello, Julia |
| 460 | Patel, Nitu |
| 461 | Peek, Shannon D. |
| 462 | Penland, Lauren N. |
| 463 | Peterson, Meg |
| 464 | Petrovic, Aleksandra |
| 465 | Pierce, Kiara |
| 466 | Pijon, Nicole |
| 467 | Polishchuk, Yuliya |
| 468 | Polk, Marissa E |
| 469 | Poole, Theo |
| 470 | Pruitt, Alexandra |
| 471 | Quam, Courtney |
| 472 | Ramirez-Gudino, Andrea |
| 473 | Raphtis, Sotirios |
| 474 | Reed, Angela |
| 475 | Reeve, Kimberly |
| 476 | Resnick, Jacqueline |
| 477 | Rey, Rhianna |
| 478 | Rivera, Carmen |
| 479 | Rodriguez, Ashley Nicole |
| 480 | Rodriguez, Lisiann |
| 481 | Romano, Isabella |
| 482 | Romero, Trinidad M. |
| 483 | Rubin, Celine |

Ex. 1 Final Class List 02.03.2020

| | APDs |
|---|---|
| 484 | Rueda, Ana |
| 485 | Ruzevich, Emily |
| 486 | Sadhwani, Shruti |
| 487 | Salem, Fadya |
| 488 | Sanders, Aubree |
| 489 | Schneider, Kaitlin |
| 490 | Schumann, Morgan A. |
| 491 | Schwartz, Olivia |
| 492 | Senger, Christina M. |
| 493 | Seo, Minnie |
| 494 | Shaheen, Veronica |
| 495 | Shen, Tuo Shen |
| 496 | Shirley, Rachel A. |
| 497 | Siddique, Tahsin |
| 498 | Simon, Brittany V |
| 499 | Smiley, Deborah |
| 500 | Smith, Alexandrea |
| 501 | Smith, Hayley |
| 502 | Smith, Dawn |
| 503 | Sosa, Katlyn |
| 504 | Stead, Ashley |
| 505 | Stockslager, Catherine |
| 506 | Stein, Jabri M |
| 507 | Tallering, Allison |
| 508 | Tancula, Izabela |
| 509 | Thomas, Sarah Gordon |
| 510 | Tobias, Lindsey A. |
| 511 | Turim, Marlee |
| 512 | Valente, Brittany |
| 513 | Vargas, Danielle L. |
| 514 | Vcelka, Shelby |
| 515 | VonSpreecken, Samantha J |
| 516 | Wang, Xiaojing |
| 517 | Waterhous, Julia |
| 518 | Wayne, Miriam J. W |
| 519 | Weed, Kenet N. |
| 520 | Whitaker, Subria A. |
| 521 | Widdowson, Lauren |
| 522 | Wilder, Caitlin |
| 523 | Williams, Arielle |
| 524 | Wilson, Jessica |
| 525 | Wolff, Alicia J. |
| 526 | Woodard, Stephanie L. |
| 527 | Woods, Nadia |

Ex. 1 Final Class List 02.03.2020

|  | **APDs** |
|-----|-----|
| 528 | Xu, Ran |
| 529 | Yang, Zike |
| 530 | Yoon, Arielle |
| 531 | Young, Jasmine |
| 532 | Zhang, Shiyuan |
| 533 | Zhao, Tianci |
| 534 | Zmylso, Jennifer J. |

*THIS IS A NOTICE OF A PROPOSED CLASS ACTION SETTLEMENT*
*THIS IS NOT A SUMMONS OR AN ORDER TO COME TO COURT*
*Brown et al. v. Cook County, et al.*, No. 17-cv-8085 (N.D. Ill.) (Kennelly, J.)

## PRELIMINARY NOTICE OF SETTLEMENT OF THE CLASS ACTION LAWSUIT RELATING TO DETAINEE SEXUAL HARASSMENT

This Notice is being sent to you by order of the Court to advise you that the Court has preliminarily approved a settlement in the employment discrimination case relating to sexual harassment of female Assistant Public Defenders (not including supervisors) and female Law Clerks by male detainees in the custody of the Cook County Sheriff. In October 2019, you were previously sent a Notice advising you that a class action had been certified in this lawsuit, that you were a member of the class, and giving you a choice to opt out of the suit.

In this lawsuit, the Class Representatives - Crystal Brown, Saran Crayton, Samantha Slonim, Celeste Addyman, Erika Knierim, and Julie Hull - alleged that Defendants Cook County, Amy Campanelli in her Official Capacity as the Cook County Public Defender ("CCPD"), and Thomas Dart in his Official Capacity as the Cook County Sheriff ("CCSO"), violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000 et seq., the United States Constitution, 42 U.S.C. §1983, and the Illinois Civil Rights Act, 74 ILCS 23/1 et seq., by implementing policies and practices that fostered a sexually hostile work environment in the Cook County Jail and courthouse lockups whereby male detainees repeatedly masturbated at female Assistant Public Defenders (APDs) and Law Clerks during the two-year period prior to the suit.

**YOU MUST NOW DECIDE WHAT ACTION YOU WILL TAKE IN
RESPONSE TO THE PROPOSED CLASS ACTION SETTLEMENT**

**Your legal rights are affected whether you act or do not act. Please read this notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM** | The only way to receive a payment from the settlement fund. (You will still benefit from the settlement's injunctive relief if you do not submit a claim). |
| **OBJECT** | Write to the Court about why you do not like the settlement. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the settlement. |
| **DO NOTHING** | Receive no payment. Benefit from the injunctive relief that will result from the settlement but give up right to sue for claims relating to detainee sexual harassment at issue in this suit. |
| **OPT OUT OF SETTLEMENT** | Submit a "Request for Opt-Out Statement" and give up your right to participate in the settlement. |

1

EXHIBIT 2

These rights and options—**and the deadlines to exercise them**—are explained in this notice. The Court has not yet decided whether to approve the settlement. If the settlement is approved, the injunctive relief will be implemented, and payments will be made after Claim Forms are reviewed and the Court approves the proposed payments.

# TABLE OF CONTENTS TO THIS NOTICE

**BASIC INFORMATION** ............................................................................................................. 3

    **1.** **Why Did I Get This Notice?** ................................................................................. 3

    **2.** **What Is This Lawsuit About?** ............................................................................... 3

    **3.** **Why Is This Lawsuit A Class Action?** ................................................................. 4

    **4.** **Why Is There A Settlement?** ................................................................................. 4

    **5.** **Who Is In The Settlement?** ................................................................................... 4

**THE SETTLEMENT BENEFITS** ............................................................................................. 4

    **6.** **What Does the Settlement Provide?** ..................................................................... 4

    **7.** **What Can I Get From Settlement?** ....................................................................... 6

**HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM** .................................... 7

    **8.** **How Can I Get A Payment?** .................................................................................. 7

    **9.** **When Would I Get My Payment?** .......................................................................... 7

    **10.** **Do I Have A Lawyer In This Case?** ...................................................................... 7

    **11.** **How Will The Lawyers Be Paid?** .......................................................................... 7

**OBJECTING TO THE SETTLEMENT** .................................................................................. 7

    **12.** **How Do I Tell The Court That I Do Not Like The Settlement?** ........................... 7

**OPTING OUT OF THE SETTLEMENT** ................................................................................ 8

    **13.** **How Do I Opt Out Of The Settlement?** ................................................................ 8

**RELEASE OF CLAIMS** ............................................................................................................ 8

    **14.** **What Claims Am I Releasing?** .............................................................................. 8

**THE COURT'S FAIRNESS HEARING** ................................................................................... 9

    **15.** **When And Where Will The Court Decide Whether to Approve the Settlement?** .......... 9

    **16.** **Do I Have To Come To The Hearing?** .................................................................. 9

    **17.** **May I Speak At The Hearing?** .............................................................................. 9

**IF YOU DO NOTHING** ............................................................................................................. 9

    **18.** **What Happens If I Do Nothing At All?** ................................................................ 9

**GETTING MORE INFORMATION** ...................................................................................... 10

    **19.** **How Do I Get More Information?** ........................................................................ 10

2

# BASIC INFORMATION

## 1. Why Did I Get This Notice?

You have received this Notice because the Cook County Public Defender's records indicate you are female and worked as an Assistant Public Defender or Law Clerk between November 1, 2015 and October 28, 2019. This notice explains that you have legal rights and options that you may exercise now that a settlement has been proposed in this sex harassment and retaliation case.

## 2. What Is This Lawsuit About?

The Class Representatives - Crystal Brown, Saran Crayton, Samantha Slonim, Celeste Addyman, Erika Knierim, and Julie Hull - filed this lawsuit on November 8, 2017, on behalf of themselves and a proposed class of all similarly situated female employees. The Class Representatives were joined in this lawsuit by eleven Named Plaintiffs: Rocio Armendariz, Brett Gallagher, Rachelle Hatcher, Kyan Keenan, Takenya Nixon, Carly Patzke, Stephanie Schlegel, Ashley Shambley, Coryn Steinfeld, Niyati Thakur, and Julie Willis.

The Class Representatives and Named Plaintiffs alleged that Defendants Cook County, Amy Campanelli in her Official Capacity as the Cook County Public Defender ("CCPD"), and Thomas Dart in his Official Capacity as the Cook County Sheriff ("CCSO"), violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000 et seq., the United States Constitution, 42 U.S.C. §1983, and the Illinois Civil Rights Act, 74 ILCS 23/1 et seq., by implementing policies and practices that fostered a sexually hostile work environment in the Cook County Jail and courthouse lockups whereby male detainees repeatedly masturbated at female Assistant Public Defenders (APDs) and law clerks including during the two year period prior to the suit. The Plaintiffs also alleged that the Public Defender retaliated against employees by barring them from entering the lockup at the Leighton County Courthouse from  October 31 to November 22, 2017.

