**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CRYSTAL BROWN, et al., on Behalf of Themselves and a class of Similarly Situated Persons, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 17-cv-8085 |
| COOK COUNTY; AMY CAMPANELLI, in her official capacity as Public Defender of Cook County; and THOMAS DART, in his official capacity as Sheriff of Cook County, | ) ) ) ) ) | Judge Matthew Kennelly |
| Defendants. | ) ) | |

## SETTLEMENT ADMINISTRATOR'S DECLARATION

I, Eric Schachter, declare as follows:

1.     I am a Vice President of A.B. Data, Ltd.'s Class Action Administration Division ("A.B. Data"), whose corporate office is located in Milwaukee, Wisconsin. Pursuant to the Court's March 5, 2020, Order Preliminarily Approving Class Action Settlement (the "Preliminary Approval Order"), A.B. Data was appointed as the Settlement Administrator[1] to supervise and administer the notice and claims procedure in connection with the settlement of the above-captioned action (the "Action"). I am over 21 years of age and am not a party to the Action. I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

## NOTICE

2.     Pursuant to the Settlement Agreement, A.B. Data was responsible for mailing the Notice of Proposed Class Action Settlement ("Class Notice") and the Settlement Claim Form (the "Claim Form" and, collectively with the Class Notice, the "Notice Packet") to Settlement Class Members. A copy of the Notice Packet is attached hereto as Attachment A.

---

[1]Unless otherwise defined herein, all capitalized terms used herein shall have the meanings set forth in the Settlement Agreement dated February 21, 2020.

3.      On March 24, 2020, A.B. Data received from Class Counsel a list containing the names and mailing addresses for 532 unique individuals identified as Settlement Class Members (the "Class List").

4.      Prior to the initial mailing of the Notice Packets to Class Members, A.B. Data standardized and updated the mailing addresses on the Class List using the United States Postal Service ("USPS") National Change of Address database in an effort to improve deliverability rates.

5.      On March 30, 2020, A.B. Data caused Notice Packets to be sent by USPS First-Class Mail to the 532 individuals on the Class List. An additional notice package was sent to Diana Garcia, who was not initially included in the class list, bringing the total number of Class Members to 533.

6.      As of the date of this Declaration, 46 of the 533 Notice Packets mailed to Class Members were returned by the USPS to A.B. Data as undeliverable as addressed with no forwarding address available ("UAA"). For each UAA, A.B. Data searched for an updated mailing address using Transunion, a third-party credit reporting agency and information provider to which A.B. Data subscribes to for purposes of identifying updated mailing addresses and/or contact information. As a result of the efforts, 31 of these UAAs were successfully re-mailed to an updated address. For the remaining 15 UAAs, we were unable to successfully mail to an updated address and as a result these Class Members did not receive direct notice. In total, of the 533 identified Class Members, 518 or approximately 97% were successfully provided with direct notice.  In my experience, the UAA rate here of approximately 3% is below the typical 5% to 10% UAA rate we see in other class actions.

7.      Additionally, A.B. Data sent notices to Class Members who contacted Class Counsel to provide updated mailing addresses.

8.      Based on the completion of the process described above, the Class Notice to the Plaintiff Class Members has been disseminated in accordance with the Court's Order.

9.      A.B. Data is actively working with Class Counsel to find updated contact information for the 15 Class Members in UAA status. Of those fifteen, Maria Teresa Gonzalez submitted a claim. If we can locate any of these remaining of these Class Members, we will advise them to submit a claim if they would like to participate. If a valid claim is submitted, we will adjust the computation of the allocations for all

eligible claims to include these newly received claims, pending approval of the Court. We expect this would not result in a significant change to the mean and average estimated distribution amounts discussed below. A.B. Data is also prepared to run a crosscheck of approximately 33 Class Members' mailing addresses identified by Class Counsel to ensure the Notice was sent to the most updated and accurate mailing address on record and to provide notice if a corrected address or other contact information is obtained. This process, and any supplemental mailings, can be done expeditiously and A.B. Data will be able to update the claimant output to reflect additional claims, if any are received, for submission to the court within thirty days after the final approval order proposed by Class Counsel is granted.

## WEBSITE

10.     On March 30, 2020, A.B. Data established a case-dedicated website for this Action, www.ccpdharassmentsuit.com. The website includes summary information and access to important documents related to the Action. Specifically, the website provides information concerning the current status of the Action, contact information for Class Counsel, and downloadable copies of the Settlement Agreement, the Notice Packet, and the Preliminary Approval Order, and the Order setting the Fairness Hearing date and providing the telephonic call-in information. The website also provided Class Members with the ability to submit the Claim Form online. The website is accessible 24 hours a day, 7 days a week.

## REPORT ON CLAIM FORMS RECEIVED

11.     Pursuant to the terms of the Settlement Agreement and as set forth in the Class Notice, to be eligible to recover money damages from the Settlement, Settlement Class Members were required to submit a Claim Form by mail or online via the website www.ccpdharassmentsuit.com no later than May 29, 2020. Class Members were also required to submit objections or requests for exclusion by this date as well.

12.     As of the date of this Declaration, A.B. Data has not received any objections or requests for exclusion from any Claimant and it has not been notified of any objections or requests for exclusion that were submitted to Class Counsel or filed with the Court.

13.     As of the date of this Declaration, A.B. Data has received Claim Forms from 232

3

Settlement Class Members. Upon receipt, all Claim Forms were assigned a unique identification number, and the information contained on each Claim Form was entered into the database developed by A.B. Data to process Claim Forms submitted in this Action. A.B. Data then reviewed each Claim Form to verify the claimant was a Settlement Class Member who had filed a timely claim and had only one operative Claim Form. A.B. Data also reviewed each Claim Form to determine (a) dates of employment; (b) the nature, frequency, and severity of sexual harassment incidents experienced; (c) whether claimants reported incidents to the CCSO, CCPD, County, or filed criminal charges; (d) physical and emotional harm suffered; (e) damages to career; and (f) the contribution to and participation in the litigation of this Action. As a result of these efforts, A.B. Data determined, in conjunction with Class Counsel, that 165 Settlement Class Members had claims that were complete and valid as submitted, and 67 Settlement Class Members had claims that were deficient for not indicating their relevant dates of employment as required on the Claim Form. In an effort to obtain the missing information to validate their claims, A.B. Data caused an email notification to be sent to these 67 Settlement Class Members describing the deficiency and what was necessary to cure the defect. Claimants were advised that the missing information needed to be submitted within fourteen (14) days from the date of the notification. An example of the notification is attached hereto as Attachment B. As a result of this outreach, 65 of the 67 Settlement Class Members cured their claims. After consultation with Class Counsel, the two Claimants who did not supplement these answers were not penalized for failing to provide employment dates and their claims were processed in the same manner as the other claims. These two claimants certified that they were female (Question 2) and that they worked as either an APD or law clerk during the class period (Questions 3 and 4), although they did not provide specific dates of employment (Questions 3A and 4A).

14.     A.B. Data also determined that eight claimants submitted Claim Forms after the May 29, 2020 deadline as follows:  three claim forms were received on May 30, 2020 and the remaining late claim forms were received on June 24, 2020, June 26, 2020, July 23, 2020, July 29, 2020, and September 2, 2020. A.B. Data was able to process these eight claims along with the timely claims, and after consultation with

Class Counsel, these claims are included in the output attached as Attachment C. The total Award Units for these eight Claimants is small relative to the output of the class as a whole (about 1.3 percent).

15.     In addition, one Claimant submitted a timely claim, but was not included on the Class List. In consultation with Class Counsel, her Claim was also processed and is also included in the output.

<strong><u>PROPOSED AWARD FORMULA</u></strong>

16.     Pursuant to the Settlement Agreement, the Settlement Administrator and Class Counsel are responsible for determining the allocation of Settlement Fund amounts to any individual Settlement Class Member.

17.     A.B. Data and Class Counsel incorporated the following factors into the proposed allocation formula:

a.   The claimant's certification that she is female and that she worked at the Cook County Public Defender's office as an Assistant Public Defender ("APD") and/or a law clerk during the relevant time period;

b.   the amount and type(s) of sexual harassment from male detainees that the claimant experienced;

c.   the claimant's efforts to report the harassment;

d.   the harm to the claimant as a result of the harassment, including but not limited to emotional, mental, and/or physical effects;

e.   the impact on the claimant's career; and

f.   the level of participation by the claimant in the case.