On November 28, 2017, the Court entered two Agreed Preliminary Injunction Orders between Plaintiffs and the CCSO and the CCPD. These Orders have remained in effect during the suit. Among other things, pursuant to these Orders, the CCSO was required to: preserve reports relating to masturbation incidents; issue a directive barring CCSO personnel from discouraging reports; issue an email to the CCPD outlining the disciplinary procedures for detainees accused of masturbation; provide a copy of the incident report to the APD upon request; require all detainees with a reported masturbation incident to wear a jumpsuit designed to deter future attacks; require detainees with a reported incident to remain handcuffed during transport to and in the courthouse, and that they be kept on the "bridge" and not in the lockups; assign a deputy to the courtrooms in floors 4-7 of the Leighton Criminal Courthouse when detainees are present; and other remedial measures. *Inter alia*, pursuant to these Orders, the CCPD agreed to maintain its policy prohibiting retaliation, withdraw the "lockup ban" prohibiting APDs from entering the lockups at the Leighton Criminal Courthouse, and disseminate policies and procedures implemented by the CCSO relevant to detainee masturbation and sexual misconduct.

On August 12, 2019, this Court certified a Hostile Work Environment class. The Court denied Plaintiffs' request to certify the retaliation sub-class but gave leave to re-file a motion to certify this class with a more limited class definition.

The Defendants deny that they violated any law, including Section 1983, Title VII and/or the Illinois Civil Rights Act. Defendants deny that their policies contributed to detainee masturbation incidents or that they discriminated or retaliated against the Plaintiffs or any class member. Defendants assert they took reasonable measures to prevent detainee sexual harassment. The CCPD denies it is responsible for policing detainees and

3

asserts this is the CCSO's responsibility. The CCSO denies that it employed Assistant Public Defenders or law clerks within the meaning of Title VII. The Court has not decided the case in either party's favor on these claims or defenses.

### 3. Why Is This Lawsuit A Class Action?

In a class action lawsuit, one or more people called "Class Representatives" sue on behalf of other people who have similar claims. In this case, the Class Representatives are Crystal Brown, Saran Crayton, Samantha Slonim, Celeste Addyman, Erika Knierim, and Julie Hull.

As set forth in the prior October 28, 2019 Notice that was sent to you about this suit, the Court decided that the lawsuit meets the requirements of Federal Rule of Civil Procedure 23, which governs class actions in federal courts. The Court allowed, or "certified," this lawsuit as a class action because there are a sufficient number of female APDs and Law Clerks to form a class; there are legal questions and facts that are common to each class member; the Class Representatives' claims are typical of the claims of the rest of the Class; the Class Representatives and the lawyers representing the Class will fairly and adequately represent the Class Members' interests; the common legal questions and facts in this case predominate over questions that affect only individuals; and this class action will be more efficient than individual lawsuits.

### 4. Why Is There A Settlement?

The Court did not decide in favor of Plaintiffs or the Defendants. Plaintiffs and the Defendants negotiated, with the Court's assistance, to reach a proposed settlement rather than go to trial on this case. By agreeing to a settlement, the parties avoid the cost of a trial and the risks of an adverse decision involved in a trial and potential appeals; and, the Class Members affected will receive the benefit of future injunctive relief and monetary compensation. Class Counsel think the settlement is in the best interest of all of the members of the Class.

### 5. Who Is In The Settlement?

You were previously sent Notice that the class had been certified. The Class Representatives and individuals who are in the Class certified by the Court will be covered by the settlement of this case if the settlement is approved. These individuals include all female assistant public defenders (not including supervisors) and female law clerks who have worked for the Defendants for any period of time from November 1, 2015 through and including October 28, 2019 and who have visited the jail and/or lockups in connection with their employment and whose names appear on the Class List provided to us by CCPD. You are receiving this Notice because you are in the class based on the CCPD's employment records.

## THE SETTLEMENT BENEFITS

### 6. What Does the Settlement Provide?

The Settlement provides both injunctive relief, from the CCPD and CCSO, and a monetary award from Cook County, described as follows.

4

*a.     Settlement Terms - Injunctive Relief*

The Settlement provides that the following measures will be implemented and will remain in place for two years following the date the final approval of the settlement is granted, if so, by the Court:

- All detainees with a reported incident of indecent exposure, masturbation, or sexual misconduct shall be required to wear a special jumpsuit.

- All detainees with a reported incident of indecent exposure, or masturbation, or sexual misconduct shall continue to be handcuffed at all times during transport from the Department of Corrections to the Court Services Division of the Cook County Judicial System facilities, and will remain handcuffed at all times unless otherwise ordered by a criminal court judge until their return to the jail.

- In the Leighton Criminal Courthouse, those detainees with a reported incident of indecent exposure, masturbation, or sexual misconduct will remain handcuffed behind the back while in the Courthouse and will be kept on the "bridge" versus being held in the courtroom lockups.

- The CCSO shall continue to assign a deputized sworn staff member or exempt staff member to each of the eight lockup areas in the Leighton Criminal Courthouse on floors 4, 5, 6, and 7 to remain in each of those lockup areas at all times when nonsworn court personnel are present with detainees.

- Cook County and the CCPD will issue a Joint Statement that advises APDs and law clerks of the zero-tolerance policy for detainee sexual harassment, how to report incidents if they occur, and the policy against retaliation for reporting incidents.

- The CCPD will provide a copy of an email from Lester Finkle dated December 15, 2017 regarding detainee masturbation attacks and all attachments thereto to new hires in their training packet.

- The CCPD will disseminate information it receives from the CCSO, including any procedures on videoconferencing and reservation of off-tier meeting rooms in Divisions IX and X, procedures on reporting incidents and notice of detainees with indecent exposure and/or masturbation ("313" and "323") alerts.

- Videoconferencing shall be made available for APDs and law clerks to communicate with their detainee clients, subject to approval of the APD's or law clerk's Chief of the Division.

- The CCPD will enact a policy concerning the representation of clients who have engaged in sexual harassment of APDs and law clerks, which is attached as Exhibit 5 to the Settlement Agreement.

- The CCSO shall keep Policy 164 (Sexual Misconduct by Detainees Directive) and Procedure 132 (Prohibited Sexual Behavior Procedure) in place. The CCSO shall provide any updates made to Policy 164 or Procedure 132 to Plaintiffs' counsel and the Parties shall meet and confer regarding any changes on request.

- The CCSO will post the process by which an APD or law clerk may report an incident of indecent exposure, masturbation, or other sexual misconduct in Court Service Division courthouse lockups.

- The CCSO shall continue to permit an APD or law clerk to request an incident report regarding an incident she reported and/or the outcome of any administrative hearing regarding that incident by sending an email to the Sheriff's Office FOIA Officer at ccso.foiaofficer@cookcountyil.gov with certain information as set forth in the settlement agreement.

- The CCSO shall make CCSO's existing videoconferencing capabilities available for APD client meetings. Videoconferencing capabilities are currently available in Divisions II, V, VI, IX, X, and XI of the Cook County Jail.

- The CCSO has designated rooms in Divisions IX and X for attorneys to meet with their clients away from the tiers. An APD requesting to meet with a client in one of these rooms shall send an email making the request to the following email address: ccso.legalvisit@cookcountyil.gov. An APD may, but is not required, to use the off-tier meeting room.

- The CCSO shall provide a list of detainees with 313 and 323 alerts to the CCPD that will include detainees who have a 313 or 323 alert at the time of creation of the List.

*b. Settlement Terms - Monetary Relief*

The settlement also provides that Cook County will pay the aggregate sum of Fourteen Million dollars ($14,000,000) to settle this case. The $14,000,000 shall be distributed to the Class Representatives, the Named Plaintiffs, the Class Members, and Class Counsel. A minimum of $9,510,000 will be distributed to all the Class Representatives, the Named Plaintiffs and all Class Members based on answers to Claim Forms. A Class Administrator will determine the amount of each individual's monetary award as described in the next section of this Notice. In addition, Class Counsel will apply for service payments of $25,000 for each of the six Class Representatives to compensate them for the time and effort they devoted to representing the Class in this case, including the time they spent consulting with Class Counsel about the case and settlement, providing depositions and discovery, and in exchange for a general release. Class Counsel will apply for service payments of $15,000 for each of the three Named Plaintiffs who gave depositions; $10,000 for each of the eight Named Plaintiffs who answered sworn interrogatories but did not give depositions; and $5,000 for each of the three Class Members who assisted the suit by providing sworn testimony and/or met with Class Counsel extensively to help prepare the suit to be filed. Class Counsel will file a motion on or before [INSERT DATE - 7 days prior to the end of the objection period] for their reasonable attorneys' fees and costs and expenses incurred in the lawsuit in an amount up to thirty-percent (30%) of the settlement fund which equals Four Million Two-Hundred Thousand Dollars ($4,200,000), and the costs of administration of the settlement will be paid from this amount. If the Court rejects any of the fees or costs sought by Class Counsel, those amounts will be added to the Class Member fund.

## 7. What Can I Get From Settlement?

You may be eligible to get a payment from the settlement for the harm you suffered as a result of the alleged hostile work environment in Cook County's courtroom lockups and Jail. An independent Class Administrator, A.B. Data, Ltd., shall determine the amount of each monetary award based on a point system developed by Class Counsel. This point system will take into account several factors based on your answers to the Claim Form, including your dates of employment, the nature, frequency and severity of sexual harassment incidents you experienced, whether you reported incidents to the CCSO, CCPD, County, or filed criminal charges, physical and emotional harm you suffered, damages to your career, and your contribution to and participation in the litigation of this case.

## HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM

### 8. How Can I Get A Payment?

**To receive a payment from the Settlement Fund the enclosed Claim Form must be received by A.B. Data, Ltd. on or before [DATE], to be considered timely. You may fill the Claim Form out online by going to www.ccpdharassmentsuit.com and clicking on the "Claim Form" link. Or, you can mail the form to:**

Brown v. Cook County Settlement
c/o A.B. Data, Ltd.
P.O. Box 170500
Milwaukee, WI 53217

**It is your obligation to make sure A.B. Data, Ltd. receives your Claim Form before the due date.** All Claim Forms must be signed under penalty of perjury and answers to the required questions must be completed for your claim to be considered.

### 9. When Would I Get My Payment?

If you are determined to be eligible for settlement payment, you will receive a check after the Court reviews all the proposed payments to Class Members. This process may take some time.

## THE LAWYERS REPRESENTING YOU

### 10. Do I Have A Lawyer In This Case?

When the Court certified this case as a class action, the Court decided that Robin Potter and M. Nieves Bolaños ("Class Counsel") are qualified to represent you and all Class Members.

### 11. How Will The Lawyers Be Paid?

Class Counsel will receive up to Four Million Two Hundred Thousand Dollars ($4,200,000) in payment to them for their reasonable attorneys' fees and costs in pursuing this litigation on behalf of the Class Representatives and the Class. The Court will be asked to approve Class Counsel's petition for attorneys' fees and costs at the Fairness Hearing described in Section 15, below.