18.     Taking these factors into account, in consultation with Class Counsel, A.B. Data proposes that each Settlement Class Member with a valid claim receive a payment determined on the following basis:

a.   Eligible Settlement Class Members will be assigned "Award Units" based on the factors outlined in Paragraph 12 (a) through (f) above.

b.   Each Award Unit will have an equal monetary value, determined by dividing the Net Settlement Fund (calculated and defined as the total Settlement Fund of $14,000,000.00

less Court-approved payments for service awards, attorneys fees and costs) by the total number of Award Units (calculated based upon the sum of all eligible claiming Settlement Class Members' respective Award Units, awarded as set forth below).

c. Each individual payment amount shall be calculated by multiplying the number of Award Units to which the Settlement Class Member is entitled by the monetary value of the Award Unit as calculated in subparagraph (b) above.

d. Every claimant certified that she is female and worked as an APD or law clerk during the relevant time period (Claim Form Questions 2-4), and thus no Claimant was disqualified for her answers to these questions.

e. Under the proposed scoring rubric, a maximum of 100 Award Units was potentially available in each claim.

f. Award Units were apportioned as follows: A maximum of forty Award Units was available for answers to the "Harassment Experienced" section of the Claim Form (Questions 6-15); a maximum of twenty Award Units was available for the Reporting section (Questions 16-19); a maximum of thirty-eight Award Units was available for answers to the Damages section (Questions 20-24); and a maximum of two Award Units was available for answers to the Participation in the Lawsuit section (Question 25).

g. **Summary of Award Units for Harassment Experienced Section (Questions 6 to 15)** Each Settlement Class Member who was the subject of the following types of sexual harassment will receive up to 40 Award Units, depending on the types and amount of the harassment reflected on the Claim Form (Questions 6 to 15). The 40 Award Units available for this section have been allocated based on a point system weighted as follows:

    i. Question 6 - Masturbation with Penis Exposed – up to 25 points

    ii. Question 7 – Masturbation with Penis Inside Clothing – up to 15 points

    iii.   Question 8 - Indecent Exposure (Other than Masturbation) – up to 15 points

    iv.   Question 9 -- Inappropriate Touching of Penis or Genitalia, other than Masturbation or Indecent Exposure – up to 1 point

    v.   Question 10 -- Masturbation or Indecent Exposure While You Were in a Locked Room with a Detainee – up to 15 points

    vi.   Question 11 -- Unwanted Physical Touching – up to 10 points

    vii.   Question 12 -- Semen – up to 15 points

    viii.   Question 13 -- Bodily Fluids other than Semen – up to 2 points

    ix.   Question 14 -- Rape Threats – up to 1 point

    x.   Question 15 -- Oral Harassment other than Rape Threats – up to 1 point

h.   **Summary of Award Units for Reporting Section (Questions 16-19)** Each Settlement Class Member who made efforts to report the harassment will receive up to 20 Award Units, depending on the type of reporting reflected on the Claim Form, set forth as follows:

    i.   Each claimant who made reports to sheriff's deputy will receive up to 5 Award Units (Question 16).

    ii.   Each claimant who made reports to CCPD supervisors will receive up to 5 Award Units (Question 17).

    iii.   Each claimant who filed criminal charges relating to detainee sexual misconduct will receive the full 20 Award Units (Question 18).

    iv.   Each claimant who made reports to the Cook County Equal Employment Office will receive up to 5 Award Units (Question 19).

i.   **Summary of Award Units for Damages Section (Questions 20-24)** Each Settlement Class Member who suffered damages will receive up to 38 Award Units depending on the type and frequency of damages reflected on the Claim Form. The 38 Award Units for this section have been allocated based on a point system weighted as follows:

i. **Question 20 (Symptoms Experienced):** Each claimant will receive 2 points for each Emotional, Mental, and/or Physical symptom reflected on the Claim Form (up to a maximum of 25 points).

ii. **Question 21 (Medical Treatment):** Each claimant will receive up to 30 points for receiving medical treatment caused by detainee sexual misconduct. (Claimants who provided complete information with respect to identification of treaters, diagnosis and dates of treatment received 30 points; Claimants who provided partial information with respect to these items received 15 points).

iii. **Question 22 (Resignation due to Detainee Sexual Misconduct):** Any Claimant who checked "yes" that she resigned from the Public Defender's Office due to detainee sexual harassment received 15 points and any law clerk that check "yes" received 7.5 points;

iv. **Question 23 (Other Negative Job Actions Caused by Detainee Sexual Misconduct):** Each claimant that was an ADP will receive up to 20 points and each claimant that was a Law Clerk will receive up to 10 points if she suffered the following negative job actions:

   a) Transferred to a position that required less contact with detainees and/or less contact with areas where detainee misconduct was prevalent (10 points APDs / 5 points law clerks)

   b) Did not apply for a promotion or other position because it would increase exposure to detainee misconduct (10 points APDs / 5 points law clerks)

   c) Did not take on clients or cases because it would increase exposure to detainee misconduct (5 points APDs / 2.5 points law clerks)

   d) Used sick days, annual leave, or other leave time (5 points APDs / 2.5 points law clerks)

     **v.**    **Question 24 (Lockup Ban):** Each Settlement Class Member will receive 10 points if she indicated on the Claim Form that she was an APD and was impeded from entering the lockup as a result of Amy Campanelli's prohibition of CCPD personnel entering the lockup.

    **j.**    **Summary of Award Units for Participation in the Suit.** Each Settlement Class Member will receive 2 Award Units for participation in the suit if they provided information (for instance, by in-person or phone interview with Class Counsel) or provided documents regarding detainee sexual harassment or retaliation to Class Counsel.

## FUND DISTRIBUTION

19.    Using the formula presented above, A.B. Data has preliminarily calculated the payment amount for each eligible Settlement Class Member based on an assumed Net Settlement Fund of $9,510,000 (after deductions for the proposed service awards ($290,000) and proposed Court-approved fees and costs ($4,200,000). The highest score was 87.9 Award Units resulting in a proposed estimated award of $134,153.03. The lowest score (other than two claimants who received zero Award Units) was 0.16 Award Units resulting in a proposed estimated award $ 244.19. The median (mid-point) score was 22.22 Award Units resulting in a proposed estimated award of $ 33,912.18. The mean (average) score was 26.86 Award Units, resulting in a proposed estimated award of $ 40,991.38.

20.    Two Class Members' claim form responses resulted in awards of zero Award Units. The estimated allocation amounts for each eligible Settlement Class Member (identified by Claim Number) are attached hereto as Attachment C.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 11th day of September 2020.

 

_____
           Eric Schachter

# ATTACHMENT A

### *THIS IS A NOTICE OF A PROPOSED CLASS ACTION SETTLEMENT*
### *THIS IS NOT A SUMMONS OR AN ORDER TO COME TO COURT*
### *Brown et al. v. Cook County, et al.*, No. 17-cv-8085 (N.D. Ill.) (Kennelly, J.)
### PRELIMINARY NOTICE OF SETTLEMENT OF THE CLASS ACTION
### LAWSUIT RELATING TO DETAINEE SEXUAL HARASSMENT

This Notice is being sent to you by order of the Court to advise you that the Court has preliminarily approved a settlement in the employment discrimination case relating to sexual harassment of female Assistant Public Defenders (not including supervisors) and female Law Clerks by male detainees in the custody of the Cook County Sheriff. In October 2019, you were previously sent a Notice advising you that a class action had been certified in this lawsuit, that you were a member of the class, and giving you a choice to opt out of the suit.

In this lawsuit, the Class Representatives - Crystal Brown, Saran Crayton, Samantha Slonim, Celeste Addyman, Erika Knierim, and Julie Hull - alleged that Defendants Cook County, Amy Campanelli, in her Official Capacity as the Cook County Public Defender ("CCPD"), and Thomas Dart, in his Official Capacity as the Cook County Sheriff ("CCSO"), violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.*, the United States Constitution, 42 U.S.C. § 1983 and the Illinois Civil Rights Act, 74 ILCS 23/1 *et seq.*, by implementing policies and practices that fostered a sexually hostile work environment in the Cook County Jail and courthouse lockups whereby male detainees repeatedly masturbated at female Assistant Public Defenders (APDs) and Law Clerks during the two-year period prior to the suit.

### YOU MUST NOW DECIDE WHAT ACTION YOU WILL TAKE IN
### RESPONSE TO THE PROPOSED CLASS ACTION SETTLEMENT

**Your legal rights are affected whether you act or do not act. Please read this notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM** | The only way to receive a payment from the settlement fund. (You will still benefit from the settlement's injunctive relief if you do not submit a claim.) |
| **OBJECT** | Write to the Court about why you do not like the settlement. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the settlement. |
| **DO NOTHING** | Receive no payment. Benefit from the injunctive relief that will result from the settlement, but give up right to sue for claims relating to detainee sexual harassment at issue in this suit. |
| **OPT OUT OF SETTLEMENT** | Submit a "Request for Opt-Out Statement" and give up your right to participate in the settlement. |

These rights and options—**and the deadlines to exercise them**—are explained in this notice. The Court has not yet decided whether to approve the settlement. If the settlement is approved, the injunctive relief will be implemented and payments will be made after Claim Forms are reviewed and the Court approves the proposed payments.

# TABLE OF CONTENTS TO THIS NOTICE

**BASIC INFORMATION**.................................................................................................**3**

    1.   **Why Did I Get This Notice?**.....................................................................**3**

    2.   **What Is This Lawsuit About?**..................................................................**3**

    3.   **Why Is This Lawsuit a Class Action?**....................................................**4**

    4.   **Why Is There a Settlement?**...................................................................**4**

    5.   **Who Is in the Settlement?**......................................................................**4**

**THE SETTLEMENT BENEFITS**....................................................................................**4**

    6.   **What Does the Settlement Provide?**.......................................................**4**

    7.   **What Can I Get from the Settlement?**...................................................**6**

**HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM**..........................**6**

    8.   **How Can I Get a Payment?**...................................................................**6**

    9.   **When Would I Get My Payment?**...........................................................**7**

**THE LAWYERS REPRESENTING YOU**.......................................................................**7**

    10.   **Do I Have a Lawyer in This Case?**........................................................**7**

    11.   **How Will the Lawyers Be Paid?**............................................................**7**

**OBJECTING TO THE SETTLEMENT**...........................................................................**7**

    12.   **How Do I Tell the Court That I Do Not Like the Settlement?**............**7**

**OPTING OUT OF THE SETTLEMENT**.........................................................................**7**

    13.   **How Do I Opt Out of the Settlement?**...................................................**7**

**RELEASE OF CLAIMS**....................................................................................................**8**

    14.   **What Claims Am I Releasing?**...............................................................**8**

**THE COURT'S FAIRNESS HEARING**..........................................................................**8**

    15.   **When and Where Will the Court Decide Whether to Approve the Settlement?**..........**8**

    16.   **Do I Have to Come to the Hearing?**......................................................**8**

    17.   **May I Speak at the Hearing?**.................................................................**8**

**IF YOU DO NOTHING**.....................................................................................................**9**

    18.   **What Happens If I Do Nothing at All?**.................................................**9**

**GETTING MORE INFORMATION**................................................................................**9**

    19.   **How Do I Get More Information?**.........................................................**9**

# BASIC INFORMATION

## 1. Why Did I Get This Notice

You have received this Notice because the Cook County Public Defender's records indicate you are female and worked as an Assistant Public Defender or Law Clerk between November 1, 2015 and October 28, 2019. This notice explains that you have legal rights and options that you may exercise now that a settlement has been proposed in this sex harassment and retaliation case.