## OBJECTING TO THE SETTLEMENT

### 12. How Do I Tell The Court That I Do Not Like The Settlement?

You can tell the Court that you do not agree with the settlement or some part of it by "objecting" to the settlement. You must give reasons why you think the Court should not approve the settlement or why you do not like the settlement or some part of it. The Court will consider your views. To object, you must send a letter stating that you object to the settlement in *Brown et al. v. Cook County et al.,* No. 17-cv-8085 (N.D.Ill.) (Kennelly, J.). The letter must include your name, address, telephone number, signature, and the reasons you object to the settlement. Mail identical copies of the objection to both of the following addresses:

7

**CLERK OF THE COURT:**
United States District Court
for the Northern District of Illinois
219 S. Dearborn Street, 20th Floor
Chicago, IL 60604

**CLASS COUNSEL:**
Robin Potter, Esq.
M. Nieves Bolaños, Esq.
POTTER & BOLAÑOS, P.C.
111 East Wacker Drive, Suite 2600
Chicago, Illinois 60601

Your objection must be received at the two addresses above on or before **[DATE]**.

# OPTING OUT OF THE SETTLEMENT

## 13. How Do I Opt Out Of The Settlement?

Because you have received this Preliminary Notice and have the opportunity to participate in the Claims Process, if the Settlement Agreement is accepted by the Court, you will be deemed to have waived and released any claim (and any damages or other relief) that was or could have been raised in the First Amended Complaint filed in this suit. **If you do not want to be considered a Settlement Class Member for whatever reason**, you must send a signed letter stating you wish to opt out of the Settlement and it must be received by the Settlement Administrator by **[DATE]** at:

Brown v. Cook County Settlement
c/o A.B. Data, Ltd.
P.O. Box 173001
Milwaukee, WI 53217

Any risk of non-receipt of your Request for Opt-Out Statement by **[DATE]** is borne by you.

# RELEASE OF CLAIMS

## 14. What Claims Am I Releasing?

Unless you timely exclude yourself from the settlement, you will be deemed to have waived and released any claim (and any damages or other relief) that was or could have been raised in the First Amended Complaint filed in this suit. Your release applies whether you seek monetary damages, or costs and attorneys' fees, and applies to any claims that arise under Title VII, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000 et seq., the United States Constitution, 42 U.S.C. §1983, and the Illinois Civil Rights Act, 74 ILCS 23/1 et seq., that formed the basis of the claims in this suit. However, your release does not include or cover any claims that may arise after the court issues its final decision approving the proposed settlement.

## THE COURT'S FAIRNESS HEARING

### 15. When And Where Will The Court Decide Whether to Approve the Settlement?

The Court will hold a hearing at which it will consider the fairness, adequacy, and reasonableness of the proposed settlement (the "Fairness Hearing"). This hearing will be held on **[INSERT DATE]** in Judge Kennelly's Courtroom, Room 2103, 219 S. Dearborn Street, Chicago, Illinois 60604. If there are objections, the Court will consider them. The Court will listen to Class Members who have asked to speak at the hearing. After the hearing, the Court will decide whether to approve the settlement. The Court will also rule upon Class Counsel's request for attorneys' fees and costs. We do not know how long after the Fairness Hearing the Court will issue its decision.

### 16. Do I Have To Come To The Hearing?

You are welcome to attend the Fairness Hearing, but you are not required to attend. If you send a written objection, you are not required to raise your objection in person. As long as your written objection was received on time, the Court will consider it. You may also obtain an attorney at your own expense to represent you personally at the Fairness Hearing, but it is not necessary. Class Counsel will answer any questions that the Court may have.

### 17. May I Speak At The Hearing?

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter of "Notice of Intention to Appear in *Brown v. Cook County*," stating that you will attend the Fairness Hearing and requesting the Court to allow you to speak. You must include your name, address, telephone number, and signature in the letter. Your Notice of Intention to Appear must be received no later than **[INSERT DATE]** at both of the following addresses:

**CLERK OF THE COURT:**
United States District Court
for the Northern District of Illinois
219 S. Dearborn Street, 20th Floor
Chicago, IL 60604

**CLASS COUNSEL:**
Robin Potter, Esq.
M. Nieves Bolaños, Esq.
POTTER & BOLAÑOS, P.C.
111 East Wacker Drive, Suite 2600
Chicago, Illinois 60601

## IF YOU DO NOTHING

### 18. What Happens If I Do Nothing At All?

**If you do no nothing, you will not receive a payment and will be bound by the terms of this settlement. As a result, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Defendants about the legal issues in this case at any time in the future. If you do nothing, you will still benefit from the injunctive relief provided for by the settlement to the extent you remain employed by CCPD.**

## GETTING MORE INFORMATION

### 19. How Do I Get More Information?

This Notice summarizes the proposed settlement. More details are in the Settlement Agreement, which was filed with the Court as an exhibit to Class Counsel's Motion for Preliminary Approval. You can get a copy of the Settlement Agreement by writing to Class Counsel at the following addresses:

Robin Potter, Esq.
M. Nieves Bolaños, Esq.
POTTER & BOLAÑOS, P.C.
111 East Wacker Drive, Suite 2600
Chicago, Illinois 60601

For more information, you may also visit the website www.ccpdharassmentsuit.com, where you will find the Notice to Class Members. You may also call or write to Class Counsel with any questions regarding this class action.

**PLEASE DO NOT TELEPHONE THE CLERK OF THE COURT.**

Dated: [DATE]
CLERK, U.S. District Court
Northern District of Illinois

Dear CCPD employees and law clerks:

Sexual harassment by detainees is prohibited by state and federal law, as well as Cook County's Equal Employment Opportunity policies. Those policies are attached for your use and review and summarized below. It is unlawful for anyone, including detainees, to sexually harass an Assistant Public Defender (APD) or law clerk. Cook County and the Cook County Public Defender's Office will not tolerate sexual harassment by detainees housed in Cook County correctional facilities, including but not limited to masturbation, indecent exposure, sexual-based comments or threats, or other threatening or inappropriate conduct.

You have an unconditional right to report any incident of unwelcome conduct or sex harassment by detainees or anyone else. APDs and law clerks are encouraged to report any incident of indecent exposure, masturbation, or other sexual misconduct by a detainee to the Cook County Sheriff's Office. The procedures for reporting such incidents are attached. If a report is made to a Cook County Sheriff or Deputy, an incident report will be filed against the detainee by the Cook County Sheriff's Office and the detainee will be required to wear a protective jumpsuit, will remain cuffed during transport to the jail and court, and, in the Leighton Courthouse, the detainee will be held on the bridge pending court appearance. The detainee will be given an administrative hearing by the Cook County Sheriff's Office to address the incident report and you have the right to request information regarding the final outcome of the administrative process. The process for filing an incident report and also for requesting information regarding the final outcome of the administrative process is included in the attached materials and is also posted in each courtroom lockup.

Additionally, you may report incidents of detainee sex harassment to your supervisor. You are not required to represent any detainee who has sexually harassed you in any matter ever again. In order to trigger this protection, you must report to your supervisor that the detainee has engaged in sexual misconduct against you. Additionally, you may request that you be excused, for one year from the date of the incident, from representing any other client who has sexually harassed any CCPD employee in the last year. Please find the attached policy regarding how you may request to be removed from representation of a detainee who has engaged in sexual misconduct against you and be excused from representing any other detainee client accused of sexually harassing CCPD employees. Please note there are time limits within which you must report the incident in order to seek these protections, so it is advisable to report retaliation and/or sex harassment as soon as practicable. Also, as stated in the policy, you may be assigned a different case instead.

It is your right to report sexual harassment. It is prohibited for any Cook County employee to retaliate against you for complaining about or reporting detainee harassment or for cooperating with the investigation of any such harassment. It is also prohibited for any Cook County employee to discourage another employee from reporting sexual harassment by detainees. If you believe you have been subjected to sexual harassment, retaliation, or that you have been discouraged from reporting sex harassment, or any other prohibited conduct, you may report the conduct internally and/or contact any of the agencies below.

**EXHIBIT 3**

| Cook County Commission on Human Rights | Equal Employment Opportunity Commission | Illinois Department of Human Rights |
|---|---|---|
| 69 W. Washington Street Suite 3040 Chicago, IL 60602 Phone Number 312-603-1100 Email human.rights@cookcountyil.gov | JCK Federal Building 230 S Dearborn Street Suite 1866 Chicago, IL 60604 Phone 1-800-669-4000 Fax: 312-588-1260 https://www.eeoc.gov | Chicago Office 100 West Randolph Street 10th Floor Intake Unit Chicago, IL 60601 (312) 814-6200 (312) 814-6251 (FAX - Charge Processing) |

Cook County and the Public Defender's Office are committed to ensuring your workplace is free from unlawful sex harassment by detainees or anyone else.

| | |
|---|---|
| **From:** | Lester Finkle (Public Defender) <lester.finkle@cookcountyil.gov> |
| **Sent:** | Friday, December 15, 2017 10:01 AM |
| **To:** | Lester Finkle (Public Defender) |
| **Subject:** | Re: EEO policy and Sheriff's procedures regarding inmate harassment |
| **Attachments:** | Court Ordered PD Complaint Process.pdf; EEO and Reasonable Accommodation Policies.pdf |

To all staff:

On November 30, 2017, we notified you that a federal judge ordered the Sheriff to provide us information regarding the process by which an APD may report incidents of indecent exposure, masturbation, or other sexual misconduct. The information provided by the Sheriff is attached here. As set forth in the attachment, upon observing any incident of indecent exposure, masturbation, or other sexual misconduct by a detainee, an employee should report the observation to a deputy or sheriff personnel assigned to the lockup area, courtroom, or jail where the incident occurred.

Also attached here is another copy of the Cook County Equal Employment Opportunity Policy (the "EEO Policy"). As set forth therein, no person may be retaliated against for opposing discriminatory practices in the workplace; complaining about conduct prohibited by the EEO Policy; or complaining to, cooperating with, or assisting the EEO Office in resolving a complaint of discrimination or harassment. Any employee who believes that he or she has been discriminated against or harassed on the basis of any protected status, or who claims to have suffered retaliation, may file a complaint with the EEO Office. Contact information for the EEO Office appears at the end of the EEO Policy and is available on the Bureau of Human Resources' website. Any employee also may report any conduct believed to be discriminatory, harassing, or retaliatory to a supervisor or to a department EEO Liaison.