## 2. What Is This Lawsuit About?

The Class Representatives - Crystal Brown, Saran Crayton, Samantha Slonim, Celeste Addyman, Erika Knierim, and Julie Hull - filed this lawsuit on November 8, 2017, on behalf of themselves and a proposed class of all similarly situated female employees. The Class Representatives were joined in this lawsuit by eleven Named Plaintiffs: Rocio Armendariz, Brett Gallagher, Rachelle Hatcher, Kyan Keenan, Takenya Nixon, Carly Patzke, Stephanie Schlegel, Ashley Shambley, Coryn Steinfeld, Niyati Thakur, and Julie Willis.

The Class Representatives and Named Plaintiffs alleged that Defendants Cook County, Amy Campanelli in her Official Capacity as the Cook County Public Defender ("CCPD"), and Thomas Dart in his Official Capacity as the Cook County Sheriff ("CCSO"), violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000 et seq., the United States Constitution, 42 U.S.C. §1983, and the Illinois Civil Rights Act, 74 ILCS 23/1 et seq., by implementing policies and practices that fostered a sexually hostile work environment in the Cook County Jail and courthouse lockups whereby male detainees repeatedly masturbated at female Assistant Public Defenders (APDs) and law clerks including during the two year period prior to the suit. The Plaintiffs also alleged that the Public Defender retaliated against employees by barring them from entering the lockup at the Leighton County Courthouse from October 31 to November 22, 2017.

On November 28, 2017, the Court entered two Agreed Preliminary Injunction Orders between Plaintiffs and the CCSO and the CCPD. These Orders have remained in effect during the suit. Among other things, pursuant to these Orders, the CCSO was required to: preserve reports relating to masturbation incidents; issue a directive barring CCSO personnel from discouraging reports; issue an email to the CCPD outlining the disciplinary procedures for detainees accused of masturbation; provide a copy of the incident report to the APD upon request; require all detainees with a reported masturbation incident to wear a jumpsuit designed to deter future attacks; require detainees with a reported incident to remain handcuffed during transport to and in the courthouse, and that they be kept on the "bridge" and not in the lockups; assign a deputy to the courtrooms on floors 4-7 of the Leighton Criminal Courthouse when detainees are present; and other remedial measures. *Inter alia*, pursuant to these Orders, the CCPD agreed to maintain its policy prohibiting retaliation, withdraw the "lockup ban" prohibiting APDs from entering the lockups at the Leighton Criminal Courthouse, and disseminate policies and procedures implemented by the CCSO relevant to detainee masturbation and sexual misconduct.

On August 12, 2019, this Court certified a Hostile Work Environment class. The Court denied Plaintiffs' request to certify the retaliation sub-class but gave leave to re-file a motion to certify this class with a more limited class definition.

The Defendants deny that they violated any law, including Section 1983, Title VII and/or the Illinois Civil Rights Act. Defendants deny that their policies contributed to detainee masturbation incidents or that they discriminated or retaliated against the Plaintiffs or any class member. Defendants assert they took reasonable measures to prevent detainee sexual harassment. The CCPD denies it is responsible for policing detainees and

3

asserts this is the CCSO's responsibility. The CCSO denies that it employed Assistant Public Defenders or law clerks within the meaning of Title VII. The Court has not decided the case in either party's favor on these claims or defenses.

### 3. Why Is This Lawsuit a Class Action?

In a class action lawsuit, one or more people called "Class Representatives" sue on behalf of other people who have similar claims. In this case, the Class Representatives are Crystal Brown, Saran Crayton, Samantha Slonim, Celeste Addyman, Erika Knierim, and Julie Hull.

As set forth in the prior October 28, 2019 Notice that was sent to you about this suit, the Court decided that the lawsuit meets the requirements of Federal Rule of Civil Procedure 23, which governs class actions in federal courts. The Court allowed, or "certified," this lawsuit as a class action because there are a sufficient number of female APDs and Law Clerks to form a class; there are legal questions and facts that are common to each class member; the Class Representatives' claims are typical of the claims of the rest of the Class; the Class Representatives and the lawyers representing the Class will fairly and adequately represent the Class Members' interests; the common legal questions and facts in this case predominate over questions that affect only individuals; and this class action will be more efficient than individual lawsuits.

### 4. Why Is There a Settlement?

The Court did not decide in favor of Plaintiffs or the Defendants. Plaintiffs and the Defendants negotiated, with the Court's assistance, to reach a proposed settlement rather than go to trial on this case. By agreeing to a settlement, the parties avoid the cost of a trial and the risks of an adverse decision involved in a trial and potential appeals; and, the Class Members affected will receive the benefit of future injunctive relief and monetary compensation. Class Counsel think the settlement is in the best interest of all of the members of the Class.

### 5. Who Is in the Settlement?

You were previously sent Notice that the class had been certified. The Class Representatives and individuals who are in the Class certified by the Court will be covered by the settlement of this case if the settlement is approved. These individuals include all female assistant public defenders (not including supervisors) and female law clerks who have worked for the Defendants for any period of time from November 1, 2015 through and including October 28, 2019 and who have visited the jail and/or lockups in connection with their employment and whose names appear on the Class List provided to us by CCPD. You are receiving this Notice because you are in the class based on the CCPD's employment records.

## THE SETTLEMENT BENEFITS

### 6. What Does the Settlement Provide?

The Settlement provides both injunctive relief, from the CCPD and CCSO, and a monetary award from Cook County, described as follows.

  a. *Settlement Terms - Injunctive Relief*

  The Settlement provides that the following measures will be implemented and will remain in place for two years following the date the final approval of the settlement is granted, if so, by the Court:

4

- All detainees with a reported incident of indecent exposure, masturbation, or sexual misconduct shall be required to wear a special jumpsuit.

- All detainees with a reported incident of indecent exposure, or masturbation, or sexual misconduct shall continue to be handcuffed at all times during transport from the Department of Corrections to the Court Services Division of the Cook County Judicial System facilities, and will remain handcuffed at all times unless otherwise ordered by a criminal court judge until their return to the jail.

- In the Leighton Criminal Courthouse, those detainees with a reported incident of indecent exposure, masturbation, or sexual misconduct will remain handcuffed behind the back while in the Courthouse and will be kept on the "bridge" versus being held in the courtroom lockups.

- The CCSO shall continue to assign a deputized sworn staff member or exempt staff member to each of the eight lockup areas in the Leighton Criminal Courthouse on floors 4, 5, 6, and 7 to remain in each of those lockup areas at all times when nonsworn court personnel are present with detainees.

- Cook County and the CCPD will issue a Joint Statement that advises APDs and law clerks of the zero-tolerance policy for detainee sexual harassment, how to report incidents if they occur, and the policy against retaliation for reporting incidents.

- The CCPD will provide a copy of an email from Lester Finkle dated December 15, 2017 regarding detainee masturbation attacks and all attachments thereto to new hires in their training packet.

- The CCPD will disseminate information it receives from the CCSO, including any procedures on videoconferencing and reservation of off-tier meeting rooms in Divisions IX and X, procedures on reporting incidents and notice of detainees with indecent exposure and/or masturbation ("313" and "323") alerts.

- Videoconferencing shall be made available for APDs and law clerks to communicate with their detainee clients, subject to approval of the APD's or law clerk's Chief of the Division.

- The CCPD will enact a policy concerning the representation of clients who have engaged in sexual harassment of APDs and law clerks, which is attached as Exhibit 5 to the Settlement Agreement.

- The CCSO shall keep Policy 164 (Sexual Misconduct by Detainees Directive) and Procedure 132 (Prohibited Sexual Behavior Procedure) in place. The CCSO shall provide any updates made to Policy 164 or Procedure 132 to Plaintiffs' counsel and the Parties shall meet and confer regarding any changes on request.

- The CCSO will post the process by which an APD or law clerk may report an incident of indecent exposure, masturbation, or other sexual misconduct in Court Service Division courthouse lockups.

- The CCSO shall continue to permit an APD or law clerk to request an incident report regarding an incident she reported and/or the outcome of any administrative hearing regarding that incident by sending an email to the Sheriff's Office FOIA Officer at ccso.foiaofficer@cookcountyil.gov with certain information as set forth in the settlement agreement.

- The CCSO shall make CCSO's existing videoconferencing capabilities available for APD client meetings. Videoconferencing capabilities are currently available in Divisions II, V, VI, IX, X, and XI of the Cook County Jail.

- The CCSO has designated rooms in Divisions IX and X for attorneys to meet with their clients away from the tiers. An APD requesting to meet with a client in one of these rooms shall send an email making the request to the following email address: ccso.legalvisit@cookcountyil.gov. An APD may, but is not required, to use the off-tier meeting room.

- The CCSO shall provide a list of detainees with 313 and 323 alerts to the CCPD that will include detainees who have a 313 or 323 alert at the time of creation of the List.