Any employee also may report prohibited conduct to the Cook County Commission on Human Rights or to any agency having authority to address such complaints, including law enforcement for potential criminal prosecution of the detainee.

Lester Finkle
Chief of Staff



Law Office of the Cook County Public Defender
69 W. Washington
16th Floor
Chicago, IL 60602
312-603-0718
312-603-9878 (fax)
lester.finkle@cookcountyil.gov

This email, including attachments, may include confidential and/or proprietary information, and may be used only by the person or entity to which it is addressed. If the reader of this email is not the intended recipient or his or her authorized agent, the reader is hereby notified that any dissemination, distribution or copying of this email is prohibited. If you have received this email in error, please notify the sender by replying to this message and delete this email immediately.

1



CCPD_003174

**EXHIBIT 4**

**COURT ORDERED COMPLAINT PROCESS FOR ASSISTANT PUBLIC DEFENDERS TO REPORT INCIDENTS OF INDECENT EXPOSURE AND MASTURBATION**

Any APD subjected to indecent exposure, masturbation, or other sexual misconduct by a detainee in the custody of the Cook County Sheriff shall follow the procedure below for reporting the incident to a deputy or correctional officer. APD's are encouraged to report any incident indecent exposure, masturbation, or other sexual misconduct by a detainee.

1. Upon observing an incident of indecent exposure, masturbation, or other sexual misconduct by a detainee, an APD should attempt to identify the detainee engaged in the conduct.
2. As soon as reasonably possible, the APD shall report the observation verbally to any deputy or sheriff personnel assigned to either the lockup area or the courtroom or any correctional officer, if in the Jail, where the incident occurred.
3. If unable to verbally report the incident, the APD may provide a written account of the incident to any deputy or sheriff personnel assigned to the lockup area or correctional facility where the incident occurred as soon as the APD is able following the incident. The date, time and location of the incident as well as a description of the involved detainee should be provided in order for the CCSO to identify the detainee responsible. The written account shall also be emailed to the FOIA Officer at ccso.foiaofficer@cookcountyil.gov.
4. To complete a proper incident report and obtain a positive identification, if possible, of the detainee, the APD should provide any information requested by the deputy or correctional officer and, if possible, make an identification of the detainee engaged in the conduct to the deputy or correctional officer.
5. If the detainee is identified, a disciplinary ticket will be issued to that detainee. The Department of Corrections will conduct a due process hearing with the detainee within 7 days of the incident.
6. For the purpose of providing the report to their counsel only, an APD subjected to indecent exposure, masturbation, or other sexual misconduct who has reported the incident as described above may request the incident report regarding that incident by sending an email to the Sheriff's Office FOIA Officer at ccso.foiaofficer@cookcountyil.gov. Please ensure the APD includes the date, time and location of the incident as well as a description of the involved detainee to the best of his/her ability. The Subject line must include: APD REQUEST PURSUANT TO COURT ORDER IN BROWN V. COOK COUNTY ET AL to ensure the FOIA Officer does not redact the report.

 **COOK COUNTY BUREAU OF HUMAN RESOURCES**

**POLICY TITLE: REASONABLE ACCOMMODATION POLICY FOR EMPLOYEES AND APPLICANTS WITH DISABILITIES**

**EFFECTIVE DATE: DECEMBER 14, 2016**

### I. PURPOSE

This policy establishes written procedures to use in the reasonable accommodation process for both employees and applicants with disabilities.

### II. JURISDICTION

The Bureau of Human Resources is authorized to develop and issue policies for the effective management of Cook County employees, including but not limited to the reasonable accommodation process for employees and applicants with disabilities.

### III. AREAS AFFECTED

This policy applies to all Cook County employees in Bureaus and Departments in the Offices under the President and/or covered by the Cook County Employment Plan. This policy also applies to applicants seeking employment with the Bureaus and Departments in the Offices under the President and/or covered by the Employment Plan.

### IV. TERMS AND DEFINITIONS

"Disability" means a physical or mental impairment that substantially limits one or more major life activities; a record of such an impairment; or being regarded (perceived) as having such an impairment.

"Major Life Activities" include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working. They also include all major bodily functions, including but not limited to, functions of the immune system, normal cell growth, digestive, bowel, bladder, neurological, brain, respiratory, circulatory, endocrine, and reproductive functions.

"Essential Job Functions" are the fundamental duties of a position: the actions a person holding the job absolutely must be able to do. Job duties are what must be accomplished, not how they are accomplished. A job function may be considered essential for any of several reasons, including but not limited to the following:

- The employer's assessment of which functions are essential;
- Whether the position exists to perform that function;
- The experience of employees who actually hold that position;
- The time spent performing the function; and/or
- The degree of expertise or skill required to perform the function.

1

CCPD_003176

## COOK COUNTY BUREAU OF HUMAN RESOURCES

**POLICY TITLE: REASONABLE ACCOMMODATION POLICY FOR EMPLOYEES AND APPLICANTS WITH DISABILITIES**

### EFFECTIVE DATE: DECEMBER 14, 2016

"Interactive Process" is an ongoing informal dialogue by which the individual requesting an accommodation and the Equal Employment Opportunity (EEO) Office communicate with each other about the request for accommodation, the process for determining whether an accommodation will be provided, and potential accommodations.

"Job Restructuring" is a form of reasonable accommodation. Job restructuring includes modifications such as reallocating non-essential job functions that an employee is unable to perform because of a disability.

"Non-Essential Job Functions" are job duties that are not classified as essential or fundamental to the position and their removal and/or reassignment would not fundamentally alter the work, operations or organizational structure.

"Qualified person with a disability" is an individual with a disability who satisfies the requisite skill, experience, education, and other job-related requirements of the employment position for which an individual requests an accommodation and can perform the essential functions of such position, with or without reasonable accommodation.

"Reasonable Accommodation" is any change or adjustment to a job, an application process, work environment, or procedure that enables a qualified applicant/employee with a disability to participate in the job application process, to perform the essential job functions of a job, or to enjoy the benefits and privileges of employment equal to those enjoyed by employees without disabilities.

"Reassignment" means reassignment to a related vacant position title for which the employee is qualified and is a form of reasonable accommodation when an employee (not applicant) can no longer perform the essential functions of his/her current position with or without a reasonable accommodation.

"Substantial Limitation" means the degree to which an impairment prevents an individual from performing a major life activity that the average person in the general population can perform; or restricts the condition, manner or duration under which the average person in the general population can perform the same major life activity, (e.g., a person who is paraplegic is substantially limited in the major life activity of "walking" or a person who is blind is substantially limited in the major life activity of "seeing").

"Undue Burden" means an action that requires significant difficulty or expense when considered in light of a number of factors. These factors include the nature and cost of the accommodation in relation to the size, resources, nature and structure of the employer's operation. The Employer is not required to make an accommodation if it can be demonstrated that providing the accommodation would pose an undue burden.

## V. POLICY

Cook County is committed to providing equal access to employment opportunities for individuals with disabilities. Cook County recognizes that individuals with disabilities may need reasonable accommodations to participate in or benefit from employment opportunities. It is the policy of Cook County to provide reasonable accommodations to qualified applicants and employees with disabilities.

2

CCPD_003177

⊚ **COOK COUNTY BUREAU OF HUMAN RESOURCES**

**POLICY TITLE:** **REASONABLE ACCOMMODATION POLICY FOR EMPLOYEES AND APPLICANTS WITH DISABILITIES**

**EFFECTIVE DATE: DECEMBER 14, 2016**

The Cook County Reasonable Accommodation Policy for Employees and Applicants with Disabilities ("Policy") ensures that Cook County complies with the provisions and requirements of the Americans with Disabilities Act, as amended, and is consistent with Section 504 of the Rehabilitation Act of 1973, as amended.

Nothing in the policy or procedures outlined below is intended to nor shall be construed to provide a private right of action against Cook County or any of its employees or to create contractual or other rights or expectations.

## VI. REASONABLE ACCOMMODATION PROCESS AND PROCEDURES

### A. Making the Request

#### 1. Applicants

Applicant requests for reasonable accommodation during the hiring process should be made to the Bureau of Human Resources ("BHR"). Departments receiving a request for reasonable accommodation should refer the request to BHR.

#### 2. Employees

Qualified employees with disabilities who need a reasonable accommodation are responsible for making their needs known to the EEO Office.

Requests for accommodation may be submitted by a family member, friend, health professional, or other representative on behalf of an employee or applicant with a disability. Where a request for accommodation is made by a third party, the EEO Office shall confirm with the employee or applicant with a disability, that s/he, in fact, wants a reasonable accommodation before proceeding.

To request an accommodation, an employee or applicant should complete the Cook County Request for Reasonable Accommodation form and where necessary, have his/her medical provider complete the Medical Questionnaire for Reasonable Accommodation Request form.

Any supervisor who receives a verbal or written request for accommodation shall direct the employee to the EEO Office.

Any supervisor who suspects that an employee is having performance issues because of a known or suspected disability, but the employee has not requested an accommodation, is encouraged to contact the EEO Office to discuss the matter.

3

CCPD_003178

 **COOK COUNTY BUREAU OF HUMAN RESOURCES**

**POLICY TITLE:** **REASONABLE ACCOMMODATION POLICY FOR EMPLOYEES AND APPLICANTS WITH DISABILITIES**

**EFFECTIVE DATE: DECEMBER 14, 2016**

### B. The Interactive Process

Once the EEO Office receives the completed **Request for Accommodation** form and the **Medical Questionnaire** form, the EEO Office shall engage in the interactive process with the employee to clarify the employee's needs and to gather information related to the employee's condition in order to make a determination to grant or deny the accommodation request.

During the interactive process, the EEO Office shall determine:

- Whether the employee has a qualified disability;
- Whether medical documentation is needed to substantiate the disability or the link between the disability and the accommodation requested;
- The job-related functional limitations(s) created by the individual's disability;
- The essential job functions of the particular job involved;
- If needed, whether the proposed accommodation would be effective; and
- If effective, whether providing the accommodation would create an undue financial burden.

### C. The Determination

Once a determination is made, the EEO Office shall immediately notify the employee in writing of the decision on the **Cook County Determination Notice**. Copies of the **Determination Notice** shall be distributed to the employee making the request and his/her immediate supervisor.