*b. Settlement Terms - Monetary Relief*

The settlement also provides that Cook County will pay the aggregate sum of Fourteen Million dollars ($14,000,000) to settle this case. The $14,000,000 shall be distributed to the Class Representatives, the Named Plaintiffs, the Class Members, and Class Counsel. A minimum of $9,510,000 will be distributed to all the Class Representatives, the Named Plaintiffs and all Class Members based on answers to Claim Forms. A Class Administrator will determine the amount of each individual's monetary award as described in the next section of this Notice. In addition, Class Counsel will apply for service payments of $25,000 for each of the six Class Representatives to compensate them for the time and effort they devoted to representing the Class in this case, including the time they spent consulting with Class Counsel about the case and settlement, providing depositions and discovery, and in exchange for a general release. Class Counsel will apply for service payments of $15,000 for each of the three Named Plaintiffs who gave depositions; $10,000 for each of the eight Named Plaintiffs who answered sworn interrogatories but did not give depositions; and $5,000 for each of the three Class Members who assisted the suit by providing sworn testimony and/or met with Class Counsel extensively to help prepare the suit to be filed. Class Counsel will file a motion on or before May 22, 2020 for their reasonable attorneys' fees and costs and expenses incurred in the lawsuit in an amount up to thirty-percent (30%) of the settlement fund which equals Four Million Two-Hundred Thousand Dollars ($4,200,000), and the costs of administration of the settlement will be paid from this amount. If the Court rejects any of the fees or costs sought by Class Counsel, those amounts will be added to the Class Member fund.

## 7. What Can I Get from the Settlement?

You may be eligible to get a payment from the settlement for the harm you suffered as a result of the alleged hostile work environment in Cook County's courtroom lockups and Jail. An independent Class Administrator, A.B. Data, Ltd., shall determine the amount of each monetary award based on a point system developed by Class Counsel. This point system will take into account several factors based on your answers to the Claim Form, including your dates of employment, the nature, frequency and severity of sexual harassment incidents you experienced, whether you reported incidents to the CCSO, CCPD, County, or filed criminal charges, physical and emotional harm you suffered, damages to your career, and your contribution to and participation in the litigation of this case.

## 8. How Can I Get a Payment?

# HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM

**To receive a payment from the Settlement Fund, the enclosed Claim Form must be received by A.B. Data, Ltd. on or before May 29, 2020, to be considered timely. You may fill the Claim Form out online by going to www.ccpdharassmentsuit.com and clicking on the "Claim Form" link. Or, you can mail the form to:**

Brown v. Cook County Settlement
c/o A.B. Data, Ltd.
P.O. Box 173097
Milwaukee, WI 53217

**It is your obligation to make sure A.B. Data, Ltd. receives your Claim Form before the due date.** All Claim Forms must be signed under penalty of perjury and answers to the required questions must be completed for your claim to be considered.

### 9. When Would I Get My Payment?

If you are determined to be eligible for settlement payment, you will receive a check after the Court reviews all the proposed payments to Class Members. This process may take some time.

## THE LAWYERS REPRESENTING YOU

### 10. Do I Have a Lawyer in This Case?

When the Court certified this case as a class action, the Court decided that Robin Potter and M. Nieves Bolaños ("Class Counsel") are qualified to represent you and all Class Members.

### 11. How Will the Lawyers Be Paid?

Class Counsel will receive up to Four Million Two Hundred Thousand Dollars ($4,200,000) in payment to them for their reasonable attorneys' fees and costs in pursuing this litigation on behalf of the Class Representatives and the Class. The Court will be asked to approve Class Counsel's petition for attorneys' fees and costs at the Fairness Hearing described in Section 15, below.

## OBJECTING TO THE SETTLEMENT

### 12. How Do I Tell the Court That I Do Not Like the Settlement?

You can tell the Court that you do not agree with the settlement or some part of it by "objecting" to the settlement. You must give reasons why you think the Court should not approve the settlement or why you do not like the settlement or some part of it. The Court will consider your views. To object, you must send a letter stating that you object to the settlement in *Brown et al. v. Cook County et al.,* No. 17-cv-8085 (N.D. Ill.) (Kennelly, J.). The letter must include your name, address, telephone number, signature, and the reasons you object to the settlement. Mail identical copies of the objection to both of the following addresses:

| **CLERK OF THE COURT:** | **CLASS COUNSEL:** |
|---|---|
| United States District Court for the | Robin Potter, Esq. |
| Northern District of Illinois | M. Nieves Bolaños, Esq. |
| 219 S. Dearborn Street, 20th Floor | POTTER BOLAÑOS LCC |
| Chicago, IL 60604 | 111 East Wacker Drive, Suite 2600 |
| | Chicago, IL 60601 |

Your objection must be received at the two addresses above on or before **May 29, 2020.**

## OPTING OUT OF THE SETTLEMENT

### 13. How Do I Opt Out of the Settlement?

Because you have received this Preliminary Notice and have the opportunity to participate in the Claims Process, if the Settlement Agreement is accepted by the Court, you will be deemed to have waived and released any claim (and any damages or other relief) that was or could have been raised in the First Amended Complaint filed in this suit. **If you do not want to be considered a Settlement Class Member for whatever reason**, you must send a

signed letter stating you wish to opt out of the Settlement and it must be received by the Settlement Administrator by **May 29, 2020** at:

Brown v. Cook County Settlement
c/o A.B. Data, Ltd.
P.O. Box 173001
Milwaukee, WI 53217

Any risk of non-receipt of your Request for Opt-Out Statement by **May 29, 2020** is borne by you.

# RELEASE OF CLAIMS

### 14. What Claims Am I Releasing?

Unless you timely exclude yourself from the settlement, you will be deemed to have waived and released any claim (and any damages or other relief) that was or could have been raised in the First Amended Complaint filed in this suit. Your release applies whether you seek monetary damages, or costs and attorneys' fees, and applies to any claims that arise under Title VII, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000 et seq., the United States Constitution, 42 U.S.C. §1983, and the Illinois Civil Rights Act, 74 ILCS 23/1 et seq., that formed the basis of the claims in this suit. However, your release does not include or cover any claims that may arise after the court issues its final decision approving the proposed settlement.

# THE COURT'S FAIRNESS HEARING

### 15. When and Where Will The Court Decide Whether to Approve the Settlement?

The Court will hold a hearing at which it will consider the fairness, adequacy, and reasonableness of the proposed settlement (the "Fairness Hearing"). This hearing will be held on **September 18, 2020** at 9:30 a.m. in Judge Kennelly's Courtroom, Room 2103, 219 S. Dearborn Street, Chicago, Illinois 60604. If there are objections, the Court will consider them. The Court will listen to Class Members who have asked to speak at the hearing. After the hearing, the Court will decide whether to approve the settlement. The Court will also rule upon Class Counsel's request for attorneys' fees and costs. We do not know how long after the Fairness Hearing the Court will issue its decision.

### 16. Do I Have To Come to the Hearing?

You are welcome to attend the Fairness Hearing, but you are not required to attend. If you send a written objection, you are not required to raise your objection in person. As long as your written objection was received on time, the Court will consider it. You may also obtain an attorney at your own expense to represent you personally at the Fairness Hearing, but it is not necessary. Class Counsel will answer any questions that the Court may have.

### 17. May I Speak at the Hearing?

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter of "Notice of Intention to Appear in *Brown v. Cook County*," stating that you will attend the Fairness Hearing and requesting the Court to allow you to speak. You must include your name, address, telephone number, and

8

signature in the letter. Your Notice of Intention to Appear must be received no later than **May 29, 2020** at both of the following addresses:

| CLERK OF THE COURT: | CLASS COUNSEL: |
|---|---|
| United States District Court for the | Robin Potter, Esq. |
| Northern District of Illinois | M. Nieves Bolaños, Esq. |
| 219 S. Dearborn Street, 20th Floor | POTTER BOLAÑOS LCC |
| Chicago, IL 60604 | 111 East Wacker Drive, Suite 2600 |
| | Chicago, IL 60601 |

# IF YOU DO NOTHING

### 18. What Happens If I Do Nothing at All?

**If you do no nothing, you will not receive a payment and will be bound by the terms of this settlement. As a result, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Defendants about the legal issues in this case at any time in the future. If you do nothing, you will still benefit from the injunctive relief provided for by the settlement to the extent you remain employed by CCPD.**

# GETTING MORE INFORMATION

### 19. How Do I Get More Information?

This Notice summarizes the proposed settlement. More details are in the Settlement Agreement, which was filed with the Court as an exhibit to Class Counsel's Motion for Preliminary Approval. You can get a copy of the Settlement Agreement by writing to Class Counsel at the following address:

Robin Potter, Esq.
M. Nieves Bolaños, Esq.
POTTER BOLAÑOS LLC
111 East Wacker Drive, Suite 2600
Chicago, Illinois 60601

For more information, you may also visit the website www.ccpdharassmentsuit.com, where you will find the Settlement Agreement and other related documents. You may also call or write to Class Counsel with any questions regarding this class action.

### PLEASE DO NOT TELEPHONE THE CLERK OF THE COURT.

Dated: March 30, 2020
CLERK, U.S. District Court
Northern District of Illinois

## SETTLEMENT CLAIM FORM

*Brown et al. v. Cook County et al.,* No. 17-cv-8085 (N.D. Ill.) (Kennelly, J.)

### INSTRUCTIONS - PLEASE READ CAREFULLY

1. **This information will be kept confidential and will NOT be shared with the Cook County Public Defender, Cook County, or the Cook County Sheriff.** If you have any questions or concerns about the confidentiality of your responses, please contact Class Counsel Robin Potter and/or M. Nieves Bolaños, by email at: robin@potterlaw.org or nieves@potterlaw.org, or by phone at (312) 861-1800.

2. **You must sign this Claim Form and submit it to the Claims Administrator by May 29, 2020.** We strongly urge you to fill out the form online as this is the only way to ensure that your form does not get lost and that your entries are accurate. The website is encrypted and secure.

To upload the form and fill it out online go to: www.ccpdharassmentsuit.com and click on the "Claim Form" link.

**If you are filling out the form online,** you will land on a confirmation page with your Claim Number upon completion. Your Claim Form will not be considered submitted unless you receive this confirmation with your Claim Number.