If the request is **granted**, the accommodation shall be provided as soon as reasonably possible. Although the County will consider each individual's requested accommodation preference, if the County determines that there are other equally effective alternative accommodations, the County has the right to select an alternative accommodation. The EEO Office shall follow up with the requesting employee to determine the effectiveness of the selected accommodation.

If the request is **denied**, the EEO Office shall include the specific reasons for the denial on the **Determination Notice**.

If the request is **granted in part and denied in part**, the EEO Office shall explain both the reasons for the partial denial and for the partial granting of the request.

Where the EEO Office has **denied a specific requested accommodation**, but offered to make a different one in its place which was not agreed to during the interactive process, the **Determination Notice** shall explain both the reason(s) for the denial of the requested accommodation and the reasons that the EEO Office believes that the chosen accommodation will be effective.

4

CCPD_003179

 **COOK COUNTY BUREAU OF HUMAN RESOURCES**

**POLICY TITLE: REASONABLE ACCOMMODATION POLICY FOR EMPLOYEES AND APPLICANTS WITH DISABILITIES**

**EFFECTIVE DATE: DECEMBER 14, 2016**

### VII. REASSIGNMENT

Reassignment to an equivalent or lesser vacant position title may be a form of reasonable accommodation when an employee (not applicant) can no longer perform the essential functions of his/her current position with or without a reasonable accommodation. Reassignment may be made only to an available vacant position, if the qualified individual with a disability satisfies the requisite skill, experience, education, and other job-related requirements of the position. In cases where a position is covered by a collective bargaining agreement, placement into such a position will be based on the terms of the collective bargaining agreement. Reassignment shall be considered on a case-by-case basis.

#### A. Initiation of the Reassignment Process

If the EEO Office determines that an employee can no longer perform the essential functions of his/her current position with or without a reasonable accommodation, the EEO Office may deem the employee eligible for reassignment.

If the EEO Office determines that an employee is eligible for reassignment, the EEO Office shall prepare the **Notice of Need for Reassignment** form and send copies to the employee, the employee's department head and the Deputy Bureau Chief of Human Resources (DBCHR).

#### B. Reassignment Process

Within five business days of receiving the **Notice of Need for Reassignment** form, the DBCHR will attempt to contact the employee to determine the employee's requisite skills, qualifications, and needs.

The DBCHR will conduct a county-wide search for an appropriate vacant position for a period of 90 calendar days. The reassignment period shall commence on the date that the DBCHR attempts initial contact with the employee and shall end 90 consecutive calendar days thereafter.

1. If the DBCHR is able to secure an appropriate position for the employee in need of reassignment within the 90-day period, the DBCHR shall offer the employee the position and the employee shall have five calendar days to accept or to reject the position. If the employee rejects the position, the DBCHR shall send a **Notification of Denial of Reassignment** to the employee, the employee's department head, and to the EEO Office. The EEO Office shall thereafter provide the employee with the following options:

   • Give the employee the opportunity to request a leave of absence, allowing the employee to utilize any paid leave time available, including vacation time or sick time, until such paid leave is exhausted, subject to approval by the employee's department head.
   • Give the employee the opportunity to take an unpaid leave of absence, subject to approval by the employee's department head.

5

CCPD_003180

---

⊚  **COOK COUNTY BUREAU OF HUMAN RESOURCES**

**POLICY TITLE: REASONABLE ACCOMMODATION POLICY FOR EMPLOYEES AND APPLICANTS WITH DISABILITIES**

---

**EFFECTIVE DATE: DECEMBER 14, 2016**

- Give the employee the opportunity to go on disability, if eligible.
- Give the employee the opportunity to retire, if eligible.
- Give the employee the opportunity to resign.

If the employee rejects the position and does not select one of the available options, the Department Head may move to terminate the employee as the employee is no longer able to perform the essential functions of his/her job with or without a reasonable accommodation.

2. If the DBCHR is unable to secure an appropriate position for the employee in the need of reassignment within the 90-day period, the DBCHR shall notify the employee, the employee's department head, and the EEO Office in writing of her/his inability to secure an appropriate position. The EEO Office shall thereafter provide the employee with the following options:

- Give the employee the opportunity to request a leave of absence, allowing the employee to utilize any paid leave time available, including vacation time or sick time, until such paid leave is exhausted, subject to approval by the employee's department head.
- Give the employee the opportunity to take an unpaid leave of absence, subject to approval by the employee's department head.
- Give the employee the opportunity to go on disability, if eligible.
- Give the employee the opportunity to retire, if eligible.
- Give the employee the opportunity to resign.

If the employee does not select one of the available options, the Department Head may move to terminate the employee as the employee is no longer able to perform the essential functions of his/her job with or without a reasonable accommodation.

## C. CONFIDENTIALITY

Confidentiality applies to all aspects of the reasonable accommodation process and all documentation obtained shall be kept confidential. Medical information obtained by the EEO Office shall be kept in files separate from the individual's personnel file or application file. Any Cook County employee who obtains or receives such information is strictly bound by these confidentiality requirements.

6

CCPD_003181

 **COOK COUNTY BUREAU OF HUMAN RESOURCES**

**POLICY TITLE: REASONABLE ACCOMMODATION POLICY FOR EMPLOYEES AND APPLICANTS WITH DISABILITIES**

**EFFECTIVE DATE: DECEMBER 14, 2016**

### D. CONTACTING THE EEO OFFICE

Employees may contact the EEO Office in person, by email, or by phone, using the contact information below. Office hours are 8:30 a.m. to 4:30 p.m.

Cook County EEO Office
118 N. Clark Street, Room 840
Chicago, Illinois 60602
(312) 603 - 6577 (phone)
(312) 803 - 9654 (fax)
EEO@cookcountyil.gov

7

CCPD_003182

## Employee Acknowledgment of Policy Receipt

I acknowledge that I have received copies of the following Cook County Bureau of Human Resources policies (check all that apply):

☐ **Equal Employment Opportunity Policy**, Effective 12/14/2016

☐ **Reasonable Accommodation for Employees and Applicants with Disabilities**, Effective 12/14/2016

I understand that it is my responsibility to read, understand, and comply with these policies, and that my failure to comply with these policies may result in disciplinary action, up to and including termination.

I understand that if I have questions at any time regarding these policies, I may contact the Cook County Bureau of Human Resources Equal Employment Opportunity Office at 312-603-6577 or EEO@cookcountyil.gov.


Print Name & Job Title


Signature


Date

CCPD_003183

 **COOK COUNTY BUREAU OF HUMAN RESOURCES**

**POLICY TITLE: EQUAL EMPLOYMENT OPPORTUNITY**

**EFFECTIVE DATE: DECEMBER 14, 2016**

### I. POLICY

Cook County Government is an Equal Employment Opportunity ("EEO") employer. In accordance with applicable anti-discrimination laws and regulations, the purpose of this Equal Employment Opportunity Policy ("Policy") is to ensure that the Offices under the Cook County Board President provide a workplace free from discrimination and harassment and provide an effective means for the resolution of discrimination and harassment complaints by County employees and applicants for employment. Cook County prohibits illegal discrimination and harassment and affords equal employment opportunities to employees and applicants without regard to race, color, sex, age, religion, disability, national origin, ancestry, sexual orientation, marital status, parental status, military service or discharge status, gender identity, or genetic information. As an employer, Cook County conforms to the spirit and the letter of all applicable laws and regulations, prohibiting discrimination and harassment.

Cook County is committed to keeping its workplace free from discrimination and harassment and to maintaining an environment in which every person is treated with dignity and respect. Cook County encourages its employees and applicants to raise any concerns regarding this Policy with the Equal Employment Opportunity Office ("EEO Office") within the Cook County Bureau of Human Resources ("BHR").

Retaliation against any person who makes a report concerning potential violations of this Policy, is expressly forbidden pursuant to the terms of this Policy.

### II. SCOPE

This Policy and the procedures set forth herein shall be applicable to all employees under the jurisdiction of the Cook County Board President and Departments covered by the Cook County Employment Plan, volunteers, consultants and contract personnel as well as applicants for employment in Offices under the jurisdiction of the President. The Policy applies to all aspects of the relationship between Cook County and its employees, including: employment; promotion; transfer; training; work conditions; wages and salary administration; employee benefits and application of policies. The policies and principles of equal employment opportunity also apply to the selection and treatment of candidates for employment, independent contractors, personnel working on our premises who are employed by temporary agencies and any other persons or firms doing business for or with Cook County.

1

 **COOK COUNTY BUREAU OF HUMAN RESOURCES**

**POLICY TITLE: EQUAL EMPLOYMENT OPPORTUNITY**

**EFFECTIVE DATE: DECEMBER 14, 2016**

### III. LIMITATIONS

Nothing in this Policy is intended to nor shall be construed to create a private right of action against Cook County or any of its employees. Furthermore, no part of this Policy is intended to nor shall be construed to create contractual or other rights or expectations.

Nothing herein is intended to affect the right of any person to:

- File a charge of discrimination at the Cook County Commission on Human Rights or any local, state or federal agency with jurisdiction over such claims;
- Raise a grievance under a collective bargaining agreement; or
- Consult a private attorney.

A determination that this Policy has been violated is not a determination of discrimination, harassment or retaliation under federal, state, or local law. Conduct that may not be considered unlawful under applicable federal, state, or local laws may nevertheless violate this Policy, and result in disciplinary action, up to and including discharge.

### IV. POLICY DISSEMINATION AND IMPLEMENTATION

The Office of the President via the Cook County Bureau of Human Resources will be responsible for disseminating this policy. Bureau Chiefs, Department Heads, Managers and Supervisors are responsible for implementing equal employment practices within each department. The Bureau of Human Resources is responsible for overall compliance and will maintain personnel records in compliance with applicable laws and regulations.

### V. PROHIBITED CONDUCT

#### a. Discrimination

Unlawful discrimination is adverse treatment of any employee or applicant based on the employee's or the applicant's real or perceived membership in a protected category. Cook County prohibits discrimination based on race, color, sex, age, religion, disability,[1] national origin, ancestry, sexual orientation, marital status, parental status, military service or discharge status, gender identity, or genetic information. This Policy prohibits discrimination which is based on actual or perceived membership in any of the foregoing protected groups.