**If you are filling out the paper form, it will be your responsibility to ensure that the Claims Administrator <u>receives</u> the form by May 29, 2020.** You must return the form to the Claims Administrator by email or U.S. Mail:

Brown v. Cook County Settlement
c/o A.B. Data, Ltd.
P.O. Box 173097
Milwaukee, WI 53217

3. There are eight sections to the Claim Form. The eight sections of the Claim Form are:

I. **\*CONTACT INFORMATION (REQUIRED)**

II. **\*CERTIFICATION THAT YOU ARE FEMALE (REQUIRED)**

III. **\*CERTIFICATION THAT YOU WORKED FOR THE COOK PUBLIC DEFENDER'S OFFICE AS AN ASSISTANT PUBLIC DEFENDER AND/OR A LAW CLERK BETWEEN NOVEMBER 1, 2015 AND OCTOBER 28, 2019 (REQUIRED)**

IV. **SEXUAL HARASSMENT YOU EXPERIENCED THAT WAS PERPETRATED BY MALE DETAINEES IN THE CUSTODY OF THE COOK COUNTY SHERIFF DURING THE TIME YOU WORKED FOR THE COOK COUNTY PUBLIC DEFENDER**

V. **REPORTS YOU MADE RELATING TO DETAINEE SEXUAL HARASSMENT**

VI. **HOW HAS THE DETAINEE SEXUAL HARASSMENT (MASTURBATION, INDECENT EXPOSURE, PHYSICAL TOUCHING, AND/OR VERBAL HARASSMENT) AFFECTED YOU?**

VII. **INVOLVEMENT IN THIS LAWSUIT**

VIII. **\*SWORN VERIFICATION OF RESPONSES (REQUIRED)**

If you answer the form online, then you will be directed past questions that do not apply to you based on your previous answers in an effort to make the process of filling out the form quicker.

4. **You must answer all of the required questions. You will NOT receive any money from the settlement if you do not answer ALL of the required questions.**

5. **The answers you provide to the questions on the Claim Form will determine if you meet the minimum qualifications** to receive money from the settlement and how much money you will receive.

6. **You must answer truthfully.** If it is not possible to remember everything that happened to you, **you should do your best to provide an estimate or average. Your responses and the information provided in this process are being made under oath and under penalty of perjury.**

7. **You should contact the attorneys who represent the class in the case, Robin Potter and M. Nieves Bolaños, if you have any questions.** You can reach them by email at: robin@potterlaw.org or nieves@potterlaw.org, or by phone at (312) 861-1800. Do <u>not</u> contact Judge Kennelly or the Court with any questions about this Claim Form.

## I. *CONTACT INFORMATION (REQUIRED)

1. **\*Contact Information (required).** We will communicate with you in the future using the information you provide here. Please notify Class Counsel IMMEDIATELY if your contact information changes. We need accurate and up to date contact information.

_____     _____
*First Name\**               *Last Name\**

_____
*Home Phone\**

_____
*Cell Phone\** (If your home & cell phones are the same, please enter that number in both blanks.)

_____     _____
*Home and/or Mailing Address\**      *City\* State\* Zip Code\**

_____
*Primary Personal Email Address\** (This is the address that we will use to communicate with you in the future. If you do not have a personal email address, insert "none.")

## II. *CERTIFICATION THAT YOU ARE FEMALE (REQUIRED)

2. *Are you female? *Please mark yes or no.* (required)

**YES / NO**

**III.    *CERTIFICATION THAT YOU WORKED FOR THE COOK PUBLIC DEFENDER'S OFFICE AS AN ASSISTANT PUBLIC DEFENDER AND/OR A LAW CLERK BETWEEN NOVEMBER 1, 2015 AND OCTOBER 28, 2019 (REQUIRED)**

3.    *Did you work as an **Assistant Public Defender** for the Cook County Public Defender's Office at any time between November 1, 2015 and October 28, 2019? *Please mark yes or no.* (required)

**YES / NO**

**If you answered YES to Question 3, please answer Question 3A. If you answered NO to Question 3, please go to Question 4.**

3A.    Please write the dates you worked as an **Assistant Public Defender** for the Cook County Public Defender's Office in the space below. If you had more than one period of employment, please list the dates for each time period. (If you do not recall the exact dates, please write your best estimate.):


_____        _____
*START DATE*                        *END DATE*


_____        _____
*START DATE*                        *END DATE*


_____        _____
*START DATE*                        *END DATE*


4.    *Did you work as a **Law Clerk** for the Cook County Public Defender's Office at any time between November 1, 2015 and October 28, 2019? *Please mark yes or no.* (required)

**YES / NO**

**If you answered YES to Question 4, please answer Question 4A. If you answered NO to Question 4, please go to Question 5.**


4A.    Please provide the dates you worked as a **Law Clerk** for the Cook County Public Defender's Office in the space below. If you had more than one internship as a Law Clerk with the Cook County Public Defender's Office, please provide the dates of each internship from November 1, 2015 to October 28, 2019. (If you do not recall the exact dates, please write your best estimate.):


_____        _____
*START DATE*                        *END DATE*


_____        _____
*START DATE*                        *END DATE*


_____        _____
*START DATE*                        *END DATE*

_____        _____
*START DATE*                   *END DATE*

_____        _____
*START DATE*                   *END DATE*

## IV.    SEXUAL HARASSMENT YOU EXPERIENCED THAT WAS PERPETRATED BY MALE DETAINEES IN THE CUSTODY OF THE COOK COUNTY SHERIFF DURING THE TIME YOU WORKED FOR THE COOK COUNTY PUBLIC DEFENDER.

5.      While you were working at the Cook County Public Defender's office, did you experience sexual harassment (including masturbation, indecent exposure, unwanted touching, exposure to bodily fluids, or unwanted sexual threats or comments) by male detainees in the Cook County Jail or Cook County Courthouse Lockups during the time period November 1, 2015 to October 28, 2019? *Please mark yes or no.*

**YES / NO**

**If you answered Yes to Question 5, Please Answer Questions 6-15.**

**If you answered NO to Question 5, Please proceed to Section V ("REPORTS YOU MADE RELATING TO DETAINEE SEXUAL HARASSMENT").**

6.      **MASTURBATION WITH PENIS EXPOSED.** While you were working at the Cook County Public Defender's office, did you witness a male detainee masturbate with his penis exposed in the Cook County Jail or Cook County Courthouse Lockups during the time period November 1, 2015 to October 28, 2019? *Please mark yes or no.*

**YES / NO**

**If you answered YES to question 6, please answer question 6(a).**

**If you answered NO to question 6, you should skip the remaining question in this section and proceed to question 7 in the next section, "MASTURBATION WITH PENIS INSIDE CLOTHING."**

6(a).   How many times did you witness a male detainee masturbate with his penis exposed in the Cook County Jail or Cook County Courthouse Lockups during the time period November 1, 2015 to October 28, 2019? (If you do not recall the exact number of times, please provide your best estimate.):

| Place an "X" Next to the Answer that Best Applies | Number of Times that You Witnessed a Detainee in the Cook County Jail or Cook County Courthouse Lockups Masturbate with Penis Exposed from November 1, 2015 to October 28, 2019 |
|---|---|
|  | 1 time |
|  | 2-5 times |
|  | 5-10 times |
|  | 10-15 times |
|  | More than 15 times |

7.      **MASTURBATION WITH PENIS INSIDE CLOTHING.** While you were working at the Cook County Public Defender's office, did you witness a male detainee masturbate with his penis inside his clothing in the Cook County Jail

or Cook County Courthouse Lockups during the time period November 1, 2015 to October 28, 2019? *Please mark yes or no.*

**YES / NO**

**If you answered YES to question 7, please answer question 7(a).**

**If you answered NO to question 7, you should skip the remaining question in this section and proceed to question 8 in the next section, "INDECENT EXPOSURE (OTHER THAN MASTURBATION)."**

7(a).    How many times did you witness a male detainee masturbate with his penis inside his clothing in the Cook County Jail or Cook County Courthouse Lockups during the time period November 1, 2015 to October 28, 2019? (If you do not recall the exact number of times, please write your best estimate.):

| Place an "X" Next to the Answer that Best Applies | Number of Times that You Witnessed a Detainee in the Cook County Jail or Cook County Courthouse Lockups Masturbate with Penis Inside His Clothing from November 1, 2015 to October 28, 2019 (Excluding Incidents Described Above) |
|---|---|
| | 1 time |
| | 2-5 times |
| | 5-10 times |
| | 10-25 times |
| | More than 25 times |

**8.        INDECENT EXPOSURE (OTHER THAN MASTURBATION).** While you were working at the Cook County Public Defender's office, did you witness a male detainee expose any part of his genitals (excluding incidents listed in the sections above) in the Cook County Jail or Cook County Courthouse Lockups during the time period November 1, 2015 to October 28, 2019? *Please mark yes or no.*

**YES / NO**

**If you answered YES to question 8, please answer question 8(a).**

**If you answered NO to question 8, you should skip the remaining question in this section and proceed to question 9 in the next section, "INAPPROPRIATE TOUCHING OF PENIS OR GENITALS."**

8(a).    How many times did you witness a male detainee expose his genitals (excluding incidents listed in the sections above) in the Cook County Jail or Cook County Courthouse Lockups during the time period November 1, 2015 to October 28, 2019? (If you do not recall the exact number of times, please write your best estimate.):

| Place an "X" Next to the Answer that Best Applies | Number of Times that You Witnessed a Detainee in the Cook County Jail or Cook County Courthouse Lockups Expose his Genitals (excluding incidents listed in the sections above) from November 1, 2015 to October 28, 2019 |
|---|---|
| | 1 time |
| | 2-5 times |
| | 5-10 times |
| | 10-25 times |
| | More than 25 times |

**9.      INAPPROPRIATE TOUCHING OF PENIS OR GENITALS (OTHER THAN MASTURBATION OR INDECENT EXPOSURE).** While you were working at the Cook County Public Defender's office, did you witness a male detainee inappropriately (for example, in a manner intended to harass, embarrass, or threaten) touch his penis or genitals (excluding incidents listed in the sections above) in the Cook County Jail or Cook County Courthouse Lockups during the time period November 1, 2015 to October 28, 2019? *Please mark yes or no.*