---

[1] Cook County's procedures for requesting a Reasonable Accommodation for a disability as required by the Americans with Disabilities Act, as amended, are set forth in a separate policy.

2

 **COOK COUNTY BUREAU OF HUMAN RESOURCES**

**POLICY TITLE: EQUAL EMPLOYMENT OPPORTUNITY**

**EFFECTIVE DATE: DECEMBER 14, 2016**

**b. Harassment**

Harassment is unwelcome verbal or physical conduct directed toward, or differential treatment of, an employee because of his/her membership in any protected group or on any other prohibited basis, which has the purpose or effect of unreasonably interfering with an employee's work performance or creates a hostile, intimidating or offensive working environment. Harassment may include, but is not limited to, epithets, nicknames, slurs, negative stereotyping, threatening behavior, denigrating jokes, and written or graphic material that shows hostility or aversion toward an individual or group. Harassment based on race, color, sex, age, religion, disability, national origin, ancestry, sexual orientation, marital status, parental status, military service or discharge status, gender identity and/or genetic information is prohibited by this Policy. This Policy prohibits harassment which is based on actual or perceived membership in any of the foregoing protected groups.

**c. Sexual Harassment**

Cook County prohibits sexual harassment. Sexual harassment includes any unwelcome sexual advance, request for sexual favors, or conduct of a sexual nature when:

- Submission to such conduct is made, either explicitly or implicitly, a term or condition of an individual's employment or receipt of County services;
- Submission to or rejection of such conduct by an individual is used as the basis of an employment or service decision affecting the individual; and/or
- Such conduct has the purpose or effect of interfering with the work performance of an employee or creating an intimidating, hostile or offensive work environment.

Sexual harassment may be subtle or direct and may involve individuals of the opposite sex or members of the same sex. Sexual harassment may include, but is not limited to, sexually suggestive or offensive remarks, comments, jokes, degrading language or behavior that is sexual in nature, sexually suggestive objects, books, magazines, photographs, cartoons, pictures, calendars, posters, requests for sexual favors, stalking, sexual assault, touching, patting, or pinching, sending sexually suggestive email or text messages, and accessing sexually suggestive sites on the Internet.

**d. Third Party Harassment**

Third party harassment occurs when the harassment is committed by a person or group of people who work outside the control of the employer, such as contractors, clients, customers, vendors and suppliers or some other party which makes frequent visits to the workplace. It is the duty of any employer to provide a place which is safe to work and is free from harassment. Accordingly, this Policy expressly prohibits harassment by third parties in the workplace.

3

 **COOK COUNTY BUREAU OF HUMAN RESOURCES**

**POLICY TITLE: EQUAL EMPLOYMENT OPPORTUNITY**

**EFFECTIVE DATE: DECEMBER 14, 2016**

e. **Retaliation**

It is a violation of this Policy to retaliate against any person who asserts his or her rights by opposing discriminatory practices in the workplace; complaining about conduct prohibited by this Policy; or complaining to, cooperating with or assisting the EEO Office in resolving a complaint of discrimination or harassment. Retaliatory actions include, but are not limited to, refusal to hire, denial of promotion or job benefits, demotion, suspension or discharge, or any other actions affecting the terms or conditions of employment.

**VI. RESPONSIBILITIES**

a. **The EEO Office is responsible for:**

- Managing the County's process for investigating and resolving complaints made pursuant to this Policy.
- Assisting departments with questions related to implementation of this Policy.
- Conducting training to ensure that all employees are aware of this Policy and that all department heads and supervisors understand their role in implementing this Policy and promoting a fair and inclusive workplace.

b. **Department Heads are responsible for:**

- Each department head must take necessary steps to implement this Policy within his or her department, including making efforts to ensure that employees are aware of the Policy and that they must cooperate fully in investigations conducted pursuant to this Policy.
- Each department head should designate a manager or supervisor to serve as the department's Equal Employment Opportunity Liaison ("EEO Liaison") and the department head should ensure that the EEO Liaison fulfills his or her responsibilities provided by this Policy.

c. **Departmental EEO Liaisons are responsible for:**

- **Receiving Complaints**

EEO Liaisons must promptly report any complaints of discrimination, harassment or retaliation to the EEO Office. Liaisons must also promptly report conduct they become aware of which may constitute discrimination, harassment or retaliation, even if no employee or applicant reports or complains about the conduct. EEO Liaisons must also advise employees and/or applicants of their right to contact the EEO Office directly with any complaints or concerns.

4

CCPD_003187

 **COOK COUNTY BUREAU OF HUMAN RESOURCES**

**POLICY TITLE: EQUAL EMPLOYMENT OPPORTUNITY**

**EFFECTIVE DATE: DECEMBER 14, 2016**

- **Assisting with EEO Investigations**

    Liaisons will assist with various aspects of the investigation process, such as scheduling time for employees to meet with EEO Investigators, gathering documents pursuant to EEO Office requests and advising participants of the importance of confidentiality.

d. **Managers and Supervisors are responsible for:**

- **Reporting Potential Violations**

    All managers and supervisors have a key responsibility in establishing and maintaining a workplace free from discrimination and harassment. Any supervisor who becomes aware, or reasonably should become aware, of conduct that may be considered discriminatory, harassing or retaliatory, as stated in this Policy, but fails to report such conduct, may be subject to discipline.

- **Reporting Voluntary Relationships**

    While voluntary social relationships are not prohibited by this Policy, the existence of a dating relationship and/or physically intimate relationship between a supervisor and subordinate has the inherent potential for coercion and conflicts of interest, and may create the appearance of impropriety. Therefore, any supervisor who has such a relationship with another employee over whom he or she has any supervisory authority must report this fact to his or her Department Head in writing or in the case of a Department Head to the Chief of the Bureau of Human Resources. Failure to report such relationships may result in discipline, up to and including discharge.

e. **Employees, including Managers and Supervisors, are responsible for:**

- Creating and maintaining a discrimination and harassment-free work environment.
- Complying with this Policy and conducting themselves in an appropriate manner at all times.

## VII.  MAKING COMPLAINTS

### a. Reporting Prohibited Conduct

Any employee or applicant for employment who believes that he or she has been discriminated against, or harassed on the basis of race, color, sex, age, religion, disability, national origin, ancestry, sexual orientation, marital status, parental status, military service or discharge status, gender identity or genetic information, or who claims to have suffered retaliation as a result of

5

CCPD_003188

⊛ **COOK COUNTY BUREAU OF HUMAN RESOURCES**

**POLICY TITLE: EQUAL EMPLOYMENT OPPORTUNITY**

**EFFECTIVE DATE: DECEMBER 14, 2016**

participating in an EEO investigation, may file a complaint with the EEO Office. Contact information for the EEO Office appears at the end of this Policy and is available on the Bureau of Human Resources' website.

Any employee or applicant may also report any conduct believed to be discriminatory, harassing or retaliatory to a supervisor or to a department EEO Liaison. Supervisors and EEO Liaisons are obligated to inform the EEO Office of any such reports they receive.

**b. Time Limits**

Any claims of discrimination or harassment will be investigated promptly. To ensure an effective investigation, employees should voice their complaints as soon as possible. By promptly making complaints, employees allow the EEO Office to preserve relevant information and recommend remedial measures.

**A complaint of discrimination or harassment must be filed within one year of the date of the last alleged act of discrimination or harassment. A complaint of retaliation must be filed within one year of the date of the alleged action that is alleged to have been retaliatory and within three years of the original underlying complaint.**

The filing of a complaint with the EEO Office does not limit, extend, replace, or delay the right of any person to file a similar charge with the Cook County Commission on Human Rights or any local, state, or federal agency having authority to hear matters of discrimination. Failure to file a complaint with the EEO Office does not impact the rights of any person to file a charge with the Cook County Commission on Human Rights or any local, state, or federal agency.

**VIII. Investigation of Complaints**

**a. Initiating the Investigation**

Upon receiving a complaint or report of discrimination, the EEO Office will first determine whether the allegations, if true, would constitute a violation of this Policy. If the allegations presented, even if true, would not constitute a violation, the EEO Office will proceed with one of the options set forth in section VIII of this Policy, *Other Options for Resolution of Complaints.*

In cases where the allegations, if true, describe conduct that would constitute a violation of this Policy, the EEO Office will assign the matter a case number and promptly conduct an equitable and thorough investigation.

6

 **COOK COUNTY BUREAU OF HUMAN RESOURCES**

**POLICY TITLE: EQUAL EMPLOYMENT OPPORTUNITY**

**EFFECTIVE DATE: DECEMBER 14, 2016**

### b. Duty to Cooperate

All employees, including managers and supervisors, shall cooperate with the EEO Office staff in the course of an investigation under the Policy. Failure to cooperate may subject an employee to discipline.

### c. False Allegations or Information

Any individual who knowingly makes a false accusation of discrimination, harassment or retaliation or knowingly provides false information in the course of an investigation, may be subject to discipline. A complaint made in good faith, even if found to be unsubstantiated, will not be considered a false accusation.

### d. Investigation Reports

When the investigation is complete, the EEO Office will prepare an Investigation Report, containing a summary of the evidence, and a finding of whether a Policy violation has occurred. The report will state whether the allegations are "sustained" or "not sustained." In instances where the EEO Office finds that the allegations are sustained, the Investigation Report shall indicate the specific portion(s) of the Policy, and any applicable conduct section(s) of the Personnel Rules that have been violated, and shall make a recommendation of discipline to the relevant department.

All Investigation Reports will be sent to the relevant department head and copies will be maintained by the Bureau Chief of Human Resources.

### e. Notification of Parties

The EEO Office shall provide written notification to the complaining party ("Complainant") and the accused party ("Respondent") advising them of the outcome of the investigation. The notification will not include the recommended discipline made in sustained cases.

### f. Departmental Response

Within 30 days of receiving an Investigation Report making a sustained finding, the Department Head will advise the EEO Office in writing of the actions taken by the department. The Department Head will indicate whether he or she has followed the recommendation stated in the report, taken some other action or taken no action. If the Department Head decides to take some other action or to take no action, the Department Head must provide a justification for doing so in the written response to the EEO Office. All disciplinary actions taken pursuant to a recommendation in the EEO Investigation Report

7

**COOK COUNTY BUREAU OF HUMAN RESOURCES**

**POLICY TITLE: EQUAL EMPLOYMENT OPPORTUNITY**

**EFFECTIVE DATE: DECEMBER 14, 2016**

shall be in accordance with applicable collective bargaining agreement provisions and/or applicable personnel rules.