        **YES / NO**

**If you answered YES to question 9, please answer question 9(a).**

**If you answered NO to question 9, you should skip the remaining question in this section and proceed to question 10 in the next section, "MASTURBATION OR INDECENT EXPOSURE WHILE YOU WERE IN A LOCKED ROOM WITH A DETAINEE."**

9(a).    How many times did you witness a male detainee inappropriately touch his penis or genitals (excluding incidents listed in the sections above) in the Cook County Jail or Cook County Courthouse Lockups during the time period November 1, 2015 to October 28, 2019? (If you do not recall the exact number of times, please write your best estimate.):

| Place an "X" Next to the Answer that Best Applies | Number of Times that You Witnessed a Detainee in the Cook County Jail or Cook County Courthouse Lockups inappropriately touch his penis or genitals (excluding incidents listed in the sections above) from November 1, 2015 to October 28, 2019 |
|---|---|
| | 1 time |
| | 2-5 times |
| | 5-10 times |
| | 10-20 times |
| | More than 20 times |

**10.      MASTURBATION OR INDECENT EXPOSURE WHILE YOU WERE IN A LOCKED ROOM WITH A DETAINEE.** While you were working at the Cook County Public Defender's office, did a male detainee masturbate, expose his penis, or inappropriately touch his penis or genitals (<u>including</u> incidents identified in your answers above) while you were in a locked meeting room in the Cook County Jail or Cook County Courthouse Lockups during the time period November 1, 2015 to October 28, 2019? This would include, for instance, if a client masturbated while you were meeting in a locked room with him, and/or other detainee(s) masturbated at you in view while you were meeting in a locked glass room with your client. *Please mark yes or no.*

        **YES / NO**

**If you answered YES to question 10, please answer question 10(a).**

**If you answered NO to question 10, you should skip the remaining question in this section and proceed to question 11 in the next section, "UNWANTED PHYSICAL TOUCHING."**

10(a).    How many times did a male detainee masturbate, expose his penis, or inappropriately touch his penis or genitals (<u>including</u> incidents identified in your answers above) while you were in a locked meeting room in the Cook County Jail or Cook County Courthouse Lockups during the time period November 1, 2015 to October 28, 2019? (If you do not recall the exact number of times, please write your best estimate.):

| Place an "X" Next to the Answer that Best Applies | Number of Times That a Male Detainee Masturbated, Exposed His Penis, or Inappropriately Touched his Penis or Genitals (including incidents identified in your answers above) while You Were in a Locked Meeting Room from November 1, 2015 to October 28, 2019 |
|---|---|
| | 1 time |
| | 2 times |
| | 3 times |
| | More than 3 times |

**11.     UNWANTED PHYSICAL TOUCHING.** While you were working at the Cook County Public Defender's office, did a male detainee touch your breasts, buttocks, genitals, or in some other way touch you in a sexual manner in the Cook County Jail or Cook County Courthouse Lockups during the time period November 1, 2015 to October 28, 2019? *Please mark yes or no.*

**YES / NO**

**If you answered YES to question 11, please answer question 11(a).**

**If you answered NO to question 11, you should skip the remaining question in this section and proceed to question 12 in the next section, "SEMEN."**

11(a).    How many times did a male detainee touch your breasts, buttocks, genitals, or in some other way touch you in a sexual manner in the Cook County Jail or Cook County Courthouse Lockups during the time period November 1, 2015 to October 28, 2019? (If you do not recall the exact number of times, please write your best estimate.):

| Place an "X" Next to the Answer that Best Applies | Number of Times that a Male Detainee Touched Your Breasts, Buttocks, Genitals, or in Some Other Way Touched You Sexually in the Cook County Jail or Cook County Courthouse Lockups from November 1, 2015 to October 28, 2019 |
|---|---|
| | 1 time |
| | 2 times |
| | 3 times |
| | 4 times |
| | 5 or more times |

**12.     SEMEN.** While you were working at the Cook County Public Defender's office, did you come into physical contact with a detainee's semen and/or pre-ejaculate fluids including as a result of masturbation in the Cook County Jail or Cook County Courthouse Lockups during the time period November 1, 2015 to October 28, 2019? *Please mark yes or no.*

**YES / NO**

**If you answered YES to question 12, please answer question 12(a).**

**If you answered NO to question 12, you should skip the remaining question in this section and proceed to question 13 in the next section, "BODILY FLUIDS OTHER THAN SEMEN."**

12(a).   How many times did you come into physical contact with a detainee's semen and/or pre-ejaculate fluids including as a result of masturbation in the Cook County Jail or Cook County Courthouse Lockups during the time period November 1, 2015 to October 28, 2019? (If you do not recall the exact number of times, please write your best estimate.):

| Place an "X" Next to the Answer that Best Applies | Number of Times that You Had Physical Contact with a Detainee's Semen and/or Pre-Ejaculate Fluids Including as a Result of Masturbation in the Cook County Jail or Cook County Courthouse Lockups from November 1, 2015 to October 28, 2019 |
|---|---|
| | 1 time |
| | 2 times |
| | 3 or more times |

**13.     BODILY FLUIDS OTHER THAN SEMEN.** While you were working at the Cook County Public Defender's office, did you come into physical contact with a detainee's bodily fluids other than semen and/or pre-ejaculate fluids (including due to spitting) in the Cook County Jail or Cook County Courthouse Lockups during the time period November 1, 2015 to October 28, 2019? *Please mark yes or no.*

**YES / NO**

**If you answered YES to question 13, please answer question 13(a).**

**If you answered NO to question 13, you should skip the remaining question in this section and proceed to question 14 in the next section, "RAPE THREATS."**

13(a).   How many times did you come into physical contact with a detainee's bodily fluids other than semen and/or pre-ejaculate fluids (including due to spitting) in the Cook County Jail or Cook County Courthouse Lockups during the time period November 1, 2015 to October 28, 2019? (If you do not recall the exact number of times, please write your best estimate.):

| Place an "X" Next to the Answer that Best Applies | Number of Times that You Had Physical Contact with a Detainee's Bodily Fluids other than Semen (including Due to Spitting) in the Cook County Jail or Cook County Courthouse Lockups from November 1, 2015 to October 28, 2019 |
|---|---|
| | 1 time |
| | 2 times |
| | 3 or more times |

**14.     RAPE THREATS.** While you were working at the Cook County Public Defender's office, did a male detainee threaten you verbally with rape, sexual assault, or sexual violence in the Cook County Jail or Cook County Courthouse Lockups during the time period November 1, 2015 to October 28, 2019? *Please mark yes or no.*

**YES / NO**

**If you answered YES to question 14, please answer question 14(a).**

**If you answered NO to question 14, you should skip the remaining question in this section and proceed to question 15 in the next section, "ORAL HARASSMENT (OTHER THAN RAPE THREATS)."**

14(a).  How many times did a detainee threaten you verbally with rape, sexual assault, or sexual violence in the Cook County Jail or Cook County Courthouse Lockups during the time period November 1, 2015 to October 28, 2019? (If you do not recall the exact number of times, please write your best estimate.):

| Place an "X" Next to the Answer that Best Applies | Number of Times that a Detainee Threatened You with Rape, Sexual Assault, or Sexual Violence from November 1, 2015 to October 28, 2019 |
|---|---|
|  | 1 time |
|  | 2-5 times |
|  | 5-10 times |
|  | 10-20 times |
|  | More than 20 times |

**15.    ORAL SEX HARASSMENT (OTHER THAN RAPE THREATS).** Excluding rape threats if any, listed in Number 14 above, while you were working at the Cook County Public Defender's office, did a male detainee ever make a sexual comment (*e.g.*, comment about your body, propositioning you, etc.) or gesture (*e.g.*, whistling, hissing, leering, etc.), during the time period November 1, 2015 to October 28, 2019? *Please mark yes or no.*

**YES / NO**

**If you answered YES to question 15, please answer question 15(a).**

**If you answered NO to question 15, you should skip the remaining question in this section and proceed to question 16 in the next section.**

15(a).  Excluding rape threats if any, while you were working at the Cook County Public Defender's office, how many times did a male detainee made a sexual comment (*e.g.*, comment about your body, propositioning you, etc.) or gesture (*e.g.*, whistling, hissing, leering, etc.), during the time period November 1, 2015 to October 28, 2019? (If you do not recall the exact number of times, please write your best estimate.):

| Place an "X" Next to the Answer that Best Applies | Number of Times that a Detainee Made a Sexual Comment or Gesture from November 1, 2015 to October 28, 2019 |
|---|---|
|  | 1 time |
|  | 2-5 times |
|  | 5-15 times |
|  | 15-25 times |
|  | More than 25 times |

**V.    REPORTS YOU MADE RELATING TO DETAINEE SEXUAL HARASSMENT.** Did you report (verbally or in writing) incidents of detainee sexual misconduct to the deputy sheriff, your supervisor(s), or to the Cook County's Equal Opportunity Office?