**g. Confidentiality**

All complaints and investigations will be kept confidential to the extent possible. There are instances, however, when the EEO Office is required by law to disclose information related to an investigation, including disclosing information to the Office of the Independent Inspector General ("OIIG").

To maintain confidentiality, the EEO Office may limit the distribution of the Investigation Report and the Investigative File. In sustained cases, the EEO Office will provide a copy of the Investigation Report to the Respondent, upon Respondent's request.

**IX. Other Options for Resolutions of Complaints**

**a. Referral to the Department**

If the EEO Officer determines that the allegations of the complaint, even if true, would not violate this Policy, but describe conduct that may be of concern to a department head, the complaint will be forwarded to the relevant department for further review.

**b. Referral to the Inspector General's Office**

If the allegations of a complaint describe conduct that is not covered by this Policy, but if true, may constitute other misconduct, the EEO Office will advise the Cook County Office of the Independent Inspector General ("OIIG") in writing of such complaints.

**c. Other Alternatives**

In appropriate situations, the EEO Office will work with departments to address complaints through other courses of action as determined by the EEO Office.

**X. Complaints Involving Third Parties**

Complaints of third party harassment will be tendered to the using department and the Office of the Chief Procurement Officer. The EEO Office will assist the using department, the Chief Procurement Officer and affected employee to determine and seek mitigating action.

**XI. Complaints Involving Members of the Public**

8

CCPD_003191

 **COOK COUNTY BUREAU OF HUMAN RESOURCES**

**POLICY TITLE: EQUAL EMPLOYMENT OPPORTUNITY**

**EFFECTIVE DATE: DECEMBER 14, 2016**

Complaints by members of the public alleging that a Cook County employee acting in the scope of his or her employment has engaged in conduct that may violate this Policy should be made to the Cook County Office of the Independent Inspector General ("OIIG"). The EEO Office will refer such complaints to the OIIG in writing.

A Cook County employee who believes that he or she has been subjected to discrimination or harassment by a member of the public outside of the workplace may report such conduct to the Cook County Commission on Human Rights or to any agency having authority to address such complaints.

### XII. Penalties

Employees found to be in violation of this Policy will be subject to discipline, up to and including discharge.

### XIII. Contacting the EEO Office

Employees may contact the EEO Office in person, by email or by phone, using the contact information below. Office hours are 8:30 a.m. to 4:30 p.m.

Cook County Bureau of Human Resources
EEO Office
118 N. Clark Street, Suite 840
Chicago, Illinois 60602
Phone: (312) 603-6577
Fax: (312) 803-9654
Email: EEO@cookcountyil.gov

9

CCPD_003192

*Ex. 5 - FINAL Policy re representing harassing clients 01.29.2020*
*Printed: 2/6/2020 10:26 AM*

**CCPD Policy**
**Representation of Clients Who Sexually Harass APDs**

Definitions:

> • "Harassed APD" is any APD who has witnessed a detainee or inmate exposing himself or masturbating in the CCDOC or a courtroom lockup and reported such behavior to his or her supervisor.

> • "Harassing Client" is any client of the CCPD who, during the past year, has been the subject of a public indecency criminal charge filed by CCPD staff, or exposure or masturbation report by any APD, law clerk, or other CCPD staff.

Policy:

> i.      Any Harassed APD is not required to represent the inmate who sexually harassed him or her on any then-pending charge or future charges. The Harassed APD must notify his or her supervisor that h/she has been sexually harassed by that particular client to be excused from representing that client again.

> ii.      Harassed APDs are not required to be assigned to represent any Harassing Clients in any new case for one year following the harassment. A Harassed Attorney who seeks to be relieved of being assigned to represent any Harassing Client in a new case, must notify his/her supervisor of the public indecency, masturbation, or exposure incident within three business days of when it occurred. This paragraph (ii) shall expire and shall have no force or effect five years after the date this policy is signed.

> iii.      The CCPD retains the right to assign the Harassed APD a new case if the APD is relieved of representing a Harassing Client.

Issued: January ___, 2020

**EXHIBIT 5**

# Sexual Misconduct By Detainees Directive - November 28, 2017

## 164.1 PURPOSE AND SCOPE

The purpose of this policy is to establish clear and uniform guidelines regarding the joint preliminary injunction orders (Case # 17-cv-8146, Case # 17-cv-8248, Case # 17-C-8085) entered in the United States District Court for the Northern District of Illinois Eastern Division on November 28, 2017. Cook County Sheriff's Office members shall adhere to the directives and bulletins addressed in this policy.

### 164.1.1 ISSUANCE/EFFECTIVE DATE

This policy was issued and shall be effective on December 1, 2017 (by judicial mandate) and shall remain in effect until further notice.

## 164.2 DIRECTIVES

### 164.2.1 DIRECTIVE ONE - ALL MEMBERS OF THE SHERIFF'S OFFICE

Incident Reports:

Retaliation for submitting a report, filing a complaint or participating in litigation about detainee sexual harassment is prohibited and not tolerated in any form. On the contrary, reporting of sexual misconduct is expected to ensure a safe and secure environment for staff and detainees. No one should ever be discouraged or prevented from filing incident reports of indecent exposure, exhibitionist masturbation, and other sexual misconduct at the Cook County Department of Corrections or any Court Services Division of the Cook County Judicial System.

All properly submitted incident reports involving indecent exposure and exhibitionist masturbation at the Department of Corrections or any Court Services Division of the Cook County Judicial System, which means the completion of a written incident report, will be accepted and processed.

### 164.2.2 DIRECTIVE TWO - ALL MEMBERS OF THE DEPARTMENT OF CORRECTIONS AND THE COURT SERVICES DEPARTMENT

Permissible Use of Force, Handcuffing and Movement:

Sworn members may use appropriate force or handcuffing to stop detainees from engaging in exhibitionist masturbation, indecent exposure or other physical aggression directed at another person. Sworn members must make a verbal demand to cease the behavior prior to using force to terminate the behavior. If, after a verbal demand to cease the exhibitionist masturbation is made and the behavior does not cease, sworn members trained in the use of Oleoresin Capsicum (OC) spray may spray detainees who masturbate at them or others to terminate the misconduct. No sworn member will be disciplined, or threatened with discipline, for taking action that is consistent with these provisions. Force must always be objectively reasonable given the circumstances known to the sworn member at the time of the incident.

**EXHIBIT 6**

Copyright Lexipol, LLC 2019/12/02, All Rights Reserved.
Published with permission by Cook County Department of
Corrections

# Cook County Department of Corrections
Custody Manual

## Sexual Misconduct By Detainees Directive - November 28, 2017

Detainees previously accused of indecent exposure, masturbation, or sexual misconduct will be handcuffed at all times during transport from the Department of Corrections to the Court Services Department of the Cook County Judicial System facilities, and will remain handcuffed at all times, unless otherwise ordered by a criminal court judge, until their return to the Department of Corrections.

Detainees will be properly handcuffed during visits with Cook County medical and mental health employees who work at the Department of Corrections, including at the dispensary, unless the mental health or medical professional requests removal of the handcuffs.

164.2.3  DIRECTIVE THREE - ALL MEMBERS OF THE DEPARTMENT OF CORRECTIONS AND THE COURT SERVICES DEPARTMENT
Detainee Clothing:

All detainees are required to be appropriately clothed in Department of Corrections issued uniforms at all times when outside their cells, except when showering. If a detainee refuses to properly wear their uniform or refuse to leave a public area because they are not wearing the uniform, the detainee may be escorted back to their cell or bunk and not be able to leave the living unit.

164.2.4  DIRECTIVE FOUR - ALL SWORN MEMBERS OF THE COURT SERVICES DEPARTMENT
On floors two and three of the Leighton Criminal Courthouse, in courtrooms with lockups that include a "talk box" for communicating with detainees in the lockup, and upon the request of an Assistant Public Defender, the sworn member assigned to the courtroom shall escort a detainee to a location in the unsecured area behind the courtroom, where the detainee will be secured for the purpose of meeting meet face to face with his counsel as necessary.

164.2.5  DIRECTIVE FIVE - ALL MEMBERS OF THE COURT SERVICES DEPARTMENT
As of the date of the issuance of this directive, the Public Defender's Office has lifted the directive that Assistant Public Defenders are barred from entering the lockup areas at the Leighton Criminal Courthouse.

## 164.3  BULLETINS

164.3.1  BULLETIN ONE - INFORMATION TECHNOLOGY UNIT, VIDEO MONITORING UNIT, COURT SERVICES DEPARTMENT AND INMATE DISCIPLINE
The Sheriff's Office shall preserve:

(a)  All incident and disciplinary reports; and

(b)  All video evidence of reported incidents of indecent exposure, exhibitionist masturbation, and other sexual misconduct directed at female members in the Department of Corrections and Courts Services Department.

Copyright Lexipol, LLC 2019/12/02, All Rights Reserved.
Published with permission by Cook County Department of Corrections

# Cook County Department of Corrections
Custody Manual

## Sexual Misconduct By Detainees Directive - November 28, 2017

For purposes of complying with this order, an incident shall be considered reported if an administrative report is made (defined as a report made by an Assistant Public Defender, whether verbally or in writing to a sworn member, who shall promptly complete and submit an incident report for processing or the completion of a written incident report by the sworn member).

### 164.3.2 BULLETIN TWO - ALL SUPERVISORY MEMBERS OF THE DEPARTMENT OF CORRECTIONS AND COURT SERVICES DEPARTMENT

For the purpose of providing it to counsel, sworn members shall be permitted to print incident reports that document incidents of indecent exposure, exhibitionist masturbation, and other sexual misconduct directed at or involving the sworn member seeking to print the report. If printing is unavailable, the Sheriff's Office must provide a copy of the incident report when requested for the purpose of providing it to counsel.

Regarding female civilian members and Cook County medical and mental health employees who report indecent exposure, exhibitionist masturbation, or other sexual misconduct by detainees and do not have access to print their own reports, shift supervisors must provide a printed copy of the completed incident report upon request for the purpose of providing it to counsel.