**16.    Reports to the Sheriff.** Did you report (verbally or in writing) incidents of detainee sexual misconduct to a deputy sheriff or other employee of the Cook County Sheriff's Department during the time period November 1, 2015 to October 28, 2019? *Please mark yes or no.*

**YES / NO**

**If you answered YES to question 16, please answer question 16(a).**

**If you answered NO to question 16, you should skip the remaining question in this section and proceed to question 17 in the next section.**

16(a).   How many times did you report (verbally or in writing) incidents of detainee sexual misconduct to a deputy sheriff or other employee of the Cook County Sheriff's Department during the time period November 1, 2015 to October 28, 2019? (If you do not recall the exact number of times, please write your best estimate.):

| Place an "X" Next to the Answer that Best Applies | Number of Times that You Reported (Verbally or in Writing) Incidents of Detainee Sexual Misconduct to Cook County Sheriff from November 1, 2015 to October 28, 2019 |
|---|---|
| | 1 time |
| | 2-5 times |
| | 5-15 times |
| | 15-25 times |
| | More than 25 times |

**17.     Reports to Your Supervisor.** Did you report (verbally or in writing) incidents of detainee sexual misconduct to your supervisor or any other managerial level employee of the Cook County Public Defender's Office during the time period November 1, 2015 to October 28, 2019? *Please mark yes or no.*

       **YES / NO**

**If you answered YES to question 17, please answer question 17(a).**

**If you answered NO to question 17, you should skip the remaining question in this section and proceed to question 18 in the next section.**

17(a).   How many times did you report (verbally or in writing) incidents of detainee sexual misconduct to your supervisor or any other managerial level employee of the Cook County Public Defender's Office during the time period November 1, 2015 to October 28, 2019? (If you do not recall the exact number of times, please write your best estimate.):

| Place an "X" Next to the Answer that Best Applies | Number of Times that You Reported (Verbally or in Writing) Incidents of Detainee Sexual Misconduct to Supervisors with the Public Defender's Office from November 1, 2015 to October 28, 2019 |
|---|---|
| | 1 time |
| | 2-5 times |
| | 5-15 times |
| | 15-25 times |
| | More than 25 times |

**18.     Filed a Criminal Complaint.** Did you file a criminal complaint relating to an incident(s) of detainee sexual misconduct during the time period November 1, 2015 to October 28, 2019? *Please mark yes or no.*

       **YES / NO**

**If you answered YES to question 18, please answer question 18(a).**

**If you answered NO to question 18, you should skip the remaining question in this section and proceed to question 19 in the next section.**

18(a). How many times did you file criminal charges in connection with an incident of detainee harassment that occurred in the Cook County Jail or in the courtroom lockups during the time period November 1, 2015 to October 28, 2019?

| Place an "X" Next to the Answer that Best Applies | Number of Times that You Filed Criminal Complaints Relating to Detainee Sexual Harassment from November 1, 2015 to October 28, 2019 |
|---|---|
| | 1 time |
| | 2 times |
| | 3 or more times |

**19. Reports to the Cook County Equal Employment Office.** Did you report (verbally or in writing) incidents of detainee sexual misconduct to any employee of the Cook County Equal Employment Office (including during training sessions in October 2017) during the time period November 1, 2015 to October 28, 2019? *Please mark yes or no.*

**YES / NO**

**If you answered YES to question 19, please answer question 19(a).**

**If you answered NO to question 19, you should skip the remaining question in this section and proceed to question 20 in the next section.**

19(a). How many times did you report (verbally or in writing) incidents of detainee sexual misconduct to any employee of the Cook County Equal Employment Office (including during training sessions in October 2017) during the time period November 1, 2015 to October 28, 2019?

| Place an "X" Next to the Answer that Best Applies | Number of Times that You Reported (Verbally or in Writing) Incidents of Detainee Sexual Misconduct to Any Employee of the Cook County Equal Employment Office from November 1, 2015 to October 28, 2019 |
|---|---|
| | 1 time |
| | 2 times |
| | 3 or more times |

**VI. HOW HAS THE DETAINEE SEXUAL HARASSMENT (MASTURBATION, INDECENT EXPOSURE, PHYSICAL TOUCHING, AND/OR VERBAL HARASSMENT OR THREATS) AFFECTED YOU?** It is extremely important that you answer these questions and tell us about how the detainee sexual misconduct affected you. We understand that it can be difficult to answer these questions and can sometimes have the effect of making you relive the detainee sexual misconduct you endured.

**A. Emotional, Mental, and/or Physical Effects**

**20.** Please place an "X" next to each symptom you have experienced as a result of the detainee sexual harassment.

| Place an "X" Next to Each Symptom that You Experienced | Symptoms |
|---|---|
| | Stress |
| | Crying |
| | Anxiety |
| | Depression |
| | Hair Loss |
| | Irritability |

| | |
|---|---|
| | Lack of Control Over Moods |
| | Anger |
| | Fear |
| | Diminished Sex Drive |
| | Shortness of Breath |
| | Lost Weight |
| | Gained Weight |
| | Difficulty Sleeping |
| | Nightmares |
| | High Blood Pressure |
| | Vomiting |
| | Headaches |
| | Dizziness |
| | Suicidal Thoughts |
| | Physical Pain |
| | Other: Please list any other emotional, mental, and/or physical effects you suffered as a result of the detainee sexual harassment: |

**21.** Did you see a doctor, therapist, counselor, or other healthcare or religious professional for any physical, mental, or emotional condition caused by detainee sexual misconduct? *Please mark yes or no.*

**YES / NO**

**If you answered YES to question 21, please answer question 21(a).**

**If you answered NO to question 21, you should skip the remaining question in this section and proceed to question 22 in the next section.**

21(a). Please list the name, address, and phone number of each doctor, therapist, or healthcare or religious professional you saw for physical, mental, or emotional condition(s) caused by detainee sexual misconduct, and the approximate date(s) that you were under his or her care:

| NAME | ADDRESS | PHONE | DATES OF TREATMENT | DIAGNOSIS IF ANY |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

**B.     Impact On Your Job Or Career**

**22.** Did you resign from the Cook County Public Defender's office because of detainee sexual misconduct? *Please mark yes or no.*

**YES / NO**

**23.** Has the detainee sexual misconduct caused you to do any of the following? Please place an "X" in any box that is applicable:

| Place an "X" Next to Applicable Action | Actions You Took |
|---|---|
| | Transferred to a position that required less contact with detainees and/or less contact with areas where detainee sexual misconduct was prevalent |
| | Did not apply for a promotion or other position because it would increase your exposure to detainee sexual misconduct |
| | Did not take on client(s) or case(s) because it would increase your exposure to detainee sexual misconduct |
| | Used sick days, annual leave, or other leave time |

**24.**     Were you employed as an Assistant Public Defender in October and November 2017 and were impeded from entering the lockup as a result of Amy Campanelli's prohibition of CCPD personnel entering the lockup? *Please mark yes or no.*

**YES / NO**

## VII.     INVOLVEMENT IN THIS LAWSUIT

**It is important for us to know about your involvement in this suit, so please answer:**

**25.**     Did you provide information (for instance, by in-person or phone interview with Class Counsel) or did you provide documents regarding detainee sexual harassment or retaliation to Class Counsel in this lawsuit? *Please mark yes or no.*

**YES / NO**

## VIII.     *SWORN VERIFICATION OF RESPONSES (REQUIRED)

**I understand that the foregoing answers will be used to determine my share of the monetary settlement in this action. By clicking on the signature box in the space below or by signing this Claim Form manually, I declare under penalty of perjury that the foregoing answers are true and accurate to the best of my personal knowledge and belief. I understand that the Claims Administrator may request additional information from me.**

_____          _____
Date                                          Signature

It is your responsibility to ensure that the Claims Administrator receives this form. You **MUST** submit this form by **May 29, 2020**, to the Claims Administrator by completing the form online at www.ccpdharassmentsuit.com or by completing it in writing and mailing it to:

Brown v. Cook County Settlement
c/o A.B. Data, Ltd.
P.O. Box 173097
Milwaukee, WI  53217

# ATTACHMENT B

**Subject:**     Brown v. Cook County Settlement - Claim No.<Claim number>

Dear Claimant:

We have processed the claim submitted by you in the above-referenced litigation. A portion of your claim, based on our review, is currently  deficient or ineligible for the reason(s) listed below. To resolve the deficient condition(s) within your claim, you must submit a written response with any required information as specified below via email to: info@ccpdharassmentsuit.com  **If you fail to respond by August 24th, 2020 or if your response fails to cure the condition(s) identified below, this claim may be rejected to the extent that those condition(s) remain uncured. Please note, this is the only notice you will receive with respect to this claim.**

## No employment dates provided – Information Must Be Provided

To resolve this condition, you must provide the dates (or your best estimate of the dates) you were employed with the Cook County Public Defender's office as an Assistant Public Defender and/or a Law Clerk at any time between November 1, 2015 and October 28, 2019.  (See Questions 3 and 4 of the Claim Form, attached here).

**Claims that are not cured by the response deadline above may be rejected in part.**

All responses should be emailed to info@ccpdharassmentsuit.com Responses must be postmarked or received within 14 days of the date of this email. Please reference your claim number in all correspondence.

If you have any questions, please contact the Class Counsel at (312) 861-1800, ext. 309,  or email your questions to info@ccpdharassmentsuit.com. Please reference the claim number listed above in any communication.

Sincerely,

Claims Administrator

# ATTACHMENT C

| ClaimNumber | Award Units | AwardAmount |
|---|---|---|
| | 87.9 | $ 134,153.03 |
| | 76.94 | $ 117,425.87 |
| | 75.48 | $ 115,197.62 |
| | 75.4 | $ 115,075.52 |
| | 74 | $ 112,938.84 |
| | 72.76 | $ 111,046.35 |
| | 70.46 | $ 107,536.09 |
| | 70.2 | $ 107,139.28 |
| | 69.42 | $ 105,948.84 |
| | 66.86 | $ 102,041.77 |
| | 64.92 | $ 99,080.94 |
| | 64.68 | $ 98,714.65 |
| | 64.62 | $ 98,623.08 |
| | 64.2 | $ 97,982.08 |
| | 64.16 | $ 97,921.03 |
| | 64.1 | $ 97,829.46 |
| | 63.9 | $ 97,524.22 |
| | 63.8 | $ 97,371.60 |
| | 63.38 | $ 96,730.59 |
| | 61.72 | $ 94,197.10 |
| | 58.16 | $ 88,763.83 |
| | 58 | $ 88,519.63 |
| | 55.1 | $ 84,093.65 |
| | 54.74 | $ 83,544.22 |
| | 53.76 | $ 82,048.54 |
| | 53.1 | $ 81,041.25 |
| | 53.08 | $ 81,010.73 |
| | 52.84 | $ 80,644.44 |
| | 52.6 | $ 80,278.15 |
| | 52.42 | $ 80,003.43 |
| | 52.12 | $ 79,545.57 |
| | 51.75 | $ 78,980.88 |
| | 50.05 | $ 76,386.34 |
| | 49.64 | $ 75,760.60 |
| | 48.9 | $ 74,631.21 |
| | 48.84 | $ 74,539.64 |
| | 47.54 | $ 72,555.58 |
| | 47.5 | $ 72,494.53 |
| | 47.4 | $ 72,341.91 |
| | 46.78 | $ 71,395.66 |
| | 46.66 | $ 71,212.52 |
| | 46.32 | $ 70,693.61 |
| | 45.62 | $ 69,625.27 |
| | 44.92 | $ 68,556.93 |
| | 44.68 | $ 68,190.64 |
| | 44.58 | $ 68,038.02 |

| | | |
|---|---|---|
| 44.04 | $ | 67,213.87 |
| 43.76 | $ | 66,786.54 |
| 43.36 | $ | 66,176.06 |
| 42.88 | $ | 65,443.48 |
| 42.48 | $ | 64,833.00 |
| 42.44 | $ | 64,771.95 |
| 42.26 | $ | 64,497.24 |
| 42.1 | $ | 64,253.04 |
| 42.02 | $ | 64,130.95 |
| 41.76 | $ | 63,734.14 |
| 41.38 | $ | 63,154.18 |
| 41.32 | $ | 63,062.61 |
| 41.12 | $ | 62,757.37 |
| 40.64 | $ | 62,024.79 |
| 40.12 | $ | 61,231.17 |
| 39.96 | $ | 60,986.98 |
| 39.64 | $ | 60,498.59 |
| 37.56 | $ | 57,324.09 |
| 37.36 | $ | 57,018.85 |
| 37.06 | $ | 56,560.99 |
| 36.8 | $ | 56,164.18 |
| 36.34 | $ | 55,462.13 |
| 35.16 | $ | 53,661.21 |
| 34.74 | $ | 53,020.21 |
| 34.72 | $ | 52,989.68 |
| 34.26 | $ | 52,287.63 |
| 34.02 | $ | 51,921.34 |
| 33.84 | $ | 51,646.63 |
| 33.78 | $ | 51,555.06 |
| 33.54 | $ | 51,188.77 |
| 33.08 | $ | 50,486.72 |
| 32.96 | $ | 50,303.57 |
| 32.48 | $ | 49,570.99 |
| 32.24 | $ | 49,204.71 |
| 32.02 | $ | 48,868.94 |
| 31.94 | $ | 48,746.85 |
| 31.84 | $ | 48,594.23 |
| 31.8 | $ | 48,533.18 |
| 31.28 | $ | 47,739.55 |
| 31.02 | $ | 47,342.74 |
| 30.8 | $ | 47,006.98 |
| 29.88 | $ | 45,602.87 |
| 29.64 | $ | 45,236.59 |
| 29.38 | $ | 44,839.77 |
| 28.86 | $ | 44,046.15 |
| 28.56 | $ | 43,588.29 |
| 28.12 | $ | 42,916.76 |

| | |
|---|---|
| 28.08 | $ 42,855.71 |
| 27.4 | $ 41,817.90 |
| 27.32 | $ 41,695.80 |
| 27.32 | $ 41,695.80 |
| 27.14 | $ 41,421.08 |
| 26.54 | $ 40,505.36 |
| 26 | $ 39,681.22 |
| 25.2 | $ 38,460.25 |
| 25.18 | $ 38,429.73 |
| 25.08 | $ 38,277.11 |
| 25 | $ 38,155.01 |
| 24.72 | $ 37,727.68 |
| 24.44 | $ 37,300.34 |
| 23.72 | $ 36,201.48 |
| 23.44 | $ 35,774.14 |
| 23.26 | $ 35,499.43 |
| 22.84 | $ 34,858.42 |
| 22.72 | $ 34,675.28 |
| 22.52 | $ 34,370.04 |
| 22.49 | $ 34,324.25 |
| 22.48 | $ 34,308.99 |
| 22.4 | $ 34,186.89 |
| 22.26 | $ 33,973.22 |
| 22.18 | $ 33,851.13 |
| 22.04 | $ 33,637.46 |
| 22.04 | $ 33,637.46 |
| 21.8 | $ 33,271.17 |
| 21.72 | $ 33,149.08 |
| 21.64 | $ 33,026.98 |
| 21.48 | $ 32,782.79 |
| 20.7 | $ 31,592.35 |
| 20.58 | $ 31,409.21 |
| 20.32 | $ 31,012.40 |
| 20 | $ 30,524.01 |
| 19.84 | $ 30,279.82 |
| 19.48 | $ 29,730.39 |
| 19.4 | $ 29,608.29 |
| 19.36 | $ 29,547.24 |
| 19.25 | $ 29,379.36 |
| 18.52 | $ 28,265.23 |
| 17.52 | $ 26,739.03 |
| 17.42 | $ 26,586.41 |
| 17.2 | $ 26,250.65 |
| 17.1 | $ 26,098.03 |
| 16.74 | $ 25,548.60 |
| 16.68 | $ 25,457.03 |
| 16.52 | $ 25,212.83 |

| | | |
|---|---|---|
| 16.48 | $ | 25,151.79 |
| 16.04 | $ | 24,480.26 |
| 15.76 | $ | 24,052.92 |
| 15.76 | $ | 24,052.92 |
| 15.68 | $ | 23,930.83 |
| 15.52 | $ | 23,686.63 |
| 15.24 | $ | 23,259.30 |
| 15.24 | $ | 23,259.30 |
| 15.16 | $ | 23,137.20 |
| 15 | $ | 22,893.01 |
| 14.98 | $ | 22,862.48 |
| 14.96 | $ | 22,831.96 |
| 14.8 | $ | 22,587.77 |
| 14.8 | $ | 22,587.77 |
| 14.5 | $ | 22,129.91 |
| 14.44 | $ | 22,038.34 |
| 14.08 | $ | 21,488.90 |
| 14.02 | $ | 21,397.33 |
| 13.96 | $ | 21,305.76 |
| 13.88 | $ | 21,183.66 |
| 13.4 | $ | 20,451.09 |
| 13.28 | $ | 20,267.94 |
| 13.22 | $ | 20,176.37 |
| 12.92 | $ | 19,718.51 |
| 12.92 | $ | 19,718.51 |
| 12.8 | $ | 19,535.37 |
| 12.8 | $ | 19,535.37 |
| 12.48 | $ | 19,046.98 |
| 12.24 | $ | 18,680.70 |
| 12.2 | $ | 18,619.65 |
| 11.88 | $ | 18,131.26 |
| 11.8 | $ | 18,009.17 |
| 11.76 | $ | 17,948.12 |
| 11.56 | $ | 17,642.88 |
| 11.48 | $ | 17,520.78 |
| 11.12 | $ | 16,971.35 |
| 10.92 | $ | 16,666.11 |
| 10.88 | $ | 16,605.06 |
| 10.8 | $ | 16,482.97 |
| 10.68 | $ | 16,299.82 |
| 10.6 | $ | 16,177.73 |
| 10.12 | $ | 15,445.15 |
| 10.08 | $ | 15,384.10 |
| 10.06 | $ | 15,353.58 |
| 10.04 | $ | 15,323.05 |
| 9.92 | $ | 15,139.91 |
| 9.76 | $ | 14,895.72 |

| | | |
|---|---|---|
| 9.4 | $ | 14,346.29 |
| 8.96 | $ | 13,674.76 |
| 8.48 | $ | 12,942.18 |
| 8.42 | $ | 12,850.61 |
| 8.4 | $ | 12,820.08 |
| 8.28 | $ | 12,636.94 |
| 8.12 | $ | 12,392.75 |
| 7.4 | $ | 11,293.88 |
| 7.28 | $ | 11,110.74 |
| 7.26 | $ | 11,080.22 |
| 6.88 | $ | 10,500.26 |
| 6.44 | $ | 9,828.73 |
| 6.28 | $ | 9,584.54 |
| 6.2 | $ | 9,462.44 |
| 5.64 | $ | 8,607.77 |
| 5.64 | $ | 8,607.77 |
| 5.38 | $ | 8,210.96 |
| 5.2 | $ | 7,936.24 |
| 5.08 | $ | 7,753.10 |
| 5 | $ | 7,631.00 |
| 4.88 | $ | 7,447.86 |
| 4.8 | $ | 7,325.76 |
| 4.36 | $ | 6,654.23 |
| 4.2 | $ | 6,410.04 |
| 4.08 | $ | 6,226.90 |
| 4.04 | $ | 6,165.85 |
| 3.88 | $ | 5,921.66 |
| 3.8 | $ | 5,799.56 |
| 3.48 | $ | 5,311.18 |
| 3.4 | $ | 5,189.08 |
| 3.24 | $ | 4,944.89 |
| 2.52 | $ | 3,846.03 |
| 2.52 | $ | 3,846.03 |
| 2.12 | $ | 3,235.55 |
| 2 | $ | 3,052.40 |
| 1.68 | $ | 2,564.02 |
| 1.52 | $ | 2,319.82 |
| 1.24 | $ | 1,892.49 |
| 1 | $ | 1,526.20 |
| 0.48 | $ | 732.58 |
| 0.4 | $ | 610.48 |
| 0.16 | $ | 244.19 |
| 0.16 | $ | 244.19 |
| 0 | $ | - |
| 0 | $ | - |