### 164.3.3 BULLETIN THREE - DEPARTMENT OF CUSTODIAL INVESTIGATIONS

Sheriff Office investigators/detectives assigned to investigate incidents of criminal conduct related to indecent exposure, exhibitionist masturbation, and other sexual misconduct shall contact the member, female civilian member, or Cook County medical and mental health employee who made the report at either the work email or work phone number reflected on the report to establish a point of contact and the ability of the member/employee to communicate with the investigator.

### 164.3.4 BULLETIN FOUR - ALL SWORN MEMBERS

All detainees with a reported incident of indecent exposure or exhibitionist masturbation will be provided with and required to wear a jumpsuit designed to thwart indecent exposure and exhibitionist masturbation. The jumpsuit will be promptly provided, and its use required, upon the first report of the behavior by any sworn or civilian personnel, without awaiting an inmate disciplinary hearing or adjudication. The jumpsuit will be worn in all Department of Corrections and Court Service Department facilitates, and during transport.

Copyright Lexipol, LLC 2019/12/02, All Rights Reserved.
Published with permission by Cook County Department of Corrections

# Prohibited Sexual Behavior Procedure

## 132.1  PURPOSE AND SCOPE

The purpose of this procedure is to reaffirm and clarify guidelines for the Cook County Sheriff's Office in relation to inmates who have exhibited prohibited sexual behavior (i.e., 313-Masturbation and 323-Indecent Exposure).

### 132.1.1  ISSUANCE/EFFECTIVE DATE

This procedure was re-issued on June 3, 2019 and shall become effective upon issuance (operational updates).

## 132.2  POLICY

It is the policy of the Cook County Sheriff's Office to promote the overall security, safety and general well-being of members, volunteers, judicial staff, visitors/public and the inmates themselves.

Members should refer to the Inmate Discipline Reporting and Notification Procedure for further guidelines.

## 132.3  ZERO-TOLERANCE OF DETAINEE SEXUAL HARASSMENT

The Sheriff's Office enforces a zero-tolerance policy against sexual harassment committed by detainees in its custody directed at any other person. Sexual harassment includes both verbal and non-verbal conduct (e.g., indecent exposure of genitals; masturbation that is visible to another person whether or not the genitals are exposed; actions that simulate masturbation; sexual comments; sexual threats; sexual epithets; comments about body parts; sexual innuendo and propositions; sexually suggestive gesturing; groping; any attempt at or threat of touching or grabbing; or sexual assault). Detainee sexual harassment is never acceptable and will result in discipline and other consequences. This shall apply to any conduct directed at women and men working in, detained in, or otherwise present in the jail, courthouses, medical facilities, and all other locations where a detainee is present.

This zero-tolerance policy applies to the sexual harassment of any other person. Detainees may not sexually harass correctional officers, health care personnel, social workers, courthouse deputies, other detainees, attorneys or any other person. This policy applies in the jail, at Cermak Health Services and other medical facilities, the Leighton Courthouse, branch courts, during transit and at any other location where a detainee is present, including the detainee's cell.

## 132.4  REPORTING PROHIBITED SEXUAL OFFENSES

### 132.4.1  INITIAL MEMBER RESPONSIBILITIES

Any sworn member who observes or receives notification that a Cook County Department of Corrections inmate is masturbating or has committed another prohibited sexual offense (e.g.,

**EXHIBIT 7**

# Cook County Department of Corrections
Cook County DOC Procedures Manual

## Prohibited Sexual Behavior Procedure

indecent exposure, sexual harassment, sexual abuse/assault) shall notify a supervisor as soon as practicable and take the following steps in an attempt to stop the behavior:

(a)  Give the inmate a direct order to stop the criminal sexual behavior and comply with the rules of the Department;

1.  If the inmate fails to comply, the member should:

(a)  Remove all non-essential personnel from the area; and

(b)  Use reasonable force or handcuffing to control the inmate and stop the inappropriate sexual behavior.

1.  Sworn members may use Oleoresin Capsicum (OC) spray to avoid any initial hands-on tactics.

2.  If OC spray does not work, sworn members may utilize other reasonable use of force tactics to stop the criminal sexual behavior.

(b)  Separate the offender from other inmates as soon as practicable;

(c)  Make notification of the incident to the Administrative Officer Reporting Line via telephone at (773) 674-7496.

(d)  Complete an Offense/Incident Report and an incident report (print and sign the physical document) within the jail management system prior to the end of his/her tour of duty; and

(e)  Complete an Inmate Disciplinary Report in the jail management system (print and sign the physical document) prior to the end of his/her tour of duty.

Sworn members are reminded that failure to take the actions outlined above may result in disciplinary action.

### 132.4.2  SUPERVISOR RESPONSIBILITIES
Any supervisor and/or watch commander who receives notification of a 313 or 323 violation shall:

(a)  Respond to the scene, if available, and take appropriate steps to assist in stopping the criminal sexual behavior.

(b)  Ensure notification of the incident was made to the Administrative Officer Reporting Line.

(c)  Ensure all reports (e.g., incident report, inmate disciplinary report, supporting documents) are completed and reviewed within the jail management system prior to the end of his/her shift. Additionally, the following should be documented within the system:

1.  The contact information (e.g., work or other contact telephone number, and where applicable, assigned location and assigned shift) for any victim and/or witness.

2.  Any relevant supporting evidence (e.g., video surveillance).

Copyright Lexipol, LLC 2019/11/01, All Rights Reserved.
Published with permission by Cook County Department of Corrections

# Cook County Department of Corrections
Cook County DOC Procedures Manual

## Prohibited Sexual Behavior Procedure

(d) Notify the Department of Custodial Investigations by email at ciid.investigations@cookcountyil.gov to advise of the violation and to seek an investigation into possible criminal charges.

(e) Notify the Classification Unit by email at doc.classificaiton@cookcountyil.gov to advise of the violation.

(f) Email the completed and signed documentation to the Inmate Discipline Unit at ccso.hearingboard@cookcountyil.gov by the end of the approving supervisor's tour of duty.

(g) Ensure the Department of Corrections Transportation Unit officers are made aware of the violation prior to transport, if applicable.

## 132.5  CLASSIFICATION UNIT AND REHABILITATION UNIT RESPONSIBILITIES

The Classification Unit and Rehabilitation Unit must ensure that any inmate who is reported to have engaged in a prohibited sexual offense, including but not limited to indecent exposure and masturbation is subject to the following:

(a) Transfer to a rehabilitation unit for housing pending a disciplinary hearing, as soon as practicable.

(b) Prompt issuance of a green, restrictive uniform signifying his/her offense status.

(c) Prompt entry of a 313 and/or 323 alert in the jail management system.

(d) Handcuffing behind the back during any movement out of his/her living unit, including, but not limited to the following:

　　1.　During transport to court;

　　2.　While waiting for their court hearing; and

　　3.　While in the courtroom, unless otherwise ordered by a criminal court judge.

(e) Handcuffing behind the back during visits with Cook County medical and mental health employees, including the dispensary, unless the mental health or medical professional requests removal of the handcuffs.

　　1.　Inmates who cannot be handcuffed behind the back due to medical reasons will be restrained with the blue box restraint system.

## 132.5.1  313 0R 323 ALERT STATUS

If an inmate is issued a sexual misconduct alert, he/she shall be immediately subject to, but not limited to, the following:

(a) Required to wear a green, restrictive uniform prior to any movement or time out of cell, including dayroom time; and

(b) Issued a pink identification card signifying that he/she has committed a sexual offense.

If found guilty of a sexual offense by the Inmate Disciplinary Unit, an inmate will be permanently subject to the 313 alert and the administrative procedures listed for the duration of his/her detention at the Department and any subsequent detentions or incarcerations at the Department.

# Cook County Department of Corrections
Cook County DOC Procedures Manual

*Prohibited Sexual Behavior Procedure*

## 132.6  PENALTIES AND RESTRICTIONS

The penalties and restrictions imposed on an inmate found guilty of a sexual offense are subject to the discretion of the disciplinary hearing officer, in accordance with the Inmate Discipline Procedure.

## COMPLAINT PROCESS FOR ASSISTANT PUBLIC DEFENDERS (APD) AND COOK COUNTY PUBLIC DEFENDER LAW CLERKS (Law Clerks) TO REPORT INCIDENTS OF INDECENT EXPOSURE AND MASTURBATION

Any APD or law clerk subjected to indecent exposure, masturbation, or other sexual misconduct by a detainee in the custody of the Cook County Sheriff shall follow the procedure below for reporting the incident to a deputy or correctional officer. APD's and law clerks are encouraged to report any incident of indecent exposure, masturbation, or other sexual misconduct by a detainee.

1. Upon observing an incident of indecent exposure, masturbation, or other sexual misconduct by a detainee, an APD or law clerk should attempt to identify the detainee engaged in the conduct.

2. As soon as reasonably possible, the APD or law clerk shall report the observation verbally to any deputy or sheriff personnel assigned to either the lockup area or the courtroom or any correctional officer, if in the Jail, where the incident occurred.

3. If unable to verbally report the incident, the APD or law clerk may provide a written account of the incident to any deputy or sheriff personnel assigned to the lockup area or correctional facility where the incident occurred as soon as the APD or law clerk is able following the incident. The date, time and location of the incident as well as a description of the involved detainee should be provided in order for the CCSO to identify the detainee responsible. The written account shall also be emailed to the Sheriff's Office FOIA Officer at ccso.foiaofficer@cookcountyil.gov by the APD or law clerk.

4. To complete a proper incident report and obtain a positive identification, if possible, of the detainee, the APD or law clerk should provide any information requested by the deputy or correctional officer and, if possible, make an identification of the detainee engaged in the conduct to the deputy or correctional officer.

5. If the detainee is identified, a disciplinary ticket will be issued to that detainee. The Department of Corrections will conduct a due process hearing with the detainee within 7 days of the incident.

6. An APD or law clerk subjected to indecent exposure, masturbation, or other sexual misconduct who has reported the incident as described above may request the incident report and/or the outcome of any administrative hearing regarding that incident by sending an email to the Sheriff's Office FOIA Officer at ccso.foiaofficer@cookcountyil.gov. The APD or law clerk shall include the date, time and location of the incident as well as a description of the involved detainee to the best of his/her ability. The Subject line must include: APD/LAW CLERK REQUEST PURSUANT TO SETTLEMENT AGREEMENT IN BROWN V. COOK COUNTY ET AL. Any APD or law clerk making a request shall also identify himself or herself as an APD or law clerk. The CCSO will provide the report via email within five business days of the request.

EXHIBIT 